Katherine L. Mead, Esq.
Mead & Mead
WY State Bar # 5-2432
1200 N. Spring Gulch Rd.
P.O. Box 1809
Jackson, WY 83001
(307) 733-0166
(307) 200-0233 fax
kate@meadlaw.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death. | ) ) ) ) ) ) ) |
| Plaintiffs, | ) CA 15-cv-128-F |
| | ) |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC., a Wyoming Corporation; | ) ) ) ) ) ) ) ) |
| Defendants. | |

## DEFENDANTS' BUCKINGHAMS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Gregory Buckingham and Deborah Buckingham, in their individual capacities as Trustees of the Buckingham Family Trust and Gregory Buckingham and Deborah Buckingham, individually, hereinafter referred to as Buckinghams, by and through their attorney, Katherine L. Mead of Mead & Mead, answer the Complaint against them, and state and allege as follows:

## I.  INTRODUCTION

The Introduction to the Complaint contains a recitation of allegations some of which are created out of whole cloth.  Buckinghams admit the first sentence of the Introduction.  Buckinghams deny the second sentence of the Introduction.  Buckinghams admit the third sentence of the Introduction.  Buckinghams are without sufficient information to form a belief as to the truth of the allegations contained in sentence 4 of the Introduction and therefore deny same.  Buckinghams admit sentence 5 of the Introduction.

Buckinghams deny the allegations of the second paragraph of the Introduction except that the Buckinghams admit to leaving a check for Mrs. Herrera.

Buckinghams are without information sufficient to form a belief as to the truth of the allegations contained in the last sentence of the Introduction and therefore deny same.  Counsel for the Plaintiffs was not present at the time of Mrs. Herrera's death and the introduction is simply a fictional version of what may or may not have happened.  The Buckinghams deny each and every allegation of the Introduction not specifically admitted.

## II. JURISDICTION AND VENUE

1.       Buckinghams admit that the decedent was a resident of Idaho and that the Buckinghams are residents of Wyoming.  Buckinghams deny that they are residents of California.  Buckinghams deny that this Court has jurisdiction pursuant to 28 USC § 1332 because Buckinghams deny that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, as required by 28 USC § 1332(a).

2.       As to paragraph 2 of Plaintiffs' Complaint, Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 2 and therefore deny same.

3. Buckinghams admit that venue of this action is proper in this Court if this Court has jurisdiction but is without information sufficient to form a belief as to whether this Court has jurisdiction and therefore deny same.

### III.  PARTIES

4. Buckinghams admit that Plaintiff Francisco L. Herrera is the widower of Monica Herrera.  Buckinghams are without information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 4 and therefore deny same.

5. With regards to paragraph 5 of the Complaint, Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted and therefore deny same.

6. Buckinghams deny that Defendant Gregory Buckingham is a resident of the State of California.  Buckinghams admit that Defendant Gregory Buckingham is one of the two trustees of the Buckingham Family Trust.  Buckinghams admit that the Buckingham Family Trust holds the title to the residence occupied by Buckinghams in Teton County, Wyoming where Monica Herrera died.  Buckinghams are without information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph and therefore deny same.

7. Buckinghams deny that Defendant Deborah Buckingham is a resident of the State of California.  Buckinghams admit that Defendant Deborah Buckingham is one of the two trustees of the Buckingham Family Trust that hold legal title to the residence occupied by Buckinghams in Teton County, Wyoming where Monica Herrera died.  Buckinghams are without information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph and therefore deny same.

8. Buckinghams admit that David Schuler was employed by the Buckinghams as their caretaker and lived in one of the buildings owned by the trust and located on the same property as the residence.

9. Buckinghams admit that Wyoming Mechanical, Inc. conducts plumbing and heating sales in Teton County, but are without information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph and therefore deny same.

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Buckinghams reallege each and every response to the preceding paragraphs of the complaint and incorporate those responses by this reference.

11. Buckinghams admit the allegations of paragraph 11 but deny that the locus of the Buckingham Family Trust is in California.

12. Buckinghams admit that they are the sole Trustees of the Buckingham Family Trust but are without information sufficient to form a belief as to whether they are real parties in interest to this controversy and therefore deny same.

13. Buckinghams deny that they have two different residences but admit that they own property at 8935 E. Ditch Creek Road, Teton County, Wyoming.

14. Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 14 and therefore deny same.

15. Buckinghams admit that Defendant Wyoming Mechanical provided plumbing and heating services to them but are without information sufficient to form a belief as to the remaining allegations of the paragraph.

16. Buckinghams admit the allegations contained in paragraph 16.

17. Buckinghams admit the allegations of paragraph 17.

18. Buckinghams deny the allegations of paragraph 18.

19. Buckinghams admit that Wyoming Mechanical installed the Triangle Tube, Prestige Boiler to replace the old boiler. Buckinghams deny that the removed boiler was sent to Colorado.

20. Buckinghams admit the Prestige boiler was installed on or about November 14, 2014 by Wyoming Mechanical.

21. Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 21 and therefore deny same.

22. Buckinghams deny the allegations of paragraph 22.

23. Buckinghams deny the allegations of paragraph 23.

24. Buckinghams deny the allegations of paragraph 24.

25. Buckinghams deny the allegations of paragraph 25, but admits that Defendant Gregory Buckingham telephoned David Geick with Wyoming Mechanical on January 28 or 29, 2015 requesting repairs and reporting that the piping had come apart. Buckinghams deny that there was a water leak in the flue pipe.

26. Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 26 and therefore deny same.

27. Buckinghams deny any knowledge of a "continued leakage of water and combustion gases from the flue pipe into the residence." Buckinghams deny that Gregory Buckingham and David Geick decided to postpone repairs or that Buckinghams were aware of any hazardous condition.

28. Buckinghams deny the allegations of paragraph 28.

29. Buckinghams deny the allegations of paragraph 29.

30. Buckinghams are without information sufficient to form a belief as to what David Gieck may have known about the boiler venting system other than what Buckinghams told him that some of the piping had come loose and therefore deny the allegations of paragraph 30.

31. Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 31 and therefore deny same.

32. Buckinghams are without information sufficient to form a belief as to when Mrs. Herrera arrived to clean the interior of the residence but they admit that she apparently did so.

33. Buckinghams admit that they had left Monica Herrera a note on the counter of the residence directing her to perform house cleaning tasks on Friday morning, January 30, 2015. Buckinghams admit the remaining allegations of paragraph 33.

34. Buckinghams deny the allegations of paragraph 34.

35. Buckinghams deny the allegations of paragraph 35.

36. Buckinghams admit that between 10:00 a.m. and 11:00 a.m. on Friday, January 30, 2015, Mr. Shuler noticed Monica Herrera's vehicle was parked near the Buckingham residence. Buckinghams deny the remaining allegations of paragraph 36.

37. Buckinghams admit that Mr. Schuler did not attempt to warm Mrs. Herrera because he, Mr. Schuler and the Buckinghams were unaware that carbon monoxide was being released in the Buckingham residence. The Buckinghams deny the remaining allegations of paragraph 37.

38. Buckinghams understand now that carbon monoxide is an invisible, odorless, tasteless, poisonous gas that can lead to death as it did for Monica Herrera.

39. Buckinghams deny the allegations of paragraph 39.

40. Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 40 and therefore deny same.

41. Buckinghams admit that between 6:00 p.m. and 7:00 p.m. on January 30, 2015, Mr. Schuler noticed that Mrs. Herrera's car was still parked at the Buckingham Residence. Buckinghams deny that Mr. Schuler specifically went over to the residence to see about Mrs. Herrera but instead, Mr. Schuler went over to the residence to start up some vehicles as was his usual chores in the evenings.

42. Buckinghams deny that Mr. Schuler proceeded directly to the garage door, but admit that he entered the garage leaving the garage door open and noticed that the vehicles in the garage were dripping wet. Buckinghams deny the remaining allegations of paragraph 42.

43. Buckinghams admit that Mr. Schuler noticed that a pipe was separated at the joint. Buckinghams deny that Mr. Schuler recognized that carbon monoxide from the boiler was flowing out of the flue and permeating the garage.

44. Buckinghams admit that Mr. Schuler reattached the pipe. Buckinghams admit that Mr. Schuler entered the mud room of the residence and discovered Mrs. Herrera on the floor. Buckinghams deny the Mr. Schuler knew that Mrs. Herrera was dead or that she was tangled up in the vacuum cleaner hose. Buckinghams admit the last sentence of paragraph 44.

45. Buckinghams admit that Mr. Schuler telephoned 911 at 7:40 p.m. Buckinghams are without information sufficient to form a belief as to what Mr. Schuler told the 911 dispatcher and therefore denies the second sentence of paragraph 45.

46. Buckinghams deny the allegations of paragraph 46.

47. Buckinghams deny the allegations of paragraph 47 but admit that they did not install carbon monoxide alarms.  Buckinghams admit that Mrs. Herrera was not provided a verbal or written warning because Buckinghams were unaware of any danger themselves.

48. Buckinghams deny that once the residence had been aired out there were any concentrations of carbon monoxide.  Buckinghams are without sufficient information to form a belief as to the truth of the last sentence of paragraph 48 and therefore deny same.

49. Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 49 and therefore deny same.

## V. FIRST CLAIM FOR RELIEF: NEGLIGENCE-DEFENDANTS BUCKINGHAM

50. Buckinghams reallege each and every response to the proceeding paragraphs of the complaint and incorporate those responses by this reference.

51. Buckinghams admit the allegations contained in paragraph 52.

52. Buckinghams are without sufficient information to form a belief as to any duties they had to Monica Herrera and therefore deny same.

53. Buckinghams admit the allegations of paragraph 53.

54. Buckinghams deny the allegations of paragraph 54.

55. Buckinghams deny that there was a previously known presence of hazardous carbon monoxide and deny the remaining allegations of paragraph 55.

56. Buckinghams deny the allegations of paragraph 56 and its subparts a-k, in their entirety.

57. Buckinghams deny the allegations of paragraph 57.

58. Buckinghams deny the allegations of paragraph 58.

## VI.   SECOND CLAIM FOR RELIEF NEGLIGENCE – DEFENDANT WYOMING MECHANICAL

59.     Buckinghams reallege each and every response to the proceeding paragraphs of the complaint and incorporate those responses by this reference.

60.     Buckinghams admit the allegations of paragraph 60.

61.     Buckinghams deny the allegations of paragraph 61.

62.     Buckinghams deny the allegations of paragraph 62.

63.     Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 63 and therefore deny same.

64.     Buckinghams deny the allegations of paragraph 64.

65.     Buckinghams admit that on January 30, 2015 Mrs. Herrera was killed as the proximate result of a carbon monoxide gas leak.  Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in the remaining portions of paragraph 65 and therefore deny same.

66.     Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 66 and therefore deny same.

67.     Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 67 and each and every subsection a-j, and therefore deny same.

68.     Buckinghams deny the allegations of paragraph 68.

69.     Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted against Wyoming Mechanical and therefore deny same.

## VII.   DAMAGES

70. Buckinghams reallege each and every response to the proceeding paragraphs of the complaint and incorporate those responses by this reference.

71. Buckinghams admit that Monica Herrera tragically died.  Buckinghams deny that her death was a result of negligent and wrongful acts and omissions on behalf of them.  Buckinghams deny that the Co-Wrongful Death Representative are entitled to the damages demanded in paragraph 71 and each and every subparagraph a-l thereof.

## AFFIRMATIVE DEFENSES

1. Buckinghams deny each and every allegation contained in Plaintiffs' Compliant that is not expressly admitted to herein.

2. Buckinghams affirmatively allege that the Complaint fails to state a claim upon which relief can be granted.

3. Buckinghams affirmatively allege that any damages complained of by the Plaintiffs were caused by fault of other persons or entities including, but not limited to, the other defendants named herein.

4. Buckinghams allege that the injuries and damages complained of by Plaintiffs were caused or proximately contributed to by Wyoming Mechanical and its suppliers and other persons and entities over whom Buckinghams had no right of control.

5. Buckinghams reserve the right to name additional affirmative defenses as they become known through discovery.

## CROSS CLAIM AGAINST WYOMING MECHANICAL, INC.

1. Buckinghams incorporate by reference the previous responses to Plaintiffs' Complaint and allegations above as if fully set forth herein.

2. Buckinghams hired Wyoming Mechanical, Inc. to replace a boiler in their home at 8935 E. Ditch Creek Road, Jackson, Wyoming in November of 2014.

3. Buckinghams relied on the expertise of Wyoming Mechanical, Inc. to properly install the boiler unit and to make sure that the boiler unit functioned to heat their home in an efficient and safe manner.

4. On January 27 or 28, for the first time Buckinghams noticed that the piping associated with the boiler unit had come apart. Buckinghams and their caretaker put the piping back together and called Wyoming Mechanical, Inc. to come to their home and make whatever repairs were necessary.

5. Buckinghams were unaware that when the piping came loose and disconnected, that exhaust from the boiler could ultimately result in carbon monoxide being released into their home.

6. Greg Buckingham contacted Wyoming Mechanical, Inc. and requested service, explaining to them the problem.

7. Wyoming Mechanical, Inc. scheduled the service for Monday, February 2, 2015.

8. Wyoming Mechanical, Inc. had superior knowledge of the dangers associated with the piping becoming disconnected, but did not inform Buckinghams of the hazard or the risk of carbon monoxide being released in their home.

9. Wyoming Mechanical, Inc. had a duty to notify Buckinghams of the hazardous condition.

10. Wyoming Mechanical, Inc. had a duty to make necessary repairs to the boiler system that they installed to assure the safety of the decedent and the Buckinghams, which duties were violated causing damage to the Plaintiffs.

11. Wyoming Mechanical, Inc. violated their duty of care resulting in the death of Monica Herrera for which Cross-Claimants are now being sued.

12. Wyoming Mechanical, Inc. is liable to the Cross-Claimants Buckinghams for all claims asserted against them.

WHEREFORE, based on the foregoing, Buckinghams respectfully request that Plaintiffs' Complaint be dismissed in its entirety, that the Plaintiffs take nothing thereby, and that if Plaintiffs are awarded damages, that Defendant Wyoming Mechanical, Inc. be ordered to indemnify Defendant Buckinghams and that they be awarded their costs associated with the defense of this lawsuit and for such other and further relief as this Court deems just and proper.

DATED this 28th day of August, 2015.

/s Katherine L. Mead
Katherine L. Mead
Attorney for the Defendant

## JURY DEMAND

Defendants Buckinghams demand that all matters contained in this Complaint be tried before a jury.

DATED this 28th day of August, 2015.

/s Katherine L. Mead
Katherine L. Mead
Attorney for the Defendants Buckinghams

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 28th day of August, 2015, I served a true and accurate copy of the above and foregoing by electronic transmission as follows:

David G. Lewis, Esq.
davelewis@bresnan.net

Julie Tiedeken, Esq.
jtiedeken@mtslegal.net

s/ Katherine L. Mead
Katherine L. Mead
kate@meadlaw.net
