Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPERSENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death. | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF WYOMING MECHANICAL'S MOTION TO DISMISS CROSS CLAIM**

    **COMES NOW** Wyoming Mechanical Systems Company, Inc. ("Wyoming

Mechanical"), by and through its attorney, Julie Nye Tiedeken, and submits the following

Memorandum of Law in support of its Motion to Dismiss the Cross Claim filed against it by Gregory Buckingham and Deborah Buckingham, in their individual capacities as Trustees of the Buckingham Family Trust and Gregory Buckingham and Deborah Buckingham, individually (collectively referred to as "Buckinghams")

**Facts**

On January 30, 2015, Monica Herrera died as a result of being exposed to carbon monoxide while performing housekeeping duties at the Buckingham residence. Plaintiffs have filed suit against Wyoming Mechanical and the Buckinghams and have alleged that all of the Defendants were negligent and a proximate cause of the death of Monica Herrera. The allegations against the Buckinghams include, but are not limited to, an allegation that they are liable for the negligence of their employee and property manager, David Shuler. Plaintiffs allege that the Buckinghams became aware that they had a carbon monoxide leak from their boiler flue pipe in their garage which had become detached and that they failed to timely schedule maintenance of the boiler. They allege that the Buckinghams told David Gieck, who is employed by Wyoming Mechanical, that their property manager, David Schuler, would watch the system for any further detachment of the flue pipe until the system could be repaired. Plaintiffs allege that the Buckinghams and Shuler failed to warn Herrera of the dangerous condition in the Buckinghams' residence. The Complaint alleges, among other allegations of negligence, that the Buckinghams and their employees were negligent for failing to maintain

their premises in a safe condition and failing to warn Herrera of the dangerous condition of the premises.

The Buckinghams filed a Cross Claim against Wyoming Mechanical seeking indemnity for the claims of the Plaintiff.

**Discussion**

In 1986, the Wyoming legislature repealed Wyoming's contribution statute, W.S. § 1-1-110, when it adopted comparative negligence principles for recovery against joint tortfeasors. It was recognized that the burden sharing produced by contribution was unnecessary under a comparative fault system allocating the damage recovery based upon the percentage of negligence attributed to each actor. *Schnieider Nat., Inc. v Holland Hitch Co.*, 843 P.2d 561, 570 (Wyo. 1992). In 1994, the comparative negligence statute was revised to the current comparative fault statute found at W.S. §1-1-109 in which the fault of all actors is assessed by the jury and a defendant is liable only to the extent of that defendant's proportion of the total fault. W.S. § 1-1-109(e). Thus, under Wyoming's comparative fault system, the Buckinghams will only be liable for their own percentage of fault.

Causes of action for indemnity survived the repeal of contribution but only in limited circumstances. There are three classes of indemnity, express contractual indemnity, implied contractual indemnity and equitable implied indemnity. *Schnieider Nat. , Inc. v Holland Hitch Co. supra.* The Buckinghams do not allege a claim for express or implied indemnity based on a contractual relationship between the parties. They allege in their cross claim that Wyoming

-3-

Mechanical had a duty to inform them of the hazardous condition of piping becoming disconnected and the risk of carbon monoxide and had a duty to make repairs. They allege generally that Wyoming Mechanical violated "their duty of care" and request that the Court order Wyoming Mechanical to indemnify them.

In *Schneider Nat., Inc. v. Holland Hitch Co.*, 843 P.2d 561, 575 (Wyo.1992), the Wyoming Supreme Court adopted the views of the *Restatement of Torts* (Second) § 886B (1979) to determine when equitable implied indemnity is available between joint tortfeasors after the adoption of comparative fault. The *Restatement* provides:

(1) **If two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both**, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability. (Emphasis Supplied)

(2) Instances in which indemnity is granted under this principle include the following:

(a) The indemnitee was liable only vicariously for the conduct of the indemnitor;

(b) The indemnitee acted pursuant to directions of the indemnitor and reasonably believed the directions to be lawful;

(c) The indemnitee was induced to act by a misrepresentation on the part of the indemnitor, upon which he justifiably relied;

(d) The indemnitor supplied a defective chattel or performed defective work upon land or buildings as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect;

(e) The indemnitor created a dangerous condition of land or chattels as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect;

(f) The indemnitor was under a duty to the indemnitee to protect him against the liability to the third person.

The Buckinghams cross claim fails to state a claim for equitable indemnity. The key requirement for an equitable indemnity claim is missing because the Buckinghams will only be liable for their own percentage of fault determined by the jury and they will not be required to discharge liability assessed against Wyoming Mechanical. Additionally, the Buckinghams Cross Claim does not fall under any of the instances which are articulated in subsections (a) through (f) of the R*estatement*. They do not allege that Wyoming Mechanical supplied a defective product or performed defective work, nor do they allege that they failed to discover the defect. In fact, paragraph 4 of the cross claim alleges that the Buckinghams noticed that the piping associated with the boiler had come apart and that they, and their caretaker, put the piping back together.

**Conclusion**

The Cross Claim of the Buckinghams should be dismissed for failure to state a claim for indemnity upon which relief can be granted.

**DATED** this 9th day of September, 2015.

        WYOMING MECHANICAL COMPANY, INC.

By: */s/ Julie Nye Tiedeken*
    Julie Nye Tiedeken
    Wyoming Bar #5-1949
    McKellar, Tiedeken & Scoggin, LLC
    P.O. Box 748
    Cheyenne, WY  82003-0748
    (307) 637-5575
    (307) 637-5515-fax
    jtiedeken@mtslegal.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net

*/s/ Julie Nye Tiedeken*
McKellar, Tiedeken & Scoggin, LLC