Katherine L. Mead, Esq.
Mead & Mead
WY State Bar # 5-2432
1200 N. Spring Gulch Rd.
P.O. Box 1809
Jackson, WY  83001
(307) 733-0166
(307) 200-0233 fax
kate@meadlaw.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death. | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CA 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC., a Wyoming Corporation; | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**DEFENDANT BUCKINGHAMS' RESPONSE TO ORDER TO SHOW CAUSE**

The Defendant Buckinghams failed to file their Response to the Motion to Dismiss the Cross Claim of the Buckinghams in a timely manner for the reason that counsel miscalendared the response date.  There is no other explanation.

Were the Buckinghams permitted to file a response to the Motion to Dismiss Cross Claim in this matter despite their failure to file a timely response, the Buckinghams would argue that a

dismissal of their cross claim is premature prior to the commencement of discovery in this matter.

The only document that the Buckinghams received from Wyoming Mechanical when Wyoming Mechanical installed a new 175K BTU Triangle Tube Natural Gas Boiler – TPT175 was an invoice dated December 4, 2012. The Defendant Buckinghams recall Wyoming Mechanical had agreed to install the boiler identified above in a manner such that Defendant Buckinghams and their guests and employees would be safe from carbon monoxide poisoning, explosion or frostbite.

Indeed, the Defendant Buckinghams recall that Wyoming Mechanical indicated that the Triangle Tube gas boiler would be guaranteed for a period 2 years and that Wyoming Mechanical would make sure that the boiler ran properly and safely. Were they allowed to, Defendant Buckinghams would point out to the Court that they had no knowledge whatsoever that the loose piping that they discovered associated with the boiler could possibly result in the death of Mrs. Herrera or themselves. Presumably, Wyoming Mechanical knew of the dangers but failed to communicate them to the Defendant Buckinghams.

If allowed to respond, Defendant Buckinghams would suggest to the Court that until depositions are taken and the Defendant Buckinghams are permitted to discover documents in the possession of Wyoming Mechanical, it is premature to dismiss their cross claim. Restatement of Torts (Second) §886 B (1979) provides at paragraph (2)(d), "Instances in which indemnity is granted under this principle include the following: The indemnitor supplied a defective chattel or performed defective work upon land or buildings as a result of which both were liable to the third person and the indemnitee innocently or negligently failed to discover the defect."

Here, Defendant Wyoming Mechanical performed defective work which is indicated by the simple fact the boiler ignited so hard that vent piping came apart and while the Buckinghams discovered that the piping had come loose, they were never made aware of the danger posed by such defective work even after calling Defendant Wyoming Mechanical to come fix the piping and boiler. They simply thought it was a loose pipe. Subsection (2)(e) of the Restatement of Torts (Second) 886B provides, "The indemnitor created a dangerous condition of land or chattels as a result of which both were liable to the third person and the indemnitee innocently or negligently failed to discovery the defects." Similarly, Defendant Wyoming Mechanical created a dangerous condition in the home of Defendant Buckinghams. The allegations of the Cross Claim indicate that the piping was loose. That in itself under notice pleading is sufficient to put Wyoming Mechanical on notice that their work was defective.

In *Schneider National, Inc. v. Holland Hitch Co.*, 843 P.2d 561, 574, the Wyoming Supreme Court engaged in an extensive discussion of equitable implied indemnity. While somewhat difficult to understand, the decision stands for the proposition that certain forms of indemnity survive the adoption of W.S. § 1-1-109(1988). The Court quoted from *Miller v. New York Oil,* 243 P.118, 34 Wyo. 272 (Wyo. 1926),

"When two parties, acting together, commit an illegal or wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other because both are equally culpable, or the *particep criminis*, and the damage results from their joint offense. This rule does not apply where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers the damage. He may recover from the party whose wrongful act had thus exposed him. In such cases the parties are not in *pari delicto* as to each other, though as to third parties, either may be held liable." Citing *Miller v. New York Oil*, 243 P. 118, 34 Wyo. 272 (Wyo. 1926).

Additionally, Restatement of Torts (Second) § 886B(2)(d) and (e) apply in this instance to provide a basis for equitable implied indemnity. First, Defendant Buckinghams had a new boiler system installed by Defendant Wyoming Mechanical in November 2014. Two months

later, on or about January 27, 2015, Defendant Buckinghams noticed that the boiler had ignited so hard as to blow the piping apart at the joint. Defendant Buckinghams called Wyoming Mechanical to fix the system that they had recently installed. The repair was scheduled but at no time did Defendant Wyoming Mechanical inform the Buckinghams that the situation was life threatening. Had Defendant Buckinghams known of the danger of carbon monoxide poisoning, they would have moved out of the home and would have allowed no one to enter until Wyoming Mechanical had made the necessary repairs.

In short, the Cross Claim of the Defendant Buckinghams should not be dismissed until such time as discovery can be completed. Defendant Buckinghams assert that their Cross Claim adequately pleads equitable implied indemnity, an exception to Wyoming's Comparative Fault Statute, W.S. § 1-1-109 (1988). Further, it is possible that after discovery, the Buckinghams may request permission of the Court to amend their Cross Claim to add express contractual indemnity should the documentation provided by Defendant Wyoming Mechanical indicate that such indemnity exists.

DATED this 30th day of September, 2015.

/s Katherine L. Mead
Katherine L. Mead
Attorney for the Defendant

CERTIFICATE OF SERVICE

This is to certify that on the 30th day of September, 2015, I served a true and accurate copy of the above and foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses by electronic transmission as follows:

David G. Lewis, Esq.
davelewis@bresnan.net

Julie Tiedeken, Esq.
jtiedeken@mtslegal.net

                                              s/ Katherine L. Mead
                                              Katherine L. Mead
                                              kate@meadlaw.net