Katherine L. Mead, Esq.
Mead & Mead
WY State Bar # 5-2432
1200 N. Spring Gulch Rd.
P.O. Box 1809
Jackson, WY  83001
(307) 733-0166
(307) 200-0233 fax
kate@meadlaw.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death.<br><br>    Plaintiffs,<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC., a Wyoming Corporation;<br><br>    Defendants. | CA 15-cv-128-F |

## DEFENDANT BUCKINGHAMS' MEMORANDUM OF LAW IN SUPPORT OF

## RESPONSE TO MOTION TO DISMISS BUCKINGHAMS' CROSS CLAIM

The Defendant Buckinghams, by and through their attorney, Katherine L. Mead of Mead & Mead, file their Memorandum of Law in support of their Response to Wyoming Mechanical's Motion to Dismiss Cross Claim of the Buckinghams.

**Facts:**

Wyoming Mechanical's statement of facts fails to reflect that Defendant Buckinghams have categorically denied the allegations of the Complaint, which, in their view, is pure fiction. While Plaintiffs allege that Defendant Buckinghams "became aware that they had a carbon monoxide leak", nothing could be further from the truth. Defendant Buckinghams were aware that piping was loose. Plaintiffs and Defendant Wyoming Mechanical attribute knowledge that was simply not there. Nether Defendant Buckinghams nor their caretaker were aware that the boiler could produce carbon monoxide in amounts that would kill. In fact, Defendant Buckinghams were in the home overnight when the piping had disconnected. They experienced no health problems at that time and as a result, remained unaware that carbon monoxide could be produced until Mrs. Herrera died of carbon monoxide poisoning. Discovery has yet to begin but will reflect that facts from the Defendant Buckinghams viewpoint.

**Argument:**

Dismissal of Defendant Buckinghams' cross claim is premature as discovery has not yet commenced. The only document that the Buckinghams received from Wyoming Mechanical when Wyoming Mechanical installed a new 175K BTU Triangle Tube Natural Gas Boiler – TPT175 in November of 2015, was an invoice dated December 4, 2012. The Defendant Buckinghams recall Wyoming Mechanical had agreed to install the boiler identified above in a manner such that Defendant Buckinghams and their guests and employees would be safe and the boiler would heat their home.

Indeed, the Defendant Buckinghams recall that Wyoming Mechanical indicated that the Triangle Tube Prestige gas boiler would be guaranteed for a period of time and that Wyoming Mechanical had the expertise and skill to install the boiler so that it ran properly and safely.

Defendant Buckinghams had no knowledge whatsoever that the loose piping that they discovered associated with the boiler could possibly result in the death of Mrs. Herrera or themselves. Presumably, Wyoming Mechanical knew of the dangers but failed to communicate them to the Defendant Buckinghams. Discovery will permit the parties to learn just what was known by Defendant Wyoming Mechanical.

The Restatement of Torts (Second) § 886 B supports Defendant Buckinghams cross claim. Restatement of Torts (Second) §886 B (1979) titled "Indemnity Between Tortfeasors" provides "(1) If two person are liable in tort to a third person for the same harm and one of them discharges the liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by this discharge of the liability." Drawing upon examples, at paragraph (2)(d), the Restatement says, "Instances in which indemnity is granted under this principle include the following: (2)(d) The indemnitor supplied a defective chattel or performed defective work upon land or buildings as a result of which both were liable to the third person and the indemnitee innocently or negligently failed to discover the defect." This section reflects the situation here.

Here, Defendant Wyoming Mechanical performed work which can be described as defective for the simple fact that the boiler ignited so hard that vent piping came apart and while the Buckinghams discovered that the piping had come loose (the defect), they were never made aware of the danger posed by such defective work even after calling Defendant Wyoming Mechanical to come fix the piping and the boiler. While Defendant Buckinghams noticed the loose piping, they simply thought it was a loose pipe. Defendant Buckinghams were not aware that combined with a boiler that was not operating properly, carbon monoxide could leak into their home.

Subsection (2)(e) of the Restatement of Torts (Second) 886B provides, "The indemnitor created a dangerous condition of land or chattels as a result of which both were liable to the third person and the indemnitee innocently or negligently failed to discovery the defects." Similarly, to the instance described in (2)(d), Defendant Wyoming Mechanical created a dangerous condition in the home of Defendant Buckinghams of which they were unaware. The allegations of the Cross Claim indicate that the piping was loose and had come apart. That in itself under notice pleading is sufficient to put Wyoming Mechanical on notice that their work was defective.

In *Schneider National, Inc. v. Holland Hitch Co.*, 843 P.2d 561, 574 (Wyo. 1992), the Wyoming Supreme Court engaged in an extensive discussion of equitable implied indemnity on certified questions from the U.S. District Court. While somewhat difficult to understand and slightly convoluted, the decision stands for the proposition that certain forms of indemnity survive the adoption of W.S. § 1-1-109(1988). The Court quoted from *Miller v. New York Oil,* 243 P.118, 34 Wyo. 272 (Wyo. 1926),

> "When two parties, acting together, commit an illegal or wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other because both are equally culpable, or the *particep criminis*, and the damage results from their joint offense. This rule does not apply where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers the damage. He may recover from the party whose wrongful act had thus exposed him. In such cases the parties are not in *pari delicto* as to each other, though as to third parties, either may be held liable." Citing *Miller v. New York Oil*, 243 P. 118, 34 Wyo. 272 (Wyo. 1926).

Additionally, Restatement of Torts (Second) § 886B(2)(d) and (e) apply in this instance to provide a basis for equitable implied indemnity. First, Defendant Buckinghams had a new boiler system installed by Defendant Wyoming Mechanical in November 2014. Two months later, on or about January 27, 2015, Defendant Buckinghams noticed that the boiler had ignited so hard as to blow the piping apart at a joint. Defendant Buckinghams called Wyoming Mechanical to fix the system that they had recently installed. The repair was scheduled but at no

time did Defendant Wyoming Mechanical inform the Buckinghams that the situation was life threatening.  Had Defendant Buckinghams known of the danger of carbon monoxide poisoning, they would have moved out of the home and would have allowed no one to enter until Wyoming Mechanical had made the necessary repairs.

Several years after the *Schneider* case, in *Diamond Surface, Inc. v Cleveland*, 963 P.2d 996 (Wyo. 1998), the Wyoming Supreme Court more clearly explained its decision in *Schneider National Inc. v. Holland Hitch, Co*.  In the *Diamond* case, Diamond Service had contracted with the Wyoming Department of Transportation to act as a general contractor on a construction project.  In turn, Diamond subcontracted the dirt work and other tasks to a subcontractor.  The subcontractor had agreed to take full responsibility for compliance with safety, statutes, rule and regulations and the contract contained an indemnity provision for all liability attributable to the negligence of the subcontractor.

A natural gas pipeline was located beneath the ground in the approximate area of the proposed project.  During excavation, the ripper bar of a bulldozer hit the pipeline causing it to rupture and explode.  Two of the subcontractor's employee were instantly killed and two were injured.  Lawsuits were filed and Diamond Surface filed a third party complaint against the subcontractor alleging claims for negligence, express indemnity and equitable implied indemnity.  The subcontractor filed its motion to dismiss claiming immunity from suit for negligence under workers' compensation statutes and asserting that the comparative fault statute § 1-1-109 (1994) required dismissal of the third party complaint.

The district court granted the subcontractor's motion to dismiss based on the comparative fault statute and appeal resulted.  Citing, *Schneider National Inc. v. Holland Hitch, Co.*, 843 P.2d 561, 571 (Wyo. 1992), the *Diamond Surface* court reiterated the general rule of indemnity found

in the Restatement of Restitution § 76 (1937) as follows: "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."  Still citing *Schneider*, the *Diamond Surface* court emphasized that a prerequisite to a claim for indemnity is the existence of an independent legal relationship under which the indemnitor owes a duty either in contract or tort to the indemnitee apart from the joint duty they owe to the injured party.  *Diamond Surface* 963 P.2d at 1002.

The *Diamond Surface* court explained, "Thus, we distinguished a claim for indemnity based on the negligent breach of duties owed to the plaintiff, no longer viable under the comparative fault statute, from a claim for indemnity based on a negligent breach of a separate duty owed to the third-party plaintiff.  We've concluded that under circumstances enumerated in Restatement of Torts (Second) § 886B (1979) a claim for equitable implied indemnity survived the comparative fault statute."  The *Diamond Surface* court reiterated what the court stated in *Schneider National, Inc. v. Holland Hitch, Co.*, that "under ideal circumstances, equitable implied indemnity claims will be determined as cross-claims, … or third-party proceedings… while the original plaintiff seeks damages from all causally responsible actors in a single proceeding."  *Schneider National, Inc.* 843 P.2d at 579.  The *Diamond Surface* court reversed the district court's dismissal of the third party complaint.

This is precisely the case before this Court.  Defendant Buckinghams had an independent relationship with the third party defendant, Wyoming Mechanical because Wyoming Mechanical had recently installed a boiler system that was not operating properly.  The allegations of the cross claim are that Wyoming Mechanical negligently breached the duty to the Defendant Buckinghams created by the independent relationship.  The breach of that duty to Defendant

Buckinghams caused the injuries and damage to the Plaintiffs in this matter. *Schneider National, Inc.*, 843 P.2d at 572, 575-79.

In short, the Cross Claim of the Defendant Buckinghams is a valid cross claim that the Defendant Buckinghams believe will be further supported by discovery. Defendant Buckinghams assert that their Cross Claim adequately pleads equitable implied indemnity, an exception to Wyoming's Comparative Fault Statute, W.S. § 1-1-109 (1994). Further, it is possible that after discovery, the Buckinghams may request permission of the Court to amend their Cross Claim to add express contractual indemnity.

DATED this 1st day of October, 2015.

/s Katherine L. Mead
Katherine L. Mead
Attorney for the Defendant

CERTIFICATE OF SERVICE

This is to certify that on the 1st day of October, 2015, I served a true and accurate copy of the above and foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses by electronic transmission as follows:

David G. Lewis, Esq.
davelewis@bresnan.net

Julie Tiedeken, Esq.
jtiedeken@mtslegal.net

s/ Katherine L. Mead
Katherine L. Mead
kate@meadlaw.net