Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death. | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## WYOMING MECHANICAL'S MEMORANDUM OF LAW  IN SUPPORT OF ITS' REPLY TO BUCKINGHAM'S RESPONSE TO IT'S MOTION TO DISMISS BUCKINGHAM'S CROSS CLAIM

**COMES NOW** Wyoming Mechanical Company, Inc., by and through its' attorney, Julie Nye Tiedeken, McKellar, Tiedeken & Scoggin LLC, and submits the following Memorandum of Law in support of its Reply to the Buckinghams' Response to its Motion to Dismiss.

**Facts**

The Buckinghams do not dispute that the claims the Plaintiffs have brought against them are based on allegations that the Buckinghams, themselves, were negligent and a proximate cause of the death of Monica Herrera.   The Buckinghams deny the Plaintiffs' allegations and assert various defenses to the negligence claims.   What is significant is the fact that the claims against the Plaintiffs are not based on vicarious liability or liability imposed by operation of law.

Plaintiffs have characterized the decision in *Schnieder National, Inc. v Holland Hitch Co*., 843 P.2d 561, 574 (Wyo. 1992) on which they rely as being "difficult to understand and slightly convoluted".   This may be due to the fact that in *Schnieder*, the Wyoming Supreme Court was considering a prior version of Wyoming's comparative fault statute.   The indemnity claims being considered by the court in *Schnieder* included claims based on strict liability and breach of express and implied warranties.   The court held that the comparative fault statue in effect at that time only applied to actions in which a plaintiff was seeking recovery for "negligence".   As a result, the jury would not be assessing percentages of fault for the alleged strict liability and/or breach of warranty claims being asserted against the third party defendant. It was in this context in which the court adopted a partial form of implied equitable indemnity which would allow comparison of the fault between a third party plaintiff who had been found to

be negligent and a third party defendant who was being sued on a claim of implied indemnity for actions based on strict liability and breach of warranty. This was the only way, under the law in effect at that time, that there could be a comparison of the fault of all actors.  The court stated that it was striving for fairness and it came up with a mechanism, through implied equitable indemnity, in which there could be a comparison of fault of all actors.   The *Schneider* Court stated that it adopted the views of the Restatement, and the Restatement provision in effect at that time was the Restatement of Torts (Second) §886B (1979).

After *Schneider* was decided,  and presumably in response to the *Schneider* decision, the Wyoming  legislature amended Wyoming's comparative fault statute in 1994 to its present form which includes a definition of fault which requires the  comparison of the fault of actors who are strictly liable in tort and actors who are  liable on a theory of breach of warranty along with actors  who are allegedly negligent. The current statute contains the following definition of fault:

> "Fault" includes acts or omissions, determined to be a proximate cause of death or injury to person or property that are in any measure negligent, or that subject an actor to strict tort or strict products liability, and includes breach of warranty, assumption of risk and misuse or alteration of a product

Additionally, after *Schneider* was decided, the Restatement of Torts (Second) § 886B was replaced by the Restatement of Torts (Third): Apportionment of Liability § 22 which was adopted in 2000 and which provides as follows:

> § 22.  Indemnity
>
> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole

or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:

(1) the indemnitor has agreed by contract to indemnify the indemnitee, or

(2) the indemnitee

(i) was not liable except vicariously for the tort of the indemnitor, or
(ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.

(b) A person who is otherwise entitled to recover indemnity pursuant to contract may do so even if the party against whom indemnity is sought would not be liable to the plaintiff.

Under § 22, the enumerated circumstances under which a person is entitled to indemnity are limited to situations where a person agreed by contract to indemnify and situations where a person has been found vicariously liable for the negligence of another or was not liable except as the seller of a product (by operation of law).  The provisions of the Restatement of Torts (Second) § 886B, which are relied upon by the Buckinghams, are no longer contained in the Restatement.  *Comment e. Culpability of the indemnitee* to § 22 discusses the reasoning for why §22 eliminates the ability of a negligent party to obtain indemnity which was allowed in the Restatement of Torts (Second) § 886B subsections (d) and (e) explaining that "[T]hese doctrines were developed before comparative responsibility.  They avoided the harsh effect of pro rata

-4-

contribution when one of the tortfeasors was substantially more culpable than the other.  They are inconsistent with the goals of comparative responsibility."

The Buckinghams cite *Diamond Surface, Inc. v. Cleveland*, 963 P.2d 996 (Wyo. 1998) in support of their opposition to the Motion to Dismiss.  The comparative fault statute considered by the Wyoming Supreme Court in *Diamond Surface* was also the old comparative fault statute which was in effect at the time of the accident at issue in that case (see footnote 2 at  p. 1001) Additionally,  *Diamond Surface* was  also decided prior to the  adoption of  the  Restatement of Torts (Third): Apportionment of Liability § 22.  The court discussed equitable implied indemnity in dicta in *Diamond* but the holding of the case applied to an express contractual indemnity claim.   The Court ordered that there be a bifurcated trial procedure in which only the indemnitee's liability to the Plaintiff would be determined in the first phase of the trial and the indemnitor's liability to the indemnitee,  under a theory of contractual indemnity,  would be determined in a second phase of the trial.   Such a procedure ensures that the indemnitee will extinguish any liability owed by the indemnitor to the Plaintiff.

The Wyoming Supreme Court has not considered  in what circumstances an equitable indemnity claim is still viable after the adoption of the new comparative fault statute and adoption of the   Restatement of Torts (Third): Apportionment of Liability § 22.  The Tenth Circuit  reiterated the procedure for ruling on issues where the law of the state is unsettled in *Cornhusker Casualty Company v Skaj*, 786 F.3d 842, 852 (10th Cir. 2015). The court

> "must . . . attempt to predict how [Wyoming's] highest court would interpret [the issue]." Squires v. Breckenridge Outdoor Educ. Ctr.,

715 F.3d 867, 875 (10th Cir. 2013); see Pehle v. Farm Bureau Life Ins. Co., 397 F.3d 897, 901 (10th Cir. 2005) (" Because Wyoming has not directly addressed this issue, this court must make an Erie - guess as to how the Wyoming Supreme Court would rule." ). We may " consider all resources available" in doing so, " including decisions of [Wyoming] courts, other state courts and federal courts, in addition to the general weight and trend of authority." In re Dittmar, 618 F.3d 1199, 1204 (10th Cir. 2010).

The 10th Circuit Court of Appeals recognized that §886B has been replaced by the Restatement (Third) of Torts: Apportionment of Liability §22 (2000) in *United States Brass Corporation v Dormont Manufacturing Company,* 06-1197 (2007).   The Court in *Dormont* also pointed out that in order to recover on an indemnity claim, both §886B and §22  provide that  the party seeking indemnity is required to  have discharged the liability of the indemnitor  in order to recover on a claim of indemnity.   The court cited Restatement (Second) of Torts § 886B (1) which provided:

(a)  When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses …

And

§22 cmt. b. which provides:

"[e]xcept when a contract for indemnity provides otherwise . . . an indemnitee must extinguish the liability of the indemnitor to collect indemnity.   The indemnitee may do so either by a settlement with the plaintiff that by its terms or by application of law discharges the indemnitor from liability or by satisfaction of judgment that by operation of law discharges the indemnitor from liability."

-6-

Also see *C & E Services*, 498 F.Supp. 2d 242 (D.D.C. 2007) at 267 "a prerequisite for a claim for equitable indemnification 'is that the party seeking it (indemnitee) have discharged the liability for the party against whom it is sought' quoting *Dist. Of Columbia v. Washington Hosp. Ctr.*, 722 A. 2d 332, 2 341 (D.C. 1998); *Gray v Leisure Life Industries*, 77 A. 3d 1117, 1121 (N.H. 2013) in which the court stated that "unless otherwise provided by contract, in order to seek indemnity, " an indemnitee must extinguish the liability of the indemnitor ... either by a settlement with the plaintiff that by its terms or by application of law discharges the indemnitor from liability or by satisfaction of judgment that by operation of law discharges the indemnitor from liability." citing Restatement (Third) of Torts: Apportionment of Liability § 22 comment b at 272.

The Buckinghams have not alleged that they have extinguished Wyoming Mechanical's liability to Plaintiffs or that they intend to pay any Judgment which may be entered against Wyoming Mechanical.   As a result, the Buckinghams do not have a claim for indemnity (under either version of the Restatement) because Wyoming Mechanical remains liable to the Plaintiffs for any fault which is assessed to it by the jury.

The procedure set forth by the Schneider court is not a viable or necessary method of determining fault under the new comparative fault statute. The Buckinghams' arguments and evidence in support of their arguments that they were not negligent will all be considered by the jury when making its' determination of whether they were negligent and a proximate cause of

injury to the Plaintiffs.  More importantly, their arguments will also be considered by the jury in making their determination of whether Wyoming Mechanical was negligent and a proximate cause of injury to the Plaintiffs. The jury will then determine the respective fault of the parties and who will be liable for their own percentage of fault. There is no need for a second bifurcated phase of the trial to determine the relative percentages of fault between the Buckinghams and Wyoming Mechanical because it will already be determined.  A second phase of the trial will only confuse the issues and potentially subject Wyoming Mechanical to for double the amount of damages which should be assessed against it.

An analogous fact situation to the facts in this case was considered by the Alaska Supreme Court in *AVCP Regional Housing Authority v. R. A. Vranckaert Co., Inc.*, 47 P.3d 650 (Alaska 2002).  A group of tenants sued their landlord, AVCP, for injuries caused by exposure to carbon monoxide from stoves in their homes and also sued the contractor, Vranckaert, who had installed the stoves. AVCP asserted indemnity claims against Vranckaert. After AVCP settled with the Plaintiff, it sought to recover the amount of its' settlement from Vranckaert.   The court stated at p. 657:

> In Vertecs Corp. v. Reichhold Chemicals, a case that predates the current several liability statute, we held that Alaska does not recognize a cause of action for implied indemnity between concurrently negligent tortfeasors. We rejected Vertecs's argument that "the common law would allow indemnity in any situation wherein one tortfeasor's conduct was not as blameworthy as another's and it would be just and fair as between the parties that the entire loss fall upon the indemnitor." We determined that adoption of Vertecs's position would impose on courts the difficult task of determining what cases justify implied indemnity among

-8-

concurrently negligent tortfeasors, would undermine the modern tort law goal of having each tortfeasor pay for the damages attributable to its own tortious acts, would discourage settlement, and would be judicially inefficient. The same public policy considerations dictate our conclusion that AVCP may not recover on a theory of implied contractual indemnity from Vranckaert; the plaintiffs had fault-based claims pending against AVCP, and AVCP's settlement was to resolve a dispute about its own negligence rather than to extinguish Vranckaert's liability.

Section 22 of the Restatement (Third) of Torts: Apportionment of Liability (1999) supports our conclusion. It requires the indemnitee to extinguish the liability of the indemnitor, by settlement or judgment, to collect indemnity. Section 22 provides:

 (1) the indemnitor has agreed by contract to indemnify the indemnitee, or
(2) the indemnitee

(i) was not liable except vicariously for the tort of the indemnitor

or

(ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.
Comment b to section 22 explains:

*[A]n indemnitee must extinguish the liability of the indemnitor to collect indemnity.* The indemnitee may do so either by a settlement with the plaintiff that by its terms or by application of law discharges the indemnitor from liability or by satisfaction of judgment that by operation of law discharges the indemnitor from liability.

(Emphasis added)

The theory behind these provisions is that the indemnitee has provided a benefit to the indemnitor by fully discharging the indemnitor's liability, making restitution appropriate. Such a

-9-

benefit is conferred only if the indemnitee guarantees that the indemnitor is protected from further claims by the plaintiffs that the indemnitor is liable. **To hold that a party must indemnify another while the party is still liable to the plaintiffs would lead to the unjust result that the indemnitor could face double liability.** It would also eliminate any incentive for parties to settle since settlement would not limit the indemnitor's exposure. **The Restatement (Third) of Torts: Apportionment of Liability § 22 and Comment b are consistent with AS 09.17.080, which provides for the apportionment of a damages award against a party according to the factfinder's allocation of that party's fault.** (Emphasis Supplied)

We conclude that AVCP's implied contractual indemnity claim must fail under our reasoning in Vertecs and under the Restatement (Third) of Torts § 22. To recover damages from Vranckaert on an implied contractual indemnity theory, AVCP must not itself have been liable, except vicariously, to the plaintiffs and must have obtained from the plaintiffs a release of liability for all direct claims that the plaintiffs had against Vranckaert.

Wyoming, like Alaska, now has a statute which provides for the apportionment of damages according to the fact finder's allocation of that party's fault. It would be unfair to allow the Buckinghams to recover indemnity from Wyoming Mechanical while it is still liable to the Plaintiffs for damages.

See *McCarthy v. Turner Const., Inc.*, 953 N.E.2d 794, 800 (N. Y. 2011) in which the Court held that a party cannot obtain common-law indemnification unless it has been held to be vicariously liable without any proof of negligence; *Rodriguez v. United Public Workers, AFSCME Local 646, AFL-CIO,* 031314 HIICA, 30286 (2014) in which the court recognized that common-law indemnification is generally only available in favor of one who is held

responsible solely by operation of law because of his relation to the actual wrongdoer citing Restatement (Third) of Torts; Apportionment of Liability §22 (a) (2) (i) (2000); and *The City of Wilkes-Barre v. Kaminski Brothers, Inc.* 804 A.2d 89 (Pa. 2002) in which the court stated that "common law indemnity is not a fault- sharing mechanism that allows a party, whose negligence was minor, to recover from the tortfeasor whose negligence was dominant. It is a fault-shifting mechanism that comes into play when a defendant held liable by operation of law seeks to recover from a defendant whose conduct actually caused the loss."

The general weight and clear trend of authority supports a conclusion that the Wyoming Supreme Court would adopt The Restatement (Third) of Torts: Apportionment of Liability §22 requirements for equitable indemnity claims. The Buckinghams do not meet the requirements of §22 because the claims against them are not based on vicarious liability and because they have not and don't intend to discharge the liability of Wyoming Mechanical.

**Conclusion**

The Buckinghams' cross claim for equitable indemnity should be dismissed for the reasons set forth herein.

**DATED** this 8th day of October, 2015.

WYOMING MECHANICAL COMPANY, INC.


By:  /s/ Julie Nye Tiedeken
           Julie Nye Tiedeken
           Wyoming Bar #5-1949
           McKellar, Tiedeken & Scoggin, LLC
           P.O. Box 748
           Cheyenne, WY  82003-0748
           (307) 637-5575
           (307) 637-5515-fax
           jtiedeken@mtslegal.net


### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:


David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net


           /s/ Julie Nye Tiedeken
           McKellar, Tiedeken & Scoggin, LLC

-12-