IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2015 OCT 9 PM 2 39
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased who have sustained damages for her wrongfully caused death<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY BUCKINGHAM, and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC. a Wyoming Corporation,<br><br>Defendants. | Case No: 15-CV-0128-F |

### ORDER DENYING MOTION TO DISMISS CROSSCLAIM OF THE BUCKINGHAMS

This matter is before the Court on Defendant Wyoming Mechanical Systems Company, Inc.,'s ("Wyoming Mechanical") motion to dismiss the crossclaim filed by Gregory Buckingham and Deborah Buckingham, in their individual capacities as Trustees of the Buckingham Family Trust and Gregory Buckingham and Deborah Buckingham, individually (collectively referred to as "Buckinghams") for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Wyoming

Mechanical argues that the Buckinghams' crossclaim fails to state a claim for indemnity. Accordingly, Wyoming Mechanical argues there is no genuine dispute of material fact and they are entitled to judgment as a matter of law. The Court has reviewed the motion, response and reply and is fully informed in the premises. For the following reasons, the Court finds that based on the pleadings, there is a genuine dispute of material fact as to whether the Buckinghams are entitled to indemnity. Thus, Wyoming Mechanical's motion to dismiss the Buckinghams' crossclaim is DENIED.

## BACKGROUND

The underlying lawsuit arises from the death of Monica Herrera at the Buckingham residence on January 30, 2015. On that day, Monica Herrera died in the Buckingham residence as a result of being exposed to carbon monoxide in the residence while performing her housekeeping duties. The carbon monoxide had leaked throughout the residence from a boiler system installed by Wyoming Mechanical. Plaintiffs filed suit against Wyoming Mechanical and the Buckinghams alleging that all Defendants were negligent and a proximate cause of Ms. Herrera's death.

Both Wyoming Mechanical and the Buckinghams deny liability. Wyoming Mechanical claims the Buckinghams were aware of the problems with the boiler system and as such are responsible for Ms. Herrera's death. The Buckinghams deny knowing that the problems associated with the boiler system could be deadly. The Buckinghams filed a crossclaim against Wyoming Mechanical seeking indemnity for Plaintiff's claims. In response, Wyoming Mechanical filed this motion to dismiss the Buckinghams' crossclaim.

## STANDARD OF REVIEW

When a motion to dismiss is filed pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), the burden is on the movant to prove that the non-movant can prove no set of facts in support of his claim which would entitle him to relief. *Shoultz v. Monfort of Colorado, Inc.*, 754 F.2d 318 (10th Cir. 1985). The Court is to presume for purposes of considering the motion that all allegations by the non-movant are true and all reasonable inferences are made in favor of the non-movant. *Lafoy v. HMO Colorado*, 988 F.2d 97 (10th Cir. 1993).

## DISCUSSION

Wyoming Mechanical argues that based on Wyoming's comparative fault system for assessing percentages of fault, the Buckinghams will only be liable for their own percentage of fault determined by the jury and they will not be liable for the fault assessed against Wyoming Mechanical. Wyoming Mechanical additionally argues that there is no other legal theory under which the Buckinghams would be entitled to indemnity.

Wyoming has adopted the comparative fault system in assessing negligence claims amongst multiple actors. Specifically, Wyo. Stat. Ann. § 1–1–109(c)(i)(A) provides that in assessing a negligence claim, a jury should determine "the percentage of fault attributable to each actor." *Wise v. Ludlow*, 346 P.3d 1, 10 (Wyo. 2015).

> The term "actor" is defined as "a person or other entity, including the [plaintiff], whose fault is determined to be a proximate cause of the death, injury or damage, whether or not the actor is a party to the litigation." *Id.*; Wyo. Stat. Ann. § 1–1–109(a)(i). The term "fault" is defined to include "acts or omissions, determined to be a proximate cause of death or injury to

> person or property, that are in any measure negligent." Wyo. Stat. Ann. § 1–1–109(a)(iv). The damages a plaintiff receives are "diminished in proportion to the amount of fault" attributed to that plaintiff by the jury. Wyo. Stat. Ann. § 1–1–109(b).

*Id.*

The Wyoming Supreme Court has emphasized that in assessing fault in a claim for negligence "all species of culpable conduct" must be compared. *Erdelyi v. Lott*, 326 P.3d 165, 175 (Wyo. 2014). "In a comparative fault case, the jury must consider the negligence of not only the parties but also all the participants in the transaction producing the injuries sued upon." *Fuentes v. Jednat*, 229 P.3d 949, 954 (Wyo. 2010) (citations omitted).

In tort cases, when determining liability, there is a distinction between liability in tort and liability for indemnity. *Gainsco Ins. Co. v. Amoco Prod. Co.*, 53 P.3d 1051, 1068 (Wyo. 2002). An action for contribution from a joint tortfeasor is based on the injury to the plaintiff; while indemnity is based on the independent relationship between the defendants. *Id.* There are three classifications of indemnity:

> (1) express indemnity resulting from the specific language of a contract; (2) implied contractual indemnity, also known as implied in fact indemnity, that arises from the contractual or legal relationship implied between the parties; and (3) equitable implied indemnity, also known as implied in law indemnity or common law indemnity, that is created by a relationship implied in law.

*Gainsco Ins. Co. v. Amoco Prod. Co.*, 53 P.3d 1051, 1067 (Wyo. 2002).

Indemnity is rooted in the equitable principles of restitution and unjust enrichment. *Schneider Nat, Inc., v. Holland Hitch Co.*, 843 P.2d 561, 578 (1992). A prerequisite to a claim for indemnity is the existence of an independent legal relationship. *Diamond*

4

*Surface, Inc. v. Cleveland*, 963 P.2d 996, 1001 (Wyo. 1998). The indemnitor owes a duty either in contract or tort to the indemnitee apart from the joint duty they owe the injured party. *Id.* The Wyoming Supreme Court recognized that "[i]n consonance with the comparative fault concept, we have also limited the indemnitee's recovery from the indemnitor to that portion of the damages caused by the indemnitor's breach of his separate duty to the indemnitee." *Diamond Surface, Inc.*, 963 P.2d at 1002–03; *Schneider Nat., Inc.*, 843 P.2d at 578. The duty may impliedly arise out of the contractual relationship between the parties, rather than by express agreement. *Gainsco Ins. Co.*, 53 P.3d at 1069.

For purposes of a 12(b)(6) motion, the Court must view all well-pled facts in a light most favorable to the non-moving party. In their crossclaim, the Buckinghams have denied knowing the dangers associated with the boiler system and further claim that Wyoming Mechanical owed a separate duty to the Buckinghams to warn of the dangers associated with the system. In its reply, Wyoming Mechanical asks the Court to apply the Restatement Third of Torts, because it is likely the Wyoming Supreme Court would adopt this Restatement. While the Court does not disagree with Wyoming Mechanical that the Wyoming Supreme Court may adopt the Restatement Third of Torts, the Buckinghams have pled sufficient facts for a claim of implied indemnity emerging from the relationship with Wyoming Mechanical under the factors in the Restatement Third of Torts.

In viewing the allegations in the light most favorable to the Buckinghams, the Court finds dismissal of the crossclaim is premature. The Buckinghams have pled facts

alleging that Wyoming Mechanical has an independent legal duty to indemnify by virtue of the parties' agreement to install the boiler and the subsequent installation of the boiler, therefore, it will be necessary for the Court review the parties' agreement to determine the nature of that relationship. Based on the alleged facts in the crossclaim, there are sufficient factual allegations for the Buckinghams' crossclaim for indemnity to survive a Rule 12(b)(6) motion.

## CONCLUSION

For all the above stated reasons, there remains a question of fact on whether Wyoming Mechanical owes the Buckinghams an independent duty of indemnification. As such Wyoming Mechanical's 12(b)(6) motion is premature.

IT IS ORDERED that Defendant Wyoming Mechanical, Inc.,'s motion to dismiss the crossclaim of the Buckingham Defendants is DENIED.

Dated this ___9___ day of October, 2015.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE