IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>        Plaintiffs,<br><br>v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 15-cv-128-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FORM OF JOINT CASE MANAGEMENT PLAN

### (PLEASE SKIP ANY QUESTION WHICH IS NOT APPLICABLE)

1. The names of counsel who attended the Rule 26(f) meeting and assisted in developing the Case Management Statement.

Response: David Lewis, Kate Mead, and Julie Tiedeken.

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

Response: Francisco L. Herrera and Joanna Herrera, Co-Wrongful Death Representatives; Gregory Buckingham and Deborah Buckingham, Individually and as Trustees of Buckingham Family Trust; and Wyoming Mechanical Company, Inc.

3. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

Response:

**Plaintiffs' Claims**

This wrongful death action is brought by family members of forty-seven –year-old Monica Herrera, deceased. Mrs. Herrera was the housekeeper at the Teton County home of the Defendants Buckingham. At approximately 10:00 a.m. January 30, 2015, Mrs. Herrera arrived as usual at the Buckingham residence to houseclean, according to the observation of their full-time caretaker. Unbeknownst to her, the residence was filled with deadly poisonous, odorless, tasteless carbon monoxide gas that had inundated all floors of the house from the attached garage where the highly visible exhaust vent above the boiler had come apart as it had in the past. Plaintiffs' claim that the defect in the boiler system that permitted this deadly malfunction was known to both the Defendants Buckingham, their full-time caretaker, and Wyoming Mechanical, who had all agreed before January 28 that they would linger on until February 2 before repairing the mechanism producing the carbon monoxide and dispersing it into the breathing space.

Plaintiffs' claim that Wyoming Mechanical's wrongful acts and omissions consisted, in part, in its design, installation, construction, supervision, repair, maintenance, reluctance to respond timely in proportion to the dangers, and failure to warn.

Plaintiffs' claim that the wrongful acts and omissions of Buckinghams consist, in part, in providing a hazardous workplace for Mrs. Herrera to perform her tasks, failure to warn, failure to select and retain contractors who would promptly respond to the inspection and repair of the deadly conditions created by the new boiler system.

Plaintiffs' claim that in addition to compensatory wrongful death damages as will be shown at trial, the acts and omissions of all the Defendants were grossly negligent, reckless, willful and wanton, supporting an award of punitive and exemplary damages by the jury.

**Buckinghams' claims and defenses**

The Buckinghams deny that they were negligent. While the Buckinghams admit that the flue piping on the boiler system installed by Wyoming Mechanical had come apart and was put back together by them and their caretaker, the Buckinghams were not aware that the malfunction of the boiler would produce carbon monoxide that would escape into their home. The Buckinghams were at home during the period of time when they believe that the flue pipe had become disconnected prior to Mr. Buckingham noticing it. They experienced no adverse health effects. As a result, they had no reason to believe that there was any danger posed by the boiler system and the loose piping.

When Mr. Buckingham telephoned Wyoming Mechanical for service, he explained that the boiler was making a loud banging noise and that the piping was coming loose as a result. Mr. Buckingham was not informed by any person at Wyoming Mechanical that the malfunctioning boiler and the loose piping could pose a health risk. It was only *after* Mrs. Herrera's death, that the Buckinghams learned that the malfunction of the boiler coupled with the loose piping posed a danger to human health.

The Buckinghams deny that they were negligent, reckless or that they engaged in willful or wanton misconduct so as to support an award of punitive damages. The Buckinghams anticipate that Plaintiffs will be unable to show any such conduct in this matter. The Buckinghams had no knowledge of the danger posed by the new boiler system that they contracted with Wyoming Mechanical to professionally install, just a few months before Mrs. Herrera died from carbon monoxide poisoning.

The Buckinghams filed a cross claim against Wyoming Mechanical based on equitable implied indemnity. The basis for the cross claim is strict liability for breach of warranty involving a defective product (the boiler) that has caused the Plaintiff's injuries.

**Wyoming Mechanical Company, Inc.'s claims and defenses**

Wyoming Mechanical denies that it was negligent with regard to the design, installation, construction, supervision, repair, and maintenance of the boiler in question and denies that it is liable for an alleged "reluctance to respond timely in proportion to the dangers" and "failure to warn". Wyoming Mechanical is informed and believes that a defect in the manufacture of the boiler caused a piece of the flue to the boiler to come apart. Wyoming Mechanical is informed and believes that Mr. Buckingham discovered that the flue to his boiler had come apart after the boiler had been making loud banging noises and that he and/or his caretaker repaired the flue. On January 29, 2015, Mr. Buckingham called Wyoming Mechanical to confirm a previously scheduled appointment on February 2, 2015 for a different issue and advised Wyoming Mechanical that the boiler had been making a loud banging noise which had caused the flue to come apart and that he'd repaired the flue. He requested that the boiler be checked during the appointment. He also advised that his caretaker would monitor the boiler until it could be serviced by Wyoming Mechanical and that no one would be home because they were leaving town.

Wyoming Mechanical affirmatively alleged that the Buckinghams and/or their employee and the manufacturer of the boiler, Triangle Tube, were comparatively at fault for the alleged wrongful death of Mrs. Herrera.

Wyoming Mechanical denies that that the Buckinghams have a valid cross claim against it and/or that it is liable on a claim of breach of warranty.

4. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.

Response: All of the Plaintiffs are residents of the State of Idaho. The Defendants Buckingham is each residents of the State of Wyoming. The Defendant Wyoming Mechanical is a resident of the State of Wyoming.

5. A list of any parties who have not been served, and an explanation of why they have not been served. Also a list of any parties who have been served, but have not answered or otherwise appeared.

Response: None

6. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

Response: Plaintiffs at present do not intend to add any other parties or claims for relief.

7. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

Response: A Motion to Dismiss Cross Claim filed by the Defendant Wyoming Mechanical was recently decided by the Court. No other dispositive motions are pending. There may be dispositive or partially dispositive issues that arise as discovery progresses.

8. The nature and type of discovery each party intends to pursue and, whether discovery is an issue and whether the discovery should be limited in any manner.

Response:   Plaintiffs intend to serve written Discovery in the near future.  Plaintiffs also intend to take the depositions of the parties and their officers and employees; officer(s) and employees of the corporation who are knowledgeable about its activities and history relating to the Buckingham boiler(s) and accompanying heating system.  Plaintiffs also intend to take the depositions of the law enforcement and other responders to the scene of Mrs. Herrera's death who are identified in the reports of the Teton County S.O. and Fire/EMS.

Wyoming Mechanical intends to serve written discovery on the Plaintiffs.  It also intends to take the depositions of the adult wrongful death claimants, Mr. and Mrs. Buckingham, the Buckingham's caretaker, and the engineer retained by the Buckinghams who tested the boiler after the exposure.

The Buckinghams anticipate serving written discovery on the Plaintiffs and Wyoming Mechanical and taking the depositions of the employees of Wyoming Mechanical that installed the boiler system.

9. The status of related cases pending before other courts or other judges of this Court.

Response:  Not Applicable.

10. Proposed specific dates for each of the following, keeping in mind that trial should occur within nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances.  Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

a.      Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):

Plaintiff's expert designation date:  November 2, 2015

Defendant's expert witness designation date:  January 4, 2016

     b.      A deadline for the completion of fact discovery:  February 29, 2016

     c.      A deadline for filing dispositive motions:  March 10, 2016

     d.      A date for a dispositive motion hearing (the parties may choose not to

have a hearing):  April 26, 2016

     e.      A date for the final pretrial conference:  June 1, 2016

     f.      A date for trial:  June 20-28

11. The estimated length of trial and any suggestions for shortening the trial.

Response:  7 days

12. The prospects for settlement, including any request of the Court for assistance in settlement efforts.

Response:  The prospects at this point appear fair.

13. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner:

Response: Continued cooperation among counsel in this case should most aid the Court in a just, speedy, and inexpensive manner.


David Lewis
Counsel for Plaintiffs

10/14/2015
Date

Katherine Mead
Counsel for Defendant, Buckinghams

10 · 14 · 2015
Date

Julie Nye Tiedeken
Counsel for Defendant, Wyoming Mechanical, Inc.

10/13/15
Date