IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2015 OCT 30 PM 2 22
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and WYOMING MECHANICAL, INC. a Wyoming Corporation,<br><br>Defendants. | Case No. 15-CV-128-F |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On October 29, 2015 the Honorable Nancy D. Freudenthal, District Court Judge for the District of Wyoming held an initial pretrial conference in the above-entitled matter. Counsel participating were David Lewis for Plaintiffs; and Katherine Mead for the Buckingham Defendants and Sean W. Scoggin for Defendant Wyoming Mechanical.

**Jurisdiction and Venue —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. 636(c) and U.S.D.C.L.R. 73.1, and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**Claims and Defenses —**

Plaintiffs have brought a wrongful death action against Defendants for the death of Monica Herrera. On January 30, 2015, Ms. Herrera entered the Buckingham residence to houseclean. Unknown to Ms. Herrera carbon monoxide had leaked into the home from the attached garage and she asphyxiated from carbon monoxide poisoning. Plaintiffs allege that the defect in the boiler system that lead to the carbon monoxide leaking into the home was known by the Buckinghams, the Buckingham's care taker, and Wyoming Mechanical the installer of the boiler system. Plaintiff alleges Defendants were grossly negligent, reckless, willful and wanton supporting an award of punitive and exemplary damages in addition to compensatory wrongful death damages.

The Buckinghams deny that they were negligent, reckless, or that they engaged in willful or wanton misconduct. Specifically, they claim they were not aware that the malfunction of the boiler system would produce the carbon monoxide that escaped into the home. The Buckingham

Defendants have filed a cross-claim against Wyoming Mechanical based on equitable implied indemnity.

Wyoming Mechanical denies it was negligent in designing, installing, constructing, supervising, repairing, and maintaining the boiler system. Specifically, Wyoming Mechanical believes a defect in the manufacture of the boiler caused the failure, and the Buckingham Defendants had knowledge of the damage and failed to adequately inform Wyoming Mechanical of the defect. Wyoming Mechanical affirmatively alleges that the Buckinghams and/or their employee and the manufacturer of the boiler, Triangle Tube, were comparatively at fault for the alleged wrongful death of Ms. Herrera. Further, Wyoming Mechanical denies that the Buckinghams have a valid cross claim against it and/or that it is liable on a claim of breach of warranty.

**Complexity of the Case —**

The Judge is of the opinion that this is a non-complex case.

**Rule 26(f) Scheduling Conference —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**Self-Executing Routine Discovery —**

The parties have complied with self-executing routine discovery exchange as required by Fed. R. Civ. P. 26(a).

Pursuant to the General Order Regarding Discovery Motions available at http://www.wyd.uscourts.gov/pdfforms/orders/rankin_disc_ord.pdf the parties shall confer

regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact chambers prior to filing any written discovery motions.

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a).**

**Proposed Orders —**

All proposed orders regarding non-dispositive civil motions should be submitted to Judge Rankin's chambers in a word processing format and emailed to wyojudgekhr@wyd.uscourts.gov.

All proposed orders regarding dispositive civil motions should be submitted to Judge Freudenthal's chambers in a word processing format and emailed to wyojudgendf@wyd.uscourts.gov.

**Status conference for Dispositive Motions – January 28, 2016 at 10:00 a.m.**

The Court will hold a status conference on January 28, 2016 at 10:00 a.m. to discuss the necessity of any dispositive motions and whether the need for any anticipated motions can be negated by agreement of stipulation of the parties. Counsel should appear by telephone, calling into chambers on one line at (307) 433-2190.

**Dispositive Motions — Hearing April 26, 2016 at 9:00 a.m.**

    **Deadline February 29, 2016; Responses March 14, 2016**

The deadline for the parties to file all dispositive motions together with briefs and affidavits in support thereof is February 29, 2016.

The parties shall file responsive briefs and affidavits on or before March 14, 2016.

If the dispositive motions are filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

**Parties submitting deposition testimony in support of their motions shall also provide to the Court via email to wyojudgendf@wyd.uscourts.gov, the e-transcript version of the deposition provided to the parties by the Court Reporter.**

The dispositive motions are hereby set for oral hearing before the Honorable Nancy D. Freudenthal on April 26, 2016, at 10:00 a.m. in Cheyenne, Wyoming. **The parties shall strictly comply with all provision of U.S.D.C.L.R. 7.1. Counsel for the parties shall submit to the Court, together with their briefs, proposed findings of fact and conclusions of law and orders supported by the record which reflects the position of the parties to be taken at the hearing. [U.S.D.C.L.R. 7.1(b)(2)(d)].** In the event all dispositive motions have been argued and briefed before the Court prior to the above deadlines, counsel shall so advise the Clerk of Court and the hearing date will be stricken.

**Expert Witness Designation —**

**Plaintiff's Designation Deadline — November 5, 2015**

**Defendant's Designation Deadline — January 4, 2016**

In accordance with Fed. R. Civ. P. 26(a)(2), Plaintiff shall designate expert witnesses and provide Defendants with a complete summary of the testimony of each expert by November 5, 2015. **In a personal injury lawsuit, Plaintiff's designation SHALL include the designation of all treating medical and mental health providers who may or will be called to testify at trial in part or in full as an expert witness.** In accordance with Fed. P. Civ. P. 26.1(a)(2), Defendant shall designate expert witnesses and provide the Plaintiff with a complete summary of

the testimony of each expert by January 4, 2016. These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). **FOR ALL OF JUDGE FREUDENTHAL CASES, THE PARTIES SHALL FILE THEIR EXPERT DESIGNATIONS WITH THE COURT.** Plaintiff may depose Defendants experts after the discovery cutoff date, but must complete the depositions fourteen (14) days **PRIOR** to the final pretrial conference.

**FOR JUDGE FREUDENTHAL CASES, PARTIES SHOULD NOT FILE THEIR NOTICES OF DEPOSITIONS.**

**Discovery Cutoff Date — February 29, 2016**

The discovery cutoff date is February 29, 2016. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Trial depositions may be taken up to seven (7) days prior to the trial date.

**Stipulations as to Facts — March 7, 2016**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b)(6) by March 7, 2016.

**Final Pretrial Conference — June 1, 2016 at 9:00 a.m.**

A final pretrial conference in this matter has been scheduled for 9:00 a.m. on June 1, 2016 in the Chambers of the Honorable Nancy D. Freudenthal, Cheyenne, Wyoming. Counsel shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL ORDER PREPARED FOR JUDGE FREUDENTHAL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. **UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT PRETRIAL ORDER.** If you cannot locate the form, please contact Judge Freudenthal's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. **A copy of the proposed order must be delivered directly to Judge Freudenthal's chambers (but not filed) via e-mail to wyojudgendf@wyd.uscourts.gov at least seven (7) days before the final pretrial conference.**

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST FOURTEEN (14) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

**COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.** If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

*A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered at the pretrial conference with letters and the number of the case, e.g., Civil No.____, Plaintiff's Exhibit 1; Civil No. ____, Defendant's Exhibit A. In the event there are multiple parties, plaintiff or defendant, the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

*B. Elimination of Duplicate.* The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

*C. Copies for the Court.* There is no need to provide copies of exhibits to the Court. The originals of the exhibits shall be provided to the Deputy Clerk as they are introduced and admitted at trial.

**EXHIBIT LIST:** The parties' exhibit lists are to be prepared in the following format.

| Plaintiff(s) Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA)* |
|---|---|---|---|---|
|   |   |   |   |   |
|   |   |   |   |   |

* This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties.

The following categories are to be used for objections to exhibits:

    A.    **Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

    B.    **Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

    C.    **Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN FIVE (5) BUSINESS DAYS AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON EXHIBIT LIST IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape.

MOTIONS IN LIMINE OR MOTIONS RELATING TO THE EXCLUSION OF EVIDENCE SHALL BE FILED NO LATER THAN TEN (10) DAYS PRIOR TO THE **FINAL PRETRIAL CONFERENCE**. Responses shall be filed five (5) court days before the final pretrial conference.

**Jury Trial — June 27, 2016**

A jury trial is set before the Honorable Nancy D. Freudenthal for 8:30 a.m. June 27, 2016, in Cheyenne, Wyoming, and is expected to last seven (7) days. This case is stacked #1 on the docket. U.S.D.C.L.R. 40.1(a).

***THE COURT IS IMPLEMENTING A NEW SYSTEM FOR ELECTRONIC SUBMISSION OF EXHIBITS TO THE JURY. THE JURY EVIDENCE RECORDING SYSTEM (JERS) ALLOWS JURORS TO REVIEW EVIDENCE (DOCUMENTARY, PHOTO, OR VIDEO/AUDIO EXHIBITS) ON A LARGE LED SCREEN DURING DELIBERATIONS. ATTORNEYS SHOULD PROVIDE THEIR TRIAL EXHIBITS IN ELECTRONIC FORMAT ON A USB DRIVE, DVD, OR CD TO THE OFFICE OF THE CLERK OF COURT A MINIMUM OF FIVE (5) DAYS PRIOR TO THE START OF TRIAL.** COUNSEL IS REQUIRED TO PROVIDE THEIR EXHIBITS IN THE FOLLOWING ELECTRONIC FORMATS:

All electronic evidence should be provided using the following formats:

- Document and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. **PARTIES MAY OBTAIN ADDITIONAL INFORMATION REGARDING THE SUBMISSION OF ELECTRONIC EXHIBITS BY CONTACTING THE CLERK'S OFFICE AT 307-433-2120.**

The parties SHALL file their proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial. Jury instructions must include citations of authority. **The proposed voir dire questions, jury instructions, and special verdict forms shall be submitted directly to Judge Freudenthal's chambers via e-mail to wyojudgendf@wyd.uscourts.gov. The instructions must be formatted as a single document for word or wordperfect.** Counsel need submit only proposed substantive jury instructions; the Court has its own **general instructions**, which can be found on the district court website under forms.

**THE PARTIES MUST SUBMIT JOINT JURY INSTRUCTIONS AND A JOINT PROPOSED VERDICT FORM. UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT JURY INSTRUCTIONS.** In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date. The instructions should be submitted in the order in which the parties wish to have the instructions read.

If the parties cannot reach an agreement on the instructions then instructions shall be submitted in three (3) sets as follows:

1. The agreed upon instructions.

2. Those instructions propounded by Plaintiff, opposed by Defendants.

3. Those instructions propounded by Defendants, opposed by Plaintiff.

For disputed instructions, the party should note its objections to the proposed instruction. The parties should also submit differing versions of disputed instructions or a statement as to why the instruction should not be included.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendants contend . . . ."

**Settlement Possibilities** —

The Judge considers settlement possibilities of this case to be fair.

Dated this ___30___ day of October, 2015.

*Nancy D. Freudenthal*
NANCY D. FREUDENTHAL
CHIEF DISTRICT COURT JUDGE