Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Wyoming Mechanical Company, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPERSENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>       Plaintiffs,<br><br>v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation<br><br>       Defendants. | Case No. 15-cv-128-F |

**AMENDED ANSWER OF WYOMING MECHANICAL COMPANY, INC**

**COMES NOW** Wyoming Mechanical Company, Inc. ("WM"), by and through its' attorney Julie Nye Tiedeken, McKellar, Tiedeken & Scoggin LLC, and for its' Amended Answer to the Complaint states, denies and alleges as follows:

1. Answering paragraph 2 of the Complaint, WM admits that it is a citizen of the State of Wyoming and that the decedent was a citizen of the State of Idaho but is without information sufficient to form a belief as to the truth of the other matters asserted and therefore denies the same.

2. WM admits paragraph 2 of the Complaint.

3. Answering paragraph 3 of the Complaint, WM is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

4. Answering paragraph 4 of the Complaint, WM admits that Monica Herrera was killed by a poisonous gas in Teton County, Wyoming but is without information sufficient to form a belief as to the truth of the other matters asserted in paragraph 4 and therefore denies the same.

5. Answering paragraphs 5, 6, 7 and 8 of the Complaint, WM is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

6. WM admits paragraph 9 of the Complaint.

7. Answering paragraph 10 of the Complaint, WM re-alleges each and every response to paragraphs 1 through 9 of the Complaint and incorporates those responses by this reference.

8. Answering paragraphs 11, 12, 13 and 16 of the Complaint, WM is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

9. WM admits paragraphs 14 and 15 of the Complaint.

10. Answering paragraph 17, WM admits that it removed an existing boiler from the Buckingham residence that burned propane to heat the fluids that circulate to heat water in the home but denies that the removal occurred on November 14, 2014.

11. WM denies paragraph 18 of the Complaint.

12. Answering paragraph 19 of the Complaint, WM admits that it installed a Triangle Tube Prestige Boiler but denies the remainder of paragraph 19 in so far as it alleges that the removed boiler was sent to Colorado.

13. WM admits paragraph 20 of the Complaint and affirmatively alleges that installation occurred over several days including November 14, 2014.

14. WM denies paragraphs 21, 22, 24, 25, 27, 30, and 31 of the Complaint.

15. Answering paragraph 23 of the Complaint, WM admits that Gregory Buckingham became aware that a flue pipe had pulled apart but is without information sufficient to form a belief as to the truth of the other matters asserted and therefore denies the same.

16. WM admits paragraph 26 of the Complaint.

17. WM admits paragraph 28 of the Complaint but affirmatively alleges that paragraph 28 does not completely set forth the conversation between Gregory Buckingham and David Gieck which occurred on January 29, 2015.

18. Answering paragraph 29 of the Complaint, WM is without information sufficient to form a belief as the truth of the matters asserted and therefore denies the same.

19. Answering paragraph 32 of the Complaint, WM admits that on Friday, Monica Herrera arrived at the Buckingham residence to clean the Residence as she had been employed to

do but is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

20. WM admits paragraph 33 and 35 of the Complaint.

21. Answering paragraphs 34, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 48, and 49 of the Complaint, Defendant is without knowledge sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

22. WM admits paragraph 38 of the Complaint.

23. Answering paragraph 47 of the Complaint, WM denies that the boiler flue pipe had been disconnecting for three months allowing carbon monoxide to flow into the residential air in the Buckingham residence. WM is without information sufficient to form a belief as to the truth of the other matters asserted in paragraph 47 and therefore denies the same.

24. Answering paragraph 50 of the Complaint, WM re-alleges each and every response to paragraphs 1 through 49 of the Complaint and incorporates those responses by this reference.

25. Answering paragraphs 51, 52, 53, 54, 55, 56 a-k, 57 and 58 of the Complaint, WM states that the allegations in these paragraphs are directed at other Defendants and it is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

26. Answering paragraph 59 of the Complaint, WM re-alleges each and every response to paragraphs 1 through 58 of the Complaint and incorporates those responses by this reference.

27. Answering paragraph 60 of the Complaint, WM admits that it installed the boiler system to provide heat to the Buckingham residence but denies the remainder of paragraph 60.

28.     WM denies paragraphs 61, 62, 63, 64, 65, 66, 67, 67a-j, 68 and 69.

29.     Answering paragraph 70 of the Complaint, WM re-alleges each and every response to paragraphs 1 through 69 of the Complaint and incorporates those responses by this reference.

30.     Answering paragraph 71 and 71-a-l of the Complaint, WM denies the allegations against it and is without information sufficient to form a belief as to the truth of the allegations asserted against other Defendants and therefore denies the same.

## AFFIRMATIVE DEFENSES

1.     WM affirmatively alleges that the Complaint fails to state a claim upon which relief can be granted.

2.     WM affirmatively alleges that the damages complained of by the Plaintiffs were caused, in whole or in part, by other Defendants herein or their employees, including but not limited to David Schuler, and that their fault should be determined by the jury pursuant to W.S. § 1-1-109 (c) (i) (A).

3.     WM affirmatively alleges that the damages complained of by Plaintiffs were caused, in whole or in part, by the fault of Triangle Tube Inc. which is strictly liable for Plaintiffs' claims and/ or liable based on its' negligence and that the fault of Triangle Tube, Inc. should be determined by the jury pursuant to W.S. § 1-1-109 (c) (i) (A).

4.     WM affirmatively alleges that the damages complained of by Plaintiffs were caused, in whole or in part, by the fault of M & S Group dba DuraVent which is strictly liable for Plaintiffs' claims and/or liable based on its' negligence, and that the fault of DuraVent should be determined by the jury pursuant to W.S. § 1-1-109 (c) (i) (A).

5. WM affirmatively alleges that the damages complained of by Plaintiffs were caused in whole or in part by other persons or entities not named as parties herein and that their fault should be determined by the jury pursuant to W.S. § 1-1-109 (c ) (i) (A).

4. WM Reserves the right to name additional affirmative defenses as they become known through discovery.

**WHEREFORE** WM prays that the Complaint against it be dismissed, that it recovers its' costs incurred herein and for such other and further relief as the Court deems proper in the premises.

**DATED** this 25th day of November, 2015.

          By: _/s/ Julie Nye Tiedeken_
            Julie Nye Tiedeken
            Wyoming Bar #5-1949
            McKellar, Tiedeken & Scoggin, LLC
            P.O. Box 748
            Cheyenne, WY  82003-0748
            (307) 637-5575
            (307) 637-5515-fax
            jtiedeken@mtslegal.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2015 a true and correct copy of the foregoing document was served as follows:

| | |
|---|---|
| David Lewis | (___)U.S. MAIL |
| Attorney for Plaintiffs | (___) HAND DELIVERY |
| P.O. Box 8519 | (___) FACIMILE |
| Jackson, WY 83002 | ( X ) OTHER -CM-ECF |
| | |
| Katherine Mead | (___) U.S. MAIL |
| P.O. Box 1809 | (___) HAND DELIVERY |
| Jackson, WY 83001 | (___) FACSIMILE |
| | ( X ) OTHER -CM-ECF |

            _/s/ Julie Nye Tiedeken_
            McKellar, Tiedeken & Scoggin, LLC