David G. Lewis, Wyoming Bar No. 4-1150
Attorney at Law
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900
(307) 739-8902 (fax)
davelewis@bresnan.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death.<br><br>    Plaintiffs,<br><br>vs.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC. a Wyoming Corporation;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 15-cv-128-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**
**(CONTESTED BY ONE DEFENDANT, WYOMING MECHANICAL, INC.)**

   COME NOW Plaintiffs Francisco Herrera and Joanna Herrera, by and through their attorney, David G. Lewis, and respectfully move the Court for leave to file and an Amended Complaint. In support thereof Plaintiffs show the Court as follows:

1. Plaintiffs have determined from the substantial discovery undertaken by the parties herein that it is in their best interest and in the interest of justice to include two additional parties-defendant to this litigation in order to resolve all claims arising out of the facts herein.

2. Filed simultaneously in the U.S. District Court, Wyoming, with this Contested Motion is an Uncontested Motion to Amend Plaintiffs' Complaint.

3. The Uncontested Motion seeks to add two new parties under claims of Strict Liability as manufacturer and seller of defective products that proximately caused the death of Plaintiffs' decedent, Monica Herrera. The additional parties are Triangle Tube/Phase III, Inc., Blackwood, N.J., the manufacturer and seller of the defective boiler; and, M&G Group DuraVent, Vacaville, CA, the manufacturer and seller of the defective venting system.

4. The Defendant Wyoming Mechanical, Inc. sold the Boiler and Venting System to the Defendants Buckingham, and Wyoming Mechanical installed the defective products (boiler and venting system) at the premises of the Defendants Buckingham, in whose Teton County residence the Plaintiffs' Decedent was poisoned by carbon monoxide produced by the defective boiler and defective venting systems.

5. In <u>Ogle v. Caterpillar Tractor Co.</u>, 716 P.2d 334 (Wyo. 1986) the Wyoming Supreme Court adopted the legal doctrine of Strict Liability for Sellers of defective products as defined in the Restatement of Torts:

"We adopt the Restatement, Second, Torts § 402A (1965) which provides:

"402A. *Special Liability of Seller of Product for Physical Harm to User or Consumer*.

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for

2

physical harm thereby caused to the ultimate user or consumer, or to his property, if

  (a) the seller is engaged in the business of selling such a product, and

  (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

  "(a) the seller has exercised all possible care in the preparation and sale of his product, and

  "(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

6. While the Defendant Wyoming Mechanical, by and through its counsel, Julie Tiedeken, makes no objection to adding as strict liability defendants, Triangle Tube and DuraVent, which manufactured and distributed the defective products at the beginning of the chain of liability (Uncontested Motion To Amend), Defendant Wyoming Mechanical objects to being included as a strict liability defendant itself, notwithstanding the fact that it sold the boiler and the venting pipes to the Defendants Buckingham, and its employees installed the defective boiler and venting pipes at the premises.

7. There is no basis in fact or law for the Wyoming Mechanical objection to the inclusion of Wyoming Mechanical as a proper defendant to the the strict liability claims.

8. Plaintiffs rightfully intend to expand its claims against the Defendant Wyoming Mechanical to include it as liable with Triangle Tube and DuraVent for the strict product liability claims.

9. The discovery deadline in this matter is February 29, 2016. The final pretrial is set on June 1, 2016. The trial date is June 27, 2016.

10. Katherine Mead, attorney for the Defendants Buckingham, has authorized Plaintiff to inform the Court that her clients have no objection to adding these three strict liability defendants to the present litigation.

WHEREFORE, Plaintiffs pray the Court enter its Order authorizing the Plaintiffs to Amend their Complaint to include Wyoming Mechanical, as well as Triangle Tube and DuraVent, as Defendants in the strict liability claims referenced above.

Respectfully submitted on this 16th day December, 2015.

/s/
David G. Lewis
Attorney for Plaintiffs
P. O. Box 8519
(307) 739-8900
(307) 739-8902 (f)
Jackson, Wyoming 83002

**CERTIFICATE OF SERVICE**

This is to certify that on the 16th day of December, 2015, I served a true and accurate copy of the above and foregoing by electronic transmission as follows:

Julie Tiedeken, Esq.
Attorney for Defendant Wyoming Mechanical
P. O. Box 748
Jackson, Wyoming 82003
jtiedeken@mtslegal.net

Katherine L. Mead, Esq.
Attorney for Defendants Buckingham
P.O. Box 1809
Jackson, Wyoming 83001
kate@meadlaw.net

/s/
David G. Lewis
Attorney for Plaintiffs
P. O. Box 8519
Jackson, Wyoming 83002
davelewis@bresnan.net

5