Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>        Plaintiffs,<br><br>    v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation<br><br>        Defendants. | Case No. 15-cv-128-F |

**WYOMING MECHANICAL'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AGAINST WYOMING MECHANICAL**
_____

      **COMES NOW** Wyoming Mechanical Company, Inc., by and through its' attorney, Julie Nye Tiedeken, and for its Opposition to Plaintiffs' Motion to Amend its' Complaint against Wyoming Mechanical, shows the Court as follows:

1.  Plaintiff filed their Complaint in August. The Court entered its' Order on Initial Pretrial Conference on October 30, 2015, which set a November 5, 2015, deadline for Plaintiffs to file their expert witness designation and a January 4, 2016, deadline for Defendants to file their expert witness deadlines. Counsel for Wyoming Mechanical advised the Court and Plaintiffs' counsel at the Initial Pretrial Conference that it believed that Mrs. Herrera's carbon monoxide exposure was due to a manufacturing defect in the Triangle Tube boiler so Plaintiffs knew that was an issue prior to commencement of discovery yet elected not to file suit against the manufacturer and elected not to assert a strict liability claim against Wyoming Mechanical.

2.  Plaintiffs filed the expert report of Mr. Cuzzillo on November 5, 2015, and Mr. Cuzzillo gave his opinion that there were manufacturing defects which were the cause of the carbon monoxide exposure. Plaintiffs still did not seek to amend their Complaint and the parties continued with discovery.

3.  On December 2, 2015, counsel for Plaintiffs notified counsel for Wyoming Mechanical that they were going to file a motion for leave to amend their complaint to bring strict liability claims against Triangle Tube and DuraVent. Significantly, no mention was made of bringing strict liability claims against Wyoming Mechanical. As a result, Wyoming Mechanical stipulated to such amendment.

4.  The parties continued with discovery and Counsel for Defendant deposed Plaintiffs' expert, Mr. Cuzzillo on December 7, 2015. It was not until December 13, 2015, after Plaintiffs' expert had been deposed and just weeks before Wyoming Mechanical's expert witness designation date that counsel for Plaintiffs indicated that he would also be filing a Motion to Amend the Complaint to add strict liability claims against Wyoming Mechanical.

5. Wyoming Mechanical made strategic decisions for defense of the case and for retention of experts based on the fact that Plaintiffs had not filed a claim against it for strict liability based on product defects. If such a claim had been filed, Wyoming Mechanical would have immediately asserted a third party complaint against the manufacturers for indemnity with regard to such claims. The filing of a third party Complaint would have affected the defense of the case, discovery undertaken by Wyoming Mechanical and retention of experts. It additionally would likely have affected the insurance coverage for Plaintiffs' claims against Wyoming Mechanical and control of the defense. To allow Plaintiffs to amend their Complaint at this late date would clearly be prejudicial to Wyoming Mechanical's defense of this case.

6. Plaintiffs will not be prejudiced by denial of the Motion to add a strict liability claim against Wyoming Mechanical because the Court has already entered its' order allowing the Plaintiffs to pursue their strict liability claims based on product liability against the actual manufacturers of the products in question.

7. In the event that the Court were to grant Plaintiffs' motion, Wyoming Mechanical would be forced to assert a cross claim against the manufacturers for indemnity and would necessarily be forced to request additional time to pursue discovery and to designate additional expert witnesses. Given the fact that extensive discovery has already taken place, the prejudice to Wyoming Mechanical's defense could not be cured.

8. Amendments to Pleadings should not be allowed when it results in prejudice to the opposing party.

**WHERFORE** Wyoming Mechanical prays that the Motion to Amend be denied and for such other and further relief as the Court deems proper in the premises.

**DATED** this 30th day of December, 2015.

By: /s/ Julie Nye Tiedeken
Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC
P.O. Box 748
Cheyenne, WY  82003-0748
(307) 637-5575
(307) 637-5515-fax
jtiedeken@mtslegal.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December, 2015 a true and correct copy of the foregoing document was served as follows:

| | |
|---|---|
| David Lewis | (___) U.S. MAIL |
| Attorney for Plaintiffs | (___) HAND DELIVERY |
| P.O. Box 8519 | (___) FACIMILE |
| Jackson, WY 83002 | ( X ) OTHER -CM-ECF |
| | |
| Katherine Mead | (___) U.S. MAIL |
| P.O. Box 1809 | (___) HAND DELIVERY |
| Jackson, WY 83001 | (___) FACSIMILE |
| | ( X ) OTHER -CM-ECF |

/s/ Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC