David G. Lewis, Wyoming Bar No. 4-1150
Attorney at Law
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900
(307) 739-8902 (fax)
davelewis@bresnan.net

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death.<br><br>    Plaintiffs,<br><br>vs.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC. a Wyoming Corporation;<br><br>    Defendants. | Case No. 15-cv-128-F |

**PLAINTIFFS' REPLY BRIEF TO DEFENDANT WYOMING MECHANICAL'S
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT
(CONTESTED)**

Plaintiffs Francisco Herrera and Joanna Herrera, by and through their attorney, David G. Lewis, hereby respond to the opposition of Defendant Wyoming Mechanical (WM) as follows:

1.   It is undisputed that the Defendant WM purchased the defective boiler from Defendant Triangle Tube, and the defective venting system from Defendant DuraVent, sometime prior to November 14, 2014.  On or about

November 14, 2014, WM in turn sold, distributed and installed this defective and dangerous boiler and venting to and for the Defendants Buckinghams' home in Teton County, Wyoming.  The unreasonably dangerous, defective equipment were proximate causes of the death of the Plaintiffs' Decedent, Monica Herrera.

      2.     In WM's Answer to the Buckingham Cross-claim, Affirmative Defense number 4, on October 23, 2015, WM alleged that "the damages complained of were caused, in whole or in part, by the acts of persons or entities not named as parties herein, including but not limited to, Triangle Tube, Inc. and the fault of such persons or entities should be determined by the jury pursuant to W.S. § 1-1-109 (c) (i) (A)."  (Document 20)

      3.     On November 5, 2015, Plaintiffs filed and served electronically the Carbon Monoxide Exposure Analysis prepared by Plaintiffs' Expert, Bernard Cuzzillo, PhD, to the Defendants.  The Analysis identified unreasonably dangerous defects in the boiler and venting system manufactured by the Defendants Triangle Tube and DuraVent.  (Document 23)

      4.     On November 25, 2015, WM filed its Amended Answer to the Plaintiffs Complaint, including Affirmative Defenses.  Affirmative Defense numbered 3 recites  "WM affirmatively alleges that the damages complained of by Plaintiffs were caused, in whole or in part, by the fault of Triangle Tube Inc. <u>which is strictly liable for Plaintiffs' claims</u> and/or liable based on its 'negligence and that the fault of Triangle Tube, Inc. should be determined by the jury pursuant to W.S. § 1-1-109 (c) (i) (A)." [emphasis added] (Document 26)

      5.     Also, on November 25, 2015, WM included its Amended Answer to the Plaintiffs Complaint including Affirmative Defenses.  Affirmative Defense numbered 4 recites  "WM affirmatively alleges that the damages complained of

by Plaintiffs were caused, in whole or in part, by the fault of M & S Group dba DuraVent <u>which is strictly liable for Plaintiffs' claims</u> and/or liable based on its 'negligence and that the fault of DuraVent should be determined by the jury pursuant to W.S. § 1-1-109 (c) (i) (A)." [emphasis added] (Document 26)

  6. Defendant WM is asserting that the companies that supplied it with the Triangle Tube boiler and the DuraVent venting were strictly liable for the Plaintiffs wrongful death claims. WM is in a direct line of distribution and sale of the same equipment, which it acknowledges as defective.

  7. On December 7, 2015, the deposition of Plaintiffs' Mechanical Engineering Expert Bernard Cuzzillo was taken by Julie Tiedeken and Katherine Mead in Oakland, California. During the deposition in response to questioning by the attorneys for both defendants, Dr. Cuzzillo expressed his opinions about defective and dangerous aspects of the Triangle Tube boiler and the DuraVent venting system.

  8. On December 13, 2015, Plaintiffs Attorney David Lewis emailed Defendant WM's Attorney Julie Tiedeken that: "Julie, I intend to file my amended complaint tomorrow if I get back from Idaho by mid-afternoon. I just wanted to make clear that I am alleging strict liability claims against Triangle Tube and DuraVent. Because WM installed the boiler and venting system I am including it in the chain of strict liability."

  9. WM Attorney Julie Tiedeken responded to the above email to David Lewis one hour later and incorrectly asserted that "I will not stipulate that any new claims can be filed against WM because discovery has been completed." She knew that <u>February 29, 2016</u>, is the discovery deadline in the Joint Case Management Plan.

10. On December 14, 2015, Wyoming Mechanical Attorney Tiedeken emailed Plaintiffs' attorney that "Just so I'm clear. I agree to stipulate to new claims being brought against Triangle Tube and DuraVent. I did not stipulate that an amended complaint could be filed with new claims against Wyoming Mechanical."

11. On December 16, 2015, Plaintiffs filed their Uncontested Motion to Amend Complaint to add Triangle Tube and DuraVent as strict liability defendants. WM, however, refused to agree that it be added as a strict liability defendant. (Document 29)

12. On December 17, 2015, U.S. Magistrate Kelly Rankin entered an Order Granting Plaintiffs' Motion to Amend Complaint to add Triangle Tube and DuraVent as strict liability parties defendant. (Document 30)

13. Also on December 17, 2015, Plaintiffs filed their Motion to Amend Complaint seeking an Order from the Court adding WM as a strict liability Defendant along with Triangle Tube and DuraVent. (Document 31)

14. Thirteen days later, on December 30, 2015, WM filed its Opposition to Plaintiffs' Motion to Amend Complaint adding WM for strict liability. The Defendant WM argued that it had "made strategic decisions for defense of the case and for retention of experts based upon the fact that Plaintiffs had not filed a claim against it for strict liability based upon product defects." Paragraph 5. WM argued further that it will have insufficient time to prepare a defense against the allegations and "be forced to request additional time to pursue discovery and to designate additional expert witnesses." Paragraph 7. (Document 33)

15. WM argues that it will be deprived of necessary time to prepare a strict liability defense if the Court allows Plaintiffs to amend their Complaint.

4

The law of strict liability focuses on a defective product, not on the separate claims for negligence that are alleged against Defendants WM and Buckinghams in the Plaintiff's Complaint and their Amended Complaint. If DuraVent and Triangle Tube are adjudged to have manufactured and/or distributed a defective product unreasonably dangerous, Defendant Wyoming Mechanical would be equally liable with them in the chain of distribution regardless of past "strategic decisions" or lack of "additional time" to defend on the strict liability claim.

Wherefore, Plaintiffs re-assert their Motion to Amend Complaint and form of Order to include Wyoming Mechanical as a strict liability defendant, filed herein on December 17, 2015.

Dated on this 5th day of January, 2016.

/s/
David G. Lewis
Attorney for Plaintiffs
P. O. Box 8519
Jackson, Wyoming 83002
davelewis@bresnan.net

**CERTIFICATE OF SERVICE**

This is to certify that on the 5th day of January, 2016, I served a true and accurate copy of the above and foregoing by electronic transmission as follows:

Julie Tiedeken, Esq.
Attorney for Defendant Wyoming Mechanical
P. O. Box 748
Jackson, Wyoming 82003
jtiedeken@mtslegal.net

Katherine L. Mead, Esq.
Attorney for Defendants Buckingham
P.O. Box 1809
Jackson, Wyoming 83001
kate@meadlaw.net

/s/
David G. Lewis
davelewis@bresnan.net

5