David G. Lewis, Wyoming Bar No. 4-1150
Attorney at Law
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900
(307) 739-8902 (fax)
davelewis@bresnan.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death.<br><br>       Plaintiffs,<br><br>vs.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC. a Wyoming Corporation;<br><br>       Defendants. | Case No. 15-cv-128-F |

**PLAINTIFFS' RESPONSE BRIEF TO DEFENDANT WYOMING MECHANICAL'S MOTION TO DISMISS THE ALLEGATIONS OF PLAINTIFFS' AMENDED COMPLAINT WHICH PERTAIN TO <u>WYOMING MECHANICAL, FILED ON JANUARY 4, 2016</u>**

Plaintiffs Francisco Herrera and Joanna Herrera, by and through their attorney, David G. Lewis, hereby respond to the Defendant Wyoming Mechanical's (WM) Motion to Dismiss, as follows:

    1.    Prior to the filing of any motion seeking to file as a new claim the tort doctrine of strict liability, the Defendant WM had been urging Plaintiffs to

file the strict liability claim against Triangle Tube and DuraVent. (See the historical support for this assertion in Plaintiffs Reply Brief to Defendant Wyoming Mechanical's Opposition to Plaintiffs' Motion to Amend Complaint (Contested), Electronically filed as <u>Document No. 37</u>, on January 5, 2016.)

      2.      Prior to filing any motion seeking Court authorization for filing an Amended Complaint, Plaintiffs" Attorney emailed Defendant WM's Attorney on December 13:

> "Julie, I intend to file my amended complaint tomorrow if [I] get back from Idaho by mid afternoon. I just wanted to make clear that I am alleging strict liability claims against Triangle Tube and DuraVent. Because WM installed the boiler and venting system I am including it in the chain of strict product liability."

      3.      WM had purchased the boiler and the vent piping from Triangle Tube and DuraVent, respectively, and, in turn, sold and installed these same items to their customer, the Defendants Buckingham.

      4.      In response to this email, WM's Attorney emailed back that she would not consent to WM becoming a strict liability defendant along with its suppliers.

      5.      In response Plaintiffs wrote two Motions to amend. One that added the manufacturers of the defective boiler and the defective pipe. And, another to add WM which purchased the boiler from Triangle Tube and sold it to Buckinghams. A party defendant seeking to forbid a plaintiff to add another party defendant so obviously involved in the chain of strict liability this early in the proceedings is anomalous practice under the Federal Rules of Civil Procedure and the substantive law of Wyoming.

      6.      Magistrate Rankin responded to the Uncontested Motion authorizing Plaintiffs' Attorney to file an Amended Complaint (Uncontested)

against Triangle Tube and DuraVent in three days.  The Contested Amended Complaint has yet to be ruled upon because the parties are yet filing documents urging their positions be accepted by the Court.

7. Plaintiffs sent their Amended Complaint on the second day of the three days by overnight mail.  At the time, Cheyenne was experiencing unusually stormy weather that interfered with the delivery of overnight mail.

8. Plaintiffs had prepared both an Amended Complaint that contained a claim against WM; and, one without.  In a rush to put the Amended Complaint off for filing, Plaintiffs' office erroneously sent the Amended Complaint that included the claim against WM.

9. On the date the Amended Complaint was required to be filed by the Court's Order, Monday, December 21, 2015, it was received and filed by the Clerk of the District Court.

10. WM's counsel promptly notified Plaintiffs' counsel that his office had sent the wrong Amended Complaint, and she demanded it be withdrawn.

11. Plaintiffs responded immediately to Defendant, acknowledging the error.  Plaintiffs proposed that the parties agree that the Amended Complaint remain in place until such time as the Court decided Plaintiffs' motion.  In the meanwhile, Plaintiffs would not ask the Clerk to issue Summons for any of the strict liability defendants.  Once the Court decided the case, if the strict liability claims against WM were allowed by the Court, Plaintiffs would forward Summons for all three defendants to the Clerk to be issued.

12. Defendant made no response to the proposal, and filed its Opposition to the Plaintiffs' Motion to Amend Complaint on December 30, 2015, to which this Response is directed.

13. Defendant WM also complains that Plaintiff replaced some allegations in the Complaint with new allegations in the Amended Complaint.

14. <u>Rule 15 Amended Pleadings</u> is everywhere read: "A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified." <u>6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.)</u>  The filed Amended Complaint replaced all of the allegations of the Complaint, including those deleted or added. Plaintiffs changed them in the Amended Complaint to reflect the present understanding of the facts as they have been revealed in discovery undertaken.

15. All the allegations in the Complaint are superseded by law.  The few changes that Plaintiffs made in their Amended Complaint were to withdraw allegations that discovery has shown to be inaccurate; and, to add allegations that discovery has shown to be more accurate statements of fact.  To leave allegations in an Amended Complaint that have been superseded by discovered facts could open a party to Rule 11 sanctions.

16. Obviously, Defendant Wyoming Mechanical's attorney understands this and she read all the allegations in the Amended Complaint.  For an attorney to rely upon the assumption that no allegations were changed or withdrawn in a superseding pleading would be careless, and beyond the attention and practice expected of an experienced attorney such as Wyoming Mechanical's counsel in this case.

17. Finally, there is no basis in law that WM should not be held legally responsible as one in the chain of commerce of the defective products it purchased from soon-to-be-served-parties Triangle Tube and DuraVent.  These two manufacturers are the same that WM's counsel has urged the Court and

4

counsel for months now to include as defendants. As defendants, that is, according to the WM's counsel's allegations, that put defective and dangerous products into the stream of commerce and into the Buckingham home through WM.

Wherefore, Plaintiffs pray the Court deny the Defendant's Motion to Dismiss Allegations in the Amended Complaint; and, that it allow the filed Amended Complaint including Wyoming Mechanical be effective for service; and for such other and further relief as to the Court appears just and equitable.

Dated on this 8th day of January, 2016.

/s/
David G. Lewis
Attorney for Plaintiffs
P. O. Box 8519
Jackson, Wyoming 83002
davelewis@bresnan.net

**CERTIFICATE OF SERVICE**

This is to certify that on the 8th day of January, 2016, I served a true and accurate copy of the above and foregoing by electronic transmission as follows:

Julie Tiedeken, Esq.
Attorney for Defendant Wyoming Mechanical
P. O. Box 748
Jackson, Wyoming 82003
jtiedeken@mtslegal.net

Katherine L. Mead, Esq.
Attorney for Defendants Buckingham
P.O. Box 1809
Jackson, Wyoming 83001
kate@meadlaw.net

/s/
David G. Lewis
davelewis@bresnan.net