# United States District Court
## For The District of Wyoming

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation,<br><br>Defendants. | FILED<br><br>7:51 am, 1/13/16<br>U.S. Magistrate Judge<br><br><br>Civil No. 15-CV-128-NDF |

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT [DOC. 31]**

This matter is before the Court on Plaintiff's Motion Amend Complaint [Doc. 31]. The Court, having carefully considered the Motion, Response, and Reply, and being fully advised in the premises, FINDS:

1

## BACKGROUND

This case arises out of the death of Monica Herrera after Ms. Herrera, who was housekeeping in the Buckingham Defendants' residence, was exposed to carbon monoxide leaking from a boiler installed by Defendant Wyoming Mechanical, Inc. (Wyoming Mechanical). Compl. 2, 6, ECF No. 1. Subsequently, Plaintiffs—Ms. Herrera's wrongful death representatives—filed suit, claiming the Buckingham Defendants were negligent in maintaining the boiler and failing to warn Ms. Herrera about the potential risk of carbon monoxide. Compl. 11-12. Plaintiffs further alleges Wyoming Mechanical was negligent in its installation and maintenance of the boiler. Compl. 13-14.

Following the open of discovery in the case, Plaintiffs added two additional Defendants: Triangle Tube/Phase III, Inc. (Triangle Tube) and M&G Group DuraVent (DuraVent). Order Granting Pls.' Mot. to Amend Compl. 1, Dec. 17, 2015, ECF No. 30. Triangle Tube manufactured the boiler ultimately responsible for Ms. Herrerra's death while DuraVent produced the ventilation system attached to the boiler that allegedly malfunctioned and caused carbon monoxide to leak into the residence. Pls.' Uncontested Mot. to Amend Compl. 2, Dec. 16, 2015, ECF No. 29. Plaintiffs, in their Amended Complaint, allege Triangle Tube and DuraVent are both strictly liable for Ms. Herrera's death. Am. Compl. & Demand for Jury Trial 15-17, Dec. 21, 2015, ECF No. 32. Now, Plaintiffs seek to add a claim of strict liability against Wyoming Mechanical. Pls.' Mot. to Am. Compl. 2-3, Dec. 17, 2015, ECF No. 31.

## PLAINTIFFS' MOTION TO AMEND COMPLAINT [DOC. 31]

In their Motion, Plaintiffs argue a strict liability claim against Wyoming Mechanical is appropriate because Wyoming Mechanical sold the boiler and ventilation system to the

Buckingham Defendants. *Id.* at 2. Plaintiffs note Wyoming law extends strict liability to sellers who "sell any product in a defective condition" and are sellers "engaged in the business of selling such a product." *Id.* at 2-3. Plaintiffs also assert that because discovery does not close until February 29, 2016, there is ample time to add a strict liability claim against Wyoming Mechanical. *Id.* at 3-4.

### WYOMING MECHANICAL'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AGAINST WYOMING MECHANICAL [DOC. 33]

Wyoming Mechanical argues it is prejudiced by a strict liability claim asserted by Plaintiffs at this stage of the litigation. Wyo. Mech.'s Opp'n to Pls.' Mot. to Amend Compl. Against Wyo. Mech. 2-3, Dec. 30, 2015, ECF No. 33. Specifically, Wyoming Mechanical notes Plaintiffs had knowledge of the potential strict liability claims by November 5, 2015, but waited to amend their Complaint until over a month later. *Id.* at 2. Additionally, Wyoming Mechanical claims it will be prejudiced by a strict liability claim by Plaintiffs because of the need to assert a cross claim and engage in additional discovery against Triangle Tube and DuraVent. *Id.* at 3.

### PLAINTIFFS' REPLY [DOC. 37]

Plaintiffs counter Wyoming Mechanical's Opposition by arguing a strict liability claim against Wyoming Mechanical is proper because Wyoming Mechanical has asserted strict liability defenses against Triangle Tube and DuraVent. Pls.' Reply Br. to Def. Wyoming Mechanical's Opp'n to Pls.' Mot. to Amend Compl. 2-3, Jan. 5, 2016, ECF No. 37. Plaintiffs further argue the addition of a strict liability claim against Wyoming Mechanical is not prejudicial because the law of strict liability focuses on a defective product and Wyoming Mechanical will be a party to the discovery conducted between Plaintiffs,

Triangle Tube, and DuraVent in relation to the boiler. *Id.* at 4-5. Thus, Plaintiff asserts Wyoming Mechanical can prepare a defense to a strict liability claim. *Id.*

### RULING OF THE COURT

The issue before the Court is whether Plaintiffs may amend their Second Amended Complaint to bring a claim of strict liability against Wyoming Mechanical. The Federal Rules of Civil Procedure note "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is within the sound discretion of the court. *Id.*; *T.V. Commc'n, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

However, leave to amend should be denied where courts find "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A proposed amendment is unduly delayed when the motion to amend is untimely or where "'the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). Additionally, "courts will find prejudice only when an amendment unfairly affects non-movants 'in terms of preparing their [response] to the amendment." *Bylin v.*

4

*Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Minter*, 451 F.3d at 1208).

Here, Wyoming Mechanical argues Plaintiffs' Motion to Amend is untimely and unfairly prejudicial. Wyo. Mech.'s Opp'n to Pls.' Mot. to Amend Compl. Against Wyo. Mech. 2-3. As noted by Wyoming Mechanical, it is unclear to the Court why Plaintiffs waited nearly two months after designating an expert with knowledge of strict liability to seek a strict liability claim against Wyoming Mechanical. Had Plaintiffs moved to add a strict liability claim earlier in this case, it is a possibility that Wyoming Mechanical may not have opposed the addition of the claim. Furthermore, all parties would have had additional time to conduct discovery in relation to a strict liability claim. Thus, good practice would have been to seek the addition of a strict liability claim as soon as the possibility of that claim arose. Nonetheless, because a deadline to amend pleadings was not imposed in this case and because there is no evidence Plaintiffs' knew a strict liability claim should be included in the original Complaint, the Court does not find Plaintiffs' Motion to be untimely.

Moreover, the Court does not find the addition of a strict liability claim is unduly prejudicial. Though Plaintiffs did inexplicably wait to amend the Complaint, nearly two months of discovery remain in this case. Wyoming Mechanical will still have the opportunity to investigate and defend Plaintiffs' claim for strict liability. Additionally, because the Court already allowed the addition of strict liability claims against Triangle Tube and DuraVent, strict liability will be a central issue in this case moving forward. As discussed by Plaintiffs, strict liability applied to Triangle Tube and DuraVent may possibly extend to Wyoming Mechanical. To alleviate any concerns about prejudice, the Court will permit Wyoming Mechanical to amend its expert designation in response to Plaintiffs new claim for strict liability.

## CONCLUSION

Though Plaintiffs should have filed their Motion to Amend without delay in this case, the Court does not find undue delay or prejudice necessary to deny Plaintiffs' Motion. Leave is to be given freely, and because no deadline to amend pleadings was imposed in this case, Plaintiffs' Motion is not untimely. Furthermore, since discovery continues until February 29, 2016 and remaining discovery will focus on the strict liability of Triangle Tube and DuraVent, Wyoming Mechanical has adequate time to formulate a defense to Plaintiff's strict liability claim.

THEREFORE, IT IS ORDERED Plaintiffs Motion for Leave to Amend Complaint [Doc. 31] is GRANTED.

IT IS FURTHER ORDERED Plaintiffs must file their amended complaint on or before January 15, 2016.

IT IS FINALLY ORDERED Wyoming Mechanical may amend its Designation of Expert Witnesses [Doc. 36] in response to Plaintiffs' strict liability claim before the close of discovery on February 29, 2016.

Dated this 13th day of January, 2016.

_____
Kelly H. Rankin
United States Magistrate Judge