Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>            Plaintiffs,<br><br>      v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation<br><br>            Defendants. | Case No. 15-cv-128-F |

**WYOMING MECHANICAL'S ANSWER TO THE SECOND AMENDED COMPLAINT AND CROSS CLAIMS AGAINST TRIANGLE TUBE/PHASE III CO. INC. AND M & G GROUP DURAVENT, INC.**

**COMES NOW** Wyoming Mechanical Company, Inc. ("WM"), by and through its' attorney Julie Nye Tiedeken, McKellar, Tiedeken & Scoggin LLC, and for its' Answer to the Second Amended Complaint states, denies and alleges as follows:

1. Answering paragraph 1 of the Amended Complaint, WM admits that it is a citizen of the State of Wyoming and that the decedent was a citizen of the State of Idaho but is without information sufficient to form a belief as to the truth of the other matters asserted and therefore denies the same.

2. WM admits paragraph 2, 3, 4 and 5 of the Amended Complaint.

3. Answering paragraphs 6 and 7 of the Amended Complaint, WM is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

4. WM admits paragraphs 8 and 9 of the Amended Complaint.

5. Answering paragraph 10 of the Amended Complaint, WM re-alleges each and every response to paragraphs 1 through 9 of the Amended Complaint and incorporates those responses by this reference.

6. Answering paragraphs 11, 12, 13 and 16 of the Amended Complaint, WM is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

7. WM admits paragraphs 14 and 15 of the Amended Complaint.

8. Answering paragraph 17, WM admits that it removed an existing boiler from the Buckingham residence that burned propane to heat the fluids that circulate to heat water and the home but deny that the removal occurred on November 14, 2014.

9. WM denies paragraph 18 of the Amended Complaint.

10. Answering paragraph 19 of the Amended Complaint, WM admits that it installed a Triangle Tube Prestige Boiler but denies the remainder of paragraph 19 in so far as it alleges that the removed boiler was sent to Colorado.

11. WM admits paragraph 20 of the Amended Complaint and affirmatively alleges that installation occurred over several days including November 14, 2014.

12. WM denies paragraphs 21, 22, 24, 25, 27, 30, 31 of the Amended Complaint.

13. Answering paragraph 23 of the Amended Complaint, WM admits that Gregory Buckingham became aware that a flue pipe had pulled apart but is without information sufficient to form a belief as to the truth of the other matters asserted and therefore denies the same.

14. WM admits paragraph 26 and 29 of the Amended Complaint.

15. WM admits paragraph 28 of the Amended Complaint but affirmatively alleges that paragraph 28 does not completely set forth the conversation between Gregory Buckingham and David Gieck which occurred on January 29, 2015. WM affirmatively alleges that Buckingham told Gieck that no one would be in the home.

16. Answering paragraph 32 of the Amended Complaint, WM admits that on Friday, Monica Herrera arrived at the Buckingham residence to clean the residence as she had been

employed to do but is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

17. WM admits paragraph 33, 35, 37, 38, 39, 41, 42, 43, 44, 45, of the Amended Complaint.

18. Answering paragraphs 34, 36, 40, 46, 48, 49 of the Amended Complaint, Defendant is without knowledge sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

19. Answering paragraph 47 of the Amended Complaint, WM denies that the boiler flue pipe had been disconnecting for three months allowing carbon monoxide to flow into the residential air in the Buckingham residence. WM is without information sufficient to form a belief as to the truth of the other matters asserted in paragraph 47 and therefore denies the same.

20. Answering paragraph 50 of the Amended Complaint, WM re-alleges each and every response to paragraphs 1 through 49 of the Amended Complaint and incorporates those responses by this reference.

21. WM admits paragraphs 51, 52, 53, 54, 55, 56 and subparts thereto.

22. Answering paragraphs 57 of the Amended Complaint, Defendant admits that the actions of Buckingham were negligent but denies the remainder of paragraph 57.

23. Answering paragraph 58 of the Amended Complaint, Defendant is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

24. Answering paragraph 59 of the Amended Complaint, WM re-alleges each and every response to paragraphs 1 through 58 of the Amended Complaint and incorporates those responses by this reference.

25. Answering paragraph 60 of the Amended Complaint, WM admits that it installed the boiler system to provide heat to the Buckingham residence but denies the remainder of paragraph 60.

26. WM denies paragraphs 61, 62, 63, 64, 65, 66, 67, 67a-j, 68 and 69.

27. Answering paragraph 70 of the Amended Complaint, WM re-alleges each and every response to paragraphs 1 through 69 of the Amended Complaint and incorporates those responses by this reference.

28. Answering paragraph 71 of the Amended Complaint, WM admits that Triangle Tube is in the business of manufacturing and selling boilers throughout the United States but denies that WM is a distributor of TT boilers or that it sells boilers to homeowners as a distributor. WM affirmatively alleges that Intermountain Sales and Distributing, Inc. and/or Ferguson Enterprises, Inc. is the "distributor" of TT boilers.

29. WM admits paragraph 72 and 74 of the Amended Complaint.

30. Answering paragraph 73 and 75 of the Amended Complaint, WM is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

31. Answering paragraph 76 of the Amended Complaint, WM re-alleges each and every response to paragraphs 1 through 75 of the Amended Complaint and incorporates those responses by this reference.

32. Answering paragraph 77 of the Amended Complaint, WM admits that DuraVent is and was in the business of manufacturing and selling venting pipe throughout the United States to distributors but denies that WM is a distributor of DuraVent piping and denies that it sold venting pipe to Defendant Buckinghams as a distributor. WM affirmatively alleges that Ferguson Enterprises, Inc. is and was the distributor of DuraVent piping.

33. WM admits paragraph 78 of the Amended Complaint.

34. Answering paragraph 79 of the Amended Complaint, WM admits that DuraVent designed, manufactured, inspected, distributed and sold the PolyPro venting pipe to distributors but denies that WM is a distributor of DuraVent piping and admits that the PolyPro piping was ultimately installed in the Buckingham residence in November of 2014 by WM. WM affirmatively alleges that Ferguson Enterprises, Inc. was the distributor of the DuraVent piping installed in the Buckingham residence.

35. Answering paragraph 80 of the Amended Complaint, WM admits that the TT 175 boiler had PolyPro pipe coming out of the heat exchanger but is without information sufficient to form a belief as to the truth of whether it was manufactured by DuraVent and whether it was defective and unreasonably dangerous and therefore denies the same. WM denies that it

distributed the boiler and affirmatively alleges that Intermountain Sales and Distributing, Inc. and/or Ferguson Enterprises, Inc. was the distributor of the boiler.

36. Answering paragraph 81 of the Amended Complaint, WM is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

37. WM admits paragraph 82 of the Amended Complaint.

38. Answering paragraphs 83 and 84 of the Amended Complaint, WM is without information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

39. Answering paragraph 85 of the Amended Complaint, WM re-alleges each and every response to paragraphs 1 through 84 of the Amended Complaint and incorporates those responses by this reference.

40. Answering paragraph 86 of the Amended Complaint, WM denies that it was negligent or responsible for any wrongful acts or omissions which were the proximate cause of Monica Herrera's death. WM admits that Plaintiffs are asserting that they are entitled to the damages alleged in paragraph 86 but deny that Plaintiffs are entitled to recover any such alleged damages from WM.

## AFFIRMATIVE DEFENSES

1. WM affirmatively alleges that the Amended Complaint fails to state a claim upon which relief can be granted.

2.      WM affirmatively alleges that the damages complained of by the Plaintiffs were caused, in whole or in part, by the Buckinghams and/ or their employees, including but not limited to David Schuler, and that each of their fault should be determined by the jury pursuant to W.S. § 1-1-109 (c) (i) (A).

3.      WM affirmatively alleges that the damages complained of by Plaintiffs were caused in whole or in part by the fault of Triangle Tube, Inc. and/or M & S Group dba DuraVent which are strictly liable for Plaintiffs' claims and/or liable based on their negligence and the fault of each of them should be determined by the jury pursuant to W.S. § 1-1-109 (c ) (i ) (A ).

4.      WM affirmatively alleges that the damages complained of by Plaintiffs were caused, in whole or in part, by the acts of persons or entities not named as parties herein, including but not limited to, Intermountain Sales and Distributing, Inc. and Ferguson Enterprises, Inc. , who are strictly liable for Plaintiffs' claims and/or are liable based on their negligence, and the fault of each of such person or entity should be determined by the jury pursuant to W.S. § 1-1-109 (c) (i) (A).

5.      WM Reserves the right to name additional affirmative defenses as they become known through discovery.

**WHEREFORE** WM prays that the Amended Complaint against it be dismissed, that it recover its' costs incurred herein and for such other and further relief as the Court deems proper in the premises.

### CROSS-CLAIM OF WYOMING MECHANICAL AGAINST TRIANGLE TUBE/PHASE II COMPANY, INC. AND M & G GROUP DURAVENT, INC.

**COMES NOW** Wyoming Mechanical Company, Inc., by and through its attorney, Julie Nye Tiedeken, McKellar, Tiedeken & Scoggin LLC and for its Cross-Claim against Triangle Tube/Phase II Company, Inc. ("Triangle Tube") and M & G Group Duravent, Inc. ("DuraVent") states and alleges as follows:

1. WM incorporates by reference the previous response to Plaintiffs' Complaint and allegations above as if fully set forth herein.

2. Triangle Tube was the manufacturer of the boiler which WM installed in the Buckingham residence. Plaintiffs contend that the boiler manufactured by Triangle Tube was defective and unreasonably dangerous when it was placed in the stream of commerce.

3. Upon information and belief, the boiler manufactured by Triangle Tube was sold by Triangle Tube to its' distributor, Intermountain Sales and Distributing, Inc. Intermountain Sales and Distributing, Inc. distributed the boiler to Ferguson Enterprises, Inc., a wholesale distributor, with a store in Jackson, Wyoming. Ferguson subsequently sold the boiler to WM and WM installed the boiler in the Buckingham residence.

4. WM was not involved in the design or manufacture of the boiler and Plaintiffs have brought a strict liability claim against WM on a vicarious liability theory because it was the entity that sold the boiler manufactured by Triangle Tube to the Buckinghams.

5.      If WM is determined to be vicariously liable to Plaintiffs on a claim of strict because it was the down stream seller of the Triangle Tube boiler, it is entitled to recover indemnity from Triangle Tube for any amounts incurred by WM to discharge such liability plus reasonable legal expenses, including attorney's fees and costs, incurred by WM to defend Plaintiffs' strict liability claim against WM.

6.      DuraVent was the manufacturer of the venting pipe which WM installed in the Buckingham residence.  Plaintiffs contend that the DuraVent vent piping was defectively designed and unreasonably dangerous when it was placed in the stream of commerce.

7.      WM was not involved in the design or manufacture of the DuraVent vent piping.

8.      The DuraVent piping was distributed by DuraVent to Feguson Enterprises, Inc., a distributor wholesaler, which has a store in Jackson, Wyoming.  Ferguson Enterprises, Inc. sold the DuraVent piping to WM.  WM installed the piping in the Buckingham residence.

9.      If WM is determined to be vicariously liable to Plaintiffs on a claim of strict liability because it was the down steam seller of the DuraVent vent piping, it is entitled to recover indemnity from DuraVent for any amounts incurred by WM to discharge such liability plus reasonable legal expenses, including attorneys fees and costs, incurred by WM to defend Plaintiffs' strict liability claim against WM.

WHEREFORE,   WM requests that Judgment be entered in its favor and against Triangle Tube and DuraVent for indemnity for the strict liability claims asserted by Plaintiffs and for such other and futher relief as the Court deems proper in the premises.

**DATED** this 22nd day of January, 2016.

               WYOMING MECHANICAL COMPANY, INC.

By:  */s/ Julie Nye Tiedeken*
     Julie Nye Tiedeken
     Wyoming Bar #5-1949
     McKellar, Tiedeken & Scoggin, LLC
     P.O. Box 748
     Cheyenne, WY  82003-0748
     (307) 637-5575
     (307) 637-5515-fax
     jtiedeken@mtslegal.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of January, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net

Christopher R. Reeves
The Waltz Law Firm
1660 Lincoln Street, Suite 2510
Denver, CO 8800
creeves@waltzlaw.com

               */s/ Julie Nye Tiedeken*
               McKellar, Tiedeken & Scoggin, LLC