Katherine L. Mead, Esq.
Mead & Mead
WY State Bar # 5-2432
1200 N. Spring Gulch Rd.
P.O. Box 1809
Jackson, WY  83001
(307) 733-0166
(307) 200-0233 fax
kate@meadlaw.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death. | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CA 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO., INC., a New Jersey Corporation; and, M&G GROUP DURAVENT, INC., a New York Corporation, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' BUCKINGHAMS' ANSWER TO SECOND AMENDED COMPLAINT AND CROSS CLAIM

Defendants Gregory Buckingham and Deborah Buckingham, in their individual

capacities as Trustees of the Buckingham Family Trust and Gregory Buckingham and Deborah

Buckingham, individually, hereinafter referred to as Buckinghams, by and through their attorney,

Katherine L. Mead of Mead & Mead, answer the Second Amended Complaint against them, and state and allege as follows:

## I.   JURISDICTION AND VENUE

1.      Buckinghams admit that the decedent was a resident of Idaho and that the Buckinghams are residents of Wyoming.  Buckinghams are without information to form a belief as to the citizenship of other Defendants.

2.      As to paragraph 2 of Plaintiffs' Complaint, Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 2 and therefore deny same.

3.      Buckinghams admit that venue of this action is proper in this Court if this Court has jurisdiction but is without information sufficient to form a belief as to whether this Court has jurisdiction as stated in paragraph 2 above and therefore deny same.

## II.   PARTIES

4.      Buckinghams admit that Plaintiff Francisco L. Herrera is the widower of Monica Herrera.  Buckinghams admit that Mr. Herrera is a Co-Representative appointed by Judge Timothy Day. Buckinghams are without information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 4 and therefore deny same.

5.      Buckinghams admit the allegations contained in paragraph 5.

6.      Buckinghams deny that Defendant Gregory Buckingham is a resident of the State of California.  Buckinghams admit that Defendant Gregory Buckingham is one of the two trustees of the Buckingham Family Trust.  Buckinghams admit that the Buckingham Family Trust holds the title to the residence occupied by Buckinghams in Teton County, Wyoming

where Monica Herrera died. Buckinghams are without information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph and therefore deny same.

7.      Buckinghams deny that Defendant Deborah Buckingham is a resident of the State of California. Buckinghams admit that Defendant Deborah Buckingham is one of the two trustees of the Buckingham Family Trust that holds legal title to the residence occupied by Buckinghams in Teton County, Wyoming where Monica Herrera died. Buckinghams are without information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph and therefore deny same.

8.      Buckinghams admit that David Schuler was employed by the Buckinghams as their caretaker and lived in one of the buildings owned by the trust and located on the same property as the residence Buckinghams deny the remaining allegations of paragraph 8.

9.      Buckinghams admit the allegations of paragraph 9.

### III. FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     Buckinghams reallege each and every response to the preceding paragraphs of the second amended complaint and incorporate those responses by this reference.

11.     Buckinghams admit the allegations of paragraph 11.

12.     Buckinghams admit that they are the sole Trustees of the Buckingham Family Trust but are without information sufficient to form a belief as to whether they are real parties in interest to this controversy and therefore deny same.

13.     Buckinghams admit that they reside at 8935 E. Ditch Creek Road, Teton County, Wyoming. Buckinghams deny that they claim 22 Old Ranch Road, Laguna Niguel, CA as their residence.

14.     Buckinghams admit the allegations contained in paragraph 14.

15.     Buckinghams admit that Defendant Wyoming Mechanical provided plumbing and heating services to them but are without information sufficient to form a belief as to the remaining allegations of the paragraph.

16.      Buckinghams admit the allegations contained in paragraph 16.

17.     Buckinghams admit the allegations of paragraph 17.

18.     Buckinghams deny the allegations of paragraph 18.

19.     Buckinghams admit that Wyoming Mechanical installed the Triangle Tube, Prestige Boiler to replace the old boiler.  Buckinghams deny that the old boiler was sent to Colorado.

20.     Buckinghams admit the Prestige boiler was sold to them by Wyoming Mechanical and was installed on or about November 14, 2014 by Wyoming Mechanical.

21.     Buckinghams admit the allegations of paragraph 21.

22.     Buckinghams admit the allegations of paragraph 22.

23.     Buckinghams deny the allegations of paragraph 23.

24.     Buckinghams admit that they scheduled maintenance on February 2, 2015 but deny that they were aware that carbon monoxide was leaking from the flue pipe.

25.     Buckinghams admit that Gregory Buckingham telephoned David Geick on January 28 and 29, that Gregory Buckingham reported increasing banging but deny that the flue pipe segments were "continuing" to pull apart.  Buckinghams are aware of two instances when the flue pipe came apart prior to January 30, 2015.

26.     Buckinghams admit the allegations of paragraph 26 but deny that they were aware of how the boiler or its piping operated prior to January 30, 2015.

4

27.     Buckinghams admit that maintenance was necessary but deny that they had knowledge that the flue gases could be deadly.  Buckinghams admit that David Geick was aware of the hazard created by the detached flue pipe segments.  Buckinghams deny that they "postponed" repairs or that there was a "known hazardous condition".

28.     On Thursday, January 29, 2015, Gregory Buckingham found the flue pipe disconnected.  David Schuler reconnected the pipe properly using the clamping system provided by Wyoming Mechanical and its supplier, DuraVent.  Buckinghams deny that they simply pushed the pipe back together.  Buckinghams admit that Gregory Buckingham told David Geick that Schuler would watch the piping for detachment until Monday, February 2, 2015.

29.     Buckinghams admit that neither they nor Schuler warned Mrs. Herrera because neither Buckinghams nor Schuler was aware that the disconnected flue pipe was allowing carbon monoxide to flow into the garage and residence.

30.     Buckinghams admit the allegations of paragraph 30.

31.     Buckinghams admit the allegations of paragraph 31.

32.     Upon information and belief, Buckinghams admit the allegations of paragraph 32.

33.     Buckinghams admit the allegations of paragraph 33.

34.     Buckinghams admit that they knew Mrs. Herrera would be coming to clean, but deny that they had any knowledge of the dangerous condition so did not warn Mrs. Herrera.

35.     Buckinghams admit the allegations of paragraph 35.

36.     Buckinghams deny the allegations of paragraph 36.

37.     Buckinghams admit that Mr. Schuler did not attempt to warm Mrs. Herrera because he, Mr. Schuler and the Buckinghams were unaware that carbon monoxide was being

released into the Buckingham residence.  The Buckinghams deny the remaining allegations of paragraph 37.

38.     Buckinghams admit and understand now that carbon monoxide is an invisible, odorless, tasteless, poisonous gas that can lead to death as it did for Monica Herrera.

39.     Buckinghams admit the allegations of paragraph 39.

40.     Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 40 and therefore deny same.

41.     Buckinghams admit the allegations of paragraph 41.

42.     Buckinghams admit that Mr. Schuler entered the garage leaving the garage door open and noticed that the vehicles in the garage were dripping wet.  Buckinghams deny the remaining allegations of paragraph 42.

43.     Buckinghams admit that Mr. Schuler noticed that a pipe was separated at the joint.  Buckinghams deny that Mr. Schuler recognized that carbon monoxide from the boiler was flowing out of the flue and permeating the garage.  Buckinghams deny that there was a "broken" flue pipe.

44.     Buckinghams admit that Mr. Schuler reattached the pipe.  Buckinghams admit that Mr. Schuler entered the mud room of the residence and discovered Mrs. Herrera on the floor.  Buckinghams deny the Mr. Schuler knew that Mrs. Herrera was dead.  Buckinghams admit the last sentence of paragraph 44.

45.     Buckinghams admit that Mr. Schuler telephoned 911 at 7:40 p.m.  Buckinghams are without information sufficient to form a belief as to what Mr. Schuler told the 911 dispatcher and therefore denies the second sentence of paragraph 45.

46.     Buckinghams are without sufficient information to form a belief as to the truth of the allegations of paragraph 46 and therefore deny same.

47.     Buckinghams deny the allegations of paragraph 47 but admit that they did not install carbon monoxide alarms.  Buckinghams admit that Mrs. Herrera was not provided a verbal or written warning because Buckinghams were unaware of any danger themselves.

48.     Buckinghams deny that once the residence had been aired out there were any concentrations of carbon monoxide.  Buckinghams are without sufficient information to form a belief as to the truth of the last sentence of paragraph 48 and therefore deny same.

49.     Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in paragraph 49 and therefore deny same.

## V.  FIRST CLAIM FOR RELIEF:

## NEGLIGENCE-DEFENDANTS BUCKINGHAM

50.     Buckinghams reallege each and every response to the proceeding paragraphs of the second amended complaint and incorporate those responses by this reference.

51.     Buckinghams admit the allegations contained in paragraph 51.

52.     Buckinghams are without sufficient information to form a belief as to any duties they owed to Monica Herrera and therefore deny same.

53.     Buckinghams admit the allegations of paragraph 53.

54.     Buckinghams deny the allegations of paragraph 54.

55.     Buckinghams deny that there was a previously known presence of hazardous carbon monoxide and deny the remaining allegations of paragraph 55.

56.     Buckinghams deny the allegations of paragraph 56 and its subparts a-k, in their entirety.

57.    Buckinghams deny the allegations of paragraph 57.

58.    Buckinghams deny the allegations of paragraph 58.

## VI.    SECOND CLAIM FOR RELIEF NEGLIGENCE – DEFENDANT WYOMING MECHANICAL

59.    Buckinghams reallege each and every response to the proceeding paragraphs of the complaint and incorporate those responses by this reference.

60.    Buckinghams admit the allegations of paragraph 60.

61.    Buckinghams deny the allegations of paragraph 61.

62.    Buckinghams deny the allegations of paragraph 62.

63.    Buckinghams deny the allegations of paragraph 63.

64.    Buckinghams admit that they agreed to have Wyoming Mechanical conduct a service call on Monday, February 2, 2015.  Buckinghams deny that they postponed the service call.

65.    Buckinghams admit that on January 30, 2015 Mrs. Herrera was killed as the proximate result of a carbon monoxide gas leak.  Buckinghams are without information sufficient to form a belief as to the truth of the matters asserted in the remaining portions of paragraph 65 and therefore deny same.

66.    Buckinghams deny that they violated the duty of reasonable care but admit that Wyoming Mechanical may have violated its duty of reasonable care.

67.    Buckinghams, upon information and belief, admit that Wyoming Mechanical's violation of the standard of reasonable care proximately caused the Plaintiffs' damages and Buckinghams admit the allegations of paragraph 67, subsections a-j.

68.     Buckinghams are without sufficient information to form a belief as to the truth of the allegations of paragraph 68 and therefore deny same.

69.     Buckinghams admit the first sentence of paragraph 69 but are without information sufficient to form a belief as to the truth of the matters asserted in the second sentence against Wyoming Mechanical and therefore deny same.

## VII.   THIRD CLAIM FOR RELIEF

## STRICT PRODUCTS LIABILITY – DEFENDANTS TRIANGLE TUBE, and WYOMING MECHIANICAL

70.     Buckinghams reallege each and every response to the proceeding paragraphs of the second amended complaint and incorporate those responses by this reference.

71.     Upon information and belief, Buckinghams admit the allegations contained in paragraph 71.

72.     Upon information and belief, Buckinghams admit the allegations contained in paragraph 72.

73.     Buckinghams are without sufficient information to form a belief as to the truth of the allegations of paragraph 73 and therefore deny same.

74.     Buckinghams are without sufficient information to admit or deny the allegations contained in paragraph 74 and therefore deny same.

75.     Buckinghams are without sufficient information to form a belief as to the truth of the allegations of paragraph 75 and therefore deny same.

## VIII.  FOURTH CLAIM FOR RELIEF

## STRICT LIABLITY-DEFENDANT DURAVENT, DEFENDANT TRIANGLE TUBE, and DEFENDANT WYOMING MECHANICAL

76.    Buckinghams reallege each and every response to the proceeding paragraphs of the second amended complaint and incorporate those responses by this reference.

77.    Upon information and belief, Buckinghams generally admits the allegations contained in paragraph 77 but is without sufficient information to form a belief as to whether Wyoming Mechanical is a distributor for DuraVent and therefore denies that allegation.

78.    Upon information and belief, Buckinghams admit the allegations contained in paragraph 78.

79.    Upon information and belief, Buckinghams generally admits the allegations contained in paragraph 79 but is without sufficient information to form a belief as to whether Wyoming Mechanical is a distributor for DuraVent and therefore denies that allegation.

80.    Buckinghams are without sufficient information to admit or deny the first sentence of paragraph 80 and deny same.  Buckinghams admit that Wyoming Mechanical installed DuraVent piping and admit that it came apart.

81.    Buckinghams are without sufficient information to admit or deny paragraph 81 and therefore deny same.

82.    Buckinghams are without sufficient information to admit or deny paragraph 82 and therefore deny same.

83.    Buckinghams are without sufficient information to admit or deny paragraph 83 and therefore deny same

84.    Buckinghams are without sufficient information to admit or deny paragraph 84 and therefore deny same

## IX. DAMAGES

85.    Buckinghams reallege each and every response to the proceeding paragraphs of the second amended complaint and incorporate those responses by this reference.

86.    Buckinghams admit that Monica Herrera tragically died.  Buckinghams deny that her death was a result of negligent and wrongful acts and omissions by them.  Buckinghams deny that the Co-Wrongful Death Representative are entitled to the damages demanded in paragraph  and each and every subparagraph a-l thereof against them although Buckinghams admit that these damages may be appropriate against Wyoming Mechanical, Triangle Tube and/or DuraVent.

## AFFIRMATIVE DEFENSES

1.    Buckinghams deny each and every allegation contained in Plaintiffs' Second Amended Compliant and their prayer for relief that is not expressly admitted to herein.

2.    Buckinghams affirmatively allege that the Second Amended Complaint fails to state a claim upon which relief can be granted.

3.    Buckinghams affirmatively allege that any damages complained of by the Plaintiffs in the Second Amended Complaint were caused by fault of other persons or entities including, but not limited to, the other defendants named herein.

4.    Buckinghams allege that the injuries and damages complained of by Plaintiffs were caused or proximately contributed to by Triangle Tube, DuraVent, and Wyoming Mechanical and its suppliers and other persons and entities over whom Buckinghams had no right of control.

5.    Buckinghams reserve the right to name additional affirmative defenses as they become known through discovery.

WHEREFORE, Buckinghams request that the Second Amended Complaint against them be dismissed, that Buckinghams recover their costs incurred and for other relief as the Court deems proper.

## CROSS CLAIM AGAINST WYOMING MECHANICAL, INC.

1.      Buckinghams incorporate by reference the previous responses to Plaintiffs' Second Amended Complaint and allegations above as if fully set forth herein.

2.      Buckinghams hired Wyoming Mechanical, Inc. to replace a boiler in their home at 8935 E. Ditch Creek Road, Jackson, Wyoming in November of 2014.

3.      Buckinghams relied on the expertise of Wyoming Mechanical, Inc. to properly install the boiler unit and to make sure that the boiler unit functioned to heat their home in an efficient and safe manner.

4.      On January 27 or 28, for the first time Buckinghams noticed that the piping associated with the boiler unit had come apart.  Buckinghams and their caretaker put the piping back together and called Wyoming Mechanical, Inc. to come to their home and make whatever repairs were necessary.

5.      Buckinghams were unaware that when the piping came loose and disconnected, that exhaust from the boiler could ultimately result in carbon monoxide being released into their home.

6.      Greg Buckingham contacted Wyoming Mechanical, Inc. and requested service, explaining to them the problem.

7.      Wyoming Mechanical, Inc. scheduled the service for Monday, February 2, 2015.

8.      Wyoming Mechanical, Inc. had superior knowledge of the dangers associated with the piping becoming disconnected, but did not inform Buckinghams of the hazard or the risk of carbon monoxide being released in their home.

9.      Wyoming Mechanical, Inc. had a duty to notify Buckinghams of the hazardous condition.

10.      Wyoming Mechanical, Inc. had a duty to make necessary repairs to the boiler system that they installed to assure the safety of the decedent and the Buckinghams, which duties were violated causing damage to the Plaintiffs.

11.      Wyoming Mechanical, Inc. violated their duty of care resulting in the death of Monica Herrera for which Cross-Claimants are now being sued.

12.      Wyoming Mechanical, Inc. is liable to the Cross-Claimants Buckinghams for all claims asserted against them.

WHEREFORE, based on the foregoing, Buckinghams respectfully request that Plaintiffs' Second Amended Complaint be dismissed in its entirety, that the Plaintiffs take nothing thereby, and that if Plaintiffs are awarded damages against them, that Defendant Wyoming Mechanical, Inc. be ordered to indemnify Defendant Buckinghams and that they be awarded their costs associated with the defense of this lawsuit and for such other and further relief as this Court deems just and proper.

DATED this 29th day of January, 2016.

/s Katherine L. Mead
Katherine L. Mead
Attorney for the Defendant Buckinghams

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following email addresses:


David G. Lewis, Esq.
PO Box 8519
Jackson WY  83002-8519
davelewis@bresnan.net

Julie Tiedeken, Esq.
PO Box 748
Cheyenne WY  82003-0748
jtiedeken@mtslegal.net

Christopher R. Reeves, Esq
Richard A. Waltz, Esq.
The Waltz Law Firm
1660 Lincoln Street, Ste 2510
Denver, CO  80264
creeves@waltzlaw.com

Cameron S. Walker, Esq.
Judith A. Studer, Esq.
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
cam@schwartzbon.com
jstuder@schwartzbon.com

Joseph P. McGill, Esq.
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
jmcgill@fbmjlaw.com


                                        /s Katherine L. Mead
                                        Katherine L. Mead
                                        Attorney for the Defendant Buckinghams