Richard A. Waltz, *pro hac vice*
Christopher R. Reeves-WY Bar No. 7-5386
The Waltz Law Firm
1660 Lincoln Street, Ste. 2510
Denver, Colorado 80264
Ph.: (303) 830-8800
*Attorneys for Defendant* M&G GROUP DURAVENT, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA,CO-WRONGFUL DEATH REPRESENTATIVES,for exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained Damages from her wrongfully caused death<br><br>            Plaintiffs,<br><br>vs.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and, M&G GROUP DURAVENT, INC., a New York Corporation<br><br>            Defendants, | Civil Action No. 15-CV-128-F |

**M&G DURAVENT, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW the Defendant, M&G DuraVent, Inc. ("M&G"), incorrectly named M&G Group Duravent, Inc., by and through its attorneys of record, Richard A. Waltz and Christopher R. Reeves, of The Waltz Law Firm, and hereby submits its Answer to Plaintiffs' Second Amended Complaint. As grounds therefore, M&G answers, alleges and avers as follows:

## ANSWER TO INTRODUCTION

M&G denies any knowledge of the system at the Buckingham residence at the time of installation or the deceased's death. M&G denies knowledge of the ventilation system's alleged instability or propensity to come apart. M&G is without information sufficient to form a belief as to the truth and accuracy of the remaining allegations contained in the introduction of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

## ANSWERS TO JURISDICTION AND VENUE

1. M&G admits the allegations in paragraph 1 of the Plaintiffs' Second Amended Complaint.

2. M&G admits the allegations in paragraph 2 of the Plaintiffs' Second Amended Complaint.

3. M&G admits the allegations in paragraph 3 of the Plaintiffs' Second Amended Complaint.

## ANSWERS TO PARTIES

4. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 4 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

5. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 5 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

6. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 6 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

7. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 7 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

8. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 8 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

9. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 9 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

### ANSWERS TO FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. M&G incorporates by reference herein its previous admissions and denials, paragraphs 1 through 10 above, as though fully set forth herein.

11. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 11 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

12. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 12 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

13. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 13 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

14. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 14 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

15. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 15 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

16. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 16 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

17. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 17 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

18. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 18 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

19. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 19 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

20. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 20 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

21. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 21 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

22. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 22 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

23. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 23 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

24. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 24 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

25. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 25 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

26. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 26 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

27. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 27 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

28. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 28 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

29. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 29 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

30. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 30 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

31. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 31 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

32. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 32 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

33. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 33 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

34. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 34 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

35. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 35 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

36. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 36 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

37. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 37 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

38. M&G admits the allegations related to the chemical/toxicological properties of carbon monoxide as alleged in paragraph 38 of Plaintiffs' Second Amended Complaint. M&G is without information sufficient to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 38 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

39. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 39 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

40. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 40 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

41. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 41 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

42. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 42 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

43. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 43 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

44. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 44 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

45. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 45 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

46. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 46 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

47. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 47 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

48. M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 48 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

49.     M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 49 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

## FIRST CLAIM FOR RELIEF:
### Negligence – Defendants Buckingham

50.     M&G incorporates by reference herein its previous admissions and denials, paragraphs 1 through 49 above, as though fully set forth herein.

51.     The allegations contained in paragraph 51 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required.  To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 51 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

52.     The allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required.  To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

53.     The allegations contained in paragraph 53 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required.  To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 53 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

54.     The allegations contained in paragraph 54 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required.  To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 54 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

55. The allegations contained in paragraph 55 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 55 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

56. The allegations contained in paragraph 56 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 56 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

57. The allegations contained in paragraph 57 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 57 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

58. The allegations contained in paragraph 58 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 58 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

## SECOND CLAIM FOR RELIEF
### Negligence – Defendant Wyoming Mechanical

59. M&G incorporates by reference herein its previous admissions and denials, paragraphs 1 through 58 above, as though fully set forth herein.

60. The allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the

truth and accuracy of the allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

61. The allegations contained in paragraph 61 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 61 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

62. The allegations contained in paragraph 62 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 62 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

63. The allegations contained in paragraph 63 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 63 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

64. The allegations contained in paragraph 64 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 64 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

65. The allegations contained in paragraph 65 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 65 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

66. The allegations contained in paragraph 66 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 66 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

67. The allegations contained in paragraph 67 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 67 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

68. The allegations contained in paragraph 68 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 68 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

69. The allegations contained in paragraph 69 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 69 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

**THIRD CLAIM FOR RELIEF**

**Strict Products Liability – Defendants Triangle Tube, and Wyoming Mechanical**

70. M&G incorporates by reference herein its previous admissions and denials, paragraphs 1 through 69 above, as though fully set forth herein.

71. The allegations contained in paragraph 71 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the

truth and accuracy of the allegations contained in paragraph 71 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

72. The allegations contained in paragraph 72 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 72 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

73. The allegations contained in paragraph 73 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 73 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

74. The allegations contained in paragraph 74 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 74 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

75. The allegations contained in paragraph 75 of Plaintiffs' Second Amended Complaint are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 75 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

**FOURTH CLAIM FOR RELIEF**

**Strict Products Liability – Defendant Duravant, and Defendant Triangle Tube, and Defendant Wyoming Mechanical**

76. M&G incorporates by reference herein its previous admissions and denials, paragraphs 1 through 75 above, as though fully set forth herein.

77. M&G admits that it is and was in the business of designing, manufacturing, and distributing the PolyPro venting system. M&G admits it only sells to distributers. M&G is without information sufficient to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 77 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

78. M&G admits that it is and was in the business of designing, manufacturing, and distributing the PolyPro venting system. M&G admits it only sells to distributers. M&G admits it inspects the PolyPro venting system at the time of production. M&G denies it inspects installed systems/components. M&G is without information sufficient to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 78 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

79. M&G admits that it is and was in the business of designing, manufacturing, and distributing the PolyPro venting system. M&G admits it only sells to distributers. M&G admits it inspects the PolyPro venting system at the time of production. M&G denies it inspects installed systems/components. M&G is without information sufficient to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 79 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

80. M&G denies the allegations as to the DuraVent PolyPro pipe having been defective and/or unreasonably dangerous, or that it had a propensity to come apart as contained in paragraph 80 of Plaintiffs' Second Amended Complaint. M&G is without information sufficient to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 80 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

81. M&G denies the allegations in paragraph 81 of the Plaintiffs' Second Amended Complaint.

82. M&G admits the allegations in paragraph 82 of the Plaintiffs' Second Amended Complaint.

83. M&G denies the allegations in paragraph 83 of the Plaintiffs' Second Amended Complaint.

84. M&G denies the allegations in paragraph 84 of the Plaintiffs' Second Amended Complaint.

## ANSWERS TO DAMAGES

85. M&G incorporates by reference herein its previous admissions and denials, paragraphs 1 through 84 above, as though fully set forth herein.

86. M&G is without information sufficient to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 86 a through l of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

Defendant M&G denies the allegations and damages otherwise pled in Plaintiffs' numbered "Wherefore" paragraphs one through four contained in Plaintiffs' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The sole and proximate cause of the injuries and damages of which Plaintiffs complain were the result of negligence or fault of third persons, including parties: Buckinghams, Wyoming Mechanical, Triangle Tube and non-parties, David Schuler, agents/employees of Wyoming Mechanical and possibly others, over whom this Defendant had neither control nor right of control.  This Defendant alleges that the fault of all those contributing to or causing the accident and damages in question should be apportioned by the finder of fact in accordance with Wyoming law, and that all those parties and non-parties contributing to the damages complained of by the Plaintiffs must be included on a Special Verdict Form.

2. Plaintiffs proffer no basis for a showing of "outrageous" conduct or an intentional tort demonstrating malice or willful wanton misconduct against this Defendant and therefore punitive damages are not available against this Defendant.

3. Some or all of Plaintiff's claims are barred by the doctrines of acceptance, impracticability, frustration and impossibility.

4.       M&G adopts and incorporates by reference all affirmative defenses raised by any other defendant in this case.

5.       Any and all allegations not specifically admitted herein are hereby denied

6.       Defendant M&G reserves the right to amend its answers to include any affirmative defenses or to delete any inapplicable affirmative defenses.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, Defendant M&G prays for dismissal of the same, for its costs expended in the defense hereof, and for such other and further relief as to this Court deems just and proper.

**DEFENDANT M&G DURAVENT, INC. HEREBY DEMANDS A TRIAL TO A JURY**

Respectfully submitted this 2nd day of February, 2016.

s/Christopher R. Reeves
Richard A. Waltz, Esq., *pro hac vice*
Christopher R. Reeves, Esq., #7-5386
Wyoming Bar No. 7-5386
The Waltz Law Firm
1660 Lincoln Street, Suite 2510
Denver, CO 80264
Telephone: 303-830-8800
Facsimile: 303-830-8850
dwaltz@waltzlaw.com
creeves@waltzlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2016, I electronically filed a true and correct copy of the above M&G DuraVent, Inc.'s Answer to Plaintiffs' Second Amended Second Amended Complaint and Jury Demand with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| David G. Lewis, WY Bar #4-1150<br>Attorney at Law<br>P.O. Box 8519<br>Jackson, WY 83002<br>Tel.: (307) 739-8900<br>Fax: (307) 739-8902<br>davelewis@bresnan.net<br>Counsel for Plaintiffs | Katherine L. Mead, WY Bar #5-2432<br>Mead & Mead<br>1200 N. Spring Gulch Rd<br>P.O. Box 1809<br>Jackson, WY 83001<br>Tel.: (307) 733-0166<br>Fax: (307) 733-7590<br>kate@meadlaw.net<br>Counsel for Gregory & Deborah Buckingham; Buckingham Family Trust Trustee G Buckingham & Trustee D Buckingham; Cross Claimants |
| Julie Nye Tiedeken, - WY Bar #5-1949<br>Sean W. Scoggin - WY Bar # 6-3263<br>McKellar, Tiedeken & Scoggin<br>702 Randall Avenue<br>Cheyenne, WY 82001<br>Tel.: (307) 7637-5575<br>Fax: (307) 7637-5515<br>jtiedeken@mtslegal.net<br>sscoggin@mtslegal.net<br>Counsel for Wyoming Mechanical, Inc.; Cross Defendant | Cameron S. Walker, - WY Bar # 5-1451<br>Judith A. Studer, - WY Bar # 5-2174<br>Schwartz, Bon, Walker & Studer, LLC<br>141 South Center Street, Suite 500<br>Casper, WY 82601<br>Tel: (307) 235-6681<br>Fax: (307) 234-5099<br>cam@schwartzbon.com<br>jstuder@schwartzbon.com<br>Counsel for Triangle Tube/Phase III, CO., Inc., Defendant |

Joseph P. McGill (Pro Hac Vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, Ml 48152
Tel: (734) 742-1825
Fax: (734) 521-2379
jmcgill@fbmjlaw.com
Co-Counsel for Triangle Tube/Phase III, CO., Inc. Defendant

/s/ *Christopher R. Reeves*
The Waltz Law Firm