Richard A. Waltz, *pro hac vice*
Christopher R. Reeves-WY Bar No. 7-5386
The Waltz Law Firm
1660 Lincoln Street, Ste. 2510
Denver, Colorado 80264
Ph.: (303) 830-8800
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained Damages from her wrongfully caused death | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 15-CV-128-F |
| vs. | ) ) | |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and, M&G GROUP DURAVENT, INC., a New York Corporation | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |

**M&G DURAVENT, INC.'S ANSWER TO WYOMING MECHANICAL, INC'S. CROSS CLAIMS AND JURY DEMAND**

1

COMES NOW the Defendant, M&G DuraVent, Inc. ("M&G"), incorrectly named M&G Group Duravent, Inc., by and through its attorneys of record, Richard A. Waltz and Christopher R. Reeves, of The Waltz Law Firm, and hereby submits its Answer to Wyoming Mechanical, Inc.'s ("WM") Cross Claims and Jury Demand. As grounds therefore, M&G answers, allege and avers as follows:

1. M&G re-alleges its Answers to Plaintiffs' Second Amended Complaint and incorporates them here by reference.

2. The allegations contained in paragraph 2 of WM's Cross Claims are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G, is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 2 of WM's Cross Claims and, therefore, denies the same.

3. The allegations contained in paragraph 3 of WM's Cross Claims are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G, is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 3 of WM's Cross Claims and, therefore, denies the same.

4. The allegations contained in paragraph 4 of WM's Cross Claims are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of M&G, M&G, is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 4 of WM's Cross Claims and, therefore, denies the same.

5. The allegations contained in paragraph 5 of WM's Cross Claims are not directed to M&G, therefore, no response is required. To the extent a response is required on behalf of

M&G, M&G, is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 5 of WM's Cross Claims and, therefore, denies the same.

6.     M&G admits that it was the manufacturer of certain venting pipe WM installed in the Buckingham residence.  Though alleged in Plaintiffs' Second Amended Complaint, M&G denies that the vent piping was defectively designed and/or unreasonably dangerous.

7.     M&G admits paragraph 7 of WM's Cross Claims.

8.     M&G admits that its piping was distributed through down-stream distributers and that the piping WM installed in the Buckingham residence appears to have been made, in part, by M&G as alleged in paragraph 8 of WM's Cross Claims.  M&G is without information sufficient to form a belief as to the truth and accuracy of the remaining allegations in paragraph 8 of WM's Cross Claims and, therefore, denies the same.

9.     M&G denies the allegations contained in paragraph 9 of WM's Cross Claims.


M&G denies the allegations and damages otherwise pled in Cross Claimant's unnumbered "Wherefore" paragraph, contained in WM's Cross Claims.


AFFIRMATIVE DEFENSES

1.     M&G affirmatively alleges that WM's Cross Claims fail to state a claim upon which relief can be granted.  WM's claims are barred by Wyoming's comparative fault statute and there is otherwise no relationship between WM and M&G, WM has incurred no debt on behalf of M&G, and has not otherwise settled claims against M&G sufficient to support an indemnity claim.

2.	M&G affirmatively alleges that the damages complained of were caused, in whole or in part, by the Buckinghams, Waste Management, Triangle Tube, and/or others and that their percentage of fault should be determined by the jury.

3.	M&G adopts and incorporates by reference all affirmative defenses raised by any other defendant in this case.

4.	Any and all allegations not specifically admitted herein are hereby denied

5.	Defendant M&G reserves the right to amend its answers to include any affirmative defenses or to delete any inapplicable affirmative defenses.

WHEREFORE, having fully answered Wyoming Mechanical, Inc.'s Cross Claims, this Defendant prays for dismissal of the same, for its costs expended in the defense hereof, and for such other and further relief as to this Court deems just and proper.

### DEFENDANT M&G DURAVENT, INC. HEREBY DEMANDS A TRIAL TO A JURY

Respectfully submitted this 2nd day of February, 2016.

s/Christopher R. Reeves
Richard A. Waltz, Esq., *pro hac vice*
Christopher R. Reeves, Esq., #7-5386
Wyoming Bar No. 7-5386
The Waltz Law Firm
1660 Lincoln Street, Suite 2510
Denver, CO 80264
Telephone: 303-830-8800
Facsimile: 303-830-8850
dwaltz@waltzlaw.com
creeves@waltzlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2016, I electronically filed a true and correct copy of the above M&G DuraVent, Inc.'s Answer to Wyoming Mechanical, Inc.'s Cross Claims and Jury Demand with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| David G. Lewis, WY Bar #4-1150<br>Attorney at Law<br>P.O. Box 8519<br>Jackson, WY 83002<br>Tel.: (307) 739-8900<br>Fax: (307) 739-8902<br>davelewis@bresnan.net<br>Counsel for Plaintiffs | Katherine L. Mead, WY Bar #5-2432<br>Mead & Mead<br>1200 N. Spring Gulch Rd<br>P.O. Box 1809<br>Jackson, WY 83001<br>Tel.: (307) 733-0166<br>Fax: (307) 733-7590<br>kate@meadlaw.net<br>Counsel for Gregory & Deborah Buckingham; Buckingham Family Trust Trustee G Buckingham & Trustee D Buckingham; Cross Claimants |
| Julie Nye Tiedeken, - WY Bar #5-1949<br>Sean W. Scoggin  - WY Bar # 6-3263<br>McKellar, Tiedeken & Scoggin<br>702 Randall Avenue<br>Cheyenne, WY 82001<br>Tel.: (307) 7637-5575<br>Fax: (307) 7637-5515<br>jtiedeken@mtslegal.net<br>sscoggin@mtslegal.net<br>Counsel for Wyoming Mechanical, Inc.; Cross Defendant | Cameron S. Walker, - WY Bar # 5-1451<br>Judith A. Studer, - WY Bar # 5-2174<br>Schwartz, Bon, Walker & Studer, LLC<br>141 South Center Street, Suite 500<br>Casper, WY 82601<br>Tel: (307) 235-6681<br>Fax: (307) 234-5099<br>cam@schwartzbon.com<br>jstuder@schwartzbon.com<br>Counsel for Triangle Tube/Phase III, CO., Inc., Defendant |

Joseph P. McGill (Pro Hac Vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, Ml 48152
Tel: (734) 742-1825
Fax: (734) 521-2379
jmcgill@fbmjlaw.com
Co-Counsel for Triangle Tube/Phase III, CO., Inc. Defendant

/s/ *Christopher R. Reeves*
The Waltz Law Firm