Joseph P. McGill (admitted pro hac vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
(734) 742-1825; Fax: (734) 521-2379
Email: jmcgill@fbmjlaw.com

Cameron S. Walker, Attorney No. 5-1451
Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
(307) 235-6681; Fax (307) 234-5099
Email: cam@schwartzbon.com
        jstuder@schwartzbon.com

*Attorneys for Defendant Triangle Tube/Phase III Co., Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, Co-Wrongful Death Representatives, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No.: 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT TRIANGLE TUBE'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT, TOGETHER WITH
AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

Defendant TRIANGLE TUBE/PHASE III CO. INC. ("Triangle Tube"), incorrectly named as Triangle Tube/Phase III Co. Inc., by and through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and SCHWARTZ, BON, WALKER & STUDER, LLC, hereby submits its Answer to Plaintiffs' Second Amended Complaint, together with Affirmative Defenses and Reliance on Jury Demand, as follows:

## I.
## INTRODUCTION

Defendant Triangle Tube denies any knowledge of the "system" at the residence of Defendants Gregory and Deborah Buckingham located at 8935 E. Ditch Creek Road at the time of installation or the deceased's death.  Triangle Tube denies knowledge of the ventilation system's alleged instability or propensity to come apart. Triangle Tube is without information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations contained in the Introduction section of Plaintiffs' Second Amended Complaint and, therefore, denies same.

## II.
## JURISDICTION AND VENUE

1.      Triangle Tube admits the allegations contained in paragraph 1 of Plaintiffs' Second Amended Complaint.

2.      Triangle Tube admits the allegations contained in paragraph 2 of Plaintiffs' Second Amended Complaint.

3.      Triangle Tube admits the allegations contained in paragraph 3 of Plaintiffs' Second Amended Complaint.

## III.
## PARTIES

4.      Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 4 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

5.      Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 5 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

6.      Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 6 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

7.      Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 7 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

8.      Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 8 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

9.      Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

**IV.**
**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10.      Triangle Tube restates all of its prior answers set forth above and incorporates the same by reference herein.

11.      Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

12.      Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 12 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

13.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 13 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

14.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 14 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

15.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 15 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

16.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

17.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 17 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

18.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 18 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

19.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

20.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 20 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

21.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 21 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

22.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 22 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

23.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 23 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

24.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 24 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

25.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 25 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

26.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 26 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

27.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 27 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

28.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 28 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

29.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 29 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

30.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 30 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

31.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 31 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

32.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 32 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

33.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 33 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

34.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 34 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

35.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 35 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

36.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 36 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

37.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 37 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

38.    Triangle Tube admits the chemical/toxicological properties of carbon monoxide as alleged in paragraph 38 Plaintiffs' Second Amended Complaint.  Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the remaining allegations contained in said paragraph and, therefore, denies same.

39.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 39 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

40.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 40 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

41.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 41 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

42.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 42 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

43.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 43 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

44.    Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 44 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

45.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 45 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

46.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 46 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

47.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 47 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

48.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 48 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

49.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 49 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

**V.**
**FIRST CLAIM FOR RELIEF:**
**NEGLIGENCE-DEFENDANTS BUCKINGHAM**

50.     Triangle Tube restates all of its prior answers set forth above and incorporates the same by reference herein.

51.     The allegations contained in paragraph 51 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

52.     The allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the

extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

53.    The allegations contained in paragraph 53 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

54.    The allegations contained in paragraph 54 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

55.    The allegations contained in paragraph 55 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

56.    The allegations contained in paragraph 56, including subparagraphs (a) through (k), of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

57.    The allegations contained in paragraph 57 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to

form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

58.     The allegations contained in paragraph 58 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

**VI.**
**SECOND CLAIM FOR RELIEF:**
**NEGLIGENCE-DEFENDANT WYOMING MECHANICAL**

59.     Triangle Tube restates all of its prior answers set forth above and incorporates the same by reference herein.

60.     The allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

61.     The allegations contained in paragraph 61 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

62.     The allegations contained in paragraph 62 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

63.     The allegations contained in paragraph 63 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

64.     The allegations contained in paragraph 64 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

65.     The allegations contained in paragraph 65 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

66.     The allegations contained in paragraph 66 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

67.     The allegations contained in paragraph 67, including subparagraphs (a) through (j), of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

68.     The allegations contained in paragraph 68 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

69.     The allegations contained in paragraph 69 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

**VII.**
**THIRD CLAIM FOR RELIEF:**
**STRICT PRODUCTS LIABILITY—DEFENDANTS TRIANGLE TUBE and**
**WYOMING MECHANICAL**

70.     Triangle Tube restates all of its prior answers set forth above and incorporates the same by reference herein.

71.     Triangle Tube admits it is and was in the business of manufacturing and selling boilers such as the Prestige Trimax SOLO series 175.  Triangle Tube admits it only sells boilers to its authorized distributors and sales representatives.  Triangle Tube denies that Defendant Wyoming Mechanical is either an authorized Triangle Tube distributor or sales representative. Triangle Tube is without information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 71 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

72.     Triangle Tube admits that it is and was in the business of manufacturing boilers such as the Prestige Trimax SOLO series.  Triangle Tube admits that it only sells such boilers to its authorized distributors and/or sale representatives.  Triangle admits it inspects boilers prior to sale to its authorized distributors and/or sales representatives.  Triangle Tube denies it inspects

installed heating systems and/or component parts. Triangle Tube is without information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 72 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

73.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 73 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

74.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 74 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

75.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 75 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

**VIII.**
**FOURTH CLAIM FOR RELIEF:**
**STRICT PRODUCTS LIABILITY—DEFENDANT DURAVENT and**
**DEFENDANT TRIANGLE TUBE and DEFENDANT WYOMING MECHANICAL**

76.     Triangle Tube restates all of its prior answers set forth above and incorporates the same by reference herein.

77.     The allegations contained in paragraph 77 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

78.     The allegations contained in paragraph 78 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to

form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

79.     The allegations contained in paragraph 79 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

80.     Triangle Tube is without sufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph 80 of Plaintiffs' Second Amended Complaint and, therefore, denies same.

81.     The allegations contained in paragraph 81 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

82.     The allegations contained in paragraph 82 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

83.     The allegations contained in paragraph 83 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required.  To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

84. The allegations contained in paragraph 84 of Plaintiffs' Second Amended Complaint are not directed to Triangle Tube and, therefore, no response is required. To the extent a response is required on behalf of Triangle Tube, it is without information sufficient to form a belief as to truth or accuracy of the allegations contained therein and, therefore, denies same.

## IX.
## DAMAGES

85. Triangle Tube restates all of its prior answers set forth above and incorporates the same by reference herein.

86. Defendant Triangle Tube denies the averments directed at it in paragraph 86 of Plaintiffs' Second Amended Complaint, and specifically denies that it was negligent and that the Boiler at issue in Plaintiffs' Complaint was defective in any way whatsoever. By way of further answer, Defendant Triangle Tube is without knowledge or information sufficient to form a belief as to the remainder of the averments directed to the other Defendants as set forth in said paragraph and, therefore, denies same.

To the extent not specifically admitted, each and every allegation in Plaintiffs' Second Amended Complaint is deemed denied.

WHEREFORE, Defendant Triangle Tube denies the allegations and damages otherwise pled in Plaintiffs' numbered "WHEREFORE" paragraphs 1 through 4 contained in Plaintiffs' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim for which relief can be granted.

2. That if Plaintiffs' alleged damages were attributable to Triangle Tube's product, which Triangle Tube expressly denies, the damages were caused by and/or attributable to the unintended, unreasonable, unforeseeable and improper use or misuse of said product.

3.      That Plaintiffs' claims may be barred for the reason that the product or products in question were materially and substantially altered and/or changed after the time they left the alleged control of Triangle Tube.

4.      The injuries and damages claims by Plaintiffs were caused, in whole or in part, by the acts or omissions of parties and/or non-party tortfeasors and/or persons other than Triangle Tube over whom Triangle Tube had no control, such that their percentage of fault should be determined by the jury pursuant to W.S. § 1-1-109(c)(i)(A).

5.      The damages and injuries allegedly sustained by Plaintiffs, if any, were not legally caused by Triangle Tube's products, but instead may have been legally caused by intervening and superseding causes or circumstances.

6.      Plaintiffs' alleged causes of action are barred because, based upon the scientific skill and knowledge at the time Triangle Tube's products were distributed, they were reasonably safe and the benefits of the products outweighed any associated risks.

7.      Plaintiffs have failed to join all necessary or indispensable parties.

8.      That to the extent that Triangle Tube's product was involved in this case, at the time they were sold or delivered, they were designed, manufactured, produced, marketed and labeled in accordance with knowledge reasonably available to Triangle Tube, within industry standards and customs, within state and federal statutory requirements, and within prevailing non-government standards and regulations pertinent to the product.

9.      That the products alleged to have caused damages may not have been used in the manner and for the purposes intended.  Such improper use and/or abuse of the products for an unforeseeable purpose and in an unforeseeable manner may have proximately caused or contributed to the alleged injuries, if any, and therefore there is no recovery available against Triangle Tube.

10.     Triangle Tube adopts and incorporates by reference all affirmative defenses raised by any other Defendant in this case.

11.	Triangle Tube specifically reserves the right to amend its Answer by adding additional defenses or affirmative defenses as additional facts are obtained.

WHEREFORE Defendant TRIANGLE TUBE, respectfully requests that this Honorable Court enter an Order that GRANTS the following relief:

1.	Dismisses Plaintiffs' Second Amended Complaint with prejudice;

2.	Awards Triangle Tube its reasonable costs and attorneys' fees incurred because of defending against this lawsuit; and

3.	Awards Triangle Tube all other just and proper legal and equitable relief.

Respectfully submitted,

FOLEY, BARON, METZGER & JUIP, PLLC

Dated:  February 9, 2016	By:____/s/Joseph P. McGill_____
	Joseph P. McGill (admitted pro hac vice)
	38777 Six Mile Road, Suite 300
	Livonia, MI 48152
	Tel.: (734) 742-1825;  Fax: (734) 521-2379


	Judith A. W. Studer (5-2174)
	Schwartz, Bon, Walker & Studer, Llc
	141 S. Center Street, Suite 500
	Casper, WY 82601
	Tel.: (307) 235-6681; Fax: (307) 234-5099

	*Attorneys for Defendant Triangle Tube*

## DEFENDANT TRIANGLE TUBE'S
## RELIANCE ON PLAINTIFFS' JURY DEMAND

Defendant TRIANGLE TUBE, through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and SCHWARTZ, BON, WALKER & STUDER, LLC, hereby relies upon the Jury Demand filed by Plaintiffs.

Respectfully submitted,

FOLEY, BARON, METZGER & JUIP, PLLC


Dated:  February 9, 2016

By:____/s/Joseph P. McGill_____
    Joseph P. McGill (admitted pro hac vice)
38777 Six Mile Road, Suite 300
Livonia, MI 48152
Tel.: (734) 742-1825;  Fax (734) 521-2379


Judith A. W. Studer (5-2174)
Schwartz, Bon, Walker & Studer, Llc
141 S. Center Street, Suite 500
Casper, WY 82601
Tel.: (307) 235-6681; Fax (307) 234-5099

*Attorneys for Defendant Triangle Tube*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2016, I served Defendant Triangle Tube's Answer to

Plaintiffs' Second Amended Complaint, together with Affirmative Defenses and Reliance on Jury

Demand upon:

David Lewis
Attorney for Plaintiffs
P. O. Box 8519
Jackson, Wyoming 83002
davelewis@bresnan.net


Julie Tiedeken, Esq.                        Christopher R. Reeves, Esq
Sean W. Scoggin Esq.                        Dick Waltz, Esq.
Attorney for Defendant Wyo Mechanical       Attorney for DuraVent, Inc.
P. O. Box 748                               Waltz Law Firm
Cheyenne, Wyoming 82003                     1660 Lincoln Street, Ste. 2510
jtiedeken@mtslegal.net                      Denver, Colorado 80264
sscoggin@mtslegal.net                       creeves@waltzlaw.com
                                            DWaltz@WaltzLaw.com

Katherine L. Mead, Esq.
Attorney for Defendants Buckingham
P.O. Box 1809
Jackson, Wyoming 83001
kate@meadlaw.net


via the Court's ECF filing system.

                                            /s/Joseph P. McGill_____
                                                Cheryl E. Ballew