IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>       Plaintiffs,<br><br>v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation<br><br>       Defendants. | Case No. 15-cv-128-F |

## REVISED JOINT CASE MANAGEMENT PLAN

1. The names of counsel who attended the Rule 26(f) meeting and assisted in developing the Case Management Statement.

Response: David Lewis, Kate Mead, Julie Tiedeken, Joseph McGill, Judy Studer, Christopher Reeves.

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

Response: Francisco L. Herrera and Joanna Herrera, Co-Wrongful Death Representatives; Gregory Buckingham and Deborah Buckingham, Individually and as Trustees

of Buckingham Family Trust; Wyoming Mechanical Company, Inc.; M&G DuraVent; and Triangle Tube (parent corporation ACV).

3. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

Response:

**Plaintiffs' Claims**

This wrongful death action is brought by family members of forty-seven–year-old Monica Herrera, deceased. Mrs. Herrera was the housekeeper at the Teton County home of the Defendants Buckingham. At approximately 10:00 a.m. January 30, 2015, Mrs. Herrera arrived as usual at the Buckingham residence to houseclean, according to the observation of their full-time caretaker. Unbeknownst to Mrs. Herrera, the residence was filled with deadly poisonous, undetectable carbon monoxide gas that had inundated the entire house, emanating from the attached garage where the highly visible exhaust vent pipe above the refrigerator had come apart again, as it had in the recent past. Plaintiffs contend that the separation was caused by a defect in the Triangle Tube boiler and in the DuraVent venting pipe. This recurring, deadly malfunction was known to the Defendants Buckingham, their full-time caretaker, and Defendant Wyoming Mechanical. Buckinghams and Wyoming Mechanical agreed together on or before January 28 that they would linger on until February 2 before repairing the mechanism producing the carbon monoxide and dispersing it into the breathing space.

The evidence shows that Triangle Tube had prior knowledge of the fact that a defect in its boiler caused the separation of the vent pipe that led to the death of Monica Herrera. The boiler was otherwise defective and unreasonably dangerous, for which Triangle Tube is strictly liable.

The evidence shows that DuraVent had prior knowledge that the defect in their vent pipe caused it to separate allowing carbon monoxide to pour into the breathing air of the residence.

The venting pipe was otherwise defective and unreasonably dangerous, for which DuraVent is strictly liable.

Plaintiffs' claim that Wyoming Mechanical's wrongful acts and omissions consisted, in part, in its design, installation, construction, supervision, repair, maintenance, reluctance to respond timely in proportion to the dangers, and failure to warn.  Wyoming Mechanical is also strictly liable for distributing and installing the defective Triangle Tube and DuraVent products.

Plaintiffs' claim that the wrongful acts and omissions of Buckinghams consisted, in part, by providing an hazardous workplace for Mrs. Herrera to perform her tasks, failure to warn, failure to select and retain contractors who would promptly respond to the inspection and repair of the known deadly conditions created by the new boiler system.

Plaintiffs' claim that in addition to compensatory wrongful death damages as will be shown at trial, the acts and omissions of all the Defendants were grossly negligent, reckless, willful and wanton, supporting an award of punitive and exemplary damages by the jury.

**Buckinghams' claims and defenses**

The Buckinghams deny that they were negligent.  While the Buckinghams admit that the flue piping on the boiler system installed by Wyoming Mechanical had come apart and was put back together by them and their caretaker, the Buckinghams were not aware that the malfunction of the boiler would produce carbon monoxide that would escape into their home.  The Buckinghams were at home during the period of time when they believe that the flue pipe had become disconnected prior to Mr. Buckingham noticing it.  They experienced no adverse health effects. As a result, they had no reason to believe that there was any danger posed by the boiler system and the loose piping.

When Mr. Buckingham telephoned Wyoming Mechanical for service, he explained that the boiler was making a loud banging noise and that the piping was coming loose as a result. Mr. Buckingham was not informed by any person at Wyoming Mechanical that the malfunctioning boiler and the loose piping could pose a health risk. It was only *after* Mrs. Herrera's death, that the Buckinghams learned that the malfunction of the boiler coupled with the loose piping posed a danger to human health.

The Buckinghams deny that they were negligent, reckless or that they engaged in willful or wanton misconduct so as to support an award of punitive damages. The Buckinghams anticipate that Plaintiffs will be unable to show any such conduct in this matter. The Buckinghams had no knowledge of the danger posed by the new boiler system that they contracted with Wyoming Mechanical to professionally install, just a few months before Mrs. Herrera died from carbon monoxide poisoning.

The Buckinghams filed a cross claim against Wyoming Mechanical based on equitable implied indemnity. The basis for the cross claim is strict liability for breach of warranty involving a defective product (the boiler) that has caused the Plaintiff's injuries.

**Wyoming Mechanical Company, Inc.'s claims and defenses**

Wyoming Mechanical denies that it was negligent with regard to the design, installation, construction, supervision, repair, and maintenance of the boiler in question and denies that it is liable for an alleged "reluctance to respond timely in proportion to the dangers" and "failure to warn". Wyoming Mechanical is informed and believes that a defect in the manufacture of the boiler caused a piece of the flue to the boiler to come apart. Wyoming Mechanical is informed and believes that Mr. Buckingham discovered that the flue to his boiler had come apart after the boiler had been making loud banging noises and that he and/or his caretaker repaired the flue. On January 29, 2015, Mr. Buckingham called Wyoming Mechanical to confirm a previously

scheduled appointment on February 2, 2015 for a different issue and advised Wyoming Mechanical that the boiler had been making a loud banging noise which had caused the flue to come apart and that he'd repaired the flue. He requested that the boiler be checked during the appointment. He also advised that his caretaker would monitor the boiler until it could be serviced by Wyoming Mechanical and that no one would be home because they were leaving town.

Wyoming Mechanical affirmatively alleged that the Buckinghams and/or their employee, the manufacturer of the boiler, Triangle Tube, and manufacturer of the venting, DuraVent, were comparatively at fault for the alleged wrongful death of Mrs. Herrera. Wyoming Mechanical has filed cross claims against Triangle Tube and DuraVent for indemnity for the Plaintiffs' strict liability claims.

Wyoming Mechanical denies that that the Buckinghams have a valid cross claim against it and/or that it is liable on a claim of breach of warranty.

**M&G DuraVent's defenses**

M&G Duravent denies that it was negligent with regard to the design and/or manufacturing of the venting system and/or its component latches/clip in question. M&G DuraVent denies that there is any alleged defect in the venting system, including its component latches/clips. M&G did not design the Buckingham's boiler system, did not install that system, and was unaware of the system or claims until this litigation.

The DuraVent system is not designed to be a pressurized system and thus, to the extent that it is shown that the boiler system created pressure within the venting pipes, Wyoming Mechanical improperly used the DuraVent vent pipes for a use for which they are not designed, and/or, Wyoming Mechanical negligently failed to properly calibrate the boiler at the time of installation to avoid delayed ignition and the resulting pressurization of the venting pipes. To the

extent that delayed ignition is the result of a manufacturing defect, Triangle Tube would be solely responsible for that defect. Plaintiffs' damages do not arise from any negligence of M&G DuraVent. Rather, Plaintiffs' damages arise exclusively from the negligence of the home owners, their staff, contractors, and or other parties and/or non-parties, alone. Finally, the Buckinghams, Wyoming Mechanical and the Plaintiffs have spoliated the evidence such that M&G DuraVant has been fundamentally deprived of the ability to present a defense in this litigation and are subject to sanctions including, but not limited to, dismissal of M&G DuraVent.

  M&G DuraVent denies that that Wyoming Mechanical has have a valid cross claim against it and/or that it is liable on a claim of indemnity.

**Triangle Tube's Defenses**

  Triangle denies that it was negligent with regard to the design and/or manufacturing of the Prestige Trimax Solo 175 boiler at issue in the instant litigation. Triangle denies that there is any alleged defect in the boiler and states that such product is reasonably safe when used for its intended purpose. Triangle did not design the Buckingham's heating system, did not install that system, was unaware of the system or any claims related to same until after the unfortunate demise of Monica Herrera. The Triangle boiler is not designed to operate with detached exhaust venting. To the extent that it is shown that the exhaust venting installed on the boiler was detached or allowed to become detached for any period of time, Wyoming Mechanical and the Buckinghams are solely responsible for maintaining and/or operating the boiler for a use for which it was not designed or intended. Wyoming Mechanical negligently failed to properly calibrate the boiler and/or failed to perform a combustion analysis at the time of installation or afterwards to determine if same was operating within Triangle's stated performance standards. To the extent that the operation of the boiler contributed in any way to Plaintiffs' claims,

Wyoming Mechanical and/or the Buckinghams are solely responsible for same. To the extent that Plaintiffs' claim are found to result from the defective design and/or manufacture of the exhaust venting of the subject boiler, M&G DuraVent is solely responsible for same. Triangle denies that the boiler at issue was sold by it with the DuraVent PolyPro pipe "…coming out of the heat exchanger…," Plaintiffs' damages and/or claims do not arise from any negligence of Triangle. Rather, Plaintiffs' damages arise exclusively from the negligence of the homeowners, their staff, contractors, and/or other parties and/or non-parties, alone. Finally, if it is determined that the Buckinghams, Wyoming Mechanical and the Plaintiffs have spoliated the evidence as alleged by M&G DuraVent, Triangle has been fundamentally deprived of the ability to present a defense in this litigation and the dismissal of Triangle would be appropriate. Triangle denies that Wyoming Mechanical has a valid cross claim against it and/or that it is liable on a claim of indemnity.

4. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.

Response: All of the Plaintiffs are residents of the State of Idaho. The Defendants Buckingham is each residents of the State of Wyoming. The Defendant Wyoming Mechanical is a resident of the State of Wyoming. The Defendant M&G DuraVent is a resident of the State of New York. Defendant Triangle Tube is a resident of the State of New Jersey.

5.  A list of any parties who have not been served, and an explanation of why they have not been served.  Also a list of any parties who have been served, but have not answered or otherwise appeared.

Response:  None

6.  A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

Response:   Plaintiffs have added claims against Triangle Tube and DuraVent.  It is not expected that additional parties will be added.

 7. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

Response:   Wyoming Mechanical intends to file a Motion for Summary Judgment on Plaintiffs' claims and the cross claim of the Buckinghams.

Buckinghams intend to file a Motion for Summary Judgment on all claims.

M&G DuraVent intends to file a Motion for Summary Judgment on Plaintiffs' claims and the cross-claim of the Wyoming Mechanical.  It also intends to seek dismissal for spoliation of evidence.

Triangle Tube intends to file a Motion for Summary Judgment on Plaintiffs' claims and the cross-claim of the Wyoming Mechanical.  If spoliation of evidence is found, Triangle also intends to seek dismissal on that basis.

 8. The nature and type of discovery each party intends to pursue and, whether discovery is an issue and whether the discovery should be limited in any manner.

Response:  Plaintiff sent out paper discovery to all Defendants which is not yet due. Triangle Tube and DuraVent will exchange their Initial Disclosures by February 19, 2016 and Plaintiffs will supplement their Initial Disclosures by that date.  Triangle Tube and DuraVent anticipate sending out paper discovery and taking supplemental depositions of fact witnesses, the Defendants and Plaintiffs' expert.  It is anticipated that depositions of representatives of Triangle Tube and DuraVent will need to be taken as well as depositions of the expert designated by other parties.  All parties anticipate talking the depositions of defense experts.

9.  The status of related cases pending before other courts or other judges of this Court.

Response:  Not Applicable.

10.  Proposed specific dates for each of the following, keeping in mind that trial should occur within nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances.  Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

    a.    Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):

- Plaintiff's expert designation date:  April 1, 2016
- Defendant's expert witness designation date:  June 1, 2016

    b.    A deadline for the completion of fact discovery:  May 31, 2016

    c.    A deadline for completion of expert depositions: July 29, 2016

    d.    A deadline for filing dispositive motions:  September 1, 2016

    e.    A date for a dispositive motion hearing (the parties may choose not to have a hearing):  An available date in October.

    f.    A date for the final pretrial conference:  An available date in October.

    g    A date for trial:  November 1, 2016

11.  The estimated length of trial and any suggestions for shortening the trial.

Response:   Plaintiff and Defendant DuraVent estimate 10 days.  Wyoming Mechanical and Triangle Tube estimate 12 days.

12. The prospects for settlement, including any request of the Court for assistance in settlement efforts.

Response:  The prospects at this point appear fair.

13.  Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner:

Response: Continued cooperation among counsel in this case should most aid the Court in a just, speedy, and inexpensive manner.

/s/ David Lewis_____              2-12-16_____
David Lewis                                 Date
Counsel for Plaintiffs


/s/ Katherine Mead_____              2-12-16_____
Katherine Mead                              Date
Counsel for Defendant, Buckinghams


/s/ Julie Nye Tiedeken_____            2-12-16_____
Julie Nye Tiedeken                          Date
Counsel for Defendant, Wyoming Mechanical, Inc.


/s/ Joseph McGill_____             2-12-16_____
Joseph McGill                               Date
Counsel for Defendant, Triangle Tube/Phase III Co., Inc.


/s/ Judy Studer_____            2-12-16_____
Judy Studer                                 Date
Counsel for Defendant, Triangle Tube/Phase III Co. , Inc.

*/s/ Christopher Reeves*                              2-12-16
Christopher Reeves                                    Date
Counsel for Defendant, M&G DuraVent, Inc.