

FILED

*11:44 am, 3/18/16*

**U.S. Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FRANCISCO L. HERRERA, and JOANNA ⟩
HERRERA,CO-WRONGFUL DEATH ⟩
REPRESENTATIVES,for exclusive benefit ⟩
of the beneficiaries of MONICA HERRERA, ⟩   Civil Action No. 15-CV-128-F
deceased, who have sustained Damages from ⟩
her wrongfully caused death ⟩
                                         ⟩
    Plaintiffs, ⟩
v. ⟩
                                         ⟩
GREGORY BUCKINGHAM and ⟩
DEBORAH  BUCKINGHAM, but in their ⟩
individual capacities as Trustees of the ⟩
BUCKINGHAM FAMILY TRUST; and, ⟩
GREGORY BUCKINGHAM and ⟩
DEBORAH BUCKINGHAM as individual ⟩
defendants;     and, WYOMING ⟩
MECHANICAL, INC., a Wyoming ⟩
Corporation; TRIANGLETUBE/PHASE III ⟩
CO. INC., a New Jersey Corporation; and, ⟩
M&G GROUP DURAVENT, INC., a New ⟩
York Corporation ⟩
                                         ⟩
    Defendants. ⟩
                                         ⟩
                                         ⟩
                                         ⟩

---

**PROTECTIVE ORDER**

---

It appearing to this Court that Plaintiffs and Defendants in this action consent to this Protective Order, and by execution of this Order by their respective counsel, the Parties do agree to be bound by its terms as follows:

The terms of this Order shall apply to the parties of this case, namely Plaintiffs and Defendants, and any other person producing or disclosing material in This Action who agrees to be bound by the terms of this Order.

## I.    Definitions and Terms

1. As used in this Order, the following definitions and terms shall apply:

   a) "Confidential Information" means any Discovery Material that the producing party or Protected Person reasonably believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(7), that, if disclosed, would materially affect the party's or Protected Person's business, commercial or financial interests.

   b) "Plaintiff" or "Plaintiffs" means Francisco L. Herrera and Joanna Herrera, Co-Wrongful Death Representatives for the exclusive benefit of the beneficiaries of Monica Herrera.

   c) "Defendant" or "Defendants" means Gregory Buckingham and Deborah Buckingham, individually and in their capacities as trustees of the Buckingham Trust; Wyoming Mechanical Company, Inc.; Triangle Tube/Phase III Co., Inc.; and/or M&G DuraVent, Inc.

   d) "Party" or "parties" means the Plaintiffs and/or the Defendants in This Action.

   e) "Counsel" means the counsel of record in this action and their law firms as well as (i) other attorneys or consultants employed or retained by such law firms; or (ii) any attorney subsequently retained or designated by a party to appear in This Action.

f) "Protected Person" means any non-party that furnishes any Discovery Material to any party by way of a subpoena.

g) "This Action" means the above-captioned civil action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

h) "Disclosed" is used in its broadest sense and includes, inter alia, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

i) "Discovery" is defined as the term is used in the Federal Rules of Civil Procedure.

j) "Discovery Material" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, initial (and supplemental) disclosures, other responses to requests for information, documents, and/or other written information, whether produced voluntarily or involuntarily in the course of This Action or in response to discovery requests in this litigation by any party or Protected Person.

k) "Document" is defined as the term is used in Rule 34(a) of the Federal Rules of Civil Procedure.

## II.   Types of Material That May Be Designated Confidential

2.   Any Discovery Material may be designated by a producing party or Protected Person as "Confidential" under this Order. Such designation shall constitute a representation to the Court that counsel for the producing party or Protected Person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order.

3.   Designation of Discovery Material as "Confidential" shall not relieve a party of its obligation to provide an appropriate privilege log pursuant to FRCP 26(b)(5).

## III.   Designation of Discovery Material as Confidential

4.   The parties agree that where documents or other evidence has been produced in any other litigation and previously designated as "confidential," such material will retain

its "confidential" status without any further action by the original producing party where the parties agree to adopt and/or incorporate previously produced materials into This Action.

5.      Any Discovery Material or information produced in discovery in This Action, but not covered by paragraphs 4 above, that are to be designated "Confidential" may be so designated by the producing party or Protected Person by furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production specifically identifying the portions of the documents or materials containing the Confidential Information, unless the entire document is designated as Confidential, and by providing copies of the documents, material or information so designated that are stamped with the stamp "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." This stamp shall be affixed to each page of the document containing such material and shall not interfere with the legibility of designated documents. With respect to electronic documents, the party or Protected Person at the time such documents are produced shall specify in writing that the material is designated as Confidential.

6.      Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's or Protected Person's claim of confidentiality as to such information, and the producing party or Protected Person may thereafter designate such information as Confidential as appropriate.

## IV.      Permissible Uses of Discovery Material

7.      All persons obtaining access to Discovery Material produced in connection with This Action shall use such Discovery Material only for purposes of This Action, including any appeal of the Court's ruling, and any subsequent proceedings, and shall not use such Discovery Material for any other purpose, including the furtherance of any other claims, any business, commercial, competitive, personal or other purpose or in any other administrative or judicial proceeding.

8.      Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness

independently of the discovery proceedings in This Action, whether or not such documents, material or information are also obtained through discovery proceedings in This Action.

9. Nothing herein shall prevent disclosure of Confidential Information with the consent of counsel for the designating party or Protected Person.

10. Except as otherwise authorized by this Order, Confidential Information may be disclosed only to the following persons:

   a) the Court;

   b) parties and their insurers, Counsel and their employees, including contract employees;

   c) outside or private counsel for the parties;

   d) associated personnel of any person within categories 10.a. through 10.c. for whom access to Confidential Information is necessary to assist such persons in This Action, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, and stenographers or other persons involved in taking or transcribing testimony in This Action;

   e) consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in This Action, and principals and employees of the firm with which consultants or experts are associated;

   f) authors or recipients of the designated Confidential Information;

   g) employees of or counsel for the party or Protected Person producing such Confidential Information;

   h) persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were

participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

i) subject to the terms of paragraph 13, other persons not included in the above subparagraphs who may testify as a witness, either at a deposition or at a court proceeding, for the purpose of assisting in the preparation or examination of the witness or potential witness; and

j) Any person as further ordered by this Court;

k) Mediators, settlement conference judges and their staff; and

l) Any other person to whom the producing person expressly agrees in writing, after the name of same has been disclosed.

11. Persons described in subparagraphs 10.b. and 10.c. (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. Persons described in subparagraphs 10.b. and 10.c. should advise their associated personnel of this Order and the terms of the above stated agreement prior to providing their associated personnel access to Confidential Information.

12. Each individual described in Paragraph 10 above, to whom Confidential Information is disclosed, shall not disclose that information to any other individual, except as provided in this Order, or use it for any purpose other than in connection with This Action. Before any Confidential Information may be disclosed to any person described in subparagraphs l0e., 10.h. and 10.i. above, he or she shall have first read this Order or shall have otherwise been instructed in his or her obligations under the Order by counsel for a party.

13. Counsel for a party may disclose Confidential Information to any witness or potential witness, provided counsel has obtained consent of counsel for the party or Protected Person who produced such information.

14. Notwithstanding any of the foregoing provisions, this Order has no effect upon and its scope shall not extend to any person's use of its own Confidential Information.

## V.      Deposition Procedures

15.     At any non-party deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons, other than the reporter, parties, counsel and individuals specified in paragraph 10 hereof, leave the deposition room during the Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

16.     Where testimony regarding Confidential Information is elicited, all transcripts and exhibits shall be treated as if designated Confidential for a period of ten (10) business days after the transcript is available from the court reporter. Any deponent or counsel for that deponent may designate during the deposition or during the ten-business-day period after the transcript is available from the court reporter any portion of the transcript as Confidential by denominating by page and line, and by designating any exhibits, that are to be considered Confidential pursuant to the criteria set forth in this Order. Such designation shall be communicated to all parties and to the court reporter.   The court reporter shall mark the face of the transcript accordingly. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Order.

## VI.      Challenges to Confidential Designations

17.     If any party disagrees with the designation by the producing party or Protected Person of any Discovery Material or testimony as Confidential Information, then the parties to the dispute will attempt first to resolve the dispute on an informal good faith basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential pending resolution of the parties' dispute by the parties or by order of the Court. If the dispute cannot be resolved informally, either the designating party or the challenging party may, on reasonable notice, apply for an appropriate

ruling from the Court in accordance with Section VII herein.  The producing party or Protected Person bears the burden of persuading the Court that the information is in fact Confidential Information within the definition of that term set forth above. In the case of material provided by a Protected Person, the party contesting the confidentiality designation shall provide reasonable notice to the Protected Person that the matter has been referred to the Court.  The parties agree that any disputes concerning whether any materials are in fact "confidential" shall be submitted to the Court or otherwise as the Court directs.

18.     Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party or Protected Person that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

## VII.    Filing Under Seal

19.     All Confidential Information contained or discussed in any pleading, motion, exhibit or other paper filed with the Court shall be accompanied by a Motion Under Seal pursuant to Local Rule 5.1(g).  The Court shall then determine what, if any, portions of filing shall be filed under seal.

## VIII.   Use of Confidential Information at any Hearing

20.     The parties shall confer and attempt to agree, before any hearing, on the procedures under which Confidential Information may be introduced into evidence or otherwise

used at such hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each Protected Person producing any Confidential Information that may be used or introduced at any such hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at any such hearing upon reasonable notice to all parties and Protected Persons who have produced such information. The parties shall provide Protected Persons with notice of potential use at any hearing of any Confidential Information produced by them.

## IX.    Procedures Upon Termination of Action

21.    Within 60 business days following the running of any applicable time to appeal any order or ruling entered in This Action, the parties shall (i) return to the person who produced such materials all copies of all Confidential Information obtained through discovery in This Action, provided however that such Confidential Information and Confidential Documents may be retained in the files of the parties insurers and destroyed pursuant to those entities regular retention policies (ii) certify to that person that all such materials have been destroyed, or (iii) where mutually agreeable, enter into a protective agreement with the producing party to provide assurances that to the extent the information is intentionally, negligently, or otherwise released, disseminated, or otherwise disclosed outside of this litigation, the retaining party/individual shall be liable to the producing party for all damages arising from such release, dissemination, or disclosure.

22.    After the running of any applicable time to appeal any order or ruling entered in This Action, the producing parties or Protected Person may request that any party return or destroy any Discovery Material the producing party or Protected Person has provided. Upon such request, the party shall comply provided however that such Confidential Information and Confidential Documents may be retained in the files of the parties insurers and destroyed pursuant to those entities regular retention policies, or where mutually agreeable, enter into a protective agreement with the producing party to provide assurances that to the extent the information is intentionally, negligently, or

otherwise released, disseminated, or otherwise disclosed outside of this litigation, the retaining party/individual shall be liable to the producing party for all damages arising from such release, dissemination, or disclosure.

## X.     Miscellaneous

23.    In the event any party is served with a subpoena or civil investigative demand requesting production of Confidential Information, the recipient shall immediately notify the source party of such subpoena or civil investigative demand and it will be the obligation of the source party (who previously designated the information/documents as Confidential Information) to interpose and defend any objection to production of Confidential Information.   No Confidential Information shall be produced by the party served with the request until notice is provided to the source party.

24.    This Order shall not affect the right of any party or Protected Person to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

25.    Nothing in this Order shall prejudice the right of any party or Protected Person to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected Protected Persons.

26.    All persons governed by this Order, by reviewing Confidential Information, or seeking the protections of this Order for Discovery Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

27.    This Order may be amended by the agreement of counsel for the Parties in the form of a proposed written amendment to the Order. Such proposed modifications shall be

submitted to the Court for approval.  The parties may otherwise seek amendment to this Order by motion.


IT IS SO ORDERED, this 18th day of March, 2016.


_____

Judge,
U.S. Dist. Court, District of Wyoming


STIPULATED TO BY:


s/Christopher R. Reeves
Richard A. Waltz, Esq., *pro hac vice*
Christopher R. Reeves, Esq., #7-5386
The Waltz Law Firm
1660 Lincoln Street, Suite 2510
Denver, CO 80264
Telephone: 303-830-8800
Facsimile: 303-830-8850
dwaltz@waltzlaw.com
creeves@waltzlaw.com
Counsel for Defendant M&G DuraVent


s/Katherine L. Mead
Katherine L. Mead, WY Bar #5-2432
Mead & Mead
1200 N. Spring Gulch Rd
P.O. Box 1809
Jackson, WY 83001
Tel.: (307) 733-0166
Fax: (307) 733-7590
kate@meadlaw.net
Counsel for Defendants Gregory & Deborah, individually and as Trustees of the Buckingham Family Trust


s/Judith A. Studer
Judith A. Studer, - WY Bar # 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601


s/David G. Lewis
David G. Lewis, WY Bar #4-1150
Attorney at Law
P.O. Box 8519
Jackson, WY 83002
Tel.: (307) 739-8900
Fax: (307) 739-8902
davelewis@bresnan.net
Counsel for Plaintiffs


s/Julie Nye Tiedeken
Julie Nye Tiedeken, - WY Bar #5-1949
Sean W. Scoggin  - WY Bar # 6-3263
McKellar, Tiedeken & Scoggin
702 Randall Avenue
Cheyenne, WY 82001
Tel.: (307) 637-5575
Fax: (307) 637-5515
jtiedeken@mtslegal.net
sscoggin@mtslegal.net
Counsel for Wyoming Mechanical, Inc.


s/Joseph P. McGill
Joseph P. McGill (Pro Hac Vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, Ml 48152

Tel: (307) 235-6681
Fax: (307) 234-5099
jstuder@schwartzbon.com
Local counsel for Defendant Triangle
Tube/Phase III, Co., Inc.

Tel: (734) 742-1825
Fax: (734) 521-2379
jmcgill@fbmjlaw.com
Counsel for Defendant Triangle Tube/Phase
III, Co., Inc.