Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
Cheyenne, WY 82001
(307) 637-5575
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>            Plaintiffs,<br><br>    v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation<br><br>            Defendants. | Case No. 15-cv-128-F |

### SUBPOENA DUCES TECUM – THE SILVER CREEK GROUP, INC.

TO:   The Silver Creek Group, Inc.
      Mountain Business Center, LLC
      690 S Hwy 89 Ste 200
      Jackson, WY 83001

**YOU ARE HEREBY COMMANDED** to produce complete, true, and exact copies of the following documents or objects at the place, date, and time specified below:

A.      Produce for inspection a copy of all warranty claims, service claims, request for information, and correspondence submitted to Triangle Tube /Phase III Co. Inc. which pertain to

Triangle Tube boilers, igniters, hard starts, delayed ignition, and heat exchangers from January 1, 2013 to the current date.

B.     Produce for inspection a copy of all "Engineering Bulletins" or similar notice in your possession authored by Triangle Tube/Phase III Co. Inc. dated from January 1, 2013 to the current date.

C.     Produce for inspection a copy of any and all documents, correspondence, including but not limited to emails, in your possession which pertain to hard starts or delayed ignition of Triangle Tube boilers.

D.     Produce for inspection a copy of all warranty claims, service claims, request for information, and correspondence submitted to M & G Duravent, Inc. from January 1, 2013 to the current date.

E.     Produce for inspection a copy of all Engineering Bulletins or similar notice in your possession which pertain to products manufactured by M & G Duravent, Inc. from January 1, 2013 to the current date.

D.     Produce for inspection a copy of any written materials you provided to your customers in November of 2014 when purchasing M & G Duravent, Inc. PolyPro piping and/or Duravent locking bands.

**YOU ARE COMMANDED to produce the above described documents at the place, date and time specified below. Mailing the documents to the address below or emailing them to jtiedeken@mtslegal.net will satisfy this subpoena.**

| **PLACE OF PRODUCTION** | **DATE AND TIME** |

McKellar, Tiedeken & Scoggin, LLC,      No later than 5 p.m. May 27, 2016
702 Randall, Avenue
Cheyenne, WY 82001
307-637-5575
307-637-5515-fax

The ordinary and necessary cost of reproduction of the foregoing documents, and the cost of postage or shipping will be paid by McKellar, Tiedeken & Scoggin, LLC. Please include an itemized statement of the cost of reproduction with the documents produced. You may direct any inquiries to McKellar, Tiedeken & Scoggin, LLC, (307) 637-5575.

-3-

**ISSUING OFFICER'S NAME AND PHONE NUMBER (pursuant to W.R.Civ.P. 45(a)(3)):**

*/s/ Julie Nye Tiedeken*
Julie Nye Tiedeken, WSB 5-1949
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
P.O. Box 748, Cheyenne, WY
(307) 637-5575
(307) 637-5515 fax

**NOTICE:**

**Rule 45, Wyoming Rules of Civil Procedure, Paragraphs (c) (d) and (e) provide:**

(c)     **Protection of Persons Subject to Subpoenas.**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(I)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)     If a subpoena:

(I)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unrefined expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the

subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d)  Duties In Responding To Subpoena**
(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e)  Contempt**
Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of the court from which the subpoena issued. Adequate causes for failure to obey include lack of personal service upon the person subpoenaed, and when a subpoena purports to require a person to attend a deposition or produce prior to hearing or trial at a place not within the limits provided by clause (ii) of subdivision (c)(3)(A).

**Service of a subpoena on a natural person to whom the subpoena is directed must be made personally and in person. Service of a subpoena on a public or private corporation or a partnership or association under Rule 30(b)(6), Wyoming Rules of Civil Procedure, may be made upon an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.**

## PROOF OF SERVICE

| DATE | PLACE SERVED |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE OF SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the State of Wyoming, that the foregoing information contained in the Proof of Service is true and correct.

Executed on this _____ day of _____, 2015.

_____
SIGNATURE OF SERVER

STATE OF WYOMING    )
                    )ss.
COUNTY OF LARAMIE   )

The foregoing was subscribed to and sworn to before me a Notary Public by _____ on this _____ day of _____, 2015.

Witness my hand and official seal,

_____
NOTARY PUBLIC

My commission expires:

SEAL: