THE David G. Lewis, Wyoming Bar No. 4-1150
Attorney at Law
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900
(307) 739-8902 (fax)
davelewis@bresnan.net

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death. ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC. a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC.., a New Jersey Corporation; and, M&G GROUP DURAVENT, INC., a New York Corporation ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS'** ***EXPEDITED*** **MOTION TO EXTEND THE DISCOVERY**
**DEADLINE FOR CERTAIN PURPOSES**

Come now Plaintiffs, and in support for their Motion to Extend Discovery

Deadline past July 31, 2016, show the Court as follows:

1. On June 14, 2016, Plaintiffs filed their Motion for Expedited Hearing to Compel Discovery by Defendant Triangle Tube; and, In Opposition to Defendant Triangle Tube's Motion for Protective Order.

2. The foundation supporting the Motion for Expedited Hearing was that Defendant Triangle Tube had refused to produce certain and extensive internal documents to Plaintiffs in Response to Plaintiffs' Request for Production of Documents to Triangle Tube served on February 1, 2016.

3. As is shown in the Table attached hereto as Exhibit 1 and made a part hereof, Defendant Triangle Tube responded to Plaintiffs' Motion to Compel on April 4, and on April 8, by producing 2,775 pages of documents, none of which described the history of Triangle Tube's inability to correct the delayed ignitions and hard fires from the types of boiler that caused the death of Plaintiffs' decedent, Monica Herrera.

4. On June 15, 2016, the United States Magistrate Judge set the Motion to Compel for a telephonic oral hearing for all parties on June 17, 2016.

5. On June 17, 2016, the Magistrate Judge orally granted Plaintiffs' Motion to Compel Production of Documents to be produced on or before **July 1, 2016**.

6. The Table attached evidences the date and documents produced to Plaintiffs by Defendant Triangle Tube in Response to Plaintiffs' February 1, 2016, Requests for Production of Documents; and, in Response to the June 17 Order of the Court granting Plaintiffs' March 28, 2016, Motion to Compel.

7. The parties were taking depositions of one another's experts in Denver each day, all day, on July 20, 22, 23, and 24; and, on July 25, and 26. On July 21, the parties and their experts were at the AEI laboratory in Littleton,

Colorado, investigating the boiler, vent, and gas regulators all day long.  During that period of time, the Defendant Triangle Tube placed 20,658 pages of documents into the Plaintiff's Dropbox or on CD disc that had been ordered to be produced by the Magistrate on or before July 1, 2016.   The Plaintiffs were unaware that such quantities of documents remained undisclosed.

8. On July 28, 2016, as Plaintiffs' counsel was preparing this Motion to Extend, he received on a CD disc an additional 3,405 pages of responsive documents.

9. Plaintiffs' attorney and his limited staff will need at least two weeks to read and review all these 27,699 pages of newly disclosed documents.  The Court had required the entire production to be produced by July 1 allowing the Plaintiffs and their expert a full month to review and assimilate the documents, and follow-up with any of the discovery tools available to develop their case.

10. Defendant Triangle Tube should be sanctioned for its disobedience to the Order of the District Court dated June 17, 2016.  The sanctions should include reimbursement of Plaintiffs' attorney for his time spent seeking compliance with the Court's Order; for reimbursement of costs expended on additional legal assistance to review and organize the documents; and, for such other and further sanctions or penalties against the Defendant for violation of the Court's Order of June 17, 2016.

11. Plaintiffs also seek an extension of time beyond July 31, 2016, in order that their attorney might pursue further discovery against the Defendant Triangle Tube, or against other parties or third persons, who might have evidence that has been revealed or indicated in the 27,699 pages of documents

3

still unread or reviewed; and, for such other and further relief as to the Court appears just and equitable.

WHEREFORE, Plaintiffs pray the Court as follows:

1. That the Court enter an Order extending the opportunity for the Plaintiffs to seek further discovery of evidence newly revealed in and from the documents produced by Triangle Tube after the Court imposed a deadline for production on July 1, 2016. A reasonable deadline for such discovery is August 21, 2016, under such terms and condition as appear reasonable to the Court.

2. That Defendant Triangle Tube be Ordered to promptly produce any other or further documents to the Plaintiff that should be produced under the facts of this case; and, that should be produced under the Federal Rules of Civil Procedure 26 – 37; and, that should be produced under the Local Rules of the Federal District Court, Wyoming; and, that should be produced under any rulings by the Federal District Court, Wyoming, in this matter, or in any other matter where a pertinent discovery order has been entered by the Federal District Court, Wyoming.

3. That the Court sanction the Defendant Triangle Tube in an appropriate manner, including reimbursement of Plaintiffs' attorney for his time spent seeking compliance with the Court's Order; for reimbursement of costs expended on additional legal assistance to review and organize the documents; and, for such other and further sanctions or penalties against the Defendant for violation of the Court's Order of June 17, 2016, as may appear just and proper herein.

Dated on this 29th day of July, 2016.

/s/
David G. Lewis (4-1150)
davelewis@bresnan.net
Attorney for Plaintiffs
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900/307-739-8902 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of July, 2016, I served a true and accurate copy of the above and foregoing by electronic transmission as follows:

Julie Tiedeken, Esq.
jtiedeken@mtslegal.net

| | |
|---|---|
| Katherine L. Mead | Judy Studer, Esq. |
| kate@meadlaw.net | jstuder@schwartzbon.com |
| | |
| Joseph McGill | Dick Waltz, Esq. |
| JMcGill@fbmjlaw.com | DWaltz@WaltzLaw.com |
| | |
| Jennifer Cupples, Esq. | Christopher Reeves, Esq. |
| jcupples@fbmjlaw.com | creeves@WaltzLaw.com |

/s/
David G. Lewis
Attorney for Plaintiffs
P. O. Box 8519
Jackson, Wyoming 83002

5