Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1825; Fax:  (734) 521-2379
Email:  jmcgill@fbmjlaw.com;
         jcupples@fbmjlaw.com

Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
(307) 235-6681; Fax (307) 234-5099
Email:  jstuder@schwartzbon.com

*Attorneys for Defendant Triangle Tube*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, Co-Wrongful Death Representatives, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death,<br><br>       Plaintiffs,<br><br>-vs-<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation,<br><br>       Defendants. | Case No.:  2:15-cv-00128-NDF |

**TRIANGLE TUBE'S RESPONSE TO PLAINTIFFS' EXPEDITED MOTION TO EXTEND THE DISCOVERY DEADLINE FOR CERTAIN PURPOSES**

1

NOW COMES Defendant TRIANGLE TUBE ("Triangle"), by and through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and SCHWARTZ, BON, WALKER & STUDER, LLC, and for its Response to Plaintiffs' Expedited Motion to Extend the Discovery Deadline for Certain Purposes (the "Motion"), states as follows:

1. As a preliminary matter, Plaintiffs' counsel submitted the Motion without having first complied with Local Rule 37.1(b); the Motion came as a complete surprise to Triangle's counsel. Upon receipt of the Motion, Triangle's counsel immediately reached out to Plaintiffs' counsel to attempt to meet and confer. Such conference took place on Friday, July 29, 2016. Triangle, Wyoming Mechanical, and Plaintiffs are in agreement concerning the request for an extension of the discovery deadline to review the Triangle documents recently produced, but are unable to agree regarding the scope of permissible discovery during that time period and/or submission of supplemental and/or rebuttal expert reports.

## BACKGROUND/PROCEDURAL FACTS

2. Plaintiffs initially filed their Complaint in this litigation against Wyoming Mechanical and the Buckinghams on August 5, 2015 [ECF #1], and added Defendants Triangle and Duravent by way of Plaintiffs' Amended Complaint, filed on December 21, 2015 [ECF #32].

3. Triangle was *never* served with the Amended Complaint.

4. Instead, *after another month had passed*, Plaintiffs again amended their Complaint with the Second Amended Complaint, filed January 15, 2016 [ECF #44], at which time this case had been pending for *over five months*.

5. The original scheduling order set the discovery cut-off date as February 29, 2016 [ECF #22]; discovery was extended until May 31, 2016 by the amended scheduling order [ECF #70]; and a recent order granting a stipulated motion to extend deadlines extended discovery cut-off through July 31, 2016 [ECF #84]. Under the May 31, 2016 amended scheduling order, Plaintiffs' expert disclosures were due on April 1, 2016, and Defendants' expert disclosures were due on June 1, 2016.

6.    Plaintiffs served their First Requests for Production of Documents on Defendant Triangle Tube on February 1, 2016.  On March 2, 2016, Triangle timely served its responses to these requests for documents.

7.    Wyoming Mechanical served its Request for Production of Documents on Defendant Triangle Tube on April 18, 2016.  On May 19, 2016, Triangle timely served its responses to these requests for documents.

8.    Triangle Tube's responses to both Plaintiffs' and Wyoming Mechanical's requests for documents contained multiple objections to the production of records requested as detailed in its later filed Motion for Protective Order.  See [ECF #93]

9.    On April 4, 2016, Triangle received a demand letter from counsel for Plaintiffs related to its discovery responses which included a threat to file a motion to compel.

10.   In response to this April 4, 2016 letter, Triangle requested that Plaintiffs' counsel comply with Local Rule 37.1(b) and conduct a meet-and-confer to discuss issues raised his correspondence.

11.   On April 8, 2016, Triangle Tube served supplemental responses to Plaintiffs' request for production of documents, including producing more than 1,825 pages of responsive documents.

12.   On May 27, 2016, Wyoming Mechanical filed its motion to compel against Triangle Tube [ECF #87].

13.   On June 8, 2016, counsel for Plaintiffs and Triangle participated in an additional meet and confer, without resolution.

14.   Thereafter, after diligent attempts to resolve their issues, Triangle filed its Motion for Protective Order [ECF #93] and Plaintiffs filed their Motion to Compel [ECF #98].  Wyoming Mechanical filed its motion to compel against Triangle Tube on May 27, 2016 [ECF #87].

15.   Triangle has in good faith moved as expeditiously as possible to cooperate with the other parties regarding discovery issues, including Rule 26 disclosures and the various

depositions that have had to occur in this case in an expedited manner due to the manner in which Plaintiffs' counsel has initiated and proceeded in this litigation.

### TRIANGLE'S COMPLIANCE WITH THIS COURT'S JUNE 17, 2016 RULING

16. Triangle has made its best efforts to comply with this Court's ruling following a teleconference hearing considering and deciding discovery motions on June 17, 2016, to which no formal order was entered setting a deadline for Triangle's compliance. See [ECF #102].

17. At the time of the Friday, June 17, 2016 hearing, Triangle's counsel was aware of a limited number of emails for which it sought a protective order.

18. Early the following week (by the original date set for the deposition of Triangle's corporate designee, Tuesday, June 21, 2016), and after having had an opportunity to inform Triangle of this Court's June 17 ruling, Triangle initiated a course change, from reliance on its objections to Plaintiffs' and Wyoming's request for documents, to compliance with the Court's oral ruling as reflected in the Court's minute entry regarding the June 17 hearing [ECF #102]. Upon further investigation, consultation with Triangle and pursuant to this Court's oral ruling on the pending motions, Triangle's counsel learned that there were potential additional responsive emails to the discovery requests in this case.

19. Since such course change was initiated following the June 17 ruling, Triangle has:

- Has produced emails and documents on a rolling basis;
- Has produced documents as soon as they have become available (following a responsiveness and privilege review);
- Has added staffing for the specific purpose of reviewing and producing the responsive emails, and
- Has even retained the services of a third party vendor to process the subject emails in a format so that they can be produced as expeditiously as possible for which it has not been compensated by Plaintiffs.

20. If Plaintiffs' counsel is understaffed as he alleges, same should not be a concern of this Court as the volume of documents now being produced is due in large part to Plaintiffs'

own motion and broad requests relating to hard/delayed ignition materials, over several years, that in no way relate to the subject boiler, which Triangle has stated and maintains amounts to a fishing expedition.   [Plaintiffs' own expert admits he has no data linking the documents being produced to the Buckingham boiler (Cuzzillo 7-20-16 deposition, transcript pending).]

21.     In the last sixty (60) days, the parties have conducted over ten (10) fact and expert depositions in California, Colorado and Wyoming, and an additional day of testing of the subject boiler and LP gas regulators.  The parties have been working tirelessly to conduct and complete discovery, which includes various supplements to the parties Rule 26 disclosures – by way of example, Wyoming Mechanical has generated six (6) such supplements and Plaintiffs have produced 4 versions of expert Bernard Cuzzillo's report (3 after the April 1, 2016 disclosure deadline).

22.     Plaintiffs' own expert (Cuzzillo) recently produced via e-mail July 20, 2016 (the day before his *third* deposition in this matter), his **_fourth report_** dated July 19, 2016, which he indicated he is likely to revise up until the date of trial, that sets forth a new theory regarding human factors issues.  Triangle notes that such report has not yet been filed with this Court.  [In fact, Plaintiffs' expert designation regarding Mr. Cuzzillo's Second Report dated June 16, 2016 has not been filed with this Court.  Instead, on June 29, 2016, Plaintiff's filed their further Disclosure of Expert Testimony submitting Mr. Cuzzillo's *Revised* Second Report dated June 23, 2016.]

23.     On June 1, 2016, consistent with the expert disclosure deadline set forth in this Court's amended scheduling order, Triangle named Dennis Seal of Seal Design & Engineering, Inc. as an expert in human factors, product safety and standard of care fields; Dr. Seal was retained by Triangle to provide consultation and potential testimony regarding the writings, warnings and markings which relate to the Triangle boiler at issue in this litigation.  See [ECF #89] at page 11.  At the time of such designation, no defect had been identified in any product manufactured by Triangle, so Dr. Seal's analysis was and is incomplete.  However, on July 20,

5

2016 via his July 19, 2016 Report, Plaintiffs' expert (Cuzzillo) disclosed a new hypothesis and theory relating to human factors issues, Triangle submits that Dr. Seal should be permitted to opine in rebuttal to such newly-disclosed theory pursuant to Fed. R. Civ. P. 26(a)(2)(D), and that such discovery deadline should be extended to include discovery on this issue, and permitting an expert report from Dr. Seal and, if desired by Plaintiffs or other parties, his deposition.

24. Triangle is agreeable to an extension of discovery deadlines given the volume of the recently produced documents. However, Triangle maintains its position that such information is merely responsive to the subject requests, but is in no way relevant to the subject boiler.

25. Triangle is also agreeable that the issues presented in Plaintiffs' Motion should be briefed on an accelerated basis; however, Triangle respectfully requests that this Court permit a short time period for supplemental responsive pleadings in the interest of making a record on the issue and to address any issues that arise during the informal pre-hearing conference set for August 2, 2016, at 4 p.m. MST.

### **PLAINTIFFS' SANCTIONS REQUEST IS UNSUPPORTED AND IMPROPER**

26. Plaintiffs' counsel makes no reference to the rule under which he seeks to impose sanctions on Triangle and/or its counsel. If Plaintiffs' counsel is requesting sanctions under Rule 11, then Plaintiffs' request is appropriate as same is not made by separate motion specifying the conduct that allegedly violates such rule. In addition, such Motion was not first submitted to Triangle's counsel prior to filing with this Court, thereby violating Rule 11(c)(2).

27. Furthermore, Local Rule 37.1(d) provides that a party may move to compel disclosure and for appropriate sanctions. Triangle is not refusing to cooperate in discovery, and has acted in good faith to comply with this Court's orders and the applicable discovery rules.

28. Plaintiffs have made no showing that sanctions are appropriate.

29. Triangle reserves the right to supplement this Response consistent with the Federal Rules of Civil Procedure and Local Rules.

**WHEREFORE**, Triangle respectfully requests this Court enter an order as follows:

a. Denying Plaintiffs' request for sanctions;

b. Denying Plaintiffs' request for costs expended on additional legal assistance to review and organize Triangle documents;

c. Extending discovery for a reasonable time, to allow Triangle sufficient time to complete production pursuant to this Court's ruling on June 17, 2016, and the parties to correspondingly address issues raised therein;

d. Extending discovery to include further discovery of issues and theories raised in recent expert reports, and permit any required rebuttal expert reports for those experts already named in disclosures, but for whom no report had been filed until the specific need for rebuttal, relating to these issues; and

e. Any additional relief this Court deems just and appropriate.

                Respectfully submitted,

                FOLEY, BARON, METZGER & JUIP, PLLC

Dated:  August 2, 2016        By: /s/Joseph P. McGill
                Joseph P. McGill (admitted pro hac vice)
                Jennifer A. Cupples (admitted pro hac vice)
                38777 Six Mile Road, Suite 300
                Livonia, MI 48152
                Tel.: (734) 742-1825; Fax: (734) 521-2379

                Judith A. W. Studer (5-2174)
                Schwartz, Bon, Walker & Studer, LLC
                141 S. Center Street, Suite 500
                Casper, WY 82601
                Tel.: (307) 235-6681; Fax: (307) 234-5099

                *Attorneys for Defendant Triangle Tube*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2016, I served **TRIANGLE TUBE'S RESPONSE TO PLAINTIFFS' EXPEDITED MOTION TO EXTEND THE DISCOVERY DEADLINE FOR CERTAIN PURPOSES** upon:

| | |
|---|---|
| David Lewis<br>P. O. Box 8519<br>Jackson, Wyoming 83002<br>davelewis@bresnan.net | Christopher R. Reeves<br>Dick Waltz, Esq.<br>Waltz Law Firm<br>1660 Lincoln Street, Ste. 2510<br>Denver, Colorado 80264<br>creeves@waltzlaw.com<br>DWaltz@WaltzLaw.com |
| Julie Tiedeken<br>Sean W. Scoggin<br>P. O. Box 748<br>Cheyenne, Wyoming 82003<br>jtiedeken@mtslegal.net<br>sscoggin@mtslegal.net | Katherine L. Mead, Esq.<br>P.O. Box 1809<br>Jackson, Wyoming 83001<br>kate@meadlaw.net |

via the Court's ECF system.

                                          /s/Cheryl E. Ballew
                                           Cheryl E. Ballew