Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>     Plaintiffs,<br><br>v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation<br><br>     Defendants. | Case No. 15-cv-128-F |

### WYOMING MECHANICAL'S MOTION TO STRIKE THE PROPOSED EXPERT TESTIMONY OF MR. SONDGEROTH OR IN THE ALTERNATIVE TO LIMIT HIS TESTIMONY TO AN OPINION OF WHAT CAUSED THE EXPOSURE

Wyoming Mechanical Company, Inc. moves to strike the expert testimony of Mr.

Sondgeroth because Plaintiffs did not comply with the Court's Revised Order On Initial Pretrial

Conference and Fed.R.Civ. P. 26(a)(2) and because his opinions lack foundation and are

inadmissible under Rule 702, Fed.R.Evid.  Counsel for Wyoming Mechanical certifies pursuant to Rule 7.1 (b)(1)(A) that prior to filing this Motion she orally conferred by telephone with Counsel for the Plaintiff and made a reasonable effort to resolve the dispute.

**Mr. Sondgeroth's Expert Designation**

The Court's Revised Order on Initial Pretrial Conference provides that "In accordance with Fed. R.Civ. P. 26 (a)(2), Plaintiff shall designate expert witnesses and provide Defendants with a complete summary of the testimony of each expert by April 1, 2016.".…. "These summaries SHALL include a comprehensive statement of the expert's opinions and the basis for the opinions.  See *Smith v Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980)."

Fed. R. Civ. P. (a)(2)(B) provides as follows:

   (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

   (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

   (ii) the facts or data considered by the witness in forming them;

   (iii) any exhibits that will be used to summarize or support them;

   (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

   (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

   (vi) a statement of the compensation to be paid for the study and testimony in the case.

Mr.  Sondgeroth was listed as an expert in Plaintiffs' Retained Expert Witness Designation.  The expert witness designation of Mr. Sondgeroth did not contain a signed written

report or any of the required information set forth in 26(a)(2)(B)(i)-(vi). Plaintiff only provided a brief summary of his testimony. The summary of testimony provided for Mr. Songeroth was as follows:

Mr. Sondgeroth has installed many boilers and hydronic heating systems in businesses and residences in Teton, Park, Sublette, and Lincoln Counties. Among these are boilers manufactured by Triangle Tube, including the Prestige Solo 175. His plumbing experience with Triangle Tube over the past years has been that when properly installed, the Prestige Boiler is reliable and safe. Since his designation by Plaintiffs in the Plaintiffs' First Designation of Experts, Mr. Sondgeroth has, recently, experienced problems with the Triangle Tube boilers, including the Prestige 175 such that he has decided not to recommend them to his customers for installation and heating. As soon as Plaintiffs' attorney and Mr. Sondgeroth are able to verify certain information, the undersigned attorney will pass this information on the other parties. Mr. Sondgeroth will further testify that he is very familiar with the practice of his plumbers employed by Quarter Circle 4, as well as those of the plumbers in Teton County in general, regarding carbon monoxide problems. He will further testify that if a customer calls his company with a flue pipe leaking combustion gases into a home or business, he would warn the occupant to immediately shut the boiler off, immediately vacate the premises, and assure the caller that he or one of his employees would immediately go to that site and address the problem. His experience is that other plumbers in Jackson Hole would do the same.

**Argument 1. The Plaintiff's expert designation does not comply with Fed. R.Civ. Pro. 26(a)(2)(B) and should be stricken.**

Fed. R.Civ. Pro. 37 (c ) (1)  provides as follows:

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

There is no justification for the failure of Plaintiff to provide a written report which complied with Rule 26 (a)(2)(B)(i)-(vi) nor is the failure harmless. Wyoming Mechanical was at a significant disadvantage during Mr. Sondgeroth's deposition due to the fact that only a limited summary of his expert testimony was provided instead of a complete report. Generally, Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them later with deposition testimony, "or the function of expert reports would be completely undermined". The reason for providing expert reports before a deposition is so that the opposing party can use the report to examine the expert at the deposition. *MMG Ins. Co. v. Samsung Elecs. Am., Inc*. 293 F.R.D. 58, 61 (2013) citing Ciomber v. Coop. Plus, Inc., 527 F.3d 635, 642 (7th Cir. 2008); *Walter Int'l Prods., Inc. v. Salinas,* 650 F.3d 1402, 1413 (11th Cir. 2011).

Mr. Sondgeroth testified during his deposition that he was not asked to give opinions with regard to the conduct of Wyoming Mechanical. (Sondgeroth deposition 66:15-17)   He testified as follows in response to the following questions:

Q.   I just asked you if you'd been asked to give opinions on the conduct of any of the defendants and you said no, correct?

A.   Correct.

Q.   So what have you been asked to give an opinion on in this case?

A.   How the boilers work, understanding the function of the boiler --

Q.   Anything --

A.   -- boilers.

**Q. So you do not intend to give an opinion with regard to the conduct of Wyoming Mechanical?**

A. No, it's not up to me.

Q. Do you profess to be an expert with regard to the conduct of plumbing and heating contractors?

A. I'm an installer, I don't know if I'd consider myself an expert.

Q. Okay. Do you consider yourself to be an expert on code requirements for plumbing and heating contractors?

A. Again, I'm just an installer. I try to do everything to code.

(Sondgeroth depo. 66:21-67)

**Q. Okay. Do you intend to give any opinions on whether the installation of the boiler by Wyoming Mechanical was done properly?**

**A. No.**

(Sondgeroth depo: 71:5-12)

Q. So if I'm understanding you, you intend to give opinions in this case at trial about what caused the carbon monoxide exposure, which is there was a hard start that caused the vent to come apart?

(objections and discussion between counsel deleted)

MR. LEWIS:  And my objection is that that's not what was in his designation as to what he's

testifying to.  You can answer the question.

BY MS. TIEDEKEN: Q.   Go ahead.

**A.   I'd give my opinion of what I thought happened, but that's all I would give.**

. Q.   Okay.  And am I correct that it's your opinion that the boiler was hard starting, and that caused the vent to come apart?

A.   With the information that I have, the boiler was hard starting and the flue did come apart.

Q.   And is it your opinion that it was the hard start that caused the flue to come apart?

A.   Yes.

**Q.   Okay. And just to clarify, it's my understanding that you do not intend to give any opinions on the conduct of Wyoming Mechanical or its employees; is that correct?**

**A.   Correct.**

(Sondgeroth depo. 72:24-75:1) (Emphasis Supplied)

    Mr. Sondgeroth testified in his deposition that he was asked to give opinions on how a boiler works and the function of a boiler.  He further testified that he would give an opinion on what he thought happened and "that's all I would give", i.e. that the Buckingham's boiler was hard starting which caused the vent to come apart.   Mr. Sondgeroth repeatedly stated that he would not give opinions on the conduct of Wyoming Mechanical or its employees.

When Mr. Sondgeroth was asked during his deposition about whether he was asked to testify about the matters set forth in Plaintiffs' Expert Designation, he testified that he had discussed it with Plaintiffs' attorney but he didn't say he would ask him that at trial. (Sondgeroth depo. 80:16-81:1, Exhibit 44)  His deposition testimony is clearly at odds with the Expert Witness Designation filed by Plaintiffs in that according to his testimony, he was not advised that he would be asked to testify about the matters contained in the designation.  He testified that he would only render opinions on the cause of the exposure.

Counsel for Plaintiffs,  DuraVent and Triangle Tube asked Mr. Sondgeroth a lot of questions during his deposition on numerous other areas of testimony which were not listed in his expert designation, including but not limited to questions on boiler installation, installation of poly pro piping, the instructions contained in installation manuals, code requirements, ect. , and which counsel for Wyoming Mechanical was completely unprepared to address because those areas were not contained in his designation.

Because there was no written report signed by Mr. Sondgeroth, and the failure to provide a report was prejudicial to Wyoming Mechanical, his testimony should be stricken.  In the alternative, he should be limited to giving only opinions on the cause of the exposure and he should be precluded from giving any opinions on the conduct of Wyoming Mechanical Company and its employees.  He should not be allowed to testify about the proper installation of a boiler, building code requirements, and other areas of testimony not listed in his designation He should be precluded from giving any opinions on the conduct of Wyoming Mechanical because he repeatedly testified that he would not give such opinions.

**Argument 2.  Mr. Songeroth's opinions lack foundation and are inadmissible under Rule 702, Fed.R.Evid.**

The admissibility of expert testimony is governed by F.R.E. 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed.R.Evid. 702 requires an expert's testimony to be "based upon sufficient facts or data" and to be "the product of reliable principles and methods" which have been "applied . . . reliably to the facts of the case." *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). Mooring Capital Fund, LLC v Knight, 388 Fed. Appx. 814, 820 (Cir. 2010).

As stated above, Wyoming Mechanical asserts that Mr. Sondgeroth's testimony should be stricken or in the alternative, his testimony should be limited to the cause of the exposure. In the event the Court disagrees, Mr. Sondgeroth should be precluded from testifying as an expert because he does not have the proper qualifications and for the reason that some of his opinions are based on "common sense" which does not require expert testimony.

Mr. Sondgeroth admits that he does not purport to be an expert in the field. (Sondgeroth 251:7-23)  He is unaware of any codes which apply to boiler installations. (Sondgeroth 251:11-23)  He knows what he would do personally in his own company in a given situation. (Sondgeroth depo. 251:24-252:1)   He has never been involved in an incident where a customer called and complained that a vent pipe had come apart. (Sondegroth deposition 210:2-11)  He's never received a call from a customer such as the one received by David Gieck from Mr. Buckingham, nor is he aware of any other plumbing and heating contractor in Jackson, Wyoming that's received such a call. (Sondgeroth 252:12-254:18)  He is not aware of any best practices in the industry that says what you are supposed to do if you receive such a call. He testified that your actions would be governed by "common sense"  and he agrees that you don't need an expert to give a common sense opinion. (Sondgeroth depo. 254:19-255:12)

Mr. Sondgeroth's does not have the necessary qualifications to testify as an expert in the field of plumbing and heating contractors. It is not sufficient to base his opinions on what he would do in a given situation. If an opinion is based on common sense, the jury does not need technical expertise or specialized knowledge to assist it in determining a fact in issue.

**Conclusion**

For the reasons stated above, Mr. Sondgeroth's testimony should be stricken or in the alternative limited to testimony on causation of the exposure, i.e. that a delayed ignition caused the vent pipe to come apart.

**DATED** this 30th day of August, 2016.

        By: */s/ Julie Nye Tiedeken*
            Julie Nye Tiedeken
            Wyoming Bar #5-1949
            McKellar, Tiedeken & Scoggin, LLC
            P.O. Box 748
            Cheyenne, WY  82003-0748
            (307) 637-5575
            jtiedeken@mtslegal.net

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of August, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz/Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 8800
creeves@waltzreeves.com
dwaltz@waltzreeves.com

Cameron S. Walker
Judith A. Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
cam@schwartzbon.com
jstuder@schwartzbon.com

Joseph P. McGill
Jennifer A. Cupples
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
JMcGill@fbmjlaw.com
jcupples@fbmjlaw.com

                                          By:  */s/ Julie Nye Tiedeken*
                                              McKellar, Tiedeken & Scoggin, LLC