Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY 82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.

Plaintiffs,

v. Case No. 15-cv-128-F

GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation

Defendants.

**MOTION TO STRIKE TRIANGLE TUBE'S PROPOSED SUPPLEMENTAL EXPERT TESTIMONY OF MR. CAGGIANO**

Wyoming Mechanical Company, Inc. moves to strike the proposed supplemental expert testimony of Mr. Caggiano because Plaintiffs did not comply with the Court's Revised Order On Initial Pretrial Conference and Fed.R.Civ. P. 26(a)(2). Counsel for Wyoming Mechanical

certifies pursuant to Rule 7.1 (b)(1)(A) that prior to filing this Motion she orally conferred by telephone with Counsel for Triangle Tube and made a reasonable effort to resolve the dispute.

**The Court's Order on Expert Designations**

The Court's Revised Order on Initial Pretrial Conference provides that "In accordance with Fed. R.Civ. P. 26 (a)(2), Defendant shall designate expert witnesses and provide Plaintiff with a complete summary of the testimony of each expert by June 1, 2016. **These summaries SHALL include a comprehensive statement of the expert's opinions and the basis for the opinions**. See *Smith v Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). (Emphasis Supplied) Fed. R. Civ. P. (a)(2)(B) provides as follows:

> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) **a complete statement of all opinions the witness will express and the basis and reasons for them;**
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (Emphasis Supplied)

**Mr. Caggiano's June 1, 2016 report, deposition testimony and August 22, 2016 Supplemental Report**

Plaintiffs listed Mr. Caggiano to testify as an expert engineer and filed his report on June 1, 2016. Mr. Caggiano's June 1, 2016 report contained numerous opinions about Wyoming Mechanical's installation of the boiler in the Buckingham residence. Wyoming Mechanical filed a rebuttal report of its expert, Mr. Passamaneck, on June 29, 2016 to rebut the opinions of Caggiano and other experts. Mr. Caggiano's deposition was taken on July 20, 2015 which was after the deadline for filing rebuttal reports. During his deposition on July 20, 2015, Mr. Caggiano testified that he had a new opinion which was not contained in his June 1, 2016 report, i.e. that Wyoming Mechanical had installed improper clamps on the Buckingham's vent system. He testified that in his opinion the approved clamps contained within the Triangle Tube vent supplement had not been used. (Caggiano dep. 79:18-80:6). Mr. Caggiano admits that he had a copy of the Triangle Tube vent supplement prior to the time he issued his June 1, 2016 report. (Caggiano dep. 80:8-24; 126:14-126:16 ) He admittedly didn't look at the clamp systems in the Triangle Tube vent supplement prior to issuing his report. (Caggiano dep. 127:2-50) Mr. Caggiano testified during his July 20, 2015 deposition that he had not performed any testing of the vent pipes during a delayed ignition nor had he done any testing to try and recreate the forces that would have been present at the Buckingham home. (Caggiano dep127:16-128:8) Mr. Caggiano also testified during his deposition that he was not aware if the Triangle Tube clamps specified in the Triangle Tube vent supplement had been subjected to more than 100 pounds on a pull test. (Caggiano dep 131:8-19) Mr. Caggiano was present in the Buckingham's home during the site inspection on February 9, 2016 and was given the opportunity to perform any testing he

wanted to perform at that time (Caggiano depo. 109:6-20) He was also present during each of the two days , on November 27, 2105, April 18, 2016, when laboratory testing was performed by the experts prior to the filing of his June 1, 2016 expert report (DOC 114-2 page 3).   He was present when the pull testing was performed on the connector rings which were installed in the Buckingham residence, on April 28, 2016, which was over a month before his June 1, 2016 report was filed.   Mr. Caggiano testified in his deposition that the pull testing performed was adequate and sufficed for our purposes. (Caggiano dep. 133:7- 134:23)

     Mr. Skaggs, the expert retained by DuraVent to give opinions on whether Wyoming Mechanical followed the directions in the Triangle Tube and DuraVent manuals gave his deposition on July 22, 2016.  He reviewed the Triangle Tube manual and DuraVent manual prior to submitting his June 1, 2016 report.  His June 1, 2016 report detailed his opinions with regard to the problems he found with Wyoming Mechanical's installation of the vent system.  Like Mr. Caggiano, he did not give an opinion in his June 1, 2016 report that Wyoming Mechanical had not used the correct connector rings or locking band clamps in its installation of the vent system. (Skaggs dep 79:14-81:10)   In fact, none of the experts had raised such an issue in their June 1, 2016 expert designations and it was not addressed in Wyoming Mechanical's rebuttal expert designation.  Additionally, it was not raised as an issue during the multiple days of testing of the boiler and vent system.

     On August 22, 2016, Triangle Tube filed a "Supplemental" Expert Witness Designation for Mr. Caggiano which contains an August 22, 2016 report.  The date of the report is nearly four months after pull testing was performed on the connector rings used on the Buckingham's system,  approximately three months after the deadline for filing his expert report and  a month after his deposition was taken by Wyoming Mechanical to prepare its defense for trial.    It

contains a section entitled "Approved Locking Band and Concentric Vent" which not only gives his opinion that Wyoming Mechanical used the incorrect connector rings/locking bands which was not contained in his June 1, 2016 expert report, it contains results from delayed ignition testing and pull testing which were apparently performed after his deposition was taken during which he admitted that he had performed no such testing.  He also states "I am also attempting to record pressure readings in the vent pipe from the delayed ignitions.  This testing is not complete at this time."

**Argument 1. The Plaintiff's expert designation does not comply with Fed. R.Civ. Pro. 26(a)(2)(B) and should be stricken.**

Fed. R.Civ. Pro. 37 (c ) (1)  provides as follows:

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

There is no justification for the failure of Mr. Caggiano to provide his opinions with regard to whether Wyoming Mechanical installed the appropriate locking bands on the vent system in his June 1, 2016 report if Triangle Tube intended to rely upon that opinions at trial.  The document on which Mr. Caggiano ultimately relies on giving his opinion that the wrong locking

bands were installed was disclosed by Triangle Tube in its February of 2016 Initial Disclosures and was admittedly provided to Mr. Caggiano before he submitted his June 1, 2016 report. Likewise, there is no justification for the failure to perform testing on the locking bands and provide the results of the same by June 1, 2016 if Triangle Tube intended to rely upon such testing at trial.  Testing on the locking bands which were installed on the system was accomplished in April of 2016.  Testing on any other bands could have been performed at that time or any other time prior to June 1, 2016.  The failure of Triangle Tube to comply with Rule 26 (a)(2)(B)(i)-(vi) in the time required by the Court's Order is  far from harmless.  The discovery cut off in this case was July 31, 2016 which was set in the Court's May 18, 2016 Order and the dispositive motion deadline is September 1, 2016.  Mr. Caggiano's late opinions and supplemental report on recent testing comes after Wyoming Mechanical has expended an incredible amount of time and money in this case to prepare its defense for trial which has included taking 34 fact and expert depositions which required travel to Jackson, Denver and California on multiple occasions.  In addition, the experts for all parties have conducted three different all day laboratory testing of the boiler, vent system for the boiler, connector rings for the boiler and other related parts which were observed by all counsel. Additionally, Wyoming Mechanical participated in two site inspections at the Buckingham residence outside Jackson, Wyoming.    Mr.  Caggiano's deposition was held in Denver and Wyoming Mechanical shared in the cost of his travel from New Jersey to Colorado to give his deposition.  Wyoming Mechanical has made strategic decisions with regard to its own expert witness designations and defense of the case based on Triangle Tube's and other parties expert witness designations, the laboratory testing and site inspections.  To advance a new theory with regard to the fault of Wyoming Mechanical at this late date is extremely prejudicial to its defense.

Counsel for Wyoming Mechanical was unable to depose Mr. Caggiano about his testing results during his deposition because it had not yet been conducted. Counsel attempted to question Mr. Caggiano during his deposition about the new opinion he disclosed during the deposition but was at an obvious severe disadvantage because Wyoming Mechanical's own expert was not privy to the opinion prior to the deposition and no questioning on that issue had been prepared in advance. As a result, counsel was forced to propound questions on the spur of the moment during the deposition.

The court considered an analogous situation in *MMG Ins. Co. v. Samsung Elecs. Am., Inc.*, 293 F.R.D. 58, 61 (2013), in which the Defendants moved to preclude the Plaintiff's expert from testifying about recent testing he performed after his expert report was submitted and after he had given a deposition. The Plaintiff argued that the omission of the testing in the experts report was harmless because he mentioned testing in his deposition. The court noted that generally Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them later with deposition testimony, "or the function of expert reports would be completely undermined". The reason for providing expert reports before a deposition is so that the opposing party can use the report to examine the expert at the deposition. *MMG Ins. Co. v. Samsung Elecs. Am., Inc*. 293 F.R.D. 58, 61 (2013) citing *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008); *Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1413 (11th Cir. 2011).

One of the key factors considered by the court in determining that the expert should be precluded from testifying about his testing at trial was the fact that, at a minimum, it prevented the defendants from effectively questioning the expert during his deposition.

In *Ciomber v Coop. Plus, Inc.* supra., the Plaintiff argued that an expert witness's deficient report was harmless because the expert witness gave deposition testimony about his opinions. The Court rejected the argument stating:

> Moreover, Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel-before the deposition-as to what the expert witness will testify, see *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir.2000) ; *Salgado v. General Motors Corp*., 150 F.3d 735, 741 n. 6 (7th Cir.1998) , and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony. Allowing parties to cure a deficient report with later depositions would further undermine a primary goal of Rule 26(a)(2) : "to shorten or decrease the need for expert depositions." *Salgado*, 150 F.3d at 741 n. 6. After all, the parties' need for expert depositions would increase if they could use deposition testimony to provide information they should have initially included in their Rule 26(a)(2) report. See id. Ciomber's assertion that Mniszewski's deposition testimony cured his deficient report is therefore meritless.

In *Wilkins v Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014) citing *Saudi v. Northrop Grumman Corp*., 427 F.3d 271, 278-79 (4th Cir. 2005) (quoting *S. States Rack & Fixture, Inc. v. Sherwin--Williams Co*., 318 F.3d 592, 595 (4th Cir. 2003)) the Court described the importance of Rule 26 disclosures as follows:

> Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, "we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).

The following factors should guide a district court discretion to determine whether expert testimony should be precluded as a sanction: (1) the prejudice or surprise to the party against

whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v Principal Mutual Life Insurance Company*, 170 F.3d 985, 992 (10 th Cir. 1999); *Smith v. Ford Motor Co*., 626 F.2d 784, 797 (10th Cir.1980).

The unfair prejudice and surprise of Mr. Caggiano's opinion on the clamps and his reort of testing performed after his deposition is clear. At this late date, there is no way for Wyoming Mechanical to cure the prejudice due to the extensive discovery and testing which has already occurred. There is no bad faith or willfulness on Wyoming Mechanical's part in bringing this motion.

**Conclusion**

For the reasons set forth herein, Mr. Caggiano's supplemental report including his opinions and testing with regard to the locking bands should be stricken.

**DATED** this 30th day of August, 2016.

By: */s/ Julie Nye Tiedeken*

Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC
P.O. Box 748
Cheyenne, WY 82003-0748
(307) 637-5575
jtiedeken@mtslegal.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz/Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 8800
creeves@waltzreeves.com
dwaltz@waltzreeves.com

Cameron S. Walker
Judith A. Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
cam@schwartzbon.com
jstuder@schwartzbon.com

Joseph P. McGill
Jennifer A. Cupples
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
JMcGill@fbmjlaw.com
jcupples@fbmjlaw.com

By: *_/s/ Julie Nye Tiedeken_*
McKellar, Tiedeken & Scoggin, LLC