Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death. | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PROPOSED ORDER GRANTING WYOMING MECHANICAL'S MOTION TO STRIKE THE PROPOSED SUPPLEMENTAL EXPERT TESTIMONY OF MR. CAGGIANO**

Wyoming Mechanical's Motion to Strike the Supplemental Expert Testimony of Mr. Caggiano having come before the Court and the Court having considered the same and being fully advised in the premises;

THE COURT FINDS AS FOLLOWS:

1. Mr. Caggiano's June 1, 2016 Expert Witness designation did not contain the opinions he expressed during his July 22, 2016 deposition and in his August 22, 2016 report nor did it contain the results of recent testing performed by Mr. Caggiano.

2. The Court's Revised Order on Initial Pretrial Conference provided that "In accordance with Fed. R.Civ. P. 26 (a)(2), Defendant shall designate expert witnesses and provide Plaintiff with a complete summary of the testimony of each expert by June 1, 2016.

3. Mr. Caggiano's supplemental opinions are based on language in the Triangle Tube Vent Supplement which he had reviewed prior to June 1, 2016.

4. There is no justification for the failure of Mr. Caggiano to provide his opinions with regard to whether Wyoming Mechanical installed the appropriate locking bands on the vent system in his June 1, 2016 report if Triangle Tube intended to rely upon those opinions at trial.

5. There is no justification for the failure of Mr. Caggiano to provide his opinions with regard to testing of alternate locking bands on the vent system in his June 1, 2016 report if Triangle Tube intended to rely upon those opinions at trial.

6. Wyoming Mechanical would suffer unfair prejudice and surprise if Mr. Caggiano's opinion on the clamps and his report of testing performed after his deposition is admitted into evidence.

7. At this late date, there is no way for Wyoming Mechanical to cure the prejudice due to the extensive discovery and testing which has already occurred.

8. There is no bad faith or willfulness on Wyoming Mechanical's part in bringing this motion.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Mr. Caggiano's proposed supplemental opinions and testimony with regard to whether Wyoming Mechanical installed the appropriate locking bands on the vent system and supplemental opinions on testing performed by him after his deposition had been taken are hereby stricken.

**DATED** this _____day of_____, 2016.

_____
Kelly H. Rankin
U.S. Magistrate Judge