Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>   Plaintiffs,<br><br> v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation<br><br>   Defendants. | Case No. 15-cv-128-F |

**PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT TO WYOMING MECHANICAL'S MOTION FOR SUMMARY JUDGMENT ON BUCKINGHAM'S CROSS CLAIM**

  **COMES NOW** Wyoming Mechanical Company, Inc., by and through its attorney, Julie

Nye Tiedeken, McKellar, Tiedeken, & Scoggin, LLC and submits the following Proposed

Findings of Fact and Conclusions of Law in support of its Motion for Summary Judgment on the Buckingham's Cross Claim.

**PROPOSED FINDINGS OF FACT**

1.      Greg Buckingham called Steve Gieck and told him that he wanted to replace his current boiler and asked him how much it would cost. Steve Gieck worked up a rough estimate of the cost for Mr. Buckingham. The written estimate was not provided to Mr. Buckingham. There was no written proposal for installation of the boiler which was installed in November of 2014.

2.      After the boiler was installed, Wyoming Mechanical sent a bill to the Buckinghams which was paid.

3.      There is a warranty on the boiler from the manufacturer of the boiler, Triangle Tube.

4.      The Plaintiffs' claims against the Buckinghams are based on allegations that the Buckinghams, themselves, and their employee, were negligent and a cause of Monica Herrera's death.

**PROPOSED CONCLUSIONS OF LAW**

1.      The Wyoming legislature amended Wyoming's comparative fault statute in 1994 to its present form which includes a definition of fault which requires the comparison of the fault of actors who are strictly liable in tort and actors who are liable on a theory of breach of warranty along with actors who are allegedly negligent. The current statute contains the following definition of fault:

> "Fault" includes acts or omissions, determined to be a proximate cause of death or injury to person or property that are in any measure negligent, or that subject an actor to strict tort or strict products liability, and includes breach of warranty, assumption of risk and misuse or alteration of a product.

2. The Restatement of Torts (Second) § 886B was replaced by the Restatement of Torts (Third): Apportionment of Liability § 22 in 2000 and provides as follows:

> § 22. Indemnity
>
> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:
>
> (1) the indemnitor has agreed by contract to indemnify the indemnitee, or
>
> (2) the indemnitee
>
> (i) was not liable except vicariously for the tort of the indemnitor, or
>
> (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.
>
> (b) A person who is otherwise entitled to recover indemnity pursuant to contract may do so even if the party against whom indemnity is sought would not be liable to the plaintiff.

3. None of these enumerated circumstances in §22 apply to the relationship between the Buckinghams and Wyoming Mechanical.

4. The Buckinghams have not alleged that they have extinguished Wyoming Mechanical's liability to Plaintiffs or that they intend to pay any Judgment which may be entered against Wyoming Mechanical.

5. The general weight and clear trend of authority supports a conclusion that the Wyoming Supreme Court would adopt The Restatement (Third) of Torts: Apportionment of Liability §22 requirements for equitable indemnity

claims. Wyoming Mechanical's Motion for Summary Judgment on the Buckingham's Cross Claim should be granted.

**DATED** this 30th day of August, 2016.

By: */s/ Julie Nye Tiedeken*
Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC
P.O. Box 748
Cheyenne, WY  82003-0748
(307) 637-5575
jtiedeken@mtslegal.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz/Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 8800
creeves@waltzreeves.com
dwaltz@waltzreeves.com

Cameron S. Walker
Judith A. Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
cam@schwartzbon.com
jstuder@schwartzbon.com

Joseph P. McGill
Jennifer A. Cupples
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
JMcGill@fbmjlaw.com
jcupples@fbmjlaw.com

                                                 By:   */s/ Julie Nye Tiedeken*
                                                 McKellar, Tiedeken & Scoggin, LLC