Christopher R. Reeves-Wyoming Bar No. 7-5386
Richard A. Waltz, *Pro Hac Vice*
Waltz/Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 80264
(303) 830-8800

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Francisco L. Herrera, and Joanna Herrera, Co-Wrongful Death Representatives, for exclusive benefit of the beneficiaries of Monica Herrera, deceased.<br>     Plaintiff(s),<br><br>vs.<br><br>Gregory Buckingham and Deborah Buckingham, but in their individual capacities as Trustees of the Buckingham Family Trust; and Gregory Buckingham and Deborah Buckingham, as individual defendants; and Wyoming Mechanical, Inc., a Wyoming Corporation; Triangle Tube/Phase III Co. Inc., a New Jersey Corporation; and M&G DuraVent, Inc., a New York Corporation<br>     Defendant(s). | )<br>)<br>)<br>)<br>) Civil Action No. 15-CV-128-NDF.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## M&G DURAVENT, INC.'S DEFENDANT M&G DURAVENT, INC.'S MOTION FOR DECLARATORY JUDGMENT / MOTION TO DISMISS CROSS-CLAIM

COMES NOW the Defendant, M&G Duravent, Inc. ("DuraVent"), by and through its attorneys, The Waltz Law Firm, and hereby submits its **Motion For Declaratory Judgment / Motion To Dismiss WY Mechanical, Inc.'s ("WYMech") Cross-Claim** and states as follows:

1

> **Local Rule 7.1 CERTIFICATION:**
>
> Pursuant to L.R. 7.1 undersigned counsel certifies that he has consulted with WY Mechanical's counsel regarding the request made herein. WY Mechanical's counsel opposes the relief requested herein.

## BACKGROUND

This litigation arises out of the death of Monica Herrera after apparent carbon-monoxide (CO) poisoning while cleaning the Buckingham estate in Grand Teton National Park, on or about January 30, 2015. *See*, *Plaintiffs' Second Amended Complaint*, at p.2 [Doc. #44]. Plaintiffs, in part, claim strict products liability against WYMech and DuraVent. *Id.* at ¶¶ 76-84, pp.16-17. In response, WYMech has cross-claimed against DuraVent for common-law indemnity for any judgment found against it for strict products liability. *See, WYMech's Answer and Cross-Claim*, at pp.9-10 [Doc. #46]. WYMech's cross-claim for common-law indemnity is legally unsupported and is ripe for dismissal as a matter of law. The cross-claim should otherwise be dismissed because WYMech lacks "clean hands" sufficient to seek equity.

## ARGUMENT AND CITATION TO AUTHORITY

**A.   A CLAIM FOR COMMON-LAW INDEMNITY CANNOT BE MAINTAINED IN THIS LITIGATION.**

The relief sought by WYMech is not available under Wyoming law. WYMech claims that because Plaintiffs maintain a strict liability claim against WyMech for the condition of the DuraVent vent pipe, it is at risk of paying for the acts or omissions of DuraVent. *See, WYMech's*

*Answer to Plaintiffs' 2nd Amend. Complaint and Cross-claim*, at ¶¶ 6-9, p. 10 [Doc. #46]. Were WYMech alone in this litigation, that could be a possibility. If DuraVent were not in this litigation, per Wyoming's common law strict products liability precedent, WYMech could certainly be subject to paying for the acts/omissions of manufacturers. *Ogle v. Caterpillar Tractor Co.,* 716 P.2d 334 (Wyo.1986). Under those circumstances, Wyoming law permits indemnity claims where a party **accepts** liability or is found liable under the theory of strict products liability. *See, Horowitz v. Schneider Nat., Inc*. 992 F.2d 279, 281 (Wyo. 1993).

In *Horowitz*, there was no direct claim by the plaintiffs against the manufacturer. *Horowitz v. Schneider Nat., Inc*. 992 F.2d at 281. Rather, the only claim against the manufacturer was that of the owner/operator of the truck. *Id.* Midway through trial, the owner/operator settled all claims and assumed liability under the plaintiffs' strict products liability claim. Relying on the Restatement (Second) of Torts § 886B(2)(d), (e) (1979), the Wyoming Supreme Court upheld the right of a settling party to maintain an indemnity action where it has accepted vicarious liability for a defective product. *Id.* at 282. Yet, WYMech has not accepted fault or paid damages on the fault of DuraVent.

Moreover, DuraVent is a party to this litigation. Under Wyoming's comparative fault statute, even in a strict products liability suit, the jury must apportion fault between all potential parties. WYO.STAT. §1-1-109. Similarly, the Wyoming Supreme Court has made clear that common-law indemnity recovery is controlled by the degree-of-fault, i.e. pro-rata share, for the damages incurred.

> As noted by the court,
>
> Traditionally, indemnity shifted the entire loss the indemnitee sustained to the indemnitor. *Schwartz*, *supra,* at § 16.9. However, Restatement of Torts (Second),

*supra* at § 886B cmt. m recognizes that influential state courts, in the interest of attaining justice, have developed a doctrine of "'partial indemnity,' with the proportion of responsibility of the parties depending upon the relative percentages of fault." We believe sound policy choices and the legislative acceptance of comparative fault in Wyoming argue in favor of modifying the all-or-nothing rule for equitable implied indemnity actions premised on a negligence theory of recovery. The modification we adopt also eliminates the confusing separation of active and passive negligence from the relative fault determination.

*Schneider Nat., Inc. v. Holland Hitch Co.,* 843 P.2d 561, 576-77 (Wyo. 1992). Therefore, to the extent that the jury finds fault on the part of DuraVent, only DuraVent can be found accountable for such fault regardless of the type of claim being made against WYMech. In all, Wyoming law does not support indemnity under the posture and facts of this case and WYMech's cross-claim should be dismissed as a matter of law.

B.   **WYOMING MECHANICAL LACKS CLEAN HANDS**

As discussed more thoroughly in DuraVent's Motion for Spoliation Sanctions [Doc #121], Wyoming Mechanical willfully and in bad faith destroyed evidence relating to the condition of the vent system and boiler. That destruction of evidence has caused DuraVent to be unable to defend itself in this litigation. There is no contract between DuraVent and WYMech. Nonetheless, WYMech seeks indemnity to the extent that Wyoming's strict product's liability claim permits Plaintiffs to collect against it for the acts/negligence of DuraVent. As discussed above, that is a legal impossibility at this time because DuraVent is a named defendant in this litigation. Should DuraVent be dismissed from this action because of this or other motions filed

4

contemporaneously herein, WYMech should still not be able to maintain its indemnity claim against DuraVent.

WYMech's common-law indemnity claims are equitable in nature. *Schneider Nat., Inc. v. Holland Hitch Co.,* 843 P.2d 561, 576 (Wyo. 1992) ("Equitable implied indemnity actions under Restatement of Torts (Second), at § 886B may be premised on negligence, strict liability or breach of warranty"). As such, "[h]e who comes into equity must come with clean hands." See, *Harsha v. Anastos*, 693 P.2d 760, 762 (Wyo. 1985). WYMech's unclean hands demand dismissal of its cross-claim.

## CONCLUSION

Wherefore, Defendant M&G DuraVent asks this Court to dismiss Wyoming Mechanical, Inc.'s cross-claim for indemnity in this action.

Respectfully submitted this 31st day of August, 2016.

                    s/Christopher R. Reeves
                    Christopher R. Reeves, Esq.
                    Waltz/Reeves
                    1660 Lincoln Street, Suite 2510
                    Denver, CO 80264
                    Telephone: 303-830-8800
                    Facsimile: 303-830-8850
                    dwaltz@waltzreeves.com
                    creeves@waltzreeves.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st' day of August, 2016, a true and correct copy of the above Defendant M&G Duravent, Inc.'s Motion for Declaratory Judgment / Motion to Dismiss Cross-Claim was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David G. Lewis, WY Bar. #4-1150
P.O. Box 8519
Jackson, WY 83002
Tel.: (307) 739-8900
Fax: (307) 739-8902
davelewis@bresnan.net
Counsel for Plaintiffs

Katherine L. Mead, WY Bar #5-2432
Mead & Mead
1200 N. Spring Gulch Rd
P.O. Box 1809
Jackson, WY 83001
Tel.: (307) 733-0166
Fax: (307) 733-7590
kate@meadlaw.net
Counsel for Gregory & Deborah
Buckingham; Buckingham Family Trust
Trustee G Buckingham & Trustee D
Buckingham;
Cross Claimants

Julie Nye Tiedeken, - WY Bar #5-1949
Sean W. Scoggin  - WY Bar # 6-3263
McKellar, Tiedeken & Scoggin
702 Randall Avenue
Cheyenne, WY 82001
Tel.: (307) 7637-5575
Fax: (307) 7637-5515
jtiedeken@mtslegal.net
sscoggin@mtslegal.net
Counsel for Wyoming Mechanical, Inc.;
Cross Defendant

Cameron S. Walker, Attorney No. 5-1451
Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Tel: (307) 235-6681
Fax: (307) 234-5099
cam@schwartzbon.com
jstuder@schwartzbon.com
Counsel for Triangle Tube/Phase III, CO.
Defendant

Joseph P. McGill (Pro Hac Vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, Ml 48152
Tel: (734) 742-1825
Fax: (734) 521-2379
jmcgill@fbmjlaw.com
Co-Counsel for Triangle Tube/Phase III,
CO., Inc.
Defendant

s/*Christopher R. Reeves*
Waltz/Reeves

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Francisco L. Herrera, and Joanna Herrera, Co-Wrongful Death Representatives, for exclusive benefit of the beneficiaries of Monica Herrera, deceased.<br>     Plaintiff(s), | )<br>)<br>)<br>)<br>) Civil Action No. 15-CV-128-NDF. |
| vs. | ) |
| Gregory Buckingham and Deborah Buckingham, but in their individual capacities as Trustees of the Buckingham Family Trust; and Gregory Buckingham and Deborah Buckingham, as individual defendants; and Wyoming Mechanical, Inc., a Wyoming Corporation; Triangle Tube/Phase III Co. Inc., a New Jersey Corporation; and M&G DuraVent, Inc., a New York Corporation<br>     Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING M&G DURAVENT, INC.'S MOTION FOR DECLARATORY JUDGEMENT/MOTION TO DISMISS CROSS-CLAIM

THIS MATTER COMING before the Court upon M&G'S Motion For Declaratory Judgement/Motion To Dismiss Cross-Claim and the Court having reviewed the Motion, Responses and Replies, if any, and being otherwise fully advised in the premises, does hereby dismiss Wyoming Mechanical's Cross-Claim for indemnity in this action against M&G DuraVent, Inc.

DATED this _____ day of September, 2016.

                                                BY THE COURT:

                                                _____