Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>           Plaintiffs,<br><br>     v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation<br><br>           Defendants. | Case No. 15-cv-128-F |

**WYOMING MECHANICAL'S OPPOSITION TO M&G DURAVENT INC.'S MOTION FOR DECLARATORY JUDGMENT/MOTION TO DISMISS CROSS CLAIM**

COMES NOW Wyoming Mechanical Company, Inc., by and through its attorney, Julie Nye Tiedeken, McKellar, Tiedeken & Scoggin LLC, and submits the following Memorandum of Law in support of its Opposition to M & G DuraVent's Motion for Declaratory Judgment/ Motion to Dismiss Cross/Claim.

**Pleadings**

Plaintiffs asserted a strict products liability claim against M& G DuraVent (DuraVent) claiming that it manufactured, inspected, distributed and sold unreasonably dangerous PolyPro venting pipe to distributors such as Wyoming Mechanical, and by and through Wyoming Mechanical, to the Defendants Buckingham. The only strict product liability allegation with regard to Wyoming Mechanical is that Wyoming Mechanical was the distributor/seller of the venting pipe. Wyoming Mechanical filed a cross claim for indemnity against DuraVent for any damages asserting that "if it is determined to be vicariously liable to Plaintiffs on a claim of strict liability because it was the down steam seller of the DuraVent vent piping, it is entitled to recover indemnity from DuraVent for any amounts incurred by WM to discharge such liability".

**Discussion**

In 1986, the Wyoming legislature repealed Wyoming's contribution statute, W.S. § 1-1-110, when it adopted comparative negligence principles for recovery against joint tortfeasors.

After the adoption of the 1986 statute, the Wyoming Supreme Court considered in *Schnieder National, Inc. v Holland Hitch Co*., 843 P.2d 561, 574 (Wyo. 1992), whether causes of action for implied indemnity survived the adoption of the comparative fault statute. The indemnity claims being considered by the court in *Schnieder* included claims based on strict liability and breach of express and implied warranties. The court held that the comparative fault statue in effect at that time only applied to actions in which a plaintiff was seeking recovery for "negligence". As a result, the jury would not be assessing percentages of fault for the alleged strict liability and/or breach of warranty claims being asserted against the third party defendant. It was in this context in which the court adopted a partial form of implied equitable indemnity which would allow comparison of the fault between a third party plaintiff who had been found to

be negligent and a third party defendant who was being sued on a claim of implied indemnity for actions based on strict liability and breach of warranty. This was the only way, under the law in effect at that time, that there could be a comparison of the fault of all actors.  The court stated that it was striving for fairness and it came up with a mechanism, through implied equitable indemnity, in which there could be a comparison of fault of all actors. The *Schneider* Court stated that it adopted the views of the Restatement. The Restatement provision in effect at that time was the Restatement of Torts (Second) §886B (1979).

After *Schneider* was decided, and presumably in response to the *Schneider* decision, the Wyoming legislature amended Wyoming's comparative fault statute in 1994 to its present form which includes a definition of fault which requires the comparison of the fault of actors who are strictly liable in tort and actors who are liable on a theory of breach of warranty along with actors who are allegedly negligent. The current statute contains the following definition of fault:

> "Fault" includes acts or omissions, determined to be a proximate cause of death or injury to person or property that are in any measure negligent, or that subject an actor to strict tort or strict products liability, and includes breach of warranty, assumption of risk and misuse or alteration of a product

Additionally, after *Schneider* was decided, the Restatement of Torts (Second) § 886B was replaced by the Restatement of Torts (Third): Apportionment of Liability § 22 which was adopted in 2000 and which provides as follows:

> § 22.  Indemnity
>
> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person

> discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:
>
> (1) the indemnitor has agreed by contract to indemnify the indemnitee, or
>
> (2) the indemnitee
>
> (i) was not liable except vicariously for the tort of the indemnitor, or
>
> (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.
>
> (b) A person who is otherwise entitled to recover indemnity pursuant to contract may do so even if the party against whom indemnity is sought would not be liable to the plaintiff.

Under § 22, the enumerated circumstances under which a person is entitled to indemnity are limited to situations where a person agreed by contract to indemnify and situations where a person has been found vicariously liable for the negligence of another or was not liable except as the seller of a product (by operation of law).  Wyoming Mechanical clearly falls into the category of an entity which would only be liable for a strict products liability claim on a theory of vicarious liability and/or as the seller of a product and as such is clearly entitled to indemnity from the DuraVent. See *Budget Rent-a-Car Systems, Inc. v. Bridgestone*, 2009-NMCA-013, 203 P.3d 154;  *Brunjes v. Lasar Mfg. Co., Inc.*, 40 A.D.3d 567, 568, 835 N.Y.S.2d 385, 386.

The Wyoming Supreme Court has not considered in what circumstances an equitable indemnity claim is still viable after the adoption of the new comparative fault statute and after adoption of the Restatement of Torts (Third): Apportionment of Liability § 22.  The Tenth

Circuit reiterated the procedure for ruling on issues where the law of the state is unsettled in *Cornhusker Casualty Company v Skaj*, 786 F.3d 842, 852 (10th Cir. 2015). The court

> "must . . . attempt to predict how [Wyoming's] highest court would interpret [the issue]." *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 875 (10th Cir. 2013); see *Pehle v. Farm Bureau Life Ins. Co.*, 397 F.3d 897, 901 (10th Cir. 2005) (" Because Wyoming has not directly addressed this issue, this court must make an Erie guess as to how the Wyoming Supreme Court would rule." ). We may " consider all resources available" in doing so, " including decisions of [Wyoming] courts, other state courts and federal courts, in addition to the general weight and trend of authority." *In re Dittmar,* 618 F.3d 1199, 1204 (10th Cir. 2010).

The 10th Circuit Court of Appeals recognized that §886B has been replaced by the Restatement (Third) of Torts: Apportionment of Liability §22 (2000) in *United States Brass Corporation v Dormont Manufacturing Company,* 06-1197 (2007). The Court in *Dormont* also pointed out that in order to recover on an indemnity claim, both §886B and §22 provide that the party seeking indemnity is required to have discharged the liability of the indemnitor in order to recover on a claim of indemnity. The court cited Restatement (Second) of Torts § 886B (1) which provides:

> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses …
>
> And
>
> §22 cmt. b. which provides:

> "[e]xcept when a contract for indemnity provides otherwise . . . an indemnitee must extinguish the liability of the indemnitor to collect indemnity. The indemnitee may do so either y a settlement with the plaintiff that by its terms or by application of law discharges the indemnitor from liability or by satisfaction of judgment that by operation of law discharges the indemnitor from liability."

Also see C *& E Services*, 498 F.Supp. 2d 242 (D.D.C. 2007) at 267 "a prerequisite for a claim for equitable indemnification 'is that the party seeking it (indemnitee) have discharged the liability for the party against whom it is sought' quoting *Dist. Of Columbia v. Washington Hosp. Ctr.*, 722 A. 2d 332, 2 341 (D.C. 1998); *Gray v Leisure Life Industries*, 77 A. 3d 1117, 1121 (N.H. 2013) in which the court stated that "unless otherwise provided by contract, in order to seek indemnit y, " an indemnitee must extinguish the liability of the indemnitor ... either b y a settlement with the plaintiff that by its terms or by application of law discharges the indemnitor from liability or by satisfaction of judgment that by operation of law discharges the indemnitor from liability." citing Restatement (Third) of Torts: Apportionment of Liability § 22 comment b at 272.

DuraVent correctly points out that Wyoming Mechanical has not discharged its liability. However, at this point, it is unknown how this matter will ultimately be resolved. DuraVent argues that if DuraVent is found at fault, only DuraVent can be found accountable for such fault regardless of the type of claim being made against Wyoming Mechanical. This argument ignores the fact that Wyoming Mechanical, as a downstream seller of DuraVent's product, has been sued for strict liability in this action and can be held liable on a claim of strict liability if DuraVent's product is found to be unreasonably dangerous even though Wyoming Mechanical was not involved at all in the manufacture of the product. If, for example, DuraVent were to settle Plaintiff's claim prior to trial but fail to obtain a release of the strict liability claim against

Wyoming Mechanical, Wyoming Mechanical would still be exposed to a claim of strict liability and a potential adverse judgment.  Under such circumstances Wyoming Mechanical would be entitled to indemnity from DuraVent.  It does not make sense and would be contrary to the goal of judicial economy to dismiss its indemnity claim and force Wyoming Mechanical to file a separate action against DuraVent at a later date when the issue can be resolved in the present action.

An additional issue exists with regard to verdict form to be submitted to the jury. Because strict liability is compared under the current comparative fault statute, the jury should not be allowed to assess a percentage of fault for strict liability to both DuraVent and Wyoming Mechanical because it would result in a double recovery for the Plaintiffs.

DuraVent argues that Wyoming Mechanical "lacks clean hands" and as a result is not entitled to indemnity.  Wyoming Mechanical incorporates its Opposition to DuraVent's Motion for Spoiliation Sanctions herein by reference in response to said argument.

**Conclusion**

For the reasons set forth herein, DuraVent's Motion for Declaratory Judgment/Motion to Dismiss Wyoming Mechanical's Cross Claim should be denied.

**DATED** this 12th day of September, 2016.

By: _/s/ Julie Nye Tiedeken_
Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC
P.O. Box 748
Cheyenne, WY  82003-0748
(307) 637-5575
jtiedeken@mtslegal.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 12$^{tht}$ day of September, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz/Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 8800
creeves@waltzreeves.com
dwaltz@waltzreeves.com

Cameron S. Walker
Judith A. Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
cam@schwartzbon.com
jstuder@schwartzbon.com

Joseph P. McGill
Jennifer A. Cupples
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
JMcGill@fbmjlaw.com
jcupples@fbmjlaw.com

                                                By: */s/ Julie Nye Tiedeken*
                                                   McKellar, Tiedeken & Scoggin, LLC