Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1825; Fax:  (734) 521-2379
Email:  jmcgill@fbmjlaw.com;
        jcupples@fbmjlaw.com

Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
(307) 235-6681; Fax (307) 234-5099
Email:  jstuder@schwartzbon.com

*Attorneys for Defendant Triangle Tube*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, Co-Wrongful Death Representatives, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death,<br><br>      Plaintiffs,<br><br>-vs-<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation,<br><br>      Defendants. | Case No.: 2:15-cv-00128-NDF |

**DEFENDANT TRIANGLE TUBE'S LIMITED JOINDER IN DEFENDANT WYOMING MECHANICAL'S MOTION TO STRIKE THE PROPOSED EXPERT TESTIMONY OF MR. SONDGEROTH**

Defendant TRIANGLE TUBE ("Triangle"), by and through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and SCHWARTZ, BON, WALKER & STUDER, LLC, hereby submits its Limited Joinder in Defendant Wyoming Mechanical's Motion to Strike the Proposed Expert Testimony of Mr. Sondgeroth or in the Alternative to Limit his Testimony to an Opinion of What Caused the Exposure [ECF #115] ("Motion").

Triangle concurs in the argument and relief sought by Wyoming Mechanical only to the extent it seeks to strike the testimony of Mr. Sondgeroth for his failure to comply with the requirements established and set forth in *Daubert v Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993); *Bunting v Jamieson*, 984 P.2d 467 (Wyo. 1999); and Wyo. R. Evid. 702.  Triangle further joins in this relief requested because Plaintiffs have not submitted any written report of Mr. Sondgeroth in accordance with Fed. R. Civ. P. 26(a)(2) and thereby also did not comply with this Court's Revised Order of Initial Pretrial Conference [ECF #70].  Mr. Sondgeroth's testimony does not assist the trier of fact in understanding evidence or determining a fact in issue, and Plaintiffs should therefore be precluded from providing any such "common sense" testimony.  Similarly, any such proposed trial testimony and/or late filed expert report of Mr. Sondgeroth should be stricken as unreliable and prejudicial to Triangle.  Triangle therefore joins only in the relief sought in the form as set forth in Wyoming Mechanical's proposed order at [ECF #115-2].

The alternative relief requested by Wyoming Mechanical in their Motion should not be granted for the reason that Wyoming Mechanical itself admits that "Mr. Sondgeroth's opinions lack foundation and are inadmissible under Rule 702, Fed.R.Evid.".  See [ECF #115] at page 7, Argument 2.  Triangle agrees that any opinion that Mr. Sondgeroth may provide relating to "causation of the exposure" would be unsubstantiated and unreliable.

Furthermore, Plaintiffs' Expert Witness Designation [ECF #23] and Plaintiffs' Expert Witnesses (Second) [ECF #76] set forth a general statement of the areas in which Mr. Sondgeroth will testify.  At no point does either Designation state that Mr. Sondgeroth's

testimony will be utilized to "provide an opinion of what caused the exposure" or that "a delayed ignition caused the vent pipe to come apart", or even that Mr. Sondgeroth's opinions may be utilized as a rebuttal to testimony or report of another expert.  Yet, Wyoming Mechanical requests alternative relief in its Motion that Mr. Sondgeroth be permitted to provide causation testimony, while at the same time admitting that Mr. Sondgeroth does *not* have the appropriate qualifications to provide expert testimony.  See [ECF #115], at 8.  Mr. Sondgeroth does not have a basis to provide such opinion testimony as alternatively requested by Wyoming Mechanical, and the testimony of Mr. Sondgeroth should be stricken.

Moreover, Mr. Sondgeroth is not qualified to be an expert and should not be permitted to testify by this Court, as there is no evidence of a causal connection between the detached vent pipe and any alleged delayed ignition or, ultimately, the exposure.  See Triangle Tube's Motion for Summary Judgment as to Plaintiffs' Strict Products Liability Claims Against Triangle Tube [ECF #128] incorporated herein by reference, with its exhibits, as if more fully set forth herein.

Wyoming Mechanical should also not be permitted to request such alternative relief from this Court due to their spoliation of evidence in this matter.  See Triangle Tube's Joinder in Defendant M&G DuraVent, Inc.'s Motion for Sanctions for Spoliation of Evidence [ECF #127]; and Triangle Tube's Motion for Summary Judgment as to Wyoming Mechanical's Cross Claim [ECF #129], Arguments C and D, which are incorporated herein by reference, with its exhibits, as if more fully set forth herein.

WHEREFORE, Triangle respectfully requests, in addition to the relief sought by Wyoming Mechanical, that this Court order the following:

- A. Mr. Sondgeroth's testimony be stricken, including preclusion of his testimony at trial;

- B. The alternative relief of Wyoming Mechanical allowing Mr. Sondgeroth to testify on the "causation of the exposure" be denied; and

- C. Any other such relief this Court deems just and proper.

3

Respectfully submitted,

FOLEY, BARON, METZGER & JUIP, PLLC

Dated:  September 13, 2016

By:   /s/Joseph P. McGill
    Joseph P. McGill (admitted pro hac vice)
    Jennifer A. Cupples (admitted pro hac vice)
38777 Six Mile Road, Suite 300
Livonia, MI 48152
Tel.: (734) 742-1825; Fax: (734) 521-2379

Judith A. W. Studer (5-2174)
Schwartz, Bon, Walker & Studer, LLC
141 S. Center Street, Suite 500
Casper, WY 82601
Tel.: (307) 235-6681; Fax: (307) 234-5099

*Attorneys for Defendant Triangle Tube*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 13, 2016, I served **TRIANGLE TUBE'S LIMITED JOINDER IN DEFENDANT WYOMING MECHANICAL'S MOTION TO STRIKE THE PROPOSED EXPERT TESTIMONY OF MR. SONDGEROTH** upon:

| | |
|---|---|
| David Lewis<br>P. O. Box 8519<br>Jackson, Wyoming 83002<br>davelewis@bresnan.net | Christopher R. Reeves<br>Dick Waltz, Esq.<br>Waltz Law Firm<br>1660 Lincoln Street, Ste. 2510<br>Denver, Colorado 80264<br>creeves@waltzlaw.com<br>DWaltz@WaltzLaw.com |
| Julie Tiedeken<br>Sean W. Scoggin<br>P. O. Box 748<br>Cheyenne, Wyoming 82003<br>jtiedeken@mtslegal.net<br>sscoggin@mtslegal.net | Katherine L. Mead, Esq.<br>P.O. Box 1809<br>Jackson, Wyoming 83001<br>kate@meadlaw.net |

via the Court's ECF system.

                                                      /s/Cheryl E. Ballew
                                                      Cheryl E. Ballew