Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death. | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**WYOMING MECHANICAL'S OPPOSITION TO TRIANGLE TUBE'S MOTION FOR SUMMARY JUDGMENT AS TO WYOMING MECHANICAL'S CROSS CLAIM**

COMES NOW Wyoming Mechanical Company, Inc., by and through its attorney, Julie

Nye Tiedeken, McKellar, Tiedeken & Scoggin LLC, and submits the following Memorandum of

Law in support of its Opposition to Triangle Tube's Motion for Summary Judgment as to

Wyoming Mechanical's Cross Claim.

**Pleadings**

Plaintiffs asserted a strict products liability claim against Triangle Tube (TT) claiming that it manufactured, inspected, distributed and sold a defective boiler to distributors such as Wyoming Mechanical, and by and through Wyoming Mechanical, to the Defendants, Buckingham.  The only strict products liability allegation against Wyoming Mechanical with regard to the Triangle Tube boiler is the fact that Wyoming Mechanical was the down stream distributor/seller of the boiler.  Wyoming Mechanical filed a cross claim for indemnity against Triangle Tube for indemnity  asserting that "if it is determined to be vicariously liable to Plaintiffs on a claim of strict liability because it was the down steam seller of the boiler, it is entitled to recover indemnity from Triangle Tube  for any amounts incurred by WM to discharge such liability".

**Discussion**

In 1986, the Wyoming legislature repealed Wyoming's contribution statute, W.S. § 1-1-110, when it adopted comparative negligence principles for recovery against joint tortfeasors.

After the adoption of the 1986 statute, the Wyoming Supreme Court considered in *Schnieder National, Inc. v Holland Hitch Co*., 843 P.2d 561, 574 (Wyo. 1992), whether causes of action for implied indemnity survived the adoption of the comparative fault statute.  The indemnity claims being considered by the court in *Schnieder* included claims based on strict liability and breach of express and implied warranties.  The court held that the comparative fault statue in effect at that time only applied to actions in which a plaintiff was seeking recovery for "negligence".  As a result, the jury would not be assessing percentages of fault for the alleged strict liability and/or breach of warranty claims being asserted against the third party defendant. It was in this context in which the court adopted a partial form of implied equitable indemnity

which would allow comparison of the fault between a third party plaintiff who had been found to be negligent and a third party defendant who was being sued on a claim of implied indemnity for actions based on strict liability and breach of warranty. This was the only way, under the law in effect at that time, that there could be a comparison of the fault of all actors.  The court stated that it was striving for fairness and it came up with a mechanism, through implied equitable indemnity, in which there could be a comparison of fault of all actors. The *Schneider* Court stated that it adopted the views of the Restatement. The Restatement provision in effect at that time was the Restatement of Torts (Second) §886B (1979).

After *Schneider* was decided, and presumably in response to the *Schneider* decision, the Wyoming legislature amended Wyoming's comparative fault statute in 1994 to its present form which includes a definition of fault which requires the comparison of the fault of actors who are strictly liable in tort and actors who are liable on a theory of breach of warranty along with actors who are allegedly negligent. The current statute contains the following definition of fault:

> "Fault" includes acts or omissions, determined to be a proximate cause of death or injury to person or property that are in any measure negligent, or that subject an actor to strict tort or strict products liability, and includes breach of warranty, assumption of risk and misuse or alteration of a product

Additionally, after *Schneider* was decided, the Restatement of Torts (Second) § 886B was replaced by the Restatement of Torts (Third): Apportionment of Liability § 22 which was adopted in 2000 and which provides as follows:

> § 22.  Indemnity
>
> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:

> (1) the indemnitor has agreed by contract to indemnify the indemnitee, or
> (2) the indemnitee
> (i) was not liable except vicariously for the tort of the indemnitor, or
> (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.
>
> (b) A person who is otherwise entitled to recover indemnity pursuant to contract may do so even if the party against whom indemnity is sought would not be liable to the plaintiff.

Under § 22, the enumerated circumstances under which a person is entitled to indemnity are limited to situations where a person agreed by contract to indemnify and situations where a person has been found vicariously liable for the negligence of another or was not liable except as the seller of a product (by operation of law).  Wyoming Mechanical clearly falls into the category of an entity which would only be liable for a strict products liability claim for product defects in Triangle Tube's boiler on a theory of vicarious liability and/or as the seller of a product. The Court in *Hanover Limited v Cessna Aircraft Company*, 758 P.2d 443 (Utah App. 1988), articulated the reasoning for such allowing a seller of a product to seek indemnity from the manufacturer:

> Although the Utah Supreme Court has not directly addressed the issue, courts from other jurisdictions have uniformly held that in products liability litigation passive suppliers, distributors, and retailers may be entitled to indemnification from the manufacturer of a defective product for any judgment they are required to pay a purchaser. See, e.g., *Good v. A.B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217, 227 (1977); *Peterson v. Lou Bachrodt Chevrolet Co.*, 61 Ill.2d 17, 329 N.E.2d 785, 786-87 (1975); *Kroger Co. v. Bowman*, 411 S.W.2d 339, 342-43 (Ky.1967); *Smith Radio Communications, Inc. v. Challenger Equip.*, Ltd., 270 Or. 322, 527 P.2d 711, 713 (1974). "The major purpose of strict liability is to place the loss caused by a defective product on those who create the risk and reap the profit by placing a defective product in the stream of commerce...." *Liberty Mut. Ins. Co. v. Williams Machine & Tool Co.*, 62 Ill.2d 77, 338 N.E.2d 857, 860 (1975). The courts

> have implemented this purpose by allowing wholesalers, retailers, sellers, and users of a product to seek indemnity. This right of implied indemnification is accorded to a retailer against the manufacturer of an alleged defective product regardless of whether the seller is found liable to the purchaser under a strict liability theory in tort or that of breach of warranty. *Hill*, 268 S.E. 2d at 300.

The Wyoming Supreme Court recognized the right of a down stream seller to indemnity in *Schneider* at 581:

> Indemnity, under strict liability, permits an allocation of the risk of loss among the parties constituting the chain of distribution to the party best able to control loss and distribute it. *Promaulayko v. Johns Manville Sales Corp.*, 116 N.J. 505, 562 A.2d 202, 204-05 (1989). As the head of the product distribution chain, the manufacturer is the party most likely to indemnify as it is best able to "bear the cost of defective products and distribute that cost most equitably throughout society." *Koehring Mfg. Co.*, 763 P.2d at 503. Typically, a retailer or a seller of a defective product who has paid a judgment seeks indemnity from a distributor or manufacturer, a person higher up the distribution chain. See, e.g., *Texaco, Inc. v. McGrew Lumber Co.*, 117 Ill.App.2d 351, 254 N.E.2d 584, 588 (1969) (affirming seller's right to indemnity from distributor) and Debra T. Landis, Annotation, *Products Liability: Seller's Right To Indemnity From Manufacturer*, 79 A.L.R.4th 278 (1990) (collecting cases).

The 10th Circuit Court of Appeals recognized that §886B has been replaced by the Restatement (Third) of Torts: Apportionment of Liability §22 (2000) in *United States Brass Corporation v Dormont Manufacturing Company,* 06-1197 (2007). While §22 eliminated the provisions of §886b which would have allowed indemnity between negligent parties under a theory of passive/active negligence (which is discussed in detail in Wyoming Mechanical's Memorandum of Law in Support of its Motion for Summary Judgment on the Buckingham's Crossclaim), it still provided that an entity which is found vicariously liable for the negligence of

another, or an entity was not liable except as the seller of a product, is entitled to equitable indemnity.

The Court in *Dormont* also pointed out that in order to recover on an indemnity claim, both §886B and §22 provide that the party seeking indemnity is required to have discharged the liability of the indemnitor in order to recover on a claim of indemnity.

"An indemnitee may, however, assert a *claim* for indemnity and obtain a contingent judgment in an action where the indemnitee is sued by the plaintiff as permitted by procedural rules, even though liability of the indemnitor has not yet been discharged."  Comment b to Restatement (Third) of Torts: *Apportionment of Liability*.

Triangle Tube argues that "each defendant in strict liability pays their share of the liability" citing to *Pinnacle Bank v Villa*, 100 P.3d 1287 (Wyo. 2004).  In the *Pinnacle Bank* case, the Wyoming Supreme Court held that the fault of non parties, who were immune from suit, should be compared under Wyoming's comparative fault statute.  It did not address comparison of strict liability claims.  Triangle Tube has not alleged that Wyoming Mechanical had any part in the design and manufacture of its product nor has it alleged that Wyoming Mechanical was aware of any defect in the boiler. The reason that Wyoming Mechanical is entitled to indemnity from Triangle Tube is because it did not have any part in the design and manufacture of the boiler nor was it aware that the boiler had any defect.  Wyoming Mechanical's alleged liability on a strict liability is based only on the fact that it was the down stream seller of Triangle Tube's allegedly defective product. As a result, there is no share of strict liability to compare.  Wyoming Mechanical recognizes that Plaintiff has also brought claims against it for negligence and that its alleged negligence will be compared to Triangle Tube's alleged strict products liability.  If the jury were allowed to assess a percentage of fault

for strict liability against both Triangle Tube and Wyoming Mechanical, it would result in a double recovery for the Plaintiff on its strict liability claim.

Triangle Tube correctly points out that Wyoming Mechanical has not discharged its liability. However, at this point, it is unknown how this matter will ultimately be resolved. If, for example, Triangle Tube were to settle Plaintiff's claim prior to trial but fail to obtain a release of the strict liability claim against Wyoming Mechanical, Wyoming Mechanical would still be exposed to a claim of strict liability and a potential adverse judgment. Under such circumstances Wyoming Mechanical would be entitled to indemnity from Triangle Tube. It does not make sense and would be contrary to the goal of judicial economy to dismiss its indemnity claim and force Wyoming Mechanical to file a separate action against Triangle Tube at a later date when the issue can be resolved in the present action. The comments to the Restatement §22 contemplate that an indemnity claim can be brought against the manufacturer in a case where both the manufacturer and down stream seller have been sued in the same action.

Triangle Tube argues that Wyoming Mechanical "lacks clean hands" and as a result is not entitled to indemnity. Wyoming Mechanical incorporates its Opposition to Triangle Tube's Joinder in DuraVent's Motion for Spoiliation Sanctions herein by reference in response to said argument. There is absolutely no evidence that Wyoming Mechanical has "unclean hands" or that it engaged in intentional spoliation of evidence.

Triangle Tube argues that misuse of a product is a defense in a product liability action but does not cite any authority for the proposition that misuse would be a defense to an indemnity cause of action. Wyoming Mechanical denies that any alleged problems with installation of the Triangle Tube boiler was a cause of the carbon monoxide exposure and Mrs. Herrera's death. The expert engineers for the Plaintiff, the Buckinghams and Wyoming Mechanical all have all

given their opinions that any deficiencies with Wyoming Mechanical's installation were not the cause of the carbon monoxide exposure and Mrs. Herrera's death.   (Cuzzillo 7/21/16 depo. 247:19-22; Freeman depo. 57:23-58:3; Passamaneck depo. 58:5-9)   If such a defense is relevant with regard to whether Triangle Tube can be held liable on an indemnity claim, there are material questions of fact as to whether alleged "misuse" of the product was a proximate cause of the exposure and death.

**Conclusion**

For the reasons set forth herein, Triangle Tube's Motion for Summary Judgment on Triangle Tube's Cross Claim should be denied.

**DATED** this 15th day of September, 2016.

By:  /s/ Julie Nye Tiedeken
Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC
P.O. Box 748
Cheyenne, WY  82003-0748
(307) 637-5575
jtiedeken@mtslegal.net

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 15th day of September, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz/Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 8800
creeves@waltzreeves.com
dwaltz@waltzreeves.com

Cameron S. Walker
Judith A. Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
cam@schwartzbon.com
jstuder@schwartzbon.com

Joseph P. McGill
Jennifer A. Cupples
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
JMcGill@fbmjlaw.com
jcupples@fbmjlaw.com

                By: _/s/ Julie Nye Tiedeken_
                  McKellar, Tiedeken & Scoggin, LLC