Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1825; Fax:  (734) 521-2379
Email:  jmcgill@fbmjlaw.com;
        jcupples@fbmjlaw.com

Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
(307) 235-6681; Fax (307) 234-5099
Email:  jstuder@schwartzbon.com

*Attorneys for Defendant Triangle Tube*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, Co-Wrongful Death Representatives, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death, <br><br>　　Plaintiffs, <br><br>-vs- <br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation, <br><br>　　Defendants. | Case No.: 2:15-cv-00128-NDF |

**TRIANGLE TUBE'S RESPONSE TO WYOMING MECHANICAL'S MOTION TO STRIKE PROPOSED EXPERT TESTIMONY OF DR. BUC AND MR. BARNEY**

1

Defendant TRIANGLE TUBE ("Triangle"), by and through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and SCHWARTZ, BON, WALKER & STUDER, LLC, and respectfully submits this Response to Wyoming Mechanical's Motion to Strike Proposed Testimony of Triangle Tube Expert Witnesses Dr. Buc and Mr. Barney, as follows:

### Triangle's Expert Witness Designation

In accordance with this Court's Revised Order of Initial Pretrial Conference [ECF #70] (the "Scheduling Order"), Triangle timely filed its Expert Witness Designation [ECF #89] on June 1, 2016, setting forth the general information set forth in Fed. R. Civ. P. 26(a)(2)(B), for Dr. Buc and Mr. Barney; i.e. a summary of testimony, facts and data considered, exhibits used to summarize or support, qualifications (including list of publications, if applicable), other cases (if applicable) and a statement of the compensation to be paid. See [ECF #89], including Exhibit B thereto. However, Triangle does acknowledge that no formal written and signed report was prepared at that time by Dr. Buc or Mr. Barney, but this fact is justified and is harmless as set forth in more detail below. Wyoming Mechanical is blatantly incorrect that Triangle did not designate Dr. Buc and Mr. Barney prior to its Supplemental Disclosures. See Wyoming Mechanical's representations at [ECF #118] at page 3. See also Triangle's Expert Witness Designations, [ECF #89].

Wyoming Mechanical's recitation of the timing as it relates to the Scheduling Order, various depositions and discovery is wholly unnecessary. In fact, Triangle has expended significantly more time and effort than Wyoming Mechanical in the discovery phase of this case due to the fact that Triangle was added *months* after Wyoming Mechanical.[1] As this Court is aware, the initial Complaint in this matter, naming Wyoming Mechanical as a Defendant, was filed August 5, 2015. The Second Amended Complaint naming Triangle was filed on January 15, 2016. As a result Wyoming Mechanical has had a more than 5 month head start on

---

[1] During those months, Wyoming Mechanical's counsel took the deposition of various Plaintiffs, as well as other deponents, including Dr. Cuzzillo, the Buckinghams and Mr. Schuler. All of these depositions had to be continued, not due to any actions of Triangle, but as a result of the Plaintiffs' failure to join Triangle in their original pleading.

2

Triangle in preparing its defense, to the extent it can defend its actions.[2] On the contrary, Triangle has been defending a complex strict products liability clam on an extremely short schedule in the face of ever-changing opinions from Dr. Cuzzillo and voluminous document requests which have produced little, if any, "potentially" admissible evidence. Proof of same is borne out in the absence of any substantive reference to the documents produced in any of the multiple reports of Dr. Cuzzillo. Furthermore, as permitted by the Court's Scheduling Order [ECF #70], Plaintiffs may depose Defendants' experts after the discovery cutoff date, but must complete the depositions fourteen (14) days prior to the final pretrial conference; i.e. 14 days before October 20, 2016. Wyoming Mechanical would be permitted to attend the deposition as a party and to discover such information as requested by Plaintiffs' counsel.

### Dr. Elizabeth C. Buc

With regard to Dr. Buc, Triangle stated in its Expert Witness Designation as follows:

> "Dr. Buc has been retained to provide consultation ad potential testimony regarding analysis of LP gas components with reference to chemical component combinations and impact of same on the operation of the subject Triangle boiler. Dr. Buc may also analyze and/or refute opinions set forth in Plaintiffs' expert report or the expert reports of any of the co-defendants."

See [ECF #89] at pages 4-7 and Exhibit B thereto, where Triangle attached Dr. Buc's curriculum vitae, list of publications and list of cases and fee schedule. Additionally, Triangle stated that:

> "Dr. Buc will base any opinion upon the discovery produced in this litigation and/or inspection of the heating system and/or components of same at the Buckingham residence. She is also expected to opine in rebuttal to [*sic*] regarding issues implicated by Plaintiffs' Second Amended Expert Designation. Dr. Buc reserves the right to supplement her opinions based upon review of additional information required, and she reserves the right to file a report regarding same, and to provide rebuttal testimony to any facts of [sic] opinions offered by the Plaintiffs' or other Defendants' experts."

See [ECF #89] at pg. 7.

---

[2] Even Wyoming Mechanical's expert, Mark Passamaneck, admits to its multiple violations of the standard of care related to the installation, maintenance and service response associated with the subject boiler prior to Monica Herrera's death. See deposition of M. Passamaneck (7-26-16), for example, at pp. 57, 153-156, attached hereto as **Exhibit B**.

**Mr. Ken Barney**

With regard to Mr. Barney, Triangle stated in its Expert Witness Designation as follows:

> "Triangle has retained Mr. Barney to provide consultation and potential testimony regarding the practice and procedure required for the installation of boilers generally and Triangle Tube boilers specifically, including an analysis of the water/glycol mixture, excessive cycling, and analysis of ignition issues."

See [ECF #89] at pg. 10.  Additionally, Triangle stated:

> "Mr. Barney will base any opinion upon the discovery produced in this litigation and/or inspection of the heating system at the Buckingham residence.  He is also expected to opine regarding standard of care issues implicated in this litigation as suggested in Plaintiffs' Second Amended Complaint.  Mr. Barney serves the right to supplement his opinions based upon review of additional information required, and he reserves the right to file a report regarding same, and to provide rebuttal testimony to any facts and opinions offered by the Plaintiffs' or other Defendants' experts."

*Id.*

### Triangle's Supplemental Expert Witness Designation

In accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii), after having received Dr. Cuzzillo's new disclosure on July 21, 2016 pertaining to his unsupported opinions about the DuraVent locking band clamp and its effectiveness at keeping the exhaust venting intact (assuming it had been used by Wyoming Mechanical, which it had not), Triangle timely filed its Supplemental Expert Witness Designation [ECF #114] *again* containing the above referenced information for Dr. Buc and Mr. Barney.[3]  Both Dr. Buc and Mr. Barney have been available for deposition should any of the parties decide to depose them, and/or available for receipt of written discovery to same, to discover their opinions in further detail.  Wyoming Mechanical has made the decision not to pursue discovery of this information.

No written and signed expert report of Dr. Buc or Mr. Barney has been completed and submitted with Triangle's disclosures to-date because, no expert opinion existed which required a response from either Dr. Buc or Mr. Barney in their respective field of expertise.  For example,

---

[3] Triangle's counsel conferred with Judge Rankin prior to filing its Supplemental Expert Designation, and was advised that no motion was required prior to the filing of that Designation.

4

to-date Plaintiffs' expert Mr. Sondgeroth, whose expertise is plumbing, has not prepared or submitted an expert report. Triangle will therefore utilize Mr. Barney at trial solely to rebut opinions relating to plumbing matters that are submitted after the expert designation deadline, as set forth in Plaintiffs' Disclosures, by Mr. Sondgeroth, or otherwise. Therefore, any delay in the production of testimony or reports is justified.

Similarly, with Dr. Buc, there has been no metallurgical examination or opinion by the experts in this case to-date. However, if presented with any such opinion testimony at trial, Triangle should be permitted to rebut such testimony as it is prepared to do so, if necessary. Triangle has otherwise benefitted from the consultation of each of these experts whose rebuttal testimony is justifiably on stand-by pending the need to address issues in their respective specialty.

## ARGUMENT

### REBUTTAL TESTIMONY OF DR. BUC AND MR. BARNEY SHOULD BE PERMITTED

Fed. R. Civ. P. 26(a)(2)(B) requires the disclosure of an expert's report, which "must contain … a complete statement of all opinions the witness will express and the basis and reasons for them." Furthermore, the parties bear a continuing obligation to supplement these reports if the parties later learn the information initially provided is incomplete or incorrect. Fed. R. Civ. P. 26(a)(2)(E). A district court can allow evidence violating Rule 26(a) if the violation was justified or harmless. Fed. R. Civ. P. 26(a)(2) and 37(c). The determination of whether a Fed. R. Civ. P. 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Woodworker's Supply, Inc. v Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). But "a district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure." *Id.* The following factors guide the discretion of the trial court in determining whether expert testimony should be precluded as a sanction: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony

5

would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Smith v Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980) (further citations omitted).

### No Surprise or Prejudice to Wyoming Mechanical

Balancing the above factors against the wide discretion afforded to the Court, allowing the rebuttal testimony of Dr. Buc and Mr. Barney will not cause prejudice or surprise to any of the other parties, and Triangle should be permitted to respond to any new opinions of Plaintiffs or other Defendants and/or their experts. In fact, prejudice to Triangle would occur if no rebuttal was permitted. Any prejudice that may be alleged to occur due to rebuttal testimony of Dr. Buc and/or Mr. Barney would be able to be timely cured and any such testimony would not disrupt trial. The areas of testimony and/or opinion for Dr. Buc and Mr. Barney are made clear in Triangle's disclosures, such that if Plaintiffs and/or other Defendants or their expects make any new opinions or argument with regard to such particular matters, Dr. Buc and/or Mr. Barney should correspondingly be permitted to testify. Wyoming Mechanical cannot in good faith claim surprise. Neither Dr. Buc nor Mr. Barney intend to put forth their own new theories, and would correspondingly restrict their testimony to attacking the theories offered by any adverse expert.

Wyoming Mechanical's statement in its Motion that rebuttal testimony "could have properly been designated by July 1, 2016" is unsubstantiated and incorrect as it is clear that potential rebuttal testimony may be necessary given the changing tides of Dr. Cuzzillo's testimony and reports over time, and admittedly until the point of trial. It will be fatally prejudicial to Triangle should it not be allowed to defend itself with rebuttal testimony from Dr. Buc and Mr. Barney in response to Plaintiffs' ever-changing experts' opinions and testimony.

### Disruption of Trial/Prejudice to Triangle Tube

During his deposition, Plaintiffs' mechanical expert Dr. Cuzzillo testified that his opinion will continue to be revised as he confirmed that he views his report as ***a living document that is going to be continually revised*** – "***well, sure***", he says. "***It's just like the US Constitution***." Deposition of B. Cuzzillo (July 21, 2016), at p. 192 (emphasis added), attached

6

hereto as **Exhibit A**.  Furthermore, he confirms that he could be conducting tests on the eve of trial on his exemplar boiler, and that his report could change on the eve of trial […] to rebut what somebody said.  *Id.* at 182, **Exhibit A.**  These representations and the further opinions very recently prepared and submitted by Dr. Cuzzillo, are consistent with his statements under oath.  Without the ability to rebut same, Triangle will be fatally prejudiced at trial.

In fact, on Monday, September 12, 2016, counsel emailed a copy of Dr. Cuzzillo's Supplemental Report, *prepared September 5, 2016*, more than a week prior.  This expert report has not been filed with this Court and the report contains <u>new opinions</u> that require analysis and potential rebuttal opinions and/or testimony of Triangle's experts, in particular, opinions about the locking band clamps required by Triangle in its manual versus the clasp as utilized by Wyoming Mechanical.  In his September 5, 2016 report, Dr. Cuzzillo now discloses various tests he has performed on the DuraVent clamps as installed on the polypropylene piping.

Despite stating that his latest report is based on a "trove" of additional information from Triangle, the information and references in his latest report are not supported by any "trove" of information that is cited.  In fact, he only references to a few pages of information from Triangle, despite that Triangle has tirelessly worked at production of thousands of pages of documents due to Plaintiffs' overly broad and unduly burdensome requests for information.  The information contained in Dr. Cuzzillo's report relates to new theories based upon new testing that Dr. Cuzzillo could have conducted months ago and that he has now conducted on his new exemplar boiler not based upon any material received from Triangle.[4]  His September 5, 2016 Report does not make reference to or suggest that it was prepared in response to or in rebuttal to Mr. Caggiano's testimony or his Rebuttal Report.  The Intertek testing data documents he does cite were produced by Triangle in July prior to discovery cutoff.

---

[4] Triangle will address Plaintiffs' continuous failure to comply with the applicable Federal Rules and this Court's revised Order of Initial Pretrial Conference [ECF #70] by separate motion or other appropriate pleading.

In addition to Dr. Cuzzillo's *fifth report*, on September 14, 2016 Plaintiffs filed an affidavit of Dr. Cuzzillo [ECF #140] which again sets forth additional opinions on new subject matter, but notably does not attach his fifth report. He admits that he did not need the additional papers from Triangle to confirm his opinions because he had already tested his argument that the boiler cabinet is "leaky", yet he still files another supplemental report with additional opinions and theories. See [ECF #140] at p. 5, ¶22. He also attempts to assert, without any citation or data, that the "maximum accumulated fuel gas is far too high in the subject boiler, and all of the TriMax-equipped boilers". *Id.* at p. 6, ¶24. He also again sets forth his recent opinions set forth in his fifth report as to the type of locking band used and its ability to withstand pressure pulses. *Id.* at pp. 6-7, ¶¶25-26. If any of these supplemental reports are going to be permitted; Triangle must be allowed to rebut the new opinions of Dr. Cuzzillo, whether by deposition(s), reports, affidavits or otherwise.

### Wyoming Mechanical's Bad Faith and Willfulness

Wyoming Mechanical has unclean hands, which demonstrates its bad faith and willfulness in the filing of the instant motion, due to its prior spoliation of the subject boiler and exhaust venting. Wyoming Mechanical should also not be permitted to strike Dr. Buc and Mr. Barney's testimony. Triangle incorporates by reference and relies upon the arguments contained in its Joinder in DuraVent's Motion for Sanctions for Spoliation of Evidence [ECF #127]; and Triangle Tube's Motion for Summary Judgment as to Wyoming Mechanical's Cross Claim [ECF #129], Arguments C and D, with its exhibits, as if more fully set forth herein. See also Triangle Tube's Motion for Summary Judgment as to Plaintiffs' Strict Products Liability Claims [ECF #128] incorporated herein by reference, with its exhibits, as if more fully set forth herein. Wyoming Mechanical has moved to strike Dr. Buc and Mr. Barney's testimony in bad faith.

Finally, Wyoming Mechanical's request to be allowed to designate one or more rebuttal experts should not be permitted by this Court. Wyoming Mechanical had the opportunity to

appropriately plead their expert disclosures and should not be permitted by this Court to add a witness (or more) that none of the other parties have ever even had the opportunity to discover.

WHEREFORE Triangle respectfully requests that this Court deny Wyoming Mechanical's Motion to Strike Proposed Testimony of Triangle Tube Expert Witnesses Dr. Buc and Mr. Barney, permitting Triangle to utilize Dr. Buc and Mr. Barney as rebuttal witnesses, should their opinions be necessary and/or deemed appropriate by Triangle.

                              Respectfully submitted,

                              FOLEY, BARON, METZGER & JUIP, PLLC

Dated:  September 15, 2016        By:   /s/Joseph P. McGill
                                              Joseph P. McGill (admitted pro hac vice)
                                              Jennifer A. Cupples (admitted pro hac vice)
                                  38777 Six Mile Road, Suite 300
                                  Livonia, MI 48152
                                  Tel.: (734) 742-1825; Fax: (734) 521-2379

                                  Judith A. W. Studer (5-2174)
                                  Schwartz, Bon, Walker & Studer, LLC
                                  141 S. Center Street, Suite 500
                                  Casper, WY 82601
                                  Tel.: (307) 235-6681; Fax: (307) 234-5099

                                  *Attorneys for Defendant Triangle Tube*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2016, I served **TRIANGLE TUBE'S RESPONSE TO WYOMING MECHANICAL'S MOTION TO STRIKE PROPOSED TESTIMONY OF TRIANGLE TUBE EXPERT WITNESSES DR. BUC AND MR. BARNEY** upon:

David Lewis
P. O. Box 8519
Jackson, Wyoming 83002
davelewis@bresnan.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz Law Firm
1660 Lincoln Street, Ste. 2510
Denver, Colorado 80264
creeves@waltzlaw.com
DWaltz@WaltzLaw.com

Julie Tiedeken
Sean W. Scoggin
P. O. Box 748
Cheyenne, Wyoming 82003
jtiedeken@mtslegal.net
sscoggin@mtslegal.net

Katherine L. Mead, Esq.
P.O. Box 1809
Jackson, Wyoming 83001
kate@meadlaw.net

via the Court's ECF filing system.

                 /s/Cheryl E. Ballew
                   Cheryl E. Ballew

Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1825; Fax:  (734) 521-2379
Email:  jmcgill@fbmjlaw.com;
        jcupples@fbmjlaw.com

Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
(307) 235-6681; Fax (307) 234-5099
Email:  jstuder@schwartzbon.com

*Attorneys for Defendant Triangle Tube*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, Co-Wrongful Death Representatives, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death,<br><br>　　Plaintiffs,<br><br>-vs-<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation,<br><br>　　Defendants. | Case No.:  2:15-cv-00128-NDF |

**[PROPOSED] ORDER DENYING WYOMING MECHANICAL'S MOTION TO STRIKE PROPOSED TESTIMONY OF EXPERT WITNESSES DR. BUC AND MR. BARNEY**

Defendant Wyoming Mechanical's Motion to Strike Proposed Testimony of Triangle Tube's Expert Witnesses Dr. Buc and Mr. Barney, and Triangle Tube's Response thereto, filed and having been read and considered:

IT IS HEREBY ORDERED that Wyoming Mechanical's Motion to Strike Proposed Testimony of Expert Witnesses Dr. Buc and Mr. Barney is hereby DENIED.

IT IS SO ORDERED, this ___ day of _____, 2016.

_____
U.S. District Court Judge