Exhibit A

Case 2:15-cv-00128-NDF   Document 147-2   Filed 09/15/16   Page 2 of 4

BERNARD CUZZILLO, PHD, PE Volume II                    July 21, 2016
HERRERA vs. BUCKINGHAM                                           146

```
 1  J0393060JW

 2  IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF WYOMING
 3
    Civil Action No. 15-CV-128-F
 4  _____

 5  FRANCISCO L. HERRERA and JOANNA HERRERA, Co-Wrongful
    Death Representatives, for Exclusive Benefit of the
 6  Beneficiaries of MONICA HERRERA, deceased, who have
    sustained Damages from her wrongfully caused death,
 7
    Plaintiffs,
 8
    vs.
 9
    GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in
10  their individual capacities as Trustees of the
    BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and
11  DEBORAH BUCKINGHAM as Individual Defendants; and
    WYOMING MECHANICAL, INC., a Wyoming Corporation;
12  TRIANGLE TUBE/PHASE II CO., INC., a New Jersey
    Corporation; and M&G DURAVENT, INC., a New York
13  Corporation,

14  Defendants.
    _____
15

16

17              VIDEOTAPED DEPOSITION OF

18        BERNARD R. CUZZILLO, PhD, PE - VOLUME II

19                  July 21, 2016

20

21

22  Pursuant to Notice taken on behalf of Defendant M&G
    DuraVent, Inc., at 1660 Lincoln Street, Suite 2510,
23  Denver, Colorado 80264, at 9:11 a.m., before
    Jodi M. Wagner, Registered Professional Reporter and
24  Notary Public within Colorado.

25
```



Case 2:15-cv-00128-NDF   Document 147-2   Filed 09/15/16   Page 3 of 4

BERNARD CUZZILLO, PHD, PE Volume II                July 21, 2016
HERRERA vs. BUCKINGHAM                                       182

```
 1   boiler?
 2        A.   Well, sure.
 3        Q.   And can we conduct tests on it as well?
 4        A.   I don't see why not.
 5        Q.   Okay.
 6        A.   As long as you behave yourself.
 7             MR. WALTZ:  Move to strike.
 8             MR. McGILL:  I'll join as well.
 9        Q.   (BY MR. McGILL)  So it's a fair statement,
10   then, that, say, for example, hypothetically, you were
11   conducting tests on the eve of trial on this boiler,
12   that your report could change on the eve of trial?
13        A.   Well, the only way that would happen is if
14   there was some new testimony that said something new.
15   So, for example, I have had cases where a witness in
16   trial says a new thing, and I conduct testing during
17   trial --
18        Q.   During trial, right.  Okay.
19        A.   -- that is admissible.  It has gotten
20   admitted because it's rebutting what somebody said.
21   So, sure.
22        Q.   So it's foreseeable -- we may not expect it,
23   but it's foreseeable that you could be changing your
24   testimony right up to the point that you sit down in
25   the witness chair?  And testimony, what I mean by
```



Case 2:15-cv-00128-NDF   Document 147-2   Filed 09/15/16   Page 4 of 4

BERNARD CUZZILLO, PHD, PE Volume II                    July 21, 2016
HERRERA vs. BUCKINGHAM                                          192

1  that, please.
2       A.   No.
3       Q.   There's not.
4            Do you view your report as a living document
5  that's going to be continually revised?
6            MR. LEWIS:  Object to the form of the
7  question.
8       A.   Well, sure.  It's just like the
9  US Constitution.  Just kidding.
10           It really depends on the new information
11 that may come out.
12      Q.   (BY MR. McGILL)  Have you segregated the
13 materials that you've reviewed in the preparation for
14 your first report from the materials you reviewed in
15 preparation of your second report and the materials
16 you reviewed in preparation for your second revised
17 report and then the report that we received just on
18 the 19th of July?
19      A.   There's only one second revised report.
20      Q.   Okay.
21      A.   And that was on the 19th.
22      Q.   We received a document -- a second revised
23 report on July 19; is that right?
24      A.   Yeah, that's correct.
25      Q.   Okay.  So the June -- the two June reports,

