David G. Lewis, Wyoming Bar No. 4-1150
Attorney at Law
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900
(307) 739-8902 (fax)
davelewis@bresnan.net

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death. ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC. a Wyoming Corporation; ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT WYOMING MECHANICAL'S MOTION TO STRIKE THE PROPOSED EXPERT TESTIMONY OF DR. HIRSCHI**

Plaintiffs present the following Response in Opposition to the filed Document numbered 117, entitled Wyoming Mechanical's Motion to Strike the Proposed Expert Testimony of Dr. Hirschi.  The Preliminary Report of Dr. Hirschi was originally filed with the District Court Clerk as Document 23, which is attached hereto and made a part

hereof by this reference.  The Deposition with attachments given by Dr. Hirshci on May 4, 2016, will be delivered promptly forthwith to Court.

## RESPONSE

Ms. Tiedeken's cross-examination of the deposition of Dr. Hirschi in his probed the crediblity of the information, both actual and statistical, that was utilized by him to calculate the amount of monetary loss to the estate of Monica Herrera.  All four Defendants will have the same opportunity to examine Dr. Hirschi in the presence of the trier of fact.  Based upon the itemized Documents and Other Evidence Reviewed by Dr. Hirschi, he concluded that the economic losses created as the result of Mrs. Herrera's untimely death is, as of the date of the Report, November 2, 2016, $1,126,253.  His method and conclusions have not been contradicted by competent expert testimony.

The Defendant Wyoming Mechanical's counsel, Ms. Tiedeken, emphasised in her Motion certain aspects of Dr. Hirschi's findings, critical that he did not verify the information in Mrs. Herrera's tax returns before considering it.  In addition to her full-time employment with St. John's Hospital, Mrs. Herrera had cleaned the residences of certain persons on a regular basis, including the Defendants Buckingham.  Because Mrs. Herrera did not include the income from her house cleaning activities in her personal tax returns, Ms. Tiedeken did not think it was verifiable.  That, of course, is not accurate.  Mrs. Herrera's daughter, one of the named Plaintiffs in this action, has provided the dollar amounts Mrs. Herrera's extra income to Mr. Hirschi, which he included into his income calculations attributable to Mrs. Herrera.

Dr. Hirschi's acceptance of certain, precise financial information pertaining to income produced by Mrs. Herrera in the past, and reasonably predictable into the

future is admissible for the purpose of calculating the income she would have earned had it not been for her untimely death. "FRE 702, Testimony by Expert Witness," provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

The financial data that would support the additional annual income of approximately $5,400 annually will be presented at trial by the testimony of Plaintiffs. In the same manner Mrs. Herrera's salary from the hosptial, and any other additional income lost to the Plaintiffs' estate from her death, is foundational in order to provide the financial information necessary for Dr. Hirschi's lost income testimony.

Under FRE 703 Plaintiffs' economic expert is entitled to rely upon these facts or data supporting his opinions. The factual data that Dr. Hirschi is entitled to rely upon as foundation for his economic opinions are admissible facts of the type commonly and reasonably relied upon by experts in this field. Defendant offered no expert testimony that the sources of income relied upon by Dr. Hirschi in his report are not the type reasonably relied upon by economists calculating lost income. Defendant can argue to the finder of fact that the source of certain income is unreliable and should be rejected. The attorneys for Mrs. Herrera can show the jury that the income is verifiable by testimony and bank depostion records, among other methods. That is a question of the weight of the evidence establishing Mrs. Herrera's income, not its admissibility.

Defendants were certainly capable of hiring an economic expert of their own, which they chose not to do.  The trier of fact in the Herrera matter will ultimately decide whether the information provided to and utilized by Dr. Hirschi is credible.  There has been no contrary expert testimony that Dr. Hirschi's analysis is not of a type utilized to calculate income and project it into the future for a decedant's estate.

WHEREFORE, Plaintiffs urge the District Court deny the Motion to Strike, and for such other and further relief as to the Court appears just and equitable herein.

Dated on this _____ day of September, 2016.

/s/_____
David G. Lewis
Wyo. Bar No. 4-1150
Attorney for Plaintiffs
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900
(307)739-8902 (fax)
davelewis@bresnan.net

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the ___ day of September, 2016, he caused the above initial disclosure to be served upon the defendants as follows:

| | |
|---|---|
| Julie Tiedeken, Esq.<br>jtiedeken@mtslegal.net<br>P. O. Box 748<br>Cheyenne, Wyoming 82003 | Richard Waltz, Esq.<br>DWaltz@Waltzlaw.com<br>1660 Lincoln Street, Ste. 2510<br>Denver, CO 80264 |
| Katherine L. Mead<br>kate@meadlaw.net<br>P. O. Box 1809<br>Jackson, Wyoming 83001 | Joseph P. McGill, Esq.<br>jmcgill@fbmjlaw.com<br>38777 Six Mile Road, Ste. 300<br>Livonia, MI 48152 |

_____
David G. Lewis