Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC.
702 Randall Avenue
P. O. Box 748
Cheyenne, WY  82001
(307) 637-5575
(307) 637-5515
jtiedeken@mtslegal.net
Attorney for Defendant, Wyoming Mechanical Company, Inc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages for her wrongfully caused death.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILYTRUST; And GREGORY BUCKINGHAM and DEBORAH BUCKINGAM as individual defendants; and WYOMING MECHANICAL, INC a Wyoming Corporation; TRIANGLE TUBE/PHASEIII CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation<br><br>　　　　　Defendants. | Case No. 15-cv-128-F |

## WYOMING MECHANICAL'S MOTION TO STRIKE PROPOSED TESTIMONY OF TRIANGLE TUBE EXPERT WITNESS DR. SEAL

Wyoming Mechanical Company, Inc. moves to strike Triangle Tube's proposed expert testimony of Dr. Seal because Plaintiffs did not comply with the Court's Revised Order On Initial Pretrial Conference, Fed.R.Civ. P. 26(a)(2), and Fed.R.Civ. Pro. 26(a)(D). Counsel for Wyoming Mechanical certifies pursuant to Rule 7.1 (b)(1)(A) that prior to filing this Motion she

orally conferred by telephone with Counsel for Triangle Tube and made a reasonable effort to resolve the dispute.

**Triangle Tube's Designation of Dr. Seal**

The Court's Revised Order on Initial Pretrial Conference provides that "In accordance with Fed. R.Civ. P. 26 (a)(2), Defendant shall designate expert witnesses and provide Plaintiff with a complete summary of the testimony of each expert by June 1, 2016. These summaries SHALL include a comprehensive statement of the expert's opinions and the basis for the opinions. See *Smith v Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). Fed. R. Civ. P. (a)(2)(B) provides as follows:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> Fed.R.Civ. Pro. 26(a)(D) provides:
>
> (D) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Triangle Tube has designated Dr. Seal as a "human factors" and "safety" expert witnesses in a "Supplemental Expert Witness Designation" filed on 8/22/16 which was almost three months past its deadline for designating expert witnesses and two months past the deadline for designating rebuttal expert testimony. A review of the report of Dr. Seal reveals that it is not a rebuttal report but an initial expert report in which he gives opinions on the standard of care for plumbers and opinions that there is no evidence that a defect existed in the design and manufacture of the subject boiler. The materials and information he relies on were all available prior to the June 1, 2016 expert witness deadline.

**Argument 1.   Triangle Tube's expert designation of Dr. Seals does not comply with Fed. R.Civ. Pro. 26(a)(2)(B) and should be stricken.**

Fed. R.Civ. Pro. 37 (c ) (1)  provides as follows:

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

There is no justification for the failure of Plaintiff to provide a written report which complied with Rule 26 (a)(2)(B)(i)-(vi) in the time required by the Court's Order nor is the failure harmless. The discovery cut off in this case was July 31, 2016 which was set in the Court's May 18, 2016 Order and the dispositive motion deadline is September 1, 2016. Triangle Tube's designation of Dr. Seals comes after the discovery cut off and a week before the dispositive motion deadline. More importantly, however, it comes after the parties have expended an incredible amount of time and money in this case to prepare for trial which has included taking 34 fact and expert depositions which required travel to Jackson, Denver and California on multiple occasions. In addition, the experts for all parties have conducted three different all day laboratory testing of the boiler, vent system for the boiler, connector rings for the boiler and other related parts which were observed by all counsel. Additionally, the parties conducted two site inspections at the Buckingham residence outside Jackson, Wyoming. The expert witnesses designated by the parties in the time required by the Court have already been deposed. Wyoming Mechanical has made strategic decisions with regard to its own expert witness designations and defense of the case based on Triangle Tube's and other parties expert witness designations, the discovery conducted prior to the discovery cutoff date, laboratory testing results and site inspections.

If the Court were to allow Dr. Seal's proposed expert testimony at this point on the issues identified by Triangle Tube, it would severely prejudice Wyoming Mechanical's defense of this case. At the very least, Wyoming Mechanical would request to be allowed to designate one or more rebuttal experts. More importantly, the incredible time and expense incurred in discovery to date would be wasted.

**Conclusion**

For the reasons set forth above, Triangle Tube's proposed expert testimony of Dr. Seals should be stricken.

**DATED** this 16th day of September, 2016.

By:   */s/ Julie Nye Tiedeken*
      Julie Nye Tiedeken
      Wyoming Bar #5-1949
      McKellar, Tiedeken & Scoggin, LLC
      P.O. Box 748
      Cheyenne, WY  82003-0748
      (307) 637-5575
      jtiedeken@mtslegal.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Lewis
P.O. Box 8519
Jackson, WY 83002
davelewis@bresnan.net

Katherine Mead
P.O. Box 1809
Jackson, WY 83001
kate@meadlaw.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz/Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 8800
creeves@waltzreeves.com
dwaltz@waltzreeves.com

Cameron S. Walker
Judith A. Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
cam@schwartzbon.com
jstuder@schwartzbon.com

Joseph P. McGill
Jennifer A. Cupples
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
JMcGill@fbmjlaw.com
jcupples@fbmjlaw.com

By:  */s/ Julie Nye Tiedeken*
McKellar, Tiedeken & Scoggin, LLC