

FILED

12:56 pm, 9/27/16
**Stephan Harris
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death,<br><br>                     Plaintiffs,<br><br>vs.<br><br>GREGORY BUCKINGHM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO., INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation,<br><br>                     Defendants. | Case No:  15-CV-128-F |

**ORDER DENYING DEFENDANT M & G DURAVENT, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND DEFENDANT TRIANGLE TUBE'S JOINDER IN M & G DURAVENT, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

This matter is before the Court on Defendant M & G DuraVent Inc.'s ("DuraVent") Motion for Sanctions for Spoliation of Evidence and Defendant Triangle

Tube/Phase III Co., Inc.'s ("Triangle Tube") Joinder in DuraVent's Motion for Sanctions for Spoliation of Evidence. The Court has considered the motions, response, and reply, and is fully informed in the premises. For the following reasons the Court finds and orders that DuraVent's Motion for Sanctions for Spoliation of Evidence and Triangle Tube's Joinder in DuraVent's Motion for Sanctions for Spoliation of Evidence is DENIED.

## BACKGROUND

On January 30, 2015, Monica Herrara died at the Buckinghams' residence located at 8935 E. Ditch Creek Road as a result of carbon monoxide (CO) exposure. At the time of her death, Ms. Herrera worked as a housekeeper for the Buckinghams and was responsible for maintaining the residence.

In November 2014, the Buckinghams hired Wyoming Mechanical to replace an existing boiler system in their garage at 8935 E. Ditch Creek Road. Wyoming Mechanical proposed the installation of a Triangle Tube Prestige TriMax Solo 175 (the "Triangle Tube boiler") because Wyoming Mechanical had good experiences with Triangle Tube boilers and thought it was a quality product. Wyoming Mechanical subsequently installed the boiler on November 13th and 14th, along with the conversion orifice to convert the use of natural gas to liquid propane: CO detectors were not installed. The written materials Triangle Tube shipped with the boiler included the following: (1) Installation and Maintenance Manual; (2) User's Information Manual; (3) Vent Supplement Manual; (4) Control Application Supplement-TriMax; and (5) Natural to Propane Conversion Instructions.

Approximately one month after the installation of the Triangle Tube boiler, problems surfaced. In late December of 2014, the Buckinghams scheduled an appointment with Wyoming Mechanical to repair a leak in their garage cement slab. The appointment was scheduled for February 2, 2015. On January 28, 2015, Mr. Buckingham left a voicemail for David Gieck at Wyoming Mechanical regarding the boiler. In pertinent part, he stated:

> I want to chat with you about coming out here Monday. I know you have it on your schedule already and who you are bringing, so you don't waste your time. It sounds like a car that's hitting the wall, it's getting so loud when it bangs. And you may need to bring out the guy that sold you the boiler is what I'm thinking, but you definitely need two people.

(Gieck Dep. 36:5-37:15). Prior to leaving the voicemail for Mr. Gieck, on January 27, 2015, Mr. Buckingham emailed his caretaker, David Schuler, advising him that Ms. Herrera would be cleaning the residence on January 30, 2015. In exchange for serving as a caretaker, the Buckinghams provided Mr. Schuler and his wife with a free place to live on their property.

On January 29, 2015, Mr. Gieck returned Mr. Buckingham's call to confirm the appointment for February 2, 2015. During the conversation, Mr. Buckingham informed Mr. Gieck that the exhaust pipe—manufactured by DuraVent—on the Triangle Tube boiler had come apart, but that he was able to put it back together. Mr. Buckingham also told Mr. Gieck that no one would be in the residence except for Mr. Schuler because he was asked to check on the boiler. Although there were red stickers warning of the danger from CO exposure on the exhaust pipe, Mr. Buckingham did not read the warnings and made no further inquiry. Later that evening, Mr. Schuler went to the Buckinghams' home

to perform some small repairs and to check on the boiler vent system. At that time, the venting system was not pulled apart but the connector ring for the vent joint was found on top of the refrigerator. As a result, Mr. Schuler pulled the vent apart, put the connector ring into place, and put the vent back together.

At approximately 10:00 a.m. on January 30, 2015, Mr. Schuler observed Ms. Herrera's vehicle parked outside the Buckinghams' residence. Ms. Herrera accessed the home through the garage, where the boiler was located. Mr. Schuler did not check on the boiler until later that day when he observed Ms. Herrera's vehicle still parked outside the Buckinghams' residence around 6:00 p.m. As Mr. Schuler entered the Buckinghams' garage, he noticed that both vehicles in the garage were dripping wet and that the boiler exhaust pipe was separated. Before entering the residence, Mr. Schuler put the boiler back together and attempted to turn it off. Mr. Schuler then entered the residence through the mudroom door where he found Ms. Herrera dead on the floor. Subsequently, around 10:00 a.m. on February 2, 2015, Wyoming Mechanical inspected the boiler to determine what had happened.

## LEGAL STANDARD

Spoliation is considered to be the destruction, significant alteration of evidence, "or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mosaid Tech., Inc. v. Samsung Electronics Co., Ltd.*, 348 F. Supp. 2d 332, 335 (D. N.J. 2004) (citation omitted). Spoliation sanctions are intended to "serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have been [in] without spoliation." *Id.* Therefore, sanctions are

warranted "when there is evidence that a party's spoliation of evidence threatens the integrity" of the court. *Id.*

Spoliation sanctions are proper "where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F. 3d 1013, 1032 (10th Cir. 2007). The types of sanctions available include, dismissal of a claim or granting judgment in favor of the aggrieved party, suppression of the evidence, an adverse inference, fines, or attorneys' fees and costs. *See Mosaid Tech., Inc.*, 348 F. Supp. 2d at 335. Dismissing a claim or granting a judgment in favor of the aggrieved party are considered to be the "most drastic sanctions because they strike at the core of the underlying lawsuit." *Id.* Because these sanctions are so severe, "they should only be imposed in the most extraordinary of circumstances." *Id.*

Accordingly, three considerations dictate whether such sanctions are warranted:

> "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future."

*Id.* (quoting *Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)). However, "[a] far lesser sanction is the spoliation inference," also known as the adverse inference. *Mosaid Tech., Inc.*, 348 F. Supp. 2d at 335. If an adverse inference is sought, the aggrieved party must prove bad faith. *See Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009).

## DISCUSSION

DuraVent asks the Court to dismiss "all claims against it in this [action] because all evidence required to proffer a defense in this litigation has been destroyed." (Doc. 121 [Def.'s Mot. Sanctions] at 2). DuraVent alleges that after learning of Ms. Herrera's death, Wyoming Mechanical "willfully tampered with evidence related to the boiler and vent pipes . . . in an effort to cover-up a known bad installation and otherwise cast doubt onto others." (*Id.* at 3). Triangle Tube joined in DuraVent's motion asking the Court to dismiss Plaintiffs' and Wyoming Mechanical's claims against Triangle Tube. (Doc. 127 [Def.'s Joinder]). For the following reasons, the Court finds a spoliation sanction is unwarranted, and DENIES Defendants' motions for spoliation sanctions against Wyoming Mechanical and Plaintiffs.

### A. Did Wyoming Mechanical Breach Its Duty to Preserve the Evidence?

To obtain a spoliation sanction, there must first be a showing that the adverse party had a duty to preserve the evidence because it knew, or should have known, that litigation was imminent. *See Grant*, 505 F. 3d at 1032. This requirement provides evidence of the degree of fault of the adverse party. *Compare id.*, *with Mosaid Tech., Inc.*, 348 F. Supp. 2d at 335. Thus, for the Court to sanction Wyoming Mechanical for spoliation of evidence, there must be a showing that Wyoming Mechanical had a duty to preserve the evidence and that Wyoming Mechanical was seriously at fault. *See Mosaid Tech., Inc.*, 348 F. Supp. 2d at 335.

Here, DuraVent argues that by the end of the day on February 2, 2015, the evidence had been destroyed by Wyoming Mechanical. (*See* Doc. 121 [Def.'s Mot.

6

Sanctions] at 8). DuraVent alleges that Wyoming Mechanical "used the homeowner's request to 'figure out what happened,' as an opportunity to attempt to conceal evidence." (*Id.* at 4). In support of its allegations, DuraVent relies on Mr. Gieck's actions at the Buckinghams residence on February 2, 2015. (*See id.* at 5). DuraVent claims that because Mr. Gieck changed the condition of the boiler as it existed at the time of Ms. Herrera's death, it has been deprived of any ability to defend against Plaintiffs' and Wyoming Mechanical's claims. (*See id.* at 7).

Wyoming Mechanical responds that Mr. Gieck inspected the boiler only after being asked by Mr. Buckingham. (*See* Doc. 133 [Opposition Def.'s Mot. Sanctions] at 4). Wyoming Mechanical also claims that before Mr. Gieck inspected the boiler, he asked Mr. Buckingham if there was an investigation being conducted. (*Id.*). In response, Mr. Buckingham told Mr. Gieck "the investigations were closed and that he needed him to go out and figure out what was going on with the boiler and get heat on in the house." (*Id.*). In addition, Wyoming Mechanical stated that Mr. Gieck "was reluctant to inspect the boiler and discussed Mr. Buckingham's request with his insurance company and asked his father's opinion." (*Id.*).

These facts do not indicate that Wyoming Mechanical knew or should have known that litigation was imminent. *See Grant*, 505 F. 3d at 1032. Rather, it is undisputed that Wyoming Mechanical went to inspect the boiler after being asked by Mr. Buckingham. (*See* Doc. 113 at 5). The facts also indicate that the condition of the boiler was altered prior to Wyoming Mechanical's inspection. Specifically, Mr. Schuler "put the pipes back together and attempted to turn off the subject boiler," prior to finding Ms. Herrera. (*See*

*id.*). Based on these facts, the Court finds Wyoming Mechanical did not breach a duty to preserve evidence because it did not know, nor should have known, that litigation was imminent. As such, the Court finds that spoliation sanctions are not appropriate in this case.

## B.  If Wyoming Mechanical Breached Its Duty to Preserve Evidence, Did Prejudice Result?

Even if the Court were to find that Wyoming Mechanical had a duty to preserve the evidence, DuraVent's motion would still fail because it has failed to show prejudice. The second requirement for a spoliation sanction is prejudice to the aggrieved party by the destruction of the evidence. *See Grant*, 505 F. 3d at 1032. This element requires the Court to address the degree of fault of the adverse party and to determine if a sanction is warranted. *See Mosaid Tech., Inc.*, 348 F. Supp. 2d at 335. The Court will award a sanction only if "the offending party is seriously at fault," substantial unfairness will be avoided, and the sanction "will serve to deter such conduct by others in the future." *Id.* (quoting *Schmid*, 13 F.3d at 79).

DuraVent alleges that Wyoming Mechanical "intentionally destroyed evidence and attempted to cover-up its bad installation within [forty-eight (48)] hours of learning of Ms. Herrera's death." (Doc. 121 [Def.'s Mot. Sanctions] at 8). DuraVent argues that it was prejudiced by Wyoming Mechanical's actions because it claims the "condition of the vent pipe components and the boiler is material to determining how the Buckingham's boiler was operating on the night of the event." (*Id.* at 9). It also asserts that Wyoming Mechanical "compounded the problem by misrepresenting information about the boiler

and its original condition." (*Id.*). Related to DuraVent's claim that Wyoming Mechanical misrepresented information, DuraVent stated that on February 3, 2016, Wyoming Mechanical told the Buckinghams that "the boiler 'ran a combustion analysis on the system and found it to be within acceptable parameters.'" (*Id.* at 5).

In response, Wyoming Mechanical argues that prejudice did not result from its inspection of the boiler because Mr. Gieck documented what he did by taking notes and pictures, and was accompanied by another Wyoming Mechanical employee and Mr. Schuler. (*See* Doc. 133 [Opposition Def.'s Mot. Sanctions] at 8–9). Wyoming Mechanical also argues that "[a]t the time of the inspection, no claim had been made against Wyoming Mechanical, and in fact no claim was made until many months later." (*Id.* at 9).

Even if the Court found Wyoming Mechanical to have breached its duty to preserve evidence, DuraVent and Triangle Tube were not prejudiced. Prejudice did not result because Wyoming Mechanical took many precautions when it inspected the boiler, including taking notes, pictures, and being accompanied by others. Moreover, based on the undisputed facts and the facts presented by DuraVent and Wyoming Mechanical, these circumstances do not present the "extraordinary circumstances" required for dismissal. Additionally, lesser sanctions are also inappropriate because Wyoming Mechanical was not "seriously at fault" for destroying evidence. Finally, DuraVent's assertion that Wyoming Mechanical misrepresented facts to the Buckinghams has no rational relation to this motion for spoliation sanctions, nor does the evidence show that DuraVent or Triangle Tube suffered any prejudice.

## CONCLUSION

Because the Court finds Wyoming Mechanical did not breach a duty owed to DuraVent and Triangle Tube, or that prejudice resulted from Wyoming Mechanical's actions, spoliation sanctions are inappropriate. For the reasons discussed above, DuraVent's Motion for Sanctions for Spoliation of Evidence and Triangle Tube's Joinder in DuraVent's Motion for Sanctions for Spoliation of Evidence are DENIED.

IT IS ORDERED that DuraVent's Motion for Sanctions for Spoliation of Evidence (Doc. 121) is DENIED.

IT IS FURTHER ORDERED that Triangle Tube's Joinder in DuraVent's Motion for Sanctions for Spoliation of Evidence (Doc. 127) is DENIED.

Dated this  27th  day of September, 2016.

*Nancy D. Freudenthal*

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE