David G. Lewis, Wyoming Bar No. 4-1150
Attorney at Law
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900
(307) 739-8902 (fax)
davelewis@bresnan.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death. ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) ) | Case No. 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC. a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO., INC., a New Jersey Corporation; and, M&G GROUP DURAVENT, INC., a New York Corporation. ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' <u>EXPEDITED</u> MOTION TO EXTEND THE TIME PERIOD WITHIN WHICH PLAINTIFFS' DISMISSAL PLEADING IS DUE TO BE FILED**

Come now Plaintiffs, by and through their attorney, David G. Lewis, and in support of their Motion To Extend The Time Period Within Which Plaintiffs' Dismissal Pleading Is Due To Be Filed, show the Court as follows:

1. On September 27, 2016, the parties to this litigation settled their dispute following a mediation proceeding in Denver, Colorado.

2. On September 28, 2016, the parties verbally notified the United States District Court that they had resolved and settled all issues in the litigation captioned above.

3. Based upon the Verbal Notice of Settlement to the Court on September 28, 2016, the Court notified the parties that the Dismissal pleading would be due to be filed by October 28, 2016.

4. Wyoming Statute § 1-38-102(e) provides that "The court appointing the wrongful death representative may approve the settlement of a wrongful death action or a wrongful death claim and resolve disputes relating to the allocation of settlement proceeds."

5. Following the September 27, 2016, settlement, Plaintiffs gathered the information evidencing the costs incurred by Plaintiffs in furtherance of their wrongful death action against the above-named defendants in the United States District Court, Wyoming.

6. On October 11, 2016, as required by the Wyoming Wrongful Death Statutes [Wyo. Stats. §§ 1-38-101 to 1-38-105], Plaintiffs filed their Motion For An Order For The Wrongful Death Representatives To File Their Report Under Seal Regarding Settlement Of The Litigation Herein, and attached thereto, <u>UNDER SEAL</u>, a copy of their Summary of Settlement Proceeds, Distributions, and Costs Incurred; and, a copy of their executed Contingent Fee Contract with the

undersigned attorney; and, a copy of the Memorandum of Understanding among the attorneys for the Plaintiffs and the Defendants that constituted the terms of their agreement settling the present litigation captioned above.

7. There are no disagreements or disputes regarding the allocation of the proceeds and the payment of debts among the wrongful death beneficiaries of Monica Herrera, deceased.

8. As of the date of this Expedited Motion, October 20, 2016, the District Court Judge for Teton County has not yet executed the form of Order Approving Payment Of The Settlement Proceeds To The Wrongful Death Beneficiaries presented to him by Plaintiffs' counsel on October 11, 2016, along with the documents, <u>Under Seal</u>, described in paragraph 6, above.

9. The Settlement documents referred to in paragraph 6, above, provide that the Defendants are not required to pay their portions of the settlement funds to Plaintiffs until fifteen days after settlement is approved by the District Court, Teton County, Wyoming.

10. Regardless of the date on which the State District Court Judge executes the Order Approving Payment of the Settlement Proceeds to the Wrongful Death Beneficiaries, the expiration of fifteen days will now extend past October 28, 2016.

11. Plaintiffs believe and therefore allege that issues in this case could arise regarding the enforcement of the settlement reached by the parties on September 27, 2016, over which only the United States District Court would have jurisdiction to resolve. It is essential, therefore, that for the protection of the Wrongful Death Beneficiaries herein that the U.S. District Court, Wyoming, continue to maintain jurisdiction and the open file of the Wrongful Death Action

styled *Herrera v. Buckingham, et al., United States District Court, Wyoming, Case No 15-CV-128-NDF*, at least until 30 days after the Order Approving Payment Of The Settlement Proceeds To The Wrongful Death Beneficiaries has been executed by the District Court Judge, Teton County, Wyoming.

WHEREFORE, Plaintiffs pray the Court extend the date by which the United States District Court enters a Dismissal pleading until at least November 28, 2016, unless the Plaintiffs earlier request dismissal by the Court; and for such other and further relief as to the Court appears just and equitable herein

Dated on this 20th day of October, 2016.

>David G. Lewis (4-1150)
>davelewis@bresnan.net
>Attorney for Plaintiffs
>P.O. Box 8519
>Jackson, Wyoming 83002
>(307) 739-8900/307-739-8902 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of October, 2016, I served a true and accurate copy of the above and foregoing by electronic transmission as follows:

Julie Tiedeken, Esq.
jtiedeken@mtslegal.net

Dick Waltz, Esq.
DWaltz@WaltzLaw.com

Katherine L. Mead
kate@meadlaw.net

Christopher Reeves, Esq.
creeves@WaltzLaw.com

Joseph McGill
JMcGill@fbmjlaw.com

>/s/
>David G. Lewis
>Attorney for Plaintiffs
>P. O. Box 8519
>Jackson, Wyoming 83002