David G. Lewis, Wyoming Bar No. 4-1150
Attorney at Law
P.O. Box 8519
Jackson, Wyoming 83002
(307) 739-8900
(307) 739-8902 (fax)
davelewis@bresnan.net

Attorney for Plaintiffs


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING


| | |
|---|---|
| FRANCISCO L. HERRERA, and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death. | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| | ) Case No. 15-cv-128-F |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and, GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM as individual defendants; and, WYOMING MECHANICAL, INC. a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO., INC., a New Jersey Corporation; and, M&G GROUP DURAVENT, INC., a New York Corporation. | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |


## PLAINTIFFS' AMENDED (THIRD) <u>EXPEDITED</u> MOTION TO EXTEND THE TIME PERIOD WITHIN WHICH PLAINTIFFS' DISMISSAL PLEADING IS DUE TO BE FILED

Come now Plaintiffs, by and through their attorney, David G. Lewis, and in support of their Amended (Third) Expedited Motion To Extend The Time Period Within Which Plaintiffs' Dismissal Pleading Is Due To Be Filed, show the Court as follows:

1.      On September 27, 2016, the parties to this litigation settled their dispute following a mediation proceeding in Denver, Colorado.

2.      On September 28, 2016, the parties verbally notified the United States District Court that they had resolved and settled all issues in the litigation captioned above.

3.      Based upon the Verbal Notice of Settlement to the Court on September 28, 2016, the Court notified the parties that the Dismissal pleading would be due to be filed by October 28, 2016.

4.      Wyoming Statute § 1-38-102(e) provides that "The court appointing the wrongful death representative may approve the settlement of a wrongful death action or a wrongful death claim and resolve disputes relating to the allocation of settlement proceeds."

5.      Following the September 27, 2016, settlement, Plaintiffs gathered the information evidencing the costs incurred by Plaintiffs in furtherance of their wrongful death action against the above-named defendants in the United States District Court, Wyoming.

6.      On October 11, 2016, as required by the Wyoming Wrongful Death Statutes [Wyo. Stats. §§ 1-38-101 to 1-38-105], Plaintiffs filed their Motion For An Order For The Wrongful Death Representatives To File Their Report Under Seal Regarding Settlement Of The Litigation Herein, and attached thereto, UNDER SEAL, a copy of their Summary of Settlement Proceeds, Distributions, and Costs

Incurred; and, a copy of their executed Contingent Fee Contract with the undersigned attorney; and, a copy of the Memorandum of Understanding among the attorneys for the Plaintiffs and the Defendants that constituted the terms of their agreement settling the present litigation captioned above.

7.      There are no disagreements or disputes regarding the allocation of the proceeds and the payment of debts among the wrongful death beneficiaries of Monica Herrera, deceased.

8.      As of the date of this Expedited Motion, December 27, 2016, the District Court Judge for Teton County has not yet executed the form of Order Approving Payment Of The Settlement Proceeds To The Wrongful Death Beneficiaries presented to him by Plaintiffs' counsel on October 11, 2016, along with the documents, Under Seal, described in paragraph 6, above.

9.      The Settlement documents referred to in paragraph 6, above, provide that the Defendants are not required to pay their portions of the settlement funds to Plaintiffs until fifteen days after settlement is approved by the District Court, Teton County, Wyoming.

10.     Regardless of the date on which the State District Court Judge executes the Order Approving Payment of the Settlement Proceeds to the Wrongful Death Beneficiaries, the expiration of fifteen days will now extend past December 28, 2016.

11.     Plaintiffs believe and therefore allege that issues in this case could arise regarding the enforcement of the settlement reached by the parties on September 27, 2016, over which only the United States District Court would have jurisdiction to resolve.  It is essential, therefore, that for the protection of the Wrongful Death Beneficiaries herein that the U.S. District Court, Wyoming,

continue to maintain jurisdiction and leave open the Court file for the Wrongful Death Action styled *Herrera v. Buckingham, et al., United States District Court, Wyoming, Case No 15-CV-128-NDF*, at least until 30 days after the Order Approving Payment Of The Settlement Proceeds To The Wrongful Death Beneficiaries has been executed by the District Court Judge, Teton County, Wyoming.

12.    On December 9, 2016, the Defendant Triangle Tube submitted to the State District Court its Motion for Leave to Intervene and permit Triangle Tube permission to file the parties' Memorandum of Understanding (settlement agreement) under seal.

13.    On December 21, 2016, Plaintiffs' attorney hand-delivered a letter to Judge Day's office informing the Court that Plaintiffs will consent to the Motion for Leave to Intervene, and, requested that Judge Day hold an informal telephone conference with all the parties, in order to move this matter along, and honor the Court's concerns and the terms of the parties' settlement agreement.

14.    The parties did not hear back from Judge Day before the Christmas Day weekend, nor have they heard back as of the date hereof.

15.    The attorneys for each of the Defendants in this matter have authorized the Plaintiffs to represent to the U. S. District Court that they continue their oral consent to the relief requested of this Court in the Plaintiffs' Amended (Third) Expedited Motion to Extend the Time Period Within Which Plaintiffs' Dismissal Pleading is Due to Be Filed.

WHEREFORE, Plaintiffs pray the Court extend the date by which the United States District Court enters a Dismissal pleading until at least January 28, 2016, unless the Plaintiffs earlier request dismissal by the Court; and for such other and further relief as to the Court appears just and equitable herein.

Dated on this _____ day of December, 2016.

                                                  _____
                                                  David G. Lewis (4-1150)
                                                  davelewis@bresnan.net
                                                  Attorney for Plaintiffs
                                                  P.O. Box 8519
                                                  Jackson, Wyoming 83002
                                                  (307) 739-8900 / 307-739-8902 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on the _____ day of December, 2016, I served a true and accurate copy of the above and foregoing by electronic transmission as follows:

Julie Tiedeken, Esq.                    Dick Waltz, Esq.
jtiedeken@mtslegal.net                  DWaltz@WaltzLaw.com

Katherine L. Mead, Esq.                 Christopher Reeves, Esq.
kate@meadlaw.net                        creeves@WaltzLaw.com

Joseph McGill, Esq.
JMcGill@fbmjlaw.com

Judith Studer, Esq.
Jstuder@schwartzbon.com

                                                  /s/
                                                  David G. Lewis
                                                  Attorney for Plaintiffs
                                                  P. O. Box 8519
                                                  Jackson, Wyoming 83002