Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1825; Fax: (734) 521-2379
Email:  jmcgill@fbmjlaw.com;
        jcupples@fbmjlaw.com

Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
(307) 235-6681; Fax (307) 234-5099
Email:  jstuder@schwartzbon.com

*Attorneys for Defendant Triangle Tube*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, Co-Wrongful Death Representatives, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death,<br><br>    Plaintiffs,<br>-vs-<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation,<br><br>    Defendants. | Case No.:  2:15-cv-00128-NDF<br><br>**TRIANGLE TUBE'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' COUNSEL DAVID LEWIS AND EXPERT WITNESS DR. BERNARD CUZZILLO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATION OF PROTECTIVE ORDERS** |

NOW COMES Defendant TRIANGLE TUBE ("Triangle"), by and through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and SCHWARTZ, BON, WALKER & STUDER, LLC, and for its Motion for Order to Show Cause Why Plaintiff's Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of this Court's Protective Orders, states as follows:

1. Testifying Expert Dr. Bernard Cuzzillo has violated this Honorable Court's Protective Orders. Plaintiff's counsel David Lewis may also be in violation of said Orders by not destroying or ensuring the return and destruction of Confidential Information and Discovery Material being used by Dr. Cuzzillo.

*2.* Dr. Cuzzillo has used Confidential Information and Discovery Material in violation of this Court's Protective Orders for his own personal/business interests, and in defense of a proceeding currently pending in the Circuit Court for the County of Keweenaw, State of Michigan, captioned:

> *MARY L. MATHEWS, individually and as Personal Representative of the Estate of WILLIAM H. FRABOTTA, deceased vs. DOUGLAS NAKKULA d/b/a MODERN HEATING & COOLING, JEFF WAATTI, TRIANGLE TUBE PHASE III CO., INC., ACV BELGIUM, nv/sa, AND ACV TRIANGLE TUBE*

Case No. 17-755-NO, before the Honorable Charles Goodman (the "Frabotta matter"), as detailed more fully below.[1]

## BACKGROUND

3. Upon motion [Docs 93, 97, and 100], and stipulation by counsel, on March 18, 2016 this Court entered a Protective Order which requires the following:

---

[1] Dr. Cuzzillo has used Confidential Information and Discovery Material in defense of defendants Nakkula and Waatti. Their counsel, Glenn Smith, was served a copy of the March 18, 2016 Protective Order entered in This Action on April 12, 2019, and was verbally made aware of its existence at least as far back as October 29, 2018. **See Exhibit C, Triangle's Response to Motion to Compel, in the Frabotta matter.**

All persons obtaining access to Discovery Material[2] (defined therein) produced in connection with This Action shall use such Discovery Material **only for purposes of This Action**, including any appeal of the Court's ruling, and any subsequent proceedings, **and shall not use such Discovery Material for any other purpose, including the furtherance of any other claim, any business, commercial, competitive, personal or other purpose or in any other administrative or judicial proceeding.**

See the March 2016 Protective Order [Doc 73], **Exhibit A**, IV. Permissible Uses of Discovery Material, at ¶7. Emphasis added.

4. The March 2016 Protective Order also requires the following with regard to disclosure of Confidential Information[3] to experts:

Each individual described in Paragraph 10 above, to whom Confidential Information is disclosed, **shall not disclose that information to any other individual, except as provided in this Order, or use it for any purpose other than in connection with This Action**. **Before any Confidential Information may be disclosed to any person described in subparagraph 10e., 10h., and 10.i above, he or she shall have first read this Order or shall have otherwise been instructed in his or her obligations under the Order by counsel[4] for a party.**

See **Exhibit A**, IV. Permissible Uses of Discovery Material, ¶12. Emphasis added.

5. The Protective Order provides at 10(e):

Except as otherwise authorized by this Order, **Confidential Information may be disclosed only to the following persons**: […] e) consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in This Action, and principals and employees of the firm with which consultants or experts are associated.

---

[2] "**Discovery Material**" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, initial (and supplemental) disclosures, other responses to requests for information, documents, and/or other written information, whether produced voluntarily or involuntarily in the course of This Action or in response to discovery requests in this litigation by any party or Protected Person. See Protective Order, **Exhibit A**, I. Definitions and Terms, at ¶1(j).

[3] "**Confidential Information**" means any Discovery Material that the producing party or Protected Person reasonably believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(7), that, if disclosed, would materially affect the party's or Protected Person's business, commercial or financial interests. See **Exhibit A**, I. Definitions and Terms, 1(a). Emphasis added.

[4] The Protective Order defines "counsel" as "counsel of record in this action and their law firms as well as (i) other attorneys **or consultants employed or retained by such law firms or** (ii) any attorney subsequently retained or designated by a party to appear in This Action". See **Exhibit A**, I. Definitions and Terms, 1(e). Emphasis added.

See **Exhibit A**, IV. Permissible Uses of Discovery Material, ¶10(e).  Emphasis added.

      6.      The Protective Order provides for Procedures Upon Termination of Action as follows:

> Within 60 business days following the running of any applicable time to appeal any order or ruling entered in This Action, the parties **shall (i) return to the person who produced such materials all copies of all Confidential Information obtained through discovery in This Action**, provided however that such Confidential Information and Confidential Documents may be retained in the files of the parties insurers and destroyed pursuant to those entities regular retention polices (ii) **certify to that person that all such materials have been destroyed**, or (iii) where mutually agreeable, enter into a protective agreement with the producing party to provide assurances that to the extent information is intentionally, negligently, or otherwise released, disseminated, or otherwise disclosed outside of this litigation, the retaining party/individual shall be liable to the producing party for all damages arising from such release, dissemination, or disclosure.

See **Exhibit A**, IX. Procedures Upon Termination of Action at ¶ 21.  Emphasis added.

      7.      The Protective Order also provided procedures upon termination related to Discovery Material as follows:

> After the running of any applicable time to appeal any order or ruling entered in This Action, **the producing parties or Protected Person may request that any party return or destroy any Discovery Material the producing party or Protected person has provided.  Upon such request, the party shall comply** provided however that such Confidential Information and Confidential Documents may be retained in the files of the parties insurers and destroyed pursuant to those entities regular retention policies, or where mutually agreeable, enter into a protective agreement with the producing party to provide assurances that to the extent the information is intentionally, negligently, or otherwise released, disseminated, or otherwise disclosed outside of this litigation, **the retaining party/individual shall be liable to the producing party for all damages arising from such release, dissemination, or disclosure**.

See **Exhibit A 1X. Procedures Upon Termination of Action, at ¶ 22.**  Emphasis added.

      8.      The Protective Order also provides the following regarding jurisdiction of this Court to enforce the Order or for any action for contempt for violation of the terms of the Order:

> All persons governed by this Order, by reviewing Confidential Information, or seeking the protections of this Order for Discovery Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to

4

> enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

See **Exhibit A**, X. Miscellaneous, ¶26.

9. Pursuant to paragraph 12 of the Protective Order, David Lewis, counsel for Plaintiffs, was required to instruct Dr. Bernard Cuzzillo regarding his obligations pursuant to the Protective Order prior to his receipt of any Confidential Information. Based on Dr. Cuzzillo's deposition testimony in the Frabotta matter, we know that he is aware of a protective order in This Action. See Frabotta Cuzzillo Deposition (marked confidential) dated August 27, 2019, excerpt at p. 44, lines 14-20, **Exhibit B** (*not attached, submitted under seal pursuant to Protective Order, a copy will be provided to the Clerk's Office*).

10. As a testifying expert in This Action, Dr. Cuzzillo received copies of and access to various Discovery Materials and Confidential Information.

11. In accordance with the Protective Order and following termination of This Action, on March 23, 2017, Triangle Tube counsel sent to Plaintiffs' counsel David Lewis an email requesting that he ensure that all appropriate individuals, including experts, execute an Affidavit of Destruction in accordance with the Protective Order, along with a copy of that proposed Affidavit. See March 23, 2017 email and form proposed Affidavit, **Exhibit D**.

12. Again, following motion practice (largely because Triangle Tube counsel could not obtain the written consent of Lewis, oral consent having previously been received), this Court entered an Order Reaffirming Protective Order and Designating Certain Documents/Docket Entries as Non-Public on May 16, 2019 [Doc 192].[5] The Protective Order and the Order Reaffirming Protective Order are referred to together herein as the "Protective Orders", and have been provided to the Court and counsel of record in the *Frabotta* matter.

---

[5] Counsel of record were served by the Court when the Order was entered.

13. The Order Reaffirming Protective Order dated May 19, 2019, confirmed that the provisions of the Protective Order including that Discovery Material and certain Confidential Information in This Action shall not be accessed or utilized in any manner by any individual or entity outside This Action.

14. The Order Reaffirming Protective Order also sealed certain documents filed with this Court as non-public, including:

    [Doc 23]    Designation of Expert Witnesses by Plaintiffs
    [Doc 76]    Second Designation of Expert Witnesses by Plaintiffs
    [Doc 96]    Response in Opposition to Motion to Compel by Triangle Tube (containing expert report of Cuzzillo)
    [Doc 104]   Plaintiffs' Notice of Filing FRCP 26(a)(2)(D)(ii) Disclosures of Expert Testimony
    [Doc 140]   Affidavit of Bernard R. Cuzzillo

along with various other documents which contained Confidential Information and/or Discovery Material in This Action. See Order Reaffirming Protective Order, pp. 8-11.

15. Importantly, the Order Reaffirming Protective Order states the following:

**Any and all parties and non-parties to This Action shall not utilize, rely on, or submit to any public authority** (including any court or legal research or resource or reference company) **any of the above listed docket entries/documents which are inclusive of any testimony under oath, expert report, and any affidavit of Bernard Cuzzillo, whose opinions in This Action shall not be utilized in furtherance of any other claim/defense or action or for any other personal or business use outside This Action**.

See Order Reaffirming Protective Order, p. 11. Emphasis added.

16. The Order Reaffirming Protective Order further states:

**All parties and non-parties to This Action shall immediately cease and desist from any use, publication, or reliance on any of the above listed docket entries/documents or any other Discovery Material for furtherance of any claim/defense or action, any business, commercial, competitive, personal or other purpose or in any other administrative or judicial proceeding.**

See Order Reaffirming Protective Order, p. 11-12. Emphasis added.

17. The Order Reaffirming Protective Order also states:

6

> This Stipulated Order may be presented to any individual and/or entity believed to be in possession of the above listed docket entries/documents, or having access to same, and said individual and/or entity is directed to immediately cease and desist from any use, dissemination, reproduction, or reliance on any of the above listed docket entries/documents for any use outside of This Action.

See the Order Reaffirming Protective Order, p. 12.

18. Despite notice of the Protective Orders and the clear directives and requirements of the Protective Orders, Dr. Cuzzillo has proceeded to use and heavily rely upon Discovery Material and Confidential Information from This Action in support of his opinions in the Frabotta matter.

19. One direct example of Dr. Cuzzillo's contempt of this Court's Protective Orders is his use of Discovery Material and Confidential Information from This Action in the Frabotta matter by way of his expert witness Declaration in defense of Nakkula d/b/a Modern Heating & Cooling and Waatti. See Nakkula and Waatti's Motion to Compel Discovery, dated October 19, 2018, **Exhibit E** (*not attached, submitted under seal pursuant to Protective Order, a copy will be provided to the Clerk's Office*), which includes the following:

- The Motion makes various references to Cuzzillo's expertise due to the *Herrera* case, and then goes as far as to claim that his expert opinion in the *Herrera* case is applicable to the Frabotta matter alleging the "same defect". See ¶¶7, 8, 9 of Motion.

- The Motion also attaches *Exhibit B*, Cuzzillo's Declaration in the Frabotta matter, dated October 18, 2018, wherein he states he performed extensive testing on the subject boiler in *Herrera* and reviewed thousands of pages of records. Declaration at ¶5. He states that he relies on his July 19, 2016 report from the *Herrera* matter (quoting from it), and then also relies on his September 14, 2016 Affidavit from *Herrera* (quoting from that document as well). Declaration at ¶6.

- The Nakkula/Waatti Motion also attaches *Exhibit D* which is a detailed affidavit of Cuzzillo from This Action [Doc 140] which was not to be utilized in any other matter pursuant to the Protective Orders. See also, ¶19 of Motion. Attached with that affidavit is Cuzzillo's Carbon Monoxide Exposure Analysis Report, prepared November 2, 2015 [Docs 140-1, 96-4], and Cuzzillo's Revised Second Report, prepared July 19, 2016 [Doc 140-2].

20. A second example of Dr. Cuzzillo's contempt of this Court's Protective Orders is his use of Discovery Material and Confidential Information from This Action in the Frabotta matter by way of discovery responses of Nakkula d/b/a Modern and Waatti in their Answers to Triangle Tube's Expert Interrogatories Directed to Bernard R. Cuzzillo dated June 18, 2018, dated October 26, 2018. See Answers, **Exhibit F**. *(not attached, submitted under seal pursuant to Protective Order, a copy will be provided to the Clerk's Office).* These Answers again call on Cuzzillo's access to and use of documents from This Action, i.e. the Declaration of Dr. Cuzzillo and his Affidavit. See Answers 1, 6, and 8.

21. Updated Answers to the above referenced discovery were served February 26, 2019 in the Frabotta matter which reference certain "demonstrative videos" of an exemplar Triangle Tube boiler created by Dr. Cuzzillo and provided by way of dropbox link on February 26, 2019. See updated Answers, **Exhibit G**, at 1(g) and (j), 4, and 11 *(not attached, submitted under seal pursuant to Protective Order, a copy will be provided to the Clerk's Office).* See also **Exhibit I** referenced below.

22. Each of the demonstrative videos originated from This Action. See a thumb drive of the six (6) Herrera demonstrative videos, Herrera Cuzzillo Demonstration Videos, **Exhibit H on a thumb drive** (*not attached, submitted under seal pursuant to Protective Order, a copy will be provided to the Clerk's Office*). Said demonstration videos are in possession of Dr. Cuzzillo.

8

See then a thumb drive of the same (but different format) combined test video (which contains iterations of the Herrera demonstration videos which were produced in the Frabotta matter via dropbox link on February 26, 2019), **Exhibit I on a thumb drive** (*not attached, submitted under seal pursuant to Protective Order, a copy will be provided to the Clerk's Office*). Said videos are in possession of Dr. Cuzzillo.

23. Dr. Cuzzillo has even presented Discovery Material and Confidential Information from This Action as a case study in at least two (2) Seminars sponsored by the Society of Forensic Engineers and Scientists ("SFES") in 2017 and 2018, using photographs depicting the Buckingham Ranch, Triangle Tube Prestige 175 boiler (and the location of same within the Buckingham Ranch), and various Dura Vent clamping mechanisms all at issue in This Action. See SFES seminar materials, **Exhibit J** *(not attached, submitted under seal pursuant to Protective Order, a copy will be provided to the Clerk's Office).* Said seminar materials are in possession of Cuzzillo, and also strongly suggest that he has disclosed the deposition testimony of Mike Senk from This Action during his presentations sponsored by the SFES.

24. Dr. Cuzzillo is brazen in his use of the Discovery Material and Confidential Information from This Action in furtherance of a claim/defense of the Nakkula/Waatti defendants, and his own business purposes and financial gain in matters other than This Action in violation of the Protective Orders.

25. It is anticipated that the parties in the Frabotta matter continue with the deposition of Dr. Cuzzillo during the last week of January 2020. It is imperative that the parties have a ruling from this Court prior to continuing Dr. Cuzzillo's deposition since cross-examination may result in further disclosure of Discovery Material and Confidential Information from This Action by Dr. Cuzzillo.

WHEREFORE, Triangle Tube requests the following preliminary relief to its Motion, requiring that it shall serve a copy of this Motion and initial resulting order on counsel David Lewis as counsel of record, and also email and mail to Dr. Cuzzillo to his current business and residential addresses to ensure his receipt of this Motion and request that a response be filed within fourteen (14) days of service.  Upon response or failure to respond, Triangle Tube respectfully requests that this Court then set a date and time for them to show cause why they should not be held in contempt for violation of the Protective Orders.

A proposed order to this effect is attached hereto and has been submitted to the Court pursuant to Local Rules.

Should this Court determine that David Lewis and/or Dr. Bernard Cuzzillo are in contempt of the Protective Orders, Triangle Tube respectfully requests that this Court enter an order that:

(A) Dr. Bernard Cuzzillo shall immediately cease and desist from any further reliance, access, use, testimony, or discussion of Discovery Materials and Confidential Information of This Action in any other case, action proceeding, or in support or furtherance of any other claim/defense or action for any other personal or business use outside This Action, including any such opinions or testimony as part of his engagement as an expert for defendants Nakkula d/b/a Modern Heating & Cooling and Waatti in the Frabotta matter;

(B) Permits counsel for Triangle Tube to present any such order in the Frabotta matter or any other proceeding involving Dr. Cuzzillo's reliance, access, use, testimony, or discussion of Discovery Materials and Confidential Information of This Action to enforce the terms of this Court's Protective Orders, including use or reliance on such order in the instance of a motion in limine regarding already disclosed Discovery Materials and Confidential Information;

(C)     Requires that David Lewis and Dr. Bernard Cuzzillo immediately destroy electronic or paper copies of any of the Discovery Materials and Confidential Information from This Action and provide certification of same to this Court within 7 days;

(D)     Requires that Dr. Bernard Cuzzillo designate any and all Discovery Material and Confidential Information that he has disclosed in any manner or form since his involvement in This Action;

(E)     Sanctions Dr. Bernard Cuzzillo in an amount deemed appropriate by the Court for any such past and future profits he has derived from to his reliance on the Discovery Materials and Confidential Information from This Action;

(F)     Requires David Lewis and Dr. Bernard Cuzzillo identify all non-parties to This Action to whom they have communicated and/or disclosed Discovery Material and Confidential Information as defined herein;

(G)     Prohibits Dr. Cuzzillo from testifying against Triangle Tube Phase III Co., Inc. in any state or federal court or in any other proceeding (formal or informal, including any such mediation or arbitration, or administrative matter), including, but not limited to, the matter pending in the Keweenaw County Circuit Court captioned: *MARY L. MATHEWS, individually and as Personal Representative of the Estate of WILLIAM H. FRABOTTA, deceased vs. DOUGLAS NAKKULA d/b/a MODERN HEATING & COOLING, JEFF WAATTI, TRIANGLE TUBE PHASE III CO., INC., ACV BELGIUM, nv/sa, AND ACV TRIANGLE TUBE*, Case No. 17-755-NO, before the Honorable Charles Goodman; and

(H)     Any such further relief this Court deems just and appropriate.

DATED this 20th day of December, 2019.

/s/ Judith A. W. Studer (5-2174)
SCHWARTZ, BON, WALKER & STUDER, LLC
141 S. Center Street, Suite 500
Casper, WY 82601
Tel.: (307) 235-6681; Fax: (307) 234-5099

Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
FOLEY, BARON, METZGER & JUIP, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
Tel.: (734) 742-1825; Fax: (734) 521-2379

*Attorneys for Defendant Triangle Tube*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I served said Motion for Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt for Violation of this Court's Protective Orders upon the below:

| | |
|---|---|
| David Lewis<br>P. O. Box 8519<br>Jackson, Wyoming 83002<br>davelewis@bresnan.net<br><br>Katherine L. Mead, Esq.<br>P.O. Box 1809<br>Jackson, Wyoming 83001<br>kate@meadlaw.net | Christopher R. Reeves<br>Dick Waltz, Esq.<br>Waltz Reeves<br>1660 Lincoln Street, Ste. 2510<br>Denver, Colorado 80264<br>creeves@waltzreeves.com;<br>dwaltz@waltzreeves.com |
| Julie Tiedeken<br>Sean W. Scoggin<br>P. O. Box 748<br>Cheyenne, Wyoming 82003<br>jtiedeken@mtslegal.net<br>sscoggin@mtslegal.net | Dr. Bernard Cuzzillo<br>Berkeley Research Company<br>600 Addison Street<br>Berkeley, California 94710<br>(last known business address)<br><br>Dr. Bernard Cuzzillo<br>1214 Bear Creek Drive<br>Briones, California 94553-9750<br>(residential address, upon information and belief) |

via the Court's ECF filing system for counsel, and via Certified First Class U.S. Mail, to Dr. Bernard Cuzzillo at his last known business address and personal residence listed above.

/s/ Judith Studer
SCHWARTZ, BON, WALKER & STUDER, LLC