Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1825; Fax:  (734) 521-2379
Email:  jmcgill@fbmjlaw.com;
         jcupples@fbmjlaw.com

Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
(307) 235-6681; Fax (307) 234-5099
Email:  jstuder@schwartzbon.com

*Attorneys for Defendant Triangle Tube*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, Co-Wrongful Death Representatives, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. 15-CV-00128-NDF |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC., a New York Corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**TRIANGLE TUBE'S BRIEF IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' COUNSEL DAVID LEWIS AND EXPERT WITNESS DR. BERNARD CUZZILLO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATION OF THE PROTECTIVE ORDERS**

NOW COMES Defendant TRIANGLE TUBE ("Triangle"), by and through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and SCHWARTZ, BON, WALKER & STUDER, LLC, and for its Brief in Support of its Motion for Order to Show Cause Why Plaintiff's Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of this Court's Protective Orders, states as follows:

## I.   INTRODUCTION

Counsel for Plaintiff, David Lewis, had an obligation under the Protective Orders to inform Plaintiffs' expert, Dr. Bernard Cuzzillo, of terms of the Protective Orders related to Discovery Material and Confidential Information in This Action.  Mr. Lewis also had an obligation to comply with Triangle Tube's counsel's request for execution of the Affidavit of Destruction related to his obligations under the Protective Order post termination of This Action.  Above all, Mr. Lewis and Dr. Cuzzillo also had obligations not to utilize, rely on, or submit to any public authority Discovery Material and Confidential Information in This Action (including Cuzzillo's testimony, expert report, any affidavit), and also not utilize opinions from This Action in furtherance of any other claim/defense or for any other personal or business use outside This Action.  Despite the clear and stringent requirements of the Protective Orders, Mr. Lewis and Dr. Cuzzillo have intentionally violated this Court's Protective Orders as evidenced by the facts, argument, and exhibits attached to this Motion.

## II. LAW/ARGUMENT

**A.    Inherent Authority to Punish for Contempt**

It is firmly established that the power to punish for contempt is inherent in all courts. *Chambers v. Nasco, Inc*., 501 U.S. 32, 44, 111 S.Ct. 2123 (1991). "This power reaches both conduct before the court and that beyond the court's confines, for the underlying concern that gave rise to the contempt power was not merely the disruption of court proceedings [but was the] disobedience to the orders of the judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.* (alterations and internal quotation marks omitted).

Even when a court lacks subject-matter jurisdiction over the substantive merits of a case, it retains the inherent authority to issue orders on matters collateral to the merits and to conduct sanction proceedings and to impose any sanction for abusive conduct for which sanctions are authorized by the federal rules of procedure or federal statutes, including awarding costs or attorney fees, imposing punishment for criminal contempt, and issuing sanctions under Rule 11. See *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 395-96, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Willy v. Coastal Corp*., 503 U.S. 131, 136-37, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (holding district court may impose sanctions for conduct that occurred during a proceeding in which the court lacked subject matter jurisdiction).

Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance. *O'Connor v. Midwest Pipe Fabrications, Inc*., 972 F.2d 1204, 1211 (10th Cir. 1992). "The Court must be able to use civil contempt proceedings to uphold the dignity of the Court." *Summit Financial Resources, L.P. v. Walthers Oil Co*., 2008 WL 183380; 2008 U.S. Dist. LEXIS 4086, **Exhibit K**. District Courts "in civil contempt proceedings may proceed in a "more summary fashion" than in

an "independent civil action." See *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d [455] at 459 (citing 11 Wright & Miller, § 2960, at 590)". *F.T.C. V. Kuykendall*, 371 F3d 745 (10th Cir. 2004). The party has the initial "burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir.1998) (citation omitted). Once that showing is made, the burden then shifts to the alleged contemnor to show either that he/she had complied with the order or that he/she could not comply with it. *US v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

**B.    The Court's Contempt Authority Allows Referral of Matter to Magistrate Judge**

This Court can refer the matter if it prefers to the Magistrate Judge. 28 U.S.C.A. § 636 (e) that sets for the contempt authority of Magistrate judges. Subsection (6) states:

> (6)    Certification of other contempts to the district court.-- Upon the commission of any such act--
>
> (B)    in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--* * *

In turn, 28 U.S.C.A Section 636(b) provides:

> (1)    Notwithstanding any provision of law to the contrary—
>
> (A)    a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court […]
>
> A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

See, *Smith v. TFI Family Servs., Inc*., No. 17-02235-JWB-GEB, 2019 WL 4194046 (D. Kan. Sept. 4, 2019); *Lincoln Nat. Life Ins. Co. v. Marchiol*, No. 11-CV-02855-CMA-KMT, 2013 WL 673990 (D. Colo. Feb. 22, 2013) (facts not in dispute; magistrates recommendation upheld).

In summary, the Protective Orders are valid, Mr. Lewis and Dr. Cuzzillo both had knowledge of their obligations under the orders and have disobeyed the orders. This Court has inherent authority to punish for the contempts of its Protective Orders.

WHEREFORE, Triangle Tube respectfully requests the relief stated in its Motion, and as set forth in the attached proposed order. Should this Court determine that David Lewis and/or Dr. Bernard Cuzzillo are in contempt of this Court's Protective Orders, Triangle Tube respectfully requests that this Court enter an order with the relief requested in its Motion.

DATED this 20th day of December, 2019.

/s/ Judith Studer (5-2174)
SCHWARTZ, BON, WALKER & STUDER, LLC
141 S. Center Street, Suite 500
Casper, WY 82601
Tel.: (307) 235-6681; Fax: (307) 234-5099

Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
FOLEY, BARON, METZGER & JUIP, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
Tel.: (734) 742-1825; Fax: (734) 521-2379

*Attorneys for Defendant Triangle Tube*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I served said Triangle Tube's Brief in Support of Its Motion for Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt for Violation of this Court's Protective Orders upon the below:

David Lewis
P. O. Box 8519
Jackson, Wyoming 83002
davelewis@bresnan.net

Katherine L. Mead, Esq.
P.O. Box 1809
Jackson, Wyoming 83001

Christopher R. Reeves
Dick Waltz, Esq.
Waltz Reeves
1660 Lincoln Street, Ste. 2510
Denver, Colorado 80264
creeves@waltzreeves.com;
dwaltz@waltzreeves.com

kate@meadlaw.net

Julie Tiedeken                          Dr. Bernard Cuzzillo
Sean W. Scoggin                         Berkeley Research Company
P. O. Box 748                           600 Addison Street
Cheyenne, Wyoming 82003                 Berkeley, California 94710
jtiedeken@mtslegal.net                  (last known business address)
sscoggin@mtslegal.net

                                        Dr. Bernard Cuzzillo
                                        1214 Bear Creek Drive
                                        Briones, California 94553-9750
                                        (residential address, upon information and
                                        belief)

via the Court's ECF filing system for counsel, and via Certified First Class U.S. Mail, to Dr.
Bernard Cuzzillo at his last known business address and personal residence listed above.

                              /s/ Judith Studer
                              SCHWARTZ, BON, WALKER & STUDER, LLC