Stefanie Boster, Esq. (6-3890)
HICKEY & EVANS, LLP
1800 Carey Ave., Ste. 700
P.O. Box 467
Cheyenne, WY 82003-0467
Ph:   (307) 634-1525
Fax: (307) 638-7335

*Attorneys for Plaintiff's Expert Witness*
*Dr. Bernard Cuzzillo*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death, | Case No. 15-CV-00128-NDF |
| Plaintiffs, | |
| vs. | |
| GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, but in their individual capacities as Trustees of the BUCKINGHAM FAMILY TRUST; and GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, as individual defendants; and WYOMING MECHANICAL, INC., a Wyoming Corporation; TRIANGLE TUBE/PHASE III CO. INC., a New Jersey Corporation; and M&G GROUP DURAVENT, INC. a New York Corporation, | |
| Defendants. | |

## RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW Plaintiff's Expert Witness Dr. Bernard Cuzzillo and in response to the

Court's January 13, 2020 *Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert*

*Witness Dr. Bernard Cuzzillo Should not be Held in Contempt of Court for Violation of Protective Orders* (hereinafter "Order to Show Cause") [Doc. 201] states and alleges as follows:

## I.   BACKGROUND

This case concerns a wrongful death action involving an alleged carbon monoxide poisoning, which was dismissed in March of 2017.   Triangle Tube was an active defendant in the case, who, according to the Court's record, repeatedly failed to respond to discovery requests and was involved in several discovery disputes which required the Court's intervention.   *See* [Docs. 102, 107, 110].   Triangle Tube now attempts to continue this pattern of conduct by using this *Motion for Order to Show Cause* as pretext to disqualify Dr. Bernard Cuzzillo, an expert witness who is adverse to its position in the *Frabotta* matter in Michigan.   *Motion for Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not Be Held in Contempt of Court for Violation of Protective Order* (hereinafter "Motion for Order to Show Cause") [Doc. 199].

In its *Motion*, Triangle Tube references motions it filed that it represents were stipulated to regarding the entry of a protective order.   *Motion for Order to Show Cause*, at p. 2, ¶ 3 (*referencing* [Docs. 93, 97, and 100]).   This information is not correct[1].   During the course of the litigation, in June of 2016, Triangle Tube did file a *Motion for Protective Order*, but the Court denied that motion.   [Docs. 93, 102].   However, on March 17, 2016, Defendant M&G DuraVent Inc. did file a *Motion for Protective Order*.   [Doc. 71].   The Court entered an *Order* on March 18, 2016 granting M&G DuraVent Inc.'s *Motion for Protective Order*.   *See* [Doc. 73].

---

[1] At the time of the filing of this *Response*, Counsel for Dr. Bernard Cuzzillo does not have access to any of the non-public documents in this matter, many of which are germane to this response.   Counsel respectfully requests leave from the Court to supplement this *Response* once access is permitted.

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not Be Held in Contempt of Court for Violation of the Protective Orders.*

Thus, the only relevant *Protective Order* should be the Court's March 18, 2016 *Protective Order*.   *See* [Doc. 73].   To the extent the April 10, 2019 *Motion for Order Granting Motion for Order Reaffirming Protective Order and Designating Certain Documents/Docket Entries as Non-Public* and subsequent *Order* relies on [Docs. 93, 97, and 100], that reliance is in error[2].   *See* [Docs. 191, 192].

The parties entered into a *Confidential Settlement Agreement* in late September or October of 2016.   The claims made by all of the parties in this case were dismissed by the end of March of 2017.   Following dismissal, no further activity occurred in this case until April 10, 2019. Between September of 2016 through May 16, 2019, for over two and a half years, many of the documents for which Triangle Tube now claims are confidential and covered under the *Protective Order*, and that it specifically sought protection from the Court for on April 10, 2019, were available publicly on PACER.

In the meantime, in 2017, similar litigation was filed by an unrelated Plaintiff against Triangle Tube and other defendants in the Michigan *Frabotta* matter.   Triangle Tube now seeks sanctions against David Lewis, Esq. and Dr. Bernard Cuzzillo for use of this information in *Frabotta*.   As outlined below, the relief sought by Triangle Tube is neither just nor appropriate.

## II.   ARGUMENT

In its *Brief in Support of its Motion for Order to Show Cause*, Defendant Triangle Tube appears to concede that this Court lacks subject-matter jurisdiction over the substantive merits of the Michigan *Frabotta* matter for which it seeks to sanction Mr. Lewis and Dr. Cuzzillo.   *Brief in*

---

[2]   At the time of the filing of this *Response*, Counsel for Dr. Cuzzllo does not have access to either this *Motion* or the Court's *Order*.   [Docs. 191, 192].

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 3 of 13

*Support of its Motion for Order to Show Cause*, at p. 2 [Doc. 200].   Nevertheless, Triangle Tube asserts in its *Motion for Order to Show Cause* that this Court has the inherent authority to issue contempt sanctions against Dr. Bernard Cuzzillo for alleged misconduct in the unrelated *Frabotta* matter in Michigan.   [Doc. 200, at p. 3-4].   Triangle Tube cites no legal authority for the issuance of these broad sanctions against Dr. Bernard Cuzzillo which would result in his disqualification.

Following dismissal of this matter, depending on the language contained in the *Confidential Settlement Agreement*, the *Confidential Settlement Agreement* and not a discovery based *Protective Order* should govern the use and dissemination of confidential information.   As outlined below, the Court need not use its time or resources to consider the merits of this motion seeking sanctions against either David Lewis, Esq. and/or Dr. Bernard Cuzzillo.   [Docs. 200, 201].

Should this Court find that it does have jurisdiction to consider sanctions in this matter, David Lewis, Esq. and Dr. Bernard Cuzzillo did not violate the terms of the *Protective Order* that was entered in the above captioned matter.   Further, if found, any violation of the *Protective Order* following dismissal of the case was not intentional, or was as a result of prior use of then publically available information.   As such, the conduct of either Mr. Lewis or Dr. Cuzzillo, would not warrant sanctions.   Rather, this is an attempt by Triangle Tube to use the time and resources of this Court to sanction an opposing expert witness in the Michigan *Frabotta* matter.   This attempt should be soundly rejected.   As such, this Court should deny Triangle Tube's *Motion for Order to Show Cause*.

A.   THIS COURT DOES NOT HAVE THE JURISDICTION TO IMPOSE SANCTIONS AGAINST MR. LEWIS AND DR. BERNARD CUZZILLO FOR ACTIONS THAT

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 4 of 13

OCCURRED ONCE THIS LITIGATION WAS DISMISSED.

Defendant Triangle Tube should be attempting to enforce the terms of the *Confidential Settlement Agreement* rather than request that the Court issue sanctions against David Lewis and Dr. Bernard Cuzzillo.   Because the protections outlined in the *Confidential Settlement Agreement* are narrower than those afforded by the *Protective Order*, Triangle Tube seeks enforcement of the *Protective Order*.   Further, Triangle Tube does not reference the specific court rule or statute for which the Court should impose sanctions for contempt of court.   Instead, it is assumed that the Triangle Tube is seeking the sanctions outlined in Rule 26(c)(A-H) and Rule 37(c) and/or the March 18, 2016 *Protective Order*.

The March 18, 2016 *Protective Order* was entered by this Court pursuant to Rule 26 of the Federal Rules of Civil Procedure.   *See* [Doc. 73].   Rule 26 is a rule governing discovery and disclosure during pending litigation.   Rule 26(c)(1) provides generally that, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken…"   Fed. R. Civ. P. 26(c)(1).   Had Mr. Lewis or Dr. Cuzzillo violated the *Protective Order* while this matter was still pending or after it had been reaffirmed by the Court, it may have been appropriate for the Court to consider Rule 26(c)(1)(A-H).   Fed. R. Civ. P. 26(c)(1)(A-H).

Rule 26 references Rule 37, which concerns sanctions for failure to make disclosures or cooperate in discovery.   Fed. R. Civ. P. 37(a).   With regard to the appropriate court to seek sanctions, Rule 37, "[a] motion for an order to a party must be made in the court where the action is

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 5 of 13

pending.   A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).   In this case, the Michigan Court is the Court where the discovery is or will be taken.   Please see Declaration of Glenn Smith, Esq. (*attached and incorporated herein as Exhibit 1*).   The Circuit Court Judge who is presiding over the *Frabotta* matter in Michigan, the Honorable Charles R. Goodman, has issued a *Protective Order* in that matter.

The parties in this case entered into a *Confidential Settlement Agreement* in this matter, which was much more restrictive with regard to the future use of documents then the terms of the March 18, 2016 *Protective Order*.   The terms of the *Settlement Agreement* and not the *Protective Order* should govern the disclosure of documents and information once this case was dismissed in March of 2017.   Interestingly, two years after this case settled and well after this case was resolved in the minds most of the counsel that were involved, on April 10, 2019, Triangle Tube filed a *Motion for Order Reaffirming Protective Order & Sealing Certain Documents*.   [Doc. 191].   Facing similar litigation in Michigan, Counsel for Triangle Tube sought to enforce the same protections it had enjoyed while the matter was pending under the *Protection Order*.   This was filed as a non-public motion, and no party filed a response to this motion, so on May 16, 2019, the Court entered an *Order Reaffirming Protective Order and Designating Certain Documents/Docket Entries as Non-Public*.   [Doc. 192].   Without the benefit of a response, the Court likely did not have occasion to consider the potential implications of this *motion* in light of the pending case in Michigan.   Counsel for Triangle Tube would have been well aware of these implications.

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo*
*Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 6 of 13

Instead, Triangle Tube is attempting to use this Wyoming *Herrera* case to limit discovery in the Michigan *Frabotta* case and impede the work and testimony of one of its co-Defendant's expert witnesses, Dr. Bernard Cuzzillo.  Not having been a party to the *Herrera* matter, Dr. Cuzzillo had no way of knowing about these tactics or of defending himself against the motion. As such, the Court could reconsider setting aside the *Order Granting Motion to Reaffirm Protective Order and Designating Certain Documents/Docket Entries filed by Cross Defendant Triangle Tube*.  Regardless, the Court does not have subject matter jurisdiction to enforce the sanctions requested by Triangle Tube in its *Motion for Order to Show Cause*.

There is a *Protective Order* in place in the Michigan case that Triangle Tube is taking full advantage of.  *Exhibit 1*, at p. 2 ¶¶ 4,5; p. 8-9; p. 11-12.  Thus, there is no need to disqualify or otherwise sanction Dr. Cuzzillo in this case, which may prevent him from testifying in the Michigan case.  Triangle Tube argues that Dr. Cuzzillo should not be able to testify in the Michigan case because he is violating the *Protective Order* in Wyoming.  [Doc. 199, at p. 11, ¶G]. This drastic remedy is not necessary because Dr. Cuzzillo is not violating this Court's *Protective Order* and there is a separate *Protective Order* that is in effect in Michigan.

**B.     THE COURT SHOULD NOT ISSUE SANCTIONS RESULTING IN DISQUALIFICATION OF DR. BERNARD CUZZILLO AS AN EXPERT WITNESS IN THE MICHIGAN CASE BECAUSE HE DID NOT VIOLATE THIS COURT'S PROTECTIVE ORDER.**

Should the Court find that it does have the jurisdiction and authority to issue sanctions against Mr. Lewis or Dr. Bernard Cuzzillo for violation of the *Protective Order*, it need not do so because neither has violated the *Protective Order*.  As explained in more detail below, case precedent establishes no basis to limit or otherwise disqualify Dr. Cuzzillo as he never had a

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 7 of 13

confidential relationship with Triangle Tube and the information that Triangle Tube now complains of is technical and not confidential in nature.

Triangle Tube seeks broad sanctions against Dr. Cuzzillo from this Court which directly impacts the *Frabotta* matter that is pending in the Michigan Court.   *Motion for Order to Show Cause*, at p. 10, ¶¶ A-H [Doc. 199].   These sanctions equate to disqualification.   Although courts have declined to use a bright-line rule to determine whether an expert should be disqualified they have articulated general principles.   See *Williams v. Old Faithful Tours, Inc.*, No. 11-CV-287-F, 2012 WL 9490920, at *3 (D. Wyo. Sept. 25, 2012) (Citing *Koch Refining Co. V. Jennifer L. Boudreau M/V,* 85 F.3d 1178, 1181 (5th Cir.1996); *WangLab., Inc. v. Toshiba Corp.,* 762 F.Supp. 1246, 1248 (E.D.Va.1991) (citations omitted)).

This not a case where, during the course of the *Herrera* litigation, Dr. Cuzzillo switched sides.   Rather, in the *Herrera* litigation, Dr. Cuzzillo testified for the Plaintiff against Triangle Tube.   In the *Frabotta* case, Dr. Cuzzillo has been retained by a co-Defendant of Triangle Tube. Dr. Cuzzillo was and is an adversary of Triangle Tube in both matters.   Disqualification of an expert is warranted based on a prior relationship with an adversary if (1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation.   *Williams*, 11-CV-287-F, 2012 WL 9490920, at *3 (citing *Koch Refining Co. v. Jennifer L. Boudreau M/V,* 85 F.3d 1178, 1181; *Mayer v. Dell,* 139 F.R.D. 1, 3 (D.D.C.1991)).   Only if the Court can affirmatively answer both questions should the expert witness be disqualified.   *Williams*, at *3 (citing *Koch Refining Co.*, at p. 1181).

Courts have also established that the party seeking disqualification bears the burden of

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 8 of 13

proving these elements. *Id.* (*citing Cordy v. Sherwin–Williams Co.,* 156 F.R.D. 575, 580 (D.N.J.1994)).   In addition to these two factors, the Court also should consider whether disqualification would be fair to the affected party and would promote the integrity of the legal process. *Hewlett-Packard Co v EMC Corp*, 330 F.Supp. 2d 1087, 1092–93 (N.D. Cal, 2004).   In this case, the Court can not affirmatively answer both questions because there was no confidential relationship and Dr. Cuzzillo did not disclose confidential information in the *Frabotta* matter.

> 1.    **TRIANGLE TUBE DID NOT HAVE A CONFIDENTIAL RELATIONSHIP WITH DR. BERNARD CUZZILLO.**

Courts have considered various factors in evaluating whether it was objectively reasonable for a party to believe a confidential relationship existed.   *Williams v. Old Faithful Tours, Inc.*, No. 11-CV-287-F, 2012 WL 9490920, at *3 (internal citations omitted).   Here, it would not be reasonable for Triangle Tube to assume that a confidential relationship existed between itself and Dr. Cuzzillo because Dr. Cuzzillo's position in *Herrera* and *Frabotta* has been adverse to Triangle Tube.   As such, the Court can not affirmatively answer the first inquiry.   *Williams*, at *3 (citing *Koch Refining Co.*, at p. 1181).

> 2.    **DR. BERNARD CUZZILLO USED TECHNICAL INFORMATION, NOT CONFIDENTIAL INFORMATION IN THE *FRABOTTA* MICHIGAN CASE, SO DISQUALIFICATION WOULD NOT BE AN APPROPRIATE SANCTION.**

The Court also can not affirmatively answer the second inquiry.   Dr. Cuzzillo did not use confidential information and discovery material in violation of this Court's March 18, 2016 *Protective Order* for in defense of a proceeding currently pending in the *Frabotta* matter.   In addition, much of the information for which Triangle Tube sought protection in its April 10, 2019 *Motion* had been publicly available on PACER for two and half years.   See [Doc. 191].

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 9 of 13

The March 18, 2016 *Protective Orders* defines "confidential information" as "[a]ny Discovery Material that the producing party or Protected Person reasonably believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(7), that, if disclosed, would materially affect the party's or Protected Person's business, commercial or financial interests." *Protective Order*, at p. 2, ¶ I(1)(a).   At least one court has concluded that "[c]ommunication based upon technical information as opposed to legal advice is not considered privileged.**"** *Nikkal Indus., Ltd. v. Salton, Inc.,* 689 F.Supp. 187, 191–92 (S.D.N.Y.1988) (emphasis added).

Contrary to Triangle Tube's representation, Dr. Cuzzillo has not used confidential information in the *Frabatta* case that he obtained from Triangle Tube in the *Herrera* case.   See *Affidavit of Dr. Bernard Cuzzillo* and January 17, 2020 Letter to the Court, at p. 3-4 (*attached and incorporated herein as Exhibit 2*).   In the instant motion, Triangle Tube is essentially trying to disqualify Dr. Cuzzillo, in large part due to Dr. Cuzzillo developing his own "technical information" (the exemplar delayed ignition explosion video).

Dr. Cuzzillo did not violate the March 18, 2016 *Protective Order* in Wyoming.   There is no basis to sanction or disqualify Dr. Cuzzillo as he never had a confidential relationship with Triangle Tube, and the information that Triangle Tube now complains of is technical "[c]ommunication based upon technical information as opposed to legal advice is not considered privileged." *Nikkal Indus., Ltd. v. Salton, Inc.,* 689 F.Supp. 187, 191–92 (S.D.N.Y.1988). Further, Triangle Tube filed the instant motion in this Court **after** it agreed on July 23, 2019 that

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 10 of 13

*Herrera* would in no way be a bar to discovery in the Michigan case, and Triangle Tube failed to reveal that Michigan order to this Court.   See *Exhibit 1*, at p. 2 ¶¶9-17 [Doc. 199].   Triangle Tube purposely seeks disqualification in this Court because it knows that such effort would be futile in the appropriate Michigan Court.   *Id*.   This motion is frivolous and should be appropriately sanctioned.

## III.   CONCLUSION

This Court does not have subject-matter jurisdiction over whether Dr. Bernard Cuzzillo be sanctioned for contempt.   In addition, Dr. Cuzzillo should not be sanctioned in the form of disqualification because he did not have a confidential relationship with Triangle Tube and he did not utilize confidential information in violation of the March 18, 2016 *Protective Order* in the Michigan *Frabotta* case.   In addition, Dr. Cuzzillo did not violate this Court's May 16, 2019 *Order Granting Motion for Order Reaffirming Protective Order and Designating Certain Documents/Docket Entries as Non-Public*.   As a result, Triangle Tube *Motion for Order to Show Cause* should be denied.

**WHEREFORE**, *Dr. Bernard Cuzzillo* prays that the Court deny Defendant's *Motion for Order to Show Cause* with prejudice, that he be awarded attorney's fees and costs for defending this motion, and for such other and further relief as this Court may deem just and equitable.

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo*
*Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 11 of 13

**RESPECTFULLY SUBMITTED** and respectfully submitted this 22nd day of January,

2020.

*/s/ Stefanie L. Boster*

Stefanie L. Boster (WY # 6-3890)
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY   82003-0467
Ph: (307) 634-1525
Fax: (307) 638-7335
sboster@hickeyevans.com

*Attorneys for Plaintiff's Expert Witness*
*Dr. Bernard Cuzzillo*

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo*
*Should Not be Held in Contempt of Court for Violation of the Protective Orders.*

Page 12 of 13

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2020, a copy of the foregoing *Response to Order to Show Cause* was filed electronically.   Notice of this filing will be served on all parties of record by operation of the Court's electronic filing system.

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 S. Center Street, Suite 500
Casper, Wyoming 82601
jstuder@schwartzbon.com

Joseph P. McGill
Jennifer A. Cupples
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
jmcgill@fbmjlaw.com
jcupples@fbmjlaw.com

Katherine L. Mead
P.O. Box 1809
Jackson, Wyoming 83001
kate@meadlaw.net

Julie Tiedeken
Sean W. Scoggin
P.O. Box 748
Cheyenne, Wyoming 82003
jtiedeken@mtslegal.net
sscoggin@mtslegal.net

David Lewis
P.O. Box 8519
Jackson, Wyoming 83002
davelewis@bresnan.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz Reeves
1660 Lincoln Street, Ste. 2510
Denver, Colorado 80264
creeves@waltzreeves.com
dwaltz@waltzreeves.com

*/s/ Stefanie L. Boster*
Stefanie L. Boster (WY # 6-3890)
HICKEY & EVANS, LLP

*Response to Order to Show Cause Why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of the Protective Orders.*