# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCISCO L. HERRERA and JOANNA HERRERA, CO -WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death,<br><br>    Plaintiffs,<br><br>v<br><br>GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, et. al,<br><br>    Defendants. | Civil No. 15-CV-128-NDF<br>Hon. Kelly H. Rankin |

### DECLARATION OF BERNARD R. CUZZILLO, PH.D., P.E., IN RESPONSE TO TRIANGLE TUBE'S MOTION TO SHOW CAUSE FILED IN WYOMING US DISTRICT COURT

STATE OF CALIFORNIA        {
                           }ss.
COUNTY OF Alameda          {

Affiant, BERNARD R. CUZZILLO, PH.D., P.E., being first duly sworn, deposes and says:

1.  That I hereby attest to the truth of the contents of the letter to Judge Kelly H. Rankin dated January 17, 2020 [attached hereto as **Exhibit A**].

Further, Affiant sayeth not.

Dated: 1/22/2020

Bernard R. Cuzzillo, PhD, PE

Subscribed and sworn to before me on this _____ day of _____ January _____, 2020.

_____
Notary Public
County of
State of California
My commission expires:

EXHIBIT 2

**CALIFORNIA JURAT**  CIVIL CODE § 1185

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Alameda

Subscribed and sworn to (or affirmed) before me on this 22 day of January, 20 20, by Bernard Robert Cozzillo proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)

PHILLIP SPRUNER
COMM. # 2142789
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. Feb. 15, 2020

Signature _____

───── OPTIONAL ─────

Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: Declaration of Bernard R. Cozzillo
Document Date: _____ Number of Pages: 1
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee       ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee       ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

# BERKELEY
# RESEARCH
# COMPANY

January 17, 2020

BERNARD R. CUZZILLO, PH.D., P.E., C.F.I.
BERNARD@BERKELEYRC.COM
CELL PHONE 510.821.2499

The Honorable Kelly H. Rankin
United States Magistrate Judge
United States District Court
2120 Capitol Avenue
Suite 2204
Cheyenne, WY 82001

Civil No. 15-CV-128-NDF
Herrera v. Buckingham
Via USPS Express Mail, tracking no. 9470 1036 9930 0048 1586 90

Dear Judge Rankin:

I'm writing on my own behalf in response to your Order to Show Cause, Document 201. I've tried several times to reach my former client, attorney David G. Lewis, but to no avail. I suspect that he may be having health issues and is unable to reply. Thus, I'm writing to you directly.

As you know, I was an expert in Herrera. I remember speaking with you in a telephone hearing on July 19, 2016 on that case. Moreover, I was an expert in Judge Johnson's courtroom in the Lompe case in 2013. And I'm a registered professional engineer licensed in the State of Wyoming.

Counsel for Triangle Tube, Joseph McGill of Michigan, alleges that I violated the Protective Order in Herrera. I've done no such thing. Mr. McGill doesn't even allege that I have any confidential documents, but that the entirety of my work product in Herrera was somehow related to the confidential documents and is thus tainted by association. This is not my understanding of the Court's instructions.

For example, Mr. McGill cites videos of my testing done in Herrera. That testing was in no way based on information in confidential documents. The boiler and test equipment were not even subject evidence, but rather were entirely purchased on the open market and assembled by me in my laboratory. Nothing depicted in the videos discloses any confidential materials. However, these tests do illustrate a fundamental defect in Triangle Tube's boiler that I predicted, in my September 5, 2016 report, would kill unsuspecting people in the future.

Just 79 days later, on November 23, 2016, that future arrived with the death of William Frabotta from a very similar incident, with the same model boiler, and from the same defect. That incident in the subject of Mathews v. Nakkula and Triangle Tube in Mich-

The Honorable Kelly H. Rankin  2  January 17, 2019
Re: Herrera v. Buckingham

igan state court. From a public policy perspective, public safety is ill served by Mr. McGill's aim of imposing a blanket silencing of all prior knowledge of the defect. In my opinion, lives are at risk even as I write this because of the defect.

Further, the Protective Order says nothing about any duty of confidentiality of such work product that does not disclose the protected documents and protected testimony. All of the alleged violations are work product that is so characterized.

To give you more context in the case in Michigan State Court, I've attached a declaration with exhibits by my client, attorney Glenn W. Smith, regarding Mr. McGill's arguments.

And speaking of context, I have not been furnished with a complete copy of Mr. McGill's pleadings because he attached material under seal that was not included in what was sent to me. In addition, I don't have his motion in Herrera from earlier last year. Thus, I'm unable at this point to offer a point-by-point rebuttal. But I can assure you that I've adhered scrupulously to my duties of confidentiality with respect to Triangle Tube's materials.

I respectfully request that you deny Mr. McGill's oppressive motion. Finally, I request an extension of the deadline to file a formal response and for a new attorney to make an appearance on my behalf.

Should you have any questions, please do not hesitate to contact me.

Very Truly Yours,
BERKELEY RESEARCH COMPANY

Bernard R. Cuzzillo, Ph.D., P.E.
President, Mechanical Engineer, and Fire Scientist

Attachment: Declaration of Attorney Glenn Smith, dated January 6, 2020, 23 pages