Judith A. Studer, Attorney No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
(307) 235-6681; Fax (307) 234-5099
Email:  jstuder@schwartzbon.com

Joseph P. McGill (admitted pro hac vice)
Jennifer A. Cupples (admitted pro hac vice)
Foley, Baron, Metzger & Juip, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1825; Fax: (734) 521-2379
Email:  jmcgill@fbmjlaw.com; jcupples@fbmjlaw.com

*Attorneys for Defendant Triangle Tube*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| FRANCISCO L. HERRERA, et al, | ) | Case No.:  2:15-cv-00128-NDF |
| | ) | |
|      Plaintiffs, | ) | **TRIANGLE TUBE'S REPLY IN** |
| | ) | **SUPPORT OF ITS MOTION FOR** |
| -vs- | ) | **ORDER TO SHOW CAUSE WHY** |
| | ) | **PLAINTIFFS' EXPERT WITNESS** |
| GREGORY BUCKINGHAM and | ) | **DR. BERNARD CUZZILLO** |
| DEBORAH BUCKINGHAM, et al, | ) | **SHOULD NOT BE HELD IN** |
| | ) | **CONTEMPT OF COURT FOR** |
|      Defendants. | ) | **VIOLATION OF PROTECTIVE** |
| | ) | |

**REPLY IN SUPPORT MOTION FOR ORDER TO SHOW CAUSE**

1.  The court in the Michigan *Frabotta* matter acknowledges that this Court is the

appropriate court to address violations of the Protective Orders[1].  [Doc 207-1], pp. 23, 14-

18; the March 2016 Protective Order [Doc 199-1], pp. 11, ¶26; and *Summit Fin. Res.*:

"The Court must be able to use civil contempt proceedings to uphold the dignity of the

---

[1] Triangle's Motion for Order Reaffirming Protective Order [Doc 191] was filed following other Defendants'
counsel's stipulation and notice to Plaintiff's counsel regarding the requests therein.  No response was filed
and no objections were filed.  Dr. Cuzzillo's representations regarding the lack of notice or otherwise
regarding said Motion are unsupported and contrary to the facts.

Court".  [Doc 199-11], **Exhibit K**.  Dr. Cuzzillo's argument that this Court does not have jurisdiction is not supported; is contrary to this Court's orders; and ignores the directives of the court in the *Frabotta* matter.

2.  Dr. Cuzzillo's Response [Doc 207] concedes his notice of the Protective Orders.

3.  Triangle's Motion is not an attempt to limit discovery in the *Frabotta* matter[2]; the Motion is simply to protect its client's confidential records[3] and to seek a remedy for violation of the Protective Orders.

4.  The Order Granting Stipulated Motion to Dismiss This Action against Triangle was entered March 27, 2017 [Doc 184].  Before the end of 2017, Dr. Cuzzillo presented to the Society of Forensic Engineers & Scientists ("SFES") "A Complex Carbon Monoxide Fatality-Part One", which contains pictures of the Buckingham ranch, and pictures of the subject boiler and component parts that were at issue in This Action.  **Exhibit J** to Motion.

5.  At the SFES Yosemite 2018 seminar, Dr. Cuzzillo presented "Part Two" of his "A Complex Carbon Monoxide Fatality – Failure of the Private Product-Listing Industry: Regulation by Death", again referencing an alleged product defect from This Action. *Id*.

6.  In the seminars and the *Frabotta* matter[4], Dr. Cuzzillo has violated this Court's Protective Orders.  Triangle only became aware of the violations because of Dr. Cuzzillo's own admitted reliance on various records and information from This Action for his opinions in the *Frabotta* matter (e.g., [Docs 140, 140-1, 140-2] and demonstration videos).

---

[2] Note: counsel who hired Dr. Cuzzillo in that matter also has another mechanical engineer expert.  Also, there is no outstanding order or a pending request to Triangle in the *Frabotta* matter.

[3] "Confidential Information" per the Protective Order [Doc 73] states that if the information was disclosed, it would materially affect the party's business, commercial or financial interests. The information at issue herein is proprietary to Triangle and affects its competitive position in the marketplace.

[4] The original Complaint (filed on or around August 2017) in the *Frabotta* matter did not include Triangle as a defendant (but did include Modern/Nakkula/Waatti).  Triangle was added via the First Amended Complaint (filed February 21, 2018).  The incident alleged to have occurred in the Frabotta matter happened on or around November 23, 2016.  Upon information and belief, Dr. Cuzzillo was engaged by co-defendant installer, Nakkula dba Modern/Waatti, in the *Frabotta* matter around May/June 2018.

**Exhibits E-J**[5] to Motion.  Any and all representations of Dr. Cuzzillo to the contrary are an attempt to confuse and obfuscate the issues.

7.   Upon information and belief, counsel and/or Dr. Cuzzillo have obtained a copy of the Confidential Settlement Agreement in This Action which is a violation of its confidentiality terms which require express Court authorization and advance notice to Triangle and its counsel. See [Doc 207], pp. 5, 6 (making argument that Triangle should enforce the terms of the CSA because the protections outlined in it are narrower than those afforded by the Protective Order; also that the CSA terms are much more restrictive on future use of documents than the terms of the Protective Order). This is further evidence of his unclean hands.

8.   Counsel's discussion of whether there was a confidential relationship between Dr. Cuzzillo and Triangle[6] seems misplaced as Triangle is not attempting to argue or suggest that Dr. Cuzzillo should be disqualified because of a "prior relationship with an adversary"[7].   Triangle seeks to enforce the terms of the Protective Orders that Cuzzillo was on notice of and agreed to prior to receipt of Discovery Materials and Confidential Information in This Action.  Upon violation, Cuzzillo agreed to jurisdiction of this Court by

---

[5] Importantly, **Exhibit G** to Motion [Doc 199-7] at Ans. 6 states: "[…] see Declaration of Dr. Cuzzillo and his Affidavit filed in the *Herrera* case previously provided in Defendants, Nakkula/Waatti's, Motion to Compel Discovery dated October 19, 2018. Dr. Cuzzillo will rely on the various codes that he references in this *Herrera* Affidavit."

[6] Triangle does submit that Dr. Cuzzillo has relied upon and used certain of the Discovery Material and Confidential Information (and now sealed records) from This Action in the *Frabotta* matter.  Dr. Cuzzillo's argument that because the records were available on PACER for a period of time that Triangle in effect waived its rights under the March 2016 Protective Order should not be allowed and in fact is prohibited by the terms of the Order.  Dr. Cuzzillo does not represent that he obtained copies of said records from PACER. The terms of the March 2016 Protective Order state that inadvertent production or failure to designate shall not be deemed a waiver of the producing party's claim of confidentiality.  [Doc 73] at ¶6.  Furthermore, there were no challenges to any of Triangle's confidential designations in This Action.

[7] The *Williams* case cited to by Dr. Cuzzillo's counsel is a case where plaintiff therein filed a motion to strike defendants' expert due to an alleged retention of expert previously contacted by the other side.  The facts of that case are materially distinguishable from This Action and Triangle's Motion, thereby the law allegedly relied upon should be ignored.

the terms of the Orders. Given the wide latitude allowed to ensure adherence to court orders, this Court can determine that the appropriate contempt sanction in This Action includes restrictions on Dr. Cuzzillo's testimony in other actions due to his blatant disregard for this Court's Orders. Such decision is not dependent on the argument that disqualification is due to a prior relationship with an adversary referred to by Cuzzillo in his Response.

9. Dr. Cuzzillo's deliberate use of Discovery Material, Confidential Information, and sealed documents from This Action is also on display in the *Frabotta* matter by way of Nakkula/Waatti's motion to compel submitted to that court which contains Discovery Material and Confidential Information of Triangle, specifically his stated reliance and quotes from his July 19, 2016 and September 14, 2016 expert reports from This Action. [Doc 199], **Exhibit E**, and Declaration at ¶6; [Docs 140, 140-1, 96-4, 140-2]. While it is not expected that Dr. Cuzzillo can erase his memories/experience, it is expected and required that he comply with the Protective Orders, even after the close of This Action.

10. Contrary to Dr. Cuzzillo's argument, the Protective Orders are not mere discovery orders pursuant to Rules 26 and 37. The Orders may be enforced post-closing of This Action; to suggest otherwise makes no sense.

11. The "full combined test videos" file produced by way of drop box by counsel in discovery in the *Frabotta* matter on February 26, 2019 as a Supplement to Discovery Responses includes the same extreme test case scenario video footage was provided to counsel in this Action as Discovery Material (more specifically, as six (6) different shortened videos which also were listed in *Appendix A* to Dr. Cuzzillo's Carbon Monoxide Exposure Analysis, Supplemental Report, prepared September 5, 2016). The two sets of videos (*Frabotta/Herrera*) all contain the same: boiler set up, polypropylene (gray)

4

venting, metal supports, dual exhaust venting, "views" of the piping and boiler during testing, slow motion video footage, and clamps utilized incorrectly by the installer in This Action. Rather than rely on testing that originated from and was developed in the *Frabotta* matter (based on the "as found" component parts in that case), Dr. Cuzzillo's videos used to support his opinions and testimony in This Action (which are Discovery Material, and include Confidential Information and Discovery Material) to further the claims/defenses of the installer in the *Frabotta* matter, ignoring the improper clamps and other component parts. The videos are not work product that may be used in a multitude of scenarios. The videos contain technical testing based on Discovery Material and Confidential Information of Triangle relied upon by Dr. Cuzzillo in This Action to support his opinions in This Action. Because the videos are based on Confidential Information/Discovery Material derived from This Action, he is prohibited from using the videos in other matters as specifically outlined in the Protective Orders. **Exhibits H and I** to Motion; the Protective Orders [Docs 73, 192].

12. In conclusion, despite being on notice of the Protective Orders, Dr. Cuzzillo has proceeded to use and heavily rely upon Discovery Material and Confidential Information (and now sealed documents) from This Action in support of his opinions in the *Frabotta* matter and in professional presentations to the public (from which he has presumably received monetary gain).

WHEREFORE, should this Court determine that Dr. Cuzzillo is in contempt of the Protective Orders, Triangle Tube respectfully requests that this Court enter an order as set forth in the relief requested in its Motion [Docs 199-200].

Respectfully submitted,

Dated:  January 29, 2020

/s/ Judith A. Studer, Attorney No. 5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Telephone - (307) 235-6681/Fax (307) 234-5099
Email - jstuder@schwartzbon.com


Joseph P. McGill, *admitted pro hac vice*
Jennifer A. Cupples, *admitted pro hac vice*
FOLEY, BARON & METZGER, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI  48152
Telephone - (734) 742-1825/Fax (734) 521-2379
Email - jmcgill@fbmjlaw.com./jcupples@fbmjlaw.com

*Attorneys for Defendant Triangle Tube*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, I served said **Reply in Support of Motion for Order to Show Cause Why Plaintiffs' Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt for Violation of this Court's Protective Orders** upon the below:

David Lewis
P. O. Box 8519
Jackson, Wyoming 83002
davelewis@bresnan.net

Katherine L. Mead, Esq.
P.O. Box 1809
Jackson, Wyoming 83001
kate@meadlaw.net

Julie Tiedeken
Sean W. Scoggin
P. O. Box 748
Cheyenne, Wyoming 82003
jtiedeken@mtslegal.net
sscoggin@mtslegal.net

Christopher R. Reeves
Dick Waltz, Esq.
Waltz Reeves
1660 Lincoln Street, Ste. 2510
Denver, Colorado 80264
creeves@waltzreeves.com;
dwaltz@waltzreeves.com

Stefanie Boster
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
PO Box 467
Cheyenne, WY
sboster@hickeyevans.com

via the Court's ECF filing system for counsel.

/s/_____
Judith A.W. Studer