

FILED
12:12 pm, 4/6/20
U.S. Magistrate Judge

United States District Court

For the District of Wyoming

FRANCISCO L. HERRERA and JOANNA HERRERA, CO-WRONGFUL DEATH REPRESENTATIVES, for the exclusive benefit of the beneficiaries of MONICA HERRERA, deceased, who have sustained damages from her wrongfully caused death,

Plaintiffs,

vs.

GREGORY BUCKINGHAM and DEBORAH BUCKINGHAM, et. al,

Defendants.

Civil No. 15-CV-128-NDF

**ORDER RULING ON TRIANGLE TUBE'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' COUNSEL DAVID LEWIS AND EXPERT WITNESS DR. BERNARD CUZZILLO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATION OF PROTECTIVE ORDERS [DOC. 199]**

This matter is before the Court on Triangle Tube's Motion for Order to Show cause why Plaintiffs' Counsel David Lewis and Expert Witness Dr. Bernard Cuzzillo Should Not be Held in Contempt of Court for Violation of Protective Orders [Doc. 199].  This case came before the Court on Plaintiffs' Complaint [Doc. 1] filed on August 5, 2015, containing causes of action for wrongful death.  The case was terminated in March 2017 when the trial court entered orders granting the parties' stipulated Motions to Dismiss [Docs. 178, 180, 182, 184, 186, 188, and 190].

On December 20, 2019, Triangle Tube filed the instant Motion requesting sanctions against Plaintiffs' counsel and former expert witness for alleged violations of the Protective

Order [Doc. 73] entered by this Court on March 18, 2016. Triangle Tube alleges both Plaintiffs' counsel David Lewis and Plaintiffs' expert Dr. Bernard Cuzzillo have used, and are continuing to use, confidential information and discovery material in violation of this Court's Protective Order. Specifically, Triangle Tube claims Dr. Cuzzillo has used and continues to use confidential information and discovery materials obtained during this case (hereinafter "Herrera matter"), for personal and professional gain by way of making presentations and, more importantly, by using the information in furtherance of his retained expert services in Case No. 17-755-NO (hereinafter "Frabotta matter"), before the Honorable Charles Goodman in Michigan. Triangle Tube requests sanctions be imposed by way of a cease and desist order prohibiting any further use of discovery materials or confidential information and prohibiting Dr. Cuzzillo from testifying against Triangle Tube in any current or future litigation.

## RELEVANT LAW

District courts have broad discretion over the control of discovery. *Cummings v. Gen. Motors Corp.,* 365 F.3d 944, 952 (10th Cir. 2004). "The purpose of this rule is to allow broad discovery of relevant information, even if that information is not admissible at trial." *Hedquist v. Patterson*, 215 F. Supp. 3D 1237, 1243 (D. Wyo. 2016). Broad discovery is not unlimited however, and a court has considerable discretion to balance the rights of both the plaintiff and defendant. *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1520 (10th Cir. 1995); FED. R. CIV. P. 37(a). "[A] party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party,' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo., 2004) (internal citations omitted).

Further, Rule 26 and controlling precedent from this circuit grants a trial court discretion in implementing the terms of discovery, including protective orders, "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1); *Ammen v. Barn Auto. Grp.*, No. 02-2242-KHV, 2003 WL 1913526, at *1 (D. Kan. Feb. 4, 2003). A court may issue a protective order upon a showing of good cause, with the party seeking protection bearing the burden of proof. FED. R. CIV. P. 26(c); *S.E.C. v. Goldstone*, 301 F.R.D. 593, 645 (D. N.M. 2014) (citations omitted). "The good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise." *Brandt v. Von Honneck*, No. 15-cv-02785-RM-NYW, 2018 WL 510277, at *3 (D. Colo. Jan. 23, 2018) (citing *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008)). The discretion and flexibility in addressing motions for protective orders allows a court to specify the terms of disclosure. FED. R. CIV. P. 26(C)(1)(B); *Brandt*, 2018 WL 510277, at *3. The starting point for interpretation of a protective order lies in its plain language. *See City of Hartford v. Chase,* 942 F.2d 130, 134–35 (2d Cir. 1991). Protective orders provide for a just and speedy trial by encouraging the full disclosure of all relevant facts and information. *S.E.C. v. Merrill Scott & Assoc.*, Ltd., 600 F.3d 1262, 1272 (10th Cir. 2010). When accepted and entered by the court, protective orders are designed to be fully and fairly enforceable by the parties as to the matters addressed. *See id.*

Next, motions for sanctions are governed by Rule 37 of the Federal Rules of Civil Procedure and Rule 37 vests broad discretion with the trial court. *Woodworker's Supply, Inc.*

*v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). Rule 37(b) addresses sanctions for failure to comply with a court order, seeking to punish a party for a failure to follow specific instructions. *Tom v. S.B., Inc.,* 280 F.R.D. 603, 611 (D. N.M. 2012). Determination of sanctions is fact-specific and within the discretion of the trial court. *Ehrenhaus v. Reynolds*, 969 F.2d 916, 920 (10th Cir. 1992).

In general, "parties to a lawsuit may disseminate information obtained through discovery as they see fit, and discovery is not restricted to the case for which it was produced." *High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586, 592 (D. Kan. 2012) (internal citations omitted). However, after the entry of a protective order under Rule 26(c) the dissemination and use of discovery, including confidential information, "is controlled by the terms of the protective order, and the parties must comply with the terms of the protective order or subject themselves to possible sanctions." *Id*. District courts enjoy "broad discretion in using its contempt power to require adherence to court orders." *Ross v. Univ. of Tulsa*, 225 F. Supp. 3d 1254, 1264 (N.D. Okla. 2016) (internal quotations and citations omitted).

A party moving for sanctions must prove a violation of a court order by clear and convincing evidence. *Id*. The violation does not need to be willful, but a person should not be found in contempt if the action is reasonably based in a good faith interpretation of a court order. *Id*. "Sanctions for civil contempt may only be employed for two remedial purposes: (1) to coerce obedience to a court order; or (2) to compensate the complainant for injuries resulting from non-compliance with a court order." *Id*. Courts have considerable discretion when imposing sanctions under Rule 37(b) of the Federal Rules of Civil Procedure, and "must consider the purposes to be served by the imposition of sanctions." *Biocore Med. Techs., Inc.*

*v. Khosrowshahi*, No. CIV.A. 98-2031-KHV, 1998 WL 919126, at *2 (D. Kan. Nov. 6, 1998) (internal quotations and citations omitted).  The Tenth Circuit has outlined the purposes to be served by the imposition of sanctions as "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management" with the primary purpose of sanctions being to deter misconduct." *Id*.  "In considering the imposition of sanctions, the Court must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate." *Id*.

## RULING OF THE COURT

The Court begins by summarily denying the request for sanctions as pertaining to Plaintiffs' counsel David Lewis.  The only real allegation against Mr. Lewis is that he failed to comply with a request for execution of an affidavit of destruction related to his obligation under the Protective Order after the termination of the case.  Specifically, the terms of the Protective Order require the parties to certify that all confidential information obtained through discovery of the action have been destroyed. (Protective Order, ECF No. 73 Mar. 18, 2016, at ¶ 21).  In response to the instant Motion, Mr. Lewis filed a letter stating that both he and Dr. Cuzzillo had destroyed all confidential documents related to this litigation.  In Reply [Doc. 211] Triangle Tube argues the letter is not appropriate, lacks any underlying factual support or assertions, and does not constitute admissible evidence in addressing the Motion for Sanctions.  While Triangle Tube's arguments have merit, the underlying justification for imposing sanctions, deterring any further conduct, has already been accomplished.  There has been no allegation that Mr. Lewis has had any further involvement with Dr. Cuzzillo or that he has in

any way disclosed or used any discovery outside this litigation, and without more, the Court will not impute any alleged violations by Dr. Cuzzillo against Mr. Lewis. Therefore, the Court denies the request for sanctions against Mr. Lewis.

The Court will next turn its attention to the allegations that Dr. Cuzillio has violated, and continues to violate, the Protective Order by using confidential information and discovery material for his own business interests and in support of the Frabotta matter currently pending in Michigan. In Response to the Motion, Dr. Cuzzillo argues the Confidential Settlement Agreement between the parties in the Herrera matter governs this issue and not the Protective Order. The Court is not persuaded by this argument and finds that although the Settlement Agreement might provide a mechanism to address concerns post-litigation, it does not eliminate the Court's ability to interpret and enforce the terms of its own Order.

In addressing the merits of the Motion, it appears Triangle Tube's allegations against Dr. Cuzzillo fall into two categories. First, is Dr. Cuzzillo's alleged use of discovery and information obtained in the Herrera matter, but potentially discoverable in the Frabotta matter. These are allegations such as videos containing Dr. Cuzzillo's opinion that the boiler at issue had a fundamental defect. Second, are the allegations that Dr. Cuzzillo is making specific reference and using discovery directly and solely discoverable in the Herrera matter. These are things such as Dr. Cuzzillo's alleged use of pictures of the Buckingham ranch and the location of the boiler in the home in the Herrera matter to present at seminars, and his references to his expertise based on the Herrera matter.

In addressing the first category of allegations, it is clear the Protective Order contains prohibitions and restrictions on the use of confidential and discovery-related material obtained

throughout the course of the Herrera litigation process. In reading the briefing on the matter, it seems as if Triangle Tube is suggesting that any and all information obtained, used, created, or identified in the Herrera matter is prohibited from being utilized in any way by any party or individual involved in the Herrera matter. This overly broad interpretation of the Protective Order would lead to unintended and unnecessarily restrictive results. For example, there is no question Dr. Cuzzillo utilized, inspected, tested, and developed an opinion on a Triangle Tube boiler, and now that same model boiler is at issue in the Frabotta matter. The overly broad interpretation would prohibit Dr. Cuzzillo from inspecting, testing, or rendering an opinion or discussing in any way the boiler at issue in the Frabotta matter merely because it involves some, if not much, of the same discovery and information involved in the Herrera matter. This is clearly not what the Protective Order intended. The Protective Order was put into place to protect the dissemination of information in the Herrera matter only. Prohibiting Dr. Cuzzillo from testifying or rendering an opinion in a similar matter simply because it involves overlapping discovery goes well beyond the intended scope of the Protective Order.

      Further, the plain language of the Protective Order states otherwise. *Envtl. Dimensions, Inc. v. Energysolutions Gov't Grp.*, Inc., No. CV 16-1056 WJ/JHR, 2019 WL 5964585, at *2 (D. N.M. Nov. 13, 2019) ("The starting point for interpretation of a protective order lies in its plain language."). While the Protective Order contains prohibitions on the use of confidential and discovery material obtained in the Herrera matter, Paragraph eight under the heading of Permissible Uses of Discovery Material states:

> Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in This Action, whether or not such documents, material or information are also obtained through discovery

proceedings in This Action.

(Protective Order, ECF No. 73, Mar. 18, 2016, at ¶ 8). There is no question that certain discovery of confidential and other information will overlap when the same model boiler is at issue in both the Herrera and Frabotta matters. This Court would be overstepping its authority and unreasonably limiting the parties' ability to fully and completely litigate its case in the Frabotta matter if it were to issue any sort of ruling prohibiting the use of any information or materials disclosed in the Herrera case. The Frabotta Court has the authority and discretion to tailor discovery and address any disagreements pursuant to the Federal Rules of Civil Procedure. Therefore, the Court finds Dr. Cuzzillo has not violated the Protective Order by utilizing discovery and information that, although obtained in the Herrera matter, was also discoverable in the Frabotta matter.

Next, the Court will address the allegations that Dr. Cuzzillo is making specific reference and using discovery directly and solely related to this Herrera matter. Even though discovery will overlap on certain technical and other aspects of the Herrera and Frabotta matters, it appears Dr. Cuzzillo has or is currently attempting to utilize information and discovery solely related to the Herrera matter that would not be discoverable in the Frabotta matter. This conduct is a violation of the Protective Order.

Any mention or use of information, such as pictures of the Buckingham ranch, depictions of the house, facts specific to the Herrera case are prohibited from use outside the Herrera matter unless such information is newly discoverable. Dr. Cuzzillo shall cease and desist from any further reliance, access, use, or testimony of information obtained in the Herrera matter that is not discoverable in the Frabotta Matter. While this Court will not

interfere with the discovery of information and testimony of witnesses, including experts, in the Frabotta matter, any future violation of the Protective Order will subject Dr. Cuzzillo to appear, in person, to a show cause hearing and possible monetary sanctions. In looking at the purposes to be served by the imposition of sanctions, this Order will serve to deter any future litigation abuse. *Biocore Med. Techs., In.*, 1998 WL 919126, at *2. Any further violations would necessitate a harsher sanction to not only deter future conduct, but to punish the abuse after the violator has been given the opportunity to rectify the situation. *Id*.

## CONCLUSION

Control of discovery is entrusted to the sound discretion of trial courts and trial courts are granted broad discretion in fashioning the terms and conditions of discovery. *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) (quoting *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)); *See also, e.g.*, *Marsee v. U.S. Tobacco Co.,* 866 F.2d 319 (10th Cir. 1989). The Court will exercise its discretion only as it pertains to the Herrera matter and will leave any issues in the Frabotta matter to the sound discretion of the Michigan Court.

NOW, THEREFORE, IT IS ORDERED the parties proceed as ordered above.

Dated this 6thday of April, 2020.

_____
Kelly H. Rankin
U.S. Magistrate Judge